**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Civil Action No. 4:18-cv-00474-ALM |

**ANSWER OF DEFENDANT AMAZON.COM, INC.
TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Amazon.com, Inc. ("Amazon") hereby answers the complaint of plaintiff Virginia Innovation Sciences, Inc. ("VIS") as follows:

**ALLEGED NATURE OF THE ACTION[1]**

1.      Amazon admits that VIS purports to allege an action for patent infringement arising under the patent laws of the United States.

**THE PARTIES**

2.      Amazon lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 2 of the complaint and, on that basis, denies them.

3.      Amazon admits that it is a corporation organized under the laws of the state of Delaware, with a principal place of business at 410 Terry Avenue North, Seattle, WA 98109-5210. Amazon further admits that it may be served with process at Corporation Service Company, 2711

---

[1] To the extent VIS intends the headings in the complaint to constitute allegations, Amazon denies them.

Centerville Rd. Suite 400, Wilmington, Delaware 19808.  Amazon admits that, through its subsidiaries, it sells and offers to sell products and services throughout the United States.  Amazon denies the remaining allegations of paragraph 3 of the complaint.

## ALLEGED JURISDICTION AND VENUE

4.      Amazon admits that VIS purports to allege an action for patent infringement arising under the patent laws of the United States.

5.      Amazon admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Amazon admits that VIS purports to allege that this Court has personal jurisdiction over Amazon.  Amazon admits that, through its subsidiaries, it sells and offers for sale products that are shipped or otherwise made available to customers in this judicial district.  Amazon denies the remaining allegations of paragraph 6 of the complaint.

7.      Amazon admits that VIS purports to allege that this Court has personal jurisdiction over Amazon.  Amazon denies the remaining allegations of paragraph 7 of the complaint.

## COUNT I – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,922,983

8.      Amazon incorporates by reference and restates its responses to the allegations set forth in paragraphs 1 through 7 of the complaint.

9.      Amazon admits that U.S. Patent No. 9,912,983 (the "'983 patent") lists "Method and System for Efficient Communication" as its title and March 6, 2018 as its issue date.  Amazon admits that VIS purports to attach a copy of the '983 patent to the complaint.  Amazon lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 9 of the complaint and, on that basis, denies them.

10.     Amazon denies the allegations of paragraph 10 of the complaint.

11.     Amazon denies the allegations of paragraph 11 of the complaint.

12.     Amazon denies the allegations of paragraph 12 of the complaint.

13.     Amazon denies the allegations of paragraph 13 of the complaint.

14.     Amazon denies the allegations of paragraph 14 of the complaint.

15.     Amazon denies the allegations of paragraph 15 of the complaint.

16.     Amazon denies the allegations of paragraph 16 of the complaint.

17.     Amazon lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 17 of the complaint and, on that basis, denies them.

18.     Amazon denies the allegations of paragraph 18 of the complaint.

19.     Amazon admits that claim 22 of the '983 patent requires "[a] wireless HUB system" comprising "an input interface configured to receive a wireless signal," a "decoder . . . configured to decompress [a] compressed signal," and "wherein the wireless HUB system is configured to perform a conversion of the wireless signal to accommodate production of a corresponding information content."  Amazon further admits that claim 22 of the '983 patent requires that the claimed "wireless HUB system is . . . configured to communicate, through the network communication channel, information for managing an item status of an item" using a "short range wireless communication."  Amazon denies the remaining allegations of paragraph 19 of the complaint.

20.     Amazon admits that claim 25 of the '983 patent depends from claim 22, and requires that the claimed "wireless HUB system is further configured to communicate a video from a video camera to a user's terminal at least in part through a cellular network."  Amazon admits that the image and corresponding text included in paragraph 20 of the complaint appear at https://www.amazon.com/Echo-Plus-built-Hub-included/dp/B075RWFCHB.  Amazon denies the remaining allegations of paragraph 20 of the complaint.

21.    Amazon admits that certain Echo devices support wireless communications in compliance with 802.11 wireless standards.  Amazon denies the remaining allegations of paragraph 21 of the complaint.[2]

22.    Amazon admits that the image and corresponding text included in paragraph 22 of the complaint appear on the third party web page https://www.ifixit.com/Teardown/Amazon+Echo+ Teardown/33953.   Amazon further admits that the PDF file available at https://www.ti.com/lit/ds/symlink/tlv320dac3203.pdf is a data sheet for the "Texas Instruments Ultra Low Power Stereo Audio Codec with Integrated Headphone Amplifiers."  Amazon admits that the Alexa Audio Player supports playback and decompression of encoded audio files including AAC/MP4, MP3, HLS, PLS, and M3U audio streams.  Amazon denies the remaining allegations of paragraph 22 of the complaint.

23.    Amazon denies that the URL https://forums.developer.amazon.com/articles/38590/alexa-audioplayer-approved-formats.html includes the image reproduced in paragraph 23 of the complaint; this URL is not active.  Amazon admits that the Alexa Audio Player supports playback and decompression of encoded audio files including AAC/MP4, MP3, HLS, PLS, and M3U audio streams.  Amazon denies the remaining allegations of paragraph 23 of the complaint.

24.    Amazon admits that certain Echo devices support wireless communications in compliance with 802.11 wireless standards.  Amazon denies the remaining allegations of paragraph 24 of the complaint.

25.    Amazon admits that the web page https://www.amazon.com/gp/help/customer/dis

---

[2] To the extent any of VIS's allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding the proper construction of these terms, and on that basis denies the allegations unless otherwise specified herein.

play.html?nodeId=201973870 provides, "[t]o stream music and other content through Alexa, your Internet connection needs to be at least 512 Kbps (0.51 Mbps)." Amazon further admits that certain Echo devices are capable of wireless communication in compliance with 802.11 wireless standards and support communications over the internet. Amazon denies the remaining allegations of paragraph 25 of the complaint.

26.     Amazon denies the allegations of paragraph 26 of the complaint.

27.     Amazon admits that certain Echo devices include a processor and are capable of wireless communication in compliance with 802.11 wireless standards. Amazon denies the remaining allegations of paragraph 27 of the complaint.

28.     Amazon admits that certain Echo devices support playback of MP3 or AAC encoded audio streams. Amazon denies that the URL https://forums.developer.amazon.com/articles/38590/alexa-audioplayer-approved-formats.html includes any information relevant to the allegations in this paragraph; it is no longer active. Amazon denies the remaining allegations of paragraph 28 of the complaint.

29.     Amazon admits that the images and corresponding text reproduced in paragraph 29 of the complaint appear at https://www.amazon.com/b/ie=UTF8&node=17238426011   and https://www.amazon.com/gp/help/customer/display.html?nodeId=201749240.   Amazon admits that certain Echo devices are capable of communicating with smart home devices. Amazon denies that the flow diagram reproduced in this paragraph is available at the URL https://developer.amazon.com/public/binaries/content/assets/html/alexa-lighting-api.html; this URL is not active. Amazon denies the remaining allegations of paragraph 29 of the complaint.

30.     Amazon admits that the web page https://www2.meethue.com/en-us/friends-of-hue/amazon-alexa purports to describe the ability to control Philips smart light bulbs using the

Alexa Voice Service.  Amazon further admits that the web page https://www2.meethue.com/en-us/p/hue-bridge/046677458478 purports to show a "Hue Bridge" and describes among its features the ability to "work[] with Amazon Alexa" and other voice services to "control your lights with your voice," and claims to be "based on ZigBee, a low-power and reliable technology to control your lights."  Amazon further admits that the web page https://developer.amazon.com/docs/smart-home/echo-plus-zigbee-support.html provides that "EchoPlus supports ZigBee Home Automation 1.2 (HA 1.2) for device types including . . . In-wall switches" and "Lights."  Amazon denies the remaining allegations of paragraph 30 of the complaint.

31.    Amazon admits that certain versions of the Amazon Alexa application are capable of communicating with Philips Hue smart bulbs.  Amazon lacks sufficient information to form a belief as to the truth or falsity of the allegations regarding the design or operation of the third-party Philips Hue smart bulb and on that basis, denies them.  Amazon denies the remaining allegations of paragraph 31 of the complaint.

32.    Amazon denies the allegations of paragraph 32 of the complaint.

33.    Amazon admits that the images and corresponding text reproduced in paragraph 33 of the complaint appear at https://www.amazon.com/Echo-Show-Amazon-Indoor-Security/dp/B076C9DLGS.  Amazon admits that certain Echo devices may be purchased as a bundle with Amazon Cloud Cam devices.  Amazon admits that certain Echo Show devices may display video captured using Amazon Cloud Cams, and can be controlled using the Alexa voice service.  Amazon denies the remaining allegations of paragraph 33 of the complaint.

34.    Amazon admits that claim 1 of the '983 patent requires "[a]n apparatus for processing a multimedia signal to accommodate real time production of a corresponding multimedia

content on a high definition digital television comprising" an "input interface configured to per-

form a conversion of the multimedia signal," a "buffer . . . configured to accommodate an adequate

buffering and processing rate," a "decoder . . . configured to decompress the compressed signal,"

an "encoder . . . configured to encode the decompressed signal," and "a high definition digital

output interface . . . configured to receive the multimedia signal through a wireless communication

network."

35.     Amazon admits that claim 3 of the '983 patent depends from claim 1 and requires

"the apparatus . . . configured to transmit the encoded signal to the high definition multimedia

interface (HDMI), the high definition output interface is the HDMI and the cable is an HDMI

cable."

36.     Amazon denies the allegations of paragraph 36 of the complaint.

37.     Amazon admits that certain Fire TV devices are capable of wireless communication

in compliance with 802.11 wireless standards.  Amazon denies the remaining allegations of para-

graph 37 of the complaint.

38.     Amazon admits that certain Fire TV devices allow users to view movies and tele-

vision shows over an internet connection, including through services such as Prime Video, Netflix,

and YouTube.  Amazon denies the remaining allegations of paragraph 38 of the complaint.

39.     Amazon admits that the web page https://www.amazon.com/all-new-amazon-fire-

tv-4k-uhd-streaming-media-player/dp/B01N32NCPM/ provides that the Fire TV with 4K Ultra

HD is capable of "streaming [video] at up to 60 frames per second" and the image and correspond-

ing text reproduced in paragraph 39 of the complaint appear at this web page.  Amazon further

admits that certain Fire TV devices may buffer data in certain situations.  Amazon denies the re-

maining allegations of paragraph 39 of the complaint.

40.     Amazon admits that the text reproduced in paragraph 40 of the complaint appears at https://developer.amazon.com/docs/fire-tv/faq-general.html.  Amazon denies the remaining allegations of paragraph 40 of the complaint.

41.     Amazon admits that the text reproduced in paragraph 41 of the complaint appears at https://developer.amazon.com/docs/fire-tv/device-specifications.html?v=ftvgen3.  Amazon further admits that certain Fire TV devices are capable of playing video compressed in compliance with the H.264 and H.265 standards.  Amazon denies the remaining allegations of paragraph 41 of the complaint.

42.     Amazon admits that the image and corresponding text reproduced in paragraph 42 of the complaint appear at https://www.amazon.com/all-new-amazon-fire-tv-4k-uhd-streaming-media-player/dp/B01N32NCPM.  Amazon admits that a user can connect certain Fire TV devices to an HDMI port of a high definition television.  Amazon denies the remaining allegations of paragraph 42 of the complaint.

43.     Amazon admits that a user can connect certain Fire TV devices to an HDMI port of a high definition television.  Amazon denies the remaining allegations of paragraph 43 of the complaint.

44.     Amazon admits that claim 110 of the '983 patent requires "[a] wireless device . . . comprising a transmitter . . . to transmit, through a wireless transmission channel, a signal in connection with an initiation of a replenishment of an inventory of an item, the signal being transmitted . . . in response to an indication of an updated status of the item . . . corresponding to a unique identifier of the wireless device," and where "information about the inventory of the item [is] stored in a database."  Amazon further admits that claim 110 requires "the unique identifier is

recognized in connection with a successful transmission of the signal, wherein shipping information is communicated through a network communication channel," "the item is associated with the wireless device," and "merchant information relevant to the replenishment of the inventory of the item is sent to a user of the item."

45.     Amazon admits that claim 116 depends from claim 110, and requires "wherein the wireless transmission channel is through a local area network."

46.     Amazon admits that claim 128 of the '983 patent requires "[a] central controller . . . configured to store a unique identifier associated with an item status sensing device," "wherein the item status sensing device is associated with an item," and "configured to receive information regarding a signal transmitted from the item status sensing device, the signal being transmitted through a wireless transmission channel . . . in response to an indication of an updated status of the item."  Amazon further admits that claim 128 requires that "the at least one memory is further configured to store information about the inventory of the item, the information . . . comprising information about a requirement of the item," and that the "central controller is further configured to identify the item . . . [using] the unique identifier" and "communicate . . . merchant information" and "shipping information to accommodate the replenishment of the inventory of the item."

47.     Amazon admits that claim 130 of the '983 patent depends from claim 128, and requires "wherein the signal is transmitted in response to an automatic detection, by a sensor in the item status sensing device, of the updated status of the item."

48.     Amazon admits that claim 133 of the '983 patent depends from claim 128, and requires "wherein the central controller is configured to send information regarding the updated status of the item to a cellular phone."

49.     Amazon admits that claim 134 of the '983 patent depends from claim 128, and

requires "wherein the wireless transmission channel is through a wireless local area network."

50.     Amazon denies the allegations of paragraph 50 of the complaint.

51.     Amazon admits that the images reproduced in paragraph 51 of the complaint appear on the third party web page https://mpetroff.net/2015/05/amazon-dash-button-teardown.  Amazon denies the remaining allegations of paragraph 51 of the complaint.

52.     Amazon admits that that the images reproduced in paragraph 52 of the complaint appear on the third party web page  https://mpetroff.net/2016/07/new-amazon-dash-button-teardown-jk29lpf.  Amazon denies the remaining allegations of paragraph 52 of the complaint.

53.     Amazon admits that that the images and corresponding text reproduced in para-graph 53 of the complaint appear at https://developer.amazon.com/dash-replenishment-service and https://developer.amazon.com/dash-replenishment-service/getting-started.  Amazon denies the re-maining allegations of paragraph 53 of the complaint.

54.     Amazon denies the allegations of paragraph 54 of the complaint.

55.     Amazon admits that the images and corresponding text reproduced in paragraph 55 of the complaint appear at the third party web pages https://mpetroff.net/2015/05/amazon-dash-button-teardown/;        https://mpetroff.net/2016/07/new-amazon-dash-button-teardown-jk29lp/; http://www.amateurradio.com/inside-the-802-11bgn-amazon-dash-button/;     and     https://mpet-roff.net/2016/07/new-amazon-dash-button-teardown-jk29lp/.  Amazon further admits that a test report for a wireless device with model No. JK76PL and FCC ID 2ACBE-0610 is available at http://fccid.io/pdf.php?id=2560779, and that the text reproduced in this paragraph appears at that URL.    Amazon    denies    that    the    URL    https://apps.fcc.gov/eas/GetApplicationAttach-ment.html?id=2944085 includes the image shown in paragraph 55 of the complaint; this URL is not available.  Amazon denies the remaining allegations of paragraph 55 of the complaint.

56.    Amazon admits that images and corresponding text reproduced in paragraph 56 of the complaint appear at https://aws.amazon.com/iotbutton/ and the third party web pages https://mpetroff.net/2015/05/amazon-dash-button-teardown/ and https://mpet-roff.net/2016/07/new-amazon-dash-button-teardown-jk29lp/#rfl-2185.  Amazon admits that certain Dash Button devices are labeled with a device serial number, and that this serial number may be 19 characters long and begin with the letter "G."  Amazon admits that each Dash Button device includes its own Device Serial Number (DSN) displayed on the external housing of certain Dash Buttons.  Amazon admits that the Dash Button is capable of wirelessly transmitting a payload that includes the device serial number, the measured battery voltage, and the click type.  Amazon denies the remaining allegations of paragraph 56 of the complaint.

57.    Amazon admits that the text reproduced in paragraph 57 of the complaint appears at https://developer.amazon.com/dash-replenishment-service/getting-started.  Amazon denies the remaining allegations of paragraph 57 of the complaint.

58.    Amazon admits that a user may order a product paired with a Dash Button device for shipment to a previously specified user address by clicking on a button on the device.  Amazon denies the remaining allegations of paragraph 58 of the complaint.

59.    Amazon denies the allegations of paragraph 59 of the complaint.

60.    Amazon denies the allegations of paragraph 60 of the complaint.

61.    Amazon denies the allegations of paragraph 61 of the complaint.

62.    Amazon admits that the images and text reproduced in paragraph 62 of the complaint appear at https://developer.amazon.com/dash-replenishment-service/getting-started and https://www.amazon.com/gp/help/customer/display.html?nodeId=201969390.  Amazon denies the remaining allegations of paragraph 62 of the complaint.

63.     Amazon denies the allegations of paragraph 63 of the complaint.

64.     Amazon admits that the text reproduced in paragraph 64 of the complaint appears at https://www.amazon.com/gp/help/customer/display.html?nodeId=201969390.  Amazon denies the remaining allegations of paragraph 64 of the complaint.

65.     Amazon admits that that a user may order a product paired with a Dash Button device for shipment to a previously specified user address by clicking on a button on the device. Amazon denies the remaining allegations of paragraph 65 of the complaint.

66.     Amazon denies the allegations of paragraph 66 of the complaint.

67.     Amazon denies the allegations of paragraph 67 of the complaint.

68.     Amazon admits that to purchase items users must provide name, payment information and shipping address.  Amazon denies the remaining allegations of paragraph 68 of the complaint.

69.     Amazon denies the allegations of paragraph 69 of the complaint.

70.     Amazon admits that to purchase items users must provide name, payment information and shipping address.  Amazon denies the remaining allegations of paragraph 70 of the complaint.

71.     Amazon denies the allegations of paragraph 71 of the complaint.

72.     Amazon denies the allegations of paragraph 72 of the complaint.

73.     Amazon denies the allegations of paragraph 73 of the complaint.

74.     Amazon admits that the text reproduced in paragraph 74 of the complaint appears at https://aws.amazon.com/ec2/instance-types/.  Amazon denies the remaining allegations of paragraph 74 of the complaint.

75.     Amazon denies the allegations of paragraph 75 of the complaint.

76.     Amazon denies the allegations of paragraph 76 of the complaint.

77.     Amazon denies the allegations of paragraph 77 of the complaint.

78.     Amazon admits that users may receive order confirmations.  Amazon denies the remaining allegations of paragraph 78 of the complaint.

79.     Amazon denies the allegations of paragraph 79 of the complaint.

80.     Amazon admits that, through its subsidiaries, it markets, sells, and offers to sell Echo, Fire TV, and Dash Button devices to customers and business partners throughout the country. Amazon denies the remaining allegations of paragraph 80 of the complaint.

81.     Amazon admits that it became aware of the '983 patent and VIS's allegations of infringement of this patent no earlier than the date of service of the complaint.  Amazon specifically denies that it has infringed or infringes, directly or indirectly, any valid claim of the '983 patent. Amazon denies the remaining allegations of paragraph 81 of the complaint.

82.     Amazon denies the allegations of paragraph 82 of the complaint.

83.     Amazon denies the allegations of paragraph 83 of the complaint.

84.     Amazon denies the allegations of paragraph 84 of the complaint.

85.     Amazon denies the allegations of paragraph 85 of the complaint.

86.     Amazon denies the allegations of paragraph 86 of the complaint.

## COUNT II – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,729,918

87.     Amazon incorporates by reference and restates its responses to the allegations set forth in paragraphs 1 through 86 of the complaint.

88.     Amazon admits that U.S. Patent No. 9,729,918 (the "'918 patent") lists "Method and System for Efficient Communication" as its title and August 8, 2017 as its issue date.  Amazon admits that VIS purports to attach a copy of the '918 patent to the complaint.  Amazon lacks suf-

ficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 88 of the complaint and, on that basis, denies them.

89.     Amazon denies the allegations of paragraph 89 of the complaint.

90.     Amazon admits that at least one claim of the '918 patent purports to require a "management center system" in which a wireless hub requests an "information content," receives a signal corresponding to the information content, and converts the signal for display on a digital television.  Amazon denies the remaining allegations of paragraph 90 of the complaint.

91.     Amazon denies the allegations of paragraph 92 of the complaint.

92.     Amazon denies the allegations of paragraph 92 of the complaint.

93.     Amazon denies the allegations of paragraph 93 of the complaint.

94.     Amazon lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 94 of the complaint and, on that basis, denies them.

95.     Amazon denies the allegations of paragraph 95 of the complaint.

96.     Amazon admits that claim 135 of the '918 patent requires "a management center system" comprising a "wireless hub . . . configured to receive a request for a particular information content," "send a data package to the management center system through a wireless communication network based on the request for the particular information content," and "receive the particular information content through the wireless communication network."  Amazon further admits that claim 135 requires that the "wireless hub is configured to perform a conversion of a corresponding signal of the particular information content to accommodate production of the particular information content," "wherein the wireless hub is configured to decompress the compressed signal to a decompressed signal," and "wherein the management center system is configured to per-

14

form a processing of the request for the multimedia information content in association with transmission of the multimedia information content to the digital television through a high definition multimedia interface (HDMI) for the production by the digital television."

97.     Amazon denies the allegations of paragraph 97 of the complaint.

98.     Amazon denies the allegations of paragraph 98 of the complaint.

99.     Amazon denies the allegations of paragraph 99 of the complaint.

100.    Amazon    admits    that    the    web    page    https://www.amazon.com/hz/mycd/myx#/home/devices/1 allows a user to view the devices linked to his or her Amazon account.  Amazon denies the remaining allegations of paragraph 100 of the complaint.

101.    Amazon admits that certain Echo devices are capable of playing music requested by a user.  Amazon denies the remaining allegations of paragraph 101 of the complaint.

102.    Amazon admits that the images and corresponding text reproduced in paragraph 102 of the complaint appear on the third party web page https://www.theverge.com/2017/8/29/16219978/amazon-echo-multi-room-music-playback-how-to.   Amazon denies the remaining allegations of paragraph 102 of the complaint.

103.    Amazon admits that the images and corresponding text reproduced in paragraph 103 of the complaint appear on the third party web page https://www.ifixit.com/Teardown/Amazon+Echo+Teardown/33953.  Amazon admits that certain Echo devices support playback and decompression of encoded audio files.  Amazon denies the remaining allegations of paragraph 103 of the complaint.

104.    Amazon admits that the Alexa Audio Player supports playback and decompression of encoded audio files.  Amazon further admits that certain Echo devices support playback of audio, such as streaming audio through the Amazon Music service.  Amazon denies that the URL

https://forums.developer.amazon.com/articles/38590/alexa-audioplayer-approved-formats.html

includes any information relevant to the allegations in this paragraph; it is no longer active.  Amazon denies the remaining allegations of paragraph 104 of the complaint.

105.    Amazon admits that the images and corresponding text reproduced in paragraph 105 of the complaint appear at https://www.amazon.com/Stick-Basic-Available-Non-US-Customers/dp/B01ETRGE68   and   https://www.amazon.com/all-new-amazon-fire-tv-4k-uhd-streaming-media-player/dp/B01N32NCPM.   Amazon admits that users can use certain Echo devices to access and control Fire TV devices.  Amazon admits that users can connect certain Fire TV devices to an HDMI port of a high definition television.  Amazon denies the remaining allegations of paragraph 105 of the complaint.

106.    Amazon admits that, through its subsidiaries, it markets, sells, and offers to sell Echo and Fire TV devices to customers and business partners throughout the country.  Amazon denies the remaining allegations of paragraph 106 of the complaint.

107.    Amazon admits that it became aware of the '918 patent and VIS's allegations of infringement of this patent no earlier than August 8, 2017.  Amazon specifically denies that it has infringed or infringes, directly or indirectly, any valid claim of the '918 patent.  Amazon denies the remaining allegations of paragraph 107 of the complaint.

108.    Amazon denies the allegations of paragraph 108 of the complaint.

109.    Amazon denies the allegations of paragraph 109 of the complaint.

110.    Amazon denies the allegations of paragraph 110 of the complaint.

111.    Amazon denies the allegations of paragraph 111 of the complaint.

112.    Amazon denies the allegations of paragraph 112 of the complaint.

## COUNT III – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,942,798

113.    Amazon incorporates by reference and restates its responses to the allegations set forth in paragraphs 1 through 112 of the complaint.

114.    Amazon admits that U.S. Patent No. 9,942,798 (the "'798 patent") lists "Method and System for Efficient Communication" as its title and April 10, 2018 as its issue date.  Amazon admits that VIS purports to attach a copy of the '798 patent to the complaint.  Amazon lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 114 of the complaint and, on that basis, denies them.

115.    Amazon denies the allegations of paragraph 115 of the complaint.

116.    Amazon denies the allegations of paragraph 116 of the complaint.

117.    Amazon denies the allegations of paragraph 117 of the complaint.

118.    Amazon denies the allegations of paragraph 118 of the complaint.

119.    Amazon denies the allegations of paragraph 119 of the complaint.

120.    Amazon denies the allegations of paragraph 120 of the complaint.

121.    Amazon lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 121 of the complaint and, on that basis, denies them.

122.    Amazon denies the allegations of paragraph 122 of the complaint.

123.    Amazon admits that claim 1 of the '798 patent requires a "management system comprising . . . a centralized hub system" and further "comprising an encoder, and a decoder." Amazon further admits claim 1 of the '798 patent requires that "the centralized hub system [is] configured to . . . receive, through a wireless communication network, an information content requested by a user in connection with identification of the centralized hub system based on recognition of the unique hub identifier, the information content carried by a compressed digital video

signal," and "perform[s] a conversion of the compressed digital video signal . . . [by] decompress-ing . . . the compressed digital video signal to a decompressed digital video signal," and then "en-coding . . . the decompressed digital video signal to produce an encoded decompressed digital video signal for transmission through a high definition digital output interface to . . . a high defi-nition digital television."  Amazon further admits that claim 1 of the '798 patent requires that the hub system "communicate information for managing a household item status of a household item in conjunction with a short range wireless communication regarding an updated status of the household item."

124.    Amazon denies the allegations of paragraph 124 of the complaint.

125.    Amazon admits that the text reproduced in paragraph 125 of the complaint appears at  https://developer.amazon.com/docs/fire-tablets/ft-media-specs-custom.html.  Amazon further admits that the Fire HD 10 tablet and certain Fire TV devices are capable of playback and decom-pression of encoded video and audio streams.  Amazon denies the remaining allegations of para-graph 125 of the complaint.

126.    Amazon denies the allegations of paragraph 126 of the complaint.

127.    Amazon denies the allegations of paragraph 127 of the complaint.

128.    Amazon admits that the text reproduced in paragraph 128 of the complaint appears at https://www.amazon.com/gp/help/customer/display.html?nodeId=201453020.  Amazon denies the remaining allegations of paragraph 128 of the complaint.

129.    Amazon admits that the images and corresponding text reproduced in paragraph 129 of the complaint appear at  https://www.amazon.com/gp/help/customer/display.html?no-deId=202083830        and        https://www.amazon.com/gp/help/customer/display.html?no-

deId=201749240.   Amazon denies that the URL https://developer.amazon.com/public/bina-ries/content/assets/html/alexa-lighting-api.html includes the image and text reproduced in this paragraph; this URL is no longer active.  Amazon admits that the Amazon Alexa App for Fire OS may be installed on Fire HD 10 Tablets, and that certain Alexa-enabled devices are capable of communicating with smart home devices.  Amazon denies the remaining allegations of paragraph 129 of the complaint.

130.   Amazon admits that the text reproduced in paragraph 130 of the complaint appears on the third party web pages https://www2.meethue.com/en-us/friends-of-hue/amazon-alexa and https://www.developers.meethue.com/documentation/getting-started.  Amazon admits that certain Alexa-enabled devices are capable of communicating with smart home devices.  Amazon denies the remaining allegations of paragraph 130 of the complaint.

131.   Amazon admits that the image and corresponding text reproduced in paragraph 131 of the complaint appear at the third party web page https://www2.meethue.com/en-us/p/hue-bridge/046677458478.  Amazon lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 131 of the complaint, which relate to third-party devices, and, on that basis, denies them.

132.   Amazon admits that the image and corresponding text reproduced in paragraph 132 of the complaint appear on the third party web page https://www.digitaltrends.com/tablet-reviews/amazon-fire-hd-10-2017-review/.  Amazon denies the remaining allegations of paragraph 132 of the complaint.

133.   Amazon admits that, through its subsidiaries, it markets, sells, and offers to sell Echo, Fire TV, and Dash Button devices to customers and business partners throughout the country. Amazon denies the remaining allegations of paragraph 133 of the complaint

134.    Amazon admits that it became aware of the '798 patent and VIS's allegations of infringement of this patent no earlier than the date of service of the complaint.  Amazon specifically denies that it has infringed or infringes, directly or indirectly, any valid claim of the '798 patent. Amazon denies the remaining allegations of paragraph 134 of the complaint.

135.    Amazon denies the allegations of paragraph 135 of the complaint.

136.    Amazon denies the allegations of paragraph 136 of the complaint.

137.    Amazon denies the allegations of paragraph 137 of the complaint.

138.    Amazon denies the allegations of paragraph 138 of the complaint.

139.    Amazon denies the allegations of paragraph 139 of the complaint.

**COUNT IV – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,723,443**

140.    Amazon incorporates by reference and restates its responses to the allegations set forth in paragraphs 1 through 139 of the complaint.

141.    Amazon admits that U.S. Patent No. 9,723,443 (the "'443 patent") lists "System and Method for Providing Locally Applicable Internet Content with Secure Action Requests and Item Condition Alerts" as its title and August 1, 2017 as its issue date.  Amazon admits that VIS purports to attach a copy of the '443 patent to the complaint.  Amazon lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 141 of the complaint and, on that basis, denies them.

142.    Amazon denies the allegations of paragraph 142 of the complaint.

143.    Amazon denies the allegations of paragraph 143 of the complaint.

144.    Amazon denies the allegations of paragraph 144 of the complaint.

145.    Amazon denies the allegations of paragraph 145 of the complaint.

146.    Amazon lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 146 of the complaint and, on that basis, denies them.

147.    Amazon denies the allegations of paragraph 147 of the complaint.

148.    Amazon admits that claim 1 of the '443 patent requires "[a] system for facilitating electronic communications, the system comprising . . . a central controller; a memory; and a wireless transmitter configured to transmit, through a wireless transmission channel, an item status signal in connection with an initiation of an increase of a household inventory of an item."  Amazon further admits that claim 1 of the '443 patent requires that "the memory is configured to store a unique identifier for the item and information related with the household inventory of the item."  Amazon further admits that claim 1 of the '443 patent requires that the "central controller is further configured to communicate information for the processing of the purchase request through a network communication channel to complete the processing of the purchase request," including "a shipping payment information for the purchase request address for the item," and "wherein the central controller is configured to send confirmation information regarding the processing of the purchase request."

149.    Amazon admits that claim 29 of the '443 patent requires "[a] wireless device configured to facilitate electronic communications," comprising "instructions for transmitting, through a wireless transmission channel, an item status signal in connection with an initiation of an increase of a household inventory of an item."  Amazon further admits that claim 29 of the '443 patent requires that "unique identifier corresponding to the wireless device is recognized in connection with a successful transmission of the item status signal" and that "information related with the household inventory of the item [is] stored in a database."  Amazon denies that the '443 patent includes a "Claim 110."

150.    Amazon incorporates by reference and restates its responses to the allegations set

forth in paragraphs 50 through 78 of the complaint, and specifically denies that the accused Amazon Dash Button devices infringe any claim of the '443 patent.

151.     Amazon admits that, through its subsidiaries, it markets, sells, and offers to sell Dash Button devices to customers and business partners throughout the country.  Amazon denies the remaining allegations of paragraph 151 of the complaint.

152.     Amazon admits that it became aware of the '443 patent and VIS's allegations of infringement of this patent no earlier than August 8, 2017.  Amazon specifically denies that it has infringed or infringes, directly or indirectly, any valid claim of the '443 patent.  Amazon denies the remaining allegations of paragraph 152 of the complaint.

153.     Amazon denies the allegations of paragraph 153 of the complaint.

154.     Amazon denies the allegations of paragraph 154 of the complaint.

155.     Amazon denies the allegations of paragraph 155 of the complaint.

156.     Amazon denies the allegations of paragraph 156 of the complaint.

157.     Amazon denies the allegations of paragraph 157 of the complaint.

## JURY DEMAND

VIS's demand for a jury trial does not require a response.

## PRAYER FOR RELIEF

Amazon denies that VIS is entitled to any of the relief requested in the complaint or any relief whatsoever.  Amazon denies all allegations in the complaint that have not been specifically admitted in paragraphs 1-157 above.

## ADDITIONAL DEFENSES

Amazon asserts the following additional defenses to the complaint.  In doing so, Amazon does not assume any burden of proof on any issue that is VIS's burden as a matter of law.  Amazon

also reserves the right to amend or supplement these defenses as additional facts become known.

### FIRST DEFENSE:  FAILURE TO STATE A CAUSE OF ACTION

The complaint fails to allege facts sufficient to state a cause of action upon which relief may be granted.

### SECOND DEFENSE:  NON-INFRINGEMENT ('983 PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the '983 patent and is not liable for any infringement.

### THIRD DEFENSE:  INVALIDITY ('983 PATENT)

The '983 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112.

### FOURTH DEFENSE:  NON-INFRINGEMENT ('918 PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the '918 patent and is not liable for any infringement.

### FIFTH DEFENSE:  INVALIDITY ('918 PATENT)

The '918 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112.

### SIXTH DEFENSE: NON-INFRINGEMENT ('798  PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the '798 patent and is not liable for any infringement.

### SEVENTH DEFENSE:  INVALIDITY ('798 PATENT)

The '798 patent is invalid for failure to meet one or more of the conditions for patentability

specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112.

## EIGHTH DEFENSE:  NON-INFRINGEMENT ('443  PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the '443 patent and is not liable for any infringement.

## NINTH DEFENSE:  INVALIDITY ('443 PATENT)

The '443 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112.

## TENTH DEFENSE:  ESTOPPEL

The relief sought by VIS is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution of the '983 patent, the '918 patent, the '798 patent, and/or the '443 patent.

## ELEVENTH DEFENSE:  DEDICATION TO THE PUBLIC

The relief sought by VIS is barred, in whole or in part, because VIS dedicated to the public all methods, systems, and products disclosed in the '983 patent, the '918 patent, the '798 patent, and/or the '443 patent, but not literally claimed therein.

## TWELFTH DEFENSE:  LIMITATION ON DAMAGES AND COSTS

VIS's claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286 or 287.  To the extent any claim of the '983 patent, the '918 patent, the '798 patent, and/or the '443 patent is invalid, VIS is barred from recovering costs by 35 U.S.C. § 288.

## THIRTEENTH DEFENSE:  GOOD FAITH

Amazon has engaged in all relevant activities in good faith, thereby precluding VIS, even

if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

### RESERVATION OF ADDITIONAL DEFENSES

Amazon reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

### JURY DEMAND

Amazon hereby requests a trial by jury on all issues so triable including specifically on VIS's claims and Amazon's defenses thereto.

### PRAYER FOR RELIEF

WHEREFORE, Amazon prays for judgment with respect to VIS's complaint and Amazon's defenses as follows:

a.      A judgment in favor of Amazon denying VIS all relief requested in its complaint and dismissing its complaint with prejudice;

b.      A judgment against VIS finding that Amazon has not and does not infringe and is not liable for any infringement of any valid and enforceable claim of the '983 patent, the '918 patent, the '798 patent, and the '443 patent;

c.      A judgment against VIS finding that the '983 patent, the '983 patent, the '918 patent, the '798 patent, and the '443 patent are invalid;

d.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Amazon its reasonable attorneys' fees;

e.      An award of costs to Amazon; and

f.      Such other relief as the Court shall deem just and proper.

/ / /

Dated:  August 29, 2018    Respectfully, submitted,

        */s/ J. David Hadden*

        J. David Hadden
        CA Bar No. 176148 (Admitted E.D. Tex.)
        Email:  dhadden@fenwick.com
        Saina S. Shamilov
        CA Bar No. 215636 (Admitted E.D. Tex.)
        Email:  sshamilov@fenwick.com
        Ravi R. Ranganath
        CA Bar No. 272981 (Admitted E.D. Tex.)
        Email:  rranganath@gmail.com
        **FENWICK & WEST LLP**
        Silicon Valley Center
        801 California Street
        Mountain View, California 94041
        Telephone: (650) 988-8500
        Facsimile: (650) 938-5200

        Todd R. Gregorian
        CA Bar No. 236096 (Admitted E.D. Tex.)
        Email:  tgregorian@fenwick.com
        Dargaye Churnet
        CSB No. 303659 (Admitted E.D. Tex.)
        Email:  dchurnet@fenwick.com
        **FENWICK & WEST LLP**
        555 California Street, 12th Floor
        San Francisco, CA  94104
        Telephone: 415.875.2300
        Facsimile: 415.281.1350

        Jeffrey Ware
        CSB No. 271603 (Admitted E. D. Tex.)
        Email:  jware@fenwick.com
        **FENWICK & WEST LLP**
        1191 Second Avenue, 10h Floor
        Seattle, WA 98101
        Telephone: 206.389.4510
        Facsimile: 206.389.4511

        *Counsel for Defendant*
        AMAZON.COM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system.

*/s/ J. David Hadden*
J. David Hadden
