**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 4:18-cv-00474-ALM |
| AMAZON.COM, INC., | |
| Defendant. | |

**MOTION OF DEFENDANT AMAZON.COM, INC. TO
<u>TRANSFER VENUE TO THE EASTERN DISTRICT OF VIRGINIA</u>**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

STATEMENT OF FACTS ......................................................................................2

I.     VIS RESIDES IN THE EASTERN DISTRICT OF VIRGINIA AND HAS NO MEANINGFUL CONNECTION TO THIS DISTRICT. .......................................2

II.     VIS ALREADY SUED AMAZON TWICE FOR PATENT INFRINGEMENT IN THE EASTERN DISTRICT OF VIRGINIA. ..........................................................3

III.    THE VIRGINIA COURT IS BEST POSITIONED TO CONSIDER VIS'S LATEST CLAIMS. ..............................................................................................5

IV.    AMAZON HAS NO MEANINGFUL OR RELEVANT PRESENCE IN THE EASTERN DISTRICT OF TEXAS. ...................................................................6

ARGUMENT ...........................................................................................................7

I.     VIS COULD HAVE BROUGHT THIS CASE IN VIRGINIA. ...........................8

II.     THIS CASE BELONGS IN VIRGINIA. ............................................................8

     A.     The Private Interest Factors Favor Transfer. ...............................................8

          1.     VIS's Documents Are in the Eastern District of Virginia. .............9

          2.     The Availability of Compulsory Process to Secure Witness Attendance Strongly Favors Transfer. ...............................................9

          3.     The Convenience to Potential Witnesses Favors Transfer. ...........10

          4.     Judicial Economy and the Interests of Justice Weigh Heavily in Favor of Transfer. .......................................................................11

     B.     The Public Interest Factors Also Favor Transfer. ......................................14

          1.     Transfer Would Create No Administrative Difficulties in the Eastern District of Virginia. ..........................................................14

          2.     The Eastern District of Virginia Has a Far Greater Interest in Adjudicating This Case Than the Eastern District of Texas..........14

          3.     The Remaining Factors Are Neutral. ...........................................15

CONCLUSION......................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Affinity Labs of Tex. v. Samsung Elecs. Co.*,
  968 F. Supp. 2d 852 (E.D. Tex. 2013) .................................................................................15

*Auto. Body Parts Ass'n v. Ford Global Techs., LLC*,
  No. 4:13-cv-705-ALM, 2015 WL 123852 (E.D. Tex. Jan. 7, 2015) ...................................7, 9

*In re Eli Lilly and Co.*,
  541 Fed. App'x 993 (Fed. Cir. 2013) ..................................................................................12

*In re EMC Corp.*,
  501 Fed. App'x 973 (Fed. Cir. 2013) ..................................................................................13

*Empty Barge Lines II v. Dredge Leonard Fisher*,
  441 F. Supp. 2d 786 (E.D. Tex. 2006) .................................................................................13

*Global Equity Mgmt. (SA) Pty. Ltd. v. Alibaba.com, Inc.*,
  No. 2:15-cv-01702-RWS-RSP, 2017 WL 1109865 (E.D. Tex. Mar. 24, 2017).....................8

*Invitrogen Corp. v. Gen. Elec. Co.*,
  No. 6:08-CV-112, 2009 WL 331891 (E.D. Tex. Feb. 9, 2009)............................................11

*Kinetic Concepts, Inc. v. Medela AG*,
  No. 2:07-CV-187, 2008 WL 112120 (E.D. Tex. Jan. 9, 2008) ............................................12

*Kroy IP Holdings, LLC v. Starbucks Corp.*,
  No. 2:13-cv-936-JRG, 2014 WL 5343168 (E.D. Tex. Sept. 30, 2014) .................................13

*Lifestyle Sols., Inc. v. Abbyson Living LLC*,
  No. 2:16-cv-01290-JRG-RSP, 2017 WL 5257006 (E.D. Tex. Nov. 10, 2017).......8, 11, 13, 14

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009)........................................................................................7, 15

*Orinda Intellectual Props. USA Holding Grp., Inc. v. Sony Corp.*,
  No. 2:08-cv-323, 2009 WL 3261932 (E.D. Tex. Sept. 29, 2009).........................................15

*Samsung Elecs. Co. v. Rambus Inc.*,
  386 F. Supp. 2d 708 (E.D. Va. 2005) ..................................................................................14

*Singh v. Reno*,
  113 F.3d 1512 (9th Cir. 1997) .............................................................................................10

*Sony Corp. v. LG Elecs., Inc.*,
　No. 11-01235-RGK, slip op. (C.D. Cal. June 13, 2011)......................................14

*Stewart Org., Inc. v. Ricoh Corp.*,
　487 U.S. 22 (1988)..............................................................................................14

*In re Toyota Motor Corp.*,
　747 F.3d 1338 (Fed. Cir. 2014).............................................................................9

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
　No. 6:09-cv-448-JDL, 2010 WL 2771842 (E.D. Tex. Jul. 13, 2010).....................15

*Va. Innovation Scis., Inc. v. Amazon.com, Inc.*,
　227 F. Supp. 3d 582 (E.D. Va. 2017) ..................................................................2, 3

*Va. Innovation Scis., Inc. v. Amazon.com, Inc.*,
　No. 1:16-cv-00861, 2017 WL 3599642 (E.D. Va. Aug. 18, 2017) ......................4, 12

*Va. Innovation Scis., Inc. v. HTC Corp.*,
　718 Fed. App'x 988 (Fed. Cir. 2018)....................................................................5

*Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*,
　928 F. Supp. 2d 863 (E.D. Va. 2013) ...................................................2, 3, 12, 15

*In re Vistaprint Ltd.*,
　628 F.3d 1342 (Fed. Cir. 2010)...........................................................................11

*In re Volkswagen AG*,
　371 F.3d 201 (5th Cir. 2004) ...........................................................................8, 10

*In re Volkswagen of Am., Inc.*,
　545 F.3d 304 (5th Cir. 2008) (en banc) .........................................................8, 9, 14, 15

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................7, 10

35 U.S.C. § 101 .......................................................................................................3, 4

35 U.S.C. § 285 .......................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 45 ...................................................................................................9, 10

Pursuant to 28 U.S.C. § 1404(a), Defendant Amazon.com, Inc. respectfully moves to transfer this case to the United States District Court for the Eastern District of Virginia.

## INTRODUCTION

Plaintiff Virginia Innovation Sciences, Inc. ("VIS") is located five miles from the federal courthouse in Alexandria, Virginia.  It has sued Amazon for patent infringement there twice and lost.  In the first case, the court issued a claim construction order and decided two motions to dismiss and two summary judgment motions.  It invalidated nine of VIS's patents and held that Amazon did not infringe those that remained.  That case remains pending while the Federal Circuit reviews the district court's decisions.  VIS filed its second case in the midst of the first.  It voluntarily dismissed it three days after the summary judgment hearing in the first case, when it became apparent that VIS would lose on all its new claims as well.

VIS then filed its third case against Amazon, but this time chose to file here in Texas.  VIS asserts two of the same patents it asserted in Virginia and others that relate to the ones at issue there.  All patents asserted here share disclosures and figures with those that the Virginia court studied and construed.  VIS accuses the very same Amazon products it accused of infringement in Virginia.

VIS's choice to file here is a quintessential example of forum shopping.  Before this lawsuit, VIS and its affiliate filed every one of their other lawsuits—more than 10 of them—in the Eastern District of Virginia and told that court that Virginia was the most convenient venue for its witnesses.  Now VIS wants to escape its home district and the conclusions that court reached there.  But neither VIS nor Amazon has any meaningful connection to this district.  VIS's three co-pending lawsuits here also allege infringement based on Amazon's technology and do not change the transfer analysis.  VIS could have sued those defendants in the Eastern District of Virginia and, in fact, did sue one there *twice*.  The Court should transfer this case to the Eastern District of Virginia,

where it belongs.

## STATEMENT OF FACTS

I.   **VIS RESIDES IN THE EASTERN DISTRICT OF VIRGINIA AND HAS NO MEANINGFUL CONNECTION TO THIS DISTRICT.**

VIS is a Virginia corporation, with its principal place of business in Alexandria, Virginia. (Dkt. No. 1 ¶ 2.)  Formerly named SellerBid, Inc., VIS has had its place of business in the Eastern District of Virginia since 2005.  *Id.*; *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 869 (E.D. Va. 2013); (Ware Decl., Ex. 1 (VIS Resp. to Samsung's Mot. to Transfer ("VIS Opp.") at 1-2 n. 1); *id.*, Ex. 2, ¶ 7 (A. Wang Decl.)).  Ms. Tiehong Wang (a.k.a. Ann Wang) is VIS's CEO, president, treasurer, sole owner, and registered agent, and she operates the company from her home.  *Va. Innovation Scis.*, 928 F. Supp. 2d at 869-70; (Ware Decl., Ex. 3 (A. Wang Dep. Tr.) at 8:9-22, 32:20-35:18; *id.*, Ex. 4 (VIS Corp. Filing).)  VIS has not identified any connection it has to the Eastern District of Texas, and Amazon is not aware of any.

VIS's primary business consists of filing patent infringement lawsuits.  It does not sell any specific software or hardware products, and it has no customers.  (Ware Decl., Ex. 3 (A. Wang Dep. Tr.) at 12:19-34:18.)  It has only licensed its patents to defendants in past litigations.  (*See id.* at 12:19-17:24.)  Until now, VIS and its affiliate[1] filed each of their many patent lawsuits *exclusively* in the Eastern District of Virginia.[2]  (Ware Decl. ¶ 6.)

---

[1] This affiliate, Virginia E-Commerce Solutions, LLC, is a Virginia limited liability corporation owned and operated by Ann Wang from her Virginia home.  (Ware Decl., Ex. 3 (A. Wang Dep. Tr.) at 35:14-38:9.)

[2] These actions include *Sellerbid, Inc. v. Groupon, Inc. et al.*, 1:11-cv-00768-LMB-TRJ; *Va. E-Commerce Sols., LLC v. eBay, Inc. et. al.*, 1:10-cv-01229-LMB-IDD; *Va. Innovation Scis., Inc. v. Samsung Elecs. Co., Ltd. et al.*, 2:12-cv-00548-MSD-TEM; *Va. Innovation Scis., Inc. v. Samsung Elecs. Co., Ltd. et al.*, 2:13-cv-00332-MSD-TEM; *Va. Innovation Scis., Inc. v. Samsung Elecs. Am., Inc. et al.*, 2:14-cv-00217-MSD-LRL; *Va. Innovation Scis., Inc. v. HTC Corp. et al.*, 1:16-cv-01350-LO-IDD; *Va. Innovation Scis., Inc. v. HTC Corp. et al.*, 2:16-cv-00060-HCM-LRL; *Va. Innovation Scis., Inc. v. LG Elecs, Inc. et al.*, 1:16-cv-00128-LO-IDD; *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, 1:16-cv-00861-LO-MSN; *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, 2:17-cv-00422-MSD-LRL; and *Va. Innovation Scis., Inc. v. HTC Corp. et al.*, 3:17-cv-00560-JAG.

In at least one of those suits, VIS strenuously argued the convenience of its home forum. *See Va. Innovation Scis*, 928 F. Supp. 2d at 869-70; (Ware Decl., Ex. 1 (VIS Opp).)  In response to a motion to transfer filed by Samsung Electronics, VIS argued that the Eastern District of Virginia "[bore] a significant connection" to the case because VIS had been there since 2005 and developed the purported claimed inventions there.  (*Id.* at 5.)  Ann Wang and her co-inventors Tiejun Wang, Ning Wang, and Ximing Wang all testified that travel to Virginia was much more convenient for them than travel to *New Jersey* because in Virginia they could stay and work out of VIS's office.  (*Id.*, Exs. 2, 5-7 (Decls. ISO VIS Opp.).)  The court accepted VIS's arguments and denied the motion.  *Va. Innovation Scis.*, 928 F. Supp. 2d at 873.

## II.   VIS ALREADY SUED AMAZON TWICE FOR PATENT INFRINGEMENT IN THE EASTERN DISTRICT OF VIRGINIA.

VIS filed its first complaint against Amazon in July 2016.  (Ware Decl., Ex. 10.)  VIS originally asserted ten patents against several Amazon products, alleging that:

- Amazon Fire TV and Fire Tablet devices infringed eight patents from the same patent family:  U.S. Patent Nos. 7,899,492, 8,050,711, 8,903,451, 8,948,814, 9,118,794, 8,712,471, 9,286,853, and 9,355,611 (collectively, "the '492 patent family");

- Amazon Fire TV infringed U.S. Patent No. 8,135,398 (the "'398 patent"); and

- Amazon Dash Button infringed U.S. Patent No. 9,369,844 (the "'844 patent").

(*Id.* ¶¶ 13, 20, 24, 28.)  Amazon moved to dismiss the '492 patent family claims under 35 U.S.C. § 101 and the Virginia court granted the motion.  *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, 227 F. Supp. 3d 582, 604-605 (E.D. Va. 2017).  The following week, VIS filed an amended complaint alleging that that the Amazon Pay service infringed U.S. Reissue Patent No. RE46,140 (the "'140 patent").  (Ware Decl., Ex. 11.)

In August 2017, with the first case still pending, VIS filed another lawsuit against Amazon in the same district.  (Ware Decl., Ex. 12 (Complaint *Va. Innovation Scis., Inc. v. Amazon.com,*

*Inc.*, 2:17-cv-00422-MSD-LRL (E.D. Va.)).)  In it, VIS accused additional products (Fire TV, Fire Phones, Dash Replenishment Service) of infringing the '398 and '844 patents it asserted in the first case, and alleged infringement of two additional patents, U.S. Patent Nos. 9,729,918 (the "'918 patent") and 9,723,443 (the "'443 patent"), by Fire TV, Fire Tablets, Fire Phones, Amazon Echo devices, Dash Buttons and Dash Replenishment Service.  (*Id.* ¶¶ 17-31.)  VIS granted Amazon an extension to respond to the complaint, stating that it had filed to establish priority to prevent Amazon from filing for a declaratory judgment in a different forum.  (Ware Decl. ¶ 14.)

On August 18, 2017, Judge O'Grady issued a *Markman* order in the first case.  *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, No. 1:16-cv-00861, 2017 WL 3599642 (E.D. Va. Aug. 18, 2017).  He construed 11 claim terms across the remaining three patents and made clear that VIS had no reasonable expectation of success on its claims.  *See id.*  VIS's infringement theory for the '398 patent depended on a claim construction that the court rejected.  *See id.* at *5-8, *10-11.  For the '844 patent, the court found VIS's constructions "contrary to the overwhelming thrust of the patent," and noted that the claims likely lacked written description.  *See id.* at *16-17.  And for the '140 patent, the court noted a "lack of detail concerning the term 'switched'" which VIS argued was the step that made the patent eligible under § 101.  *Id.* at *23-24.

VIS then stipulated to non-infringement of the '844 patent, but refused to withdraw its other infringement claims.  (Ware Decl. ¶ 15; Exs. 13-16.)  The parties filed cross-motions for summary judgment.  (*Id.*, ¶ 16.)  Two days after the hearing, VIS voluntarily dismissed the second case.  (*Id.*, Ex. 17.)  In December 2017, the court granted summary judgment of non-infringement of the '398 patent and invalidity of the '140 patent under § 101, disposing of all VIS's remaining claims.  (*Id.*, Ex. 18.)  Amazon then filed a motion for attorneys' fees under 35 U.S.C. § 285.  (*Id.*, Ex. 19.)

VIS appealed all of Judge O'Grady's orders.  The Federal Circuit has already affirmed the

order invalidating the '492 patent family.  *See Va. Innovation Scis., Inc. v. HTC Corp.*, 718 Fed. App'x 988 (Fed. Cir. 2018).  VIS's appeal of the summary judgment and claim construction orders remains pending.  The Virginia court deferred resolution of the attorney fees issue until after the appeal.  (Ware Decl. Ex. 20.)

## III.   THE VIRGINIA COURT IS BEST POSITIONED TO CONSIDER VIS'S LATEST CLAIMS.

On July 5, 2018, VIS filed this third lawsuit against Amazon.  (Dkt. No. 1.)  In it, VIS asserts four patents, two it asserted against Amazon in Virginia plus two closely related to those at issue in Virginia.  VIS accuses the same Amazon products here that it accused in Virginia.

Specifically, VIS alleges that Amazon infringes U.S. Patent Nos. 9,942,798 (the "'798 patent"), 9,912,983 (the "'983 patent) and the '918 patent.  (*Id.*)  These three related patents (collectively, the "'798 patent family") list Tiejung Wang and Tiehong "Ann" Wang—both of Alexandria, Virginia—as the inventors, and share nearly identical specifications.  (Dkt. Nos. 1-1, 1-2, 1-3.)  The '798 patent issued from application No. 15/070,439, and the '918 and '983 patents are continuations of that application.

VIS asserted the '918 patent against Amazon in the second Virginia case.  And the entire '798 patent family is related to the '492 patent family and the '398 patent that VIS asserted against Amazon in Virginia and the Virginia court closely analyzed.  (*See* Dkt. No. 1-3; Ware Decl. Exs. 21 & 22 ('492 and '398 patents) (each claiming priority to App. No. 11/165,341, filed on June 24, 2005).)  Indeed, the '798 patent family has inventors and substantial portions of its specifications and figures in common with the '492 patent family, the '398 patent, and the '844 patent, all asserted and analyzed in Virginia.  (Ware Decl., ¶ 24.)

The fourth patent VIS asserts, the '443 patent that VIS asserted against Amazon in the second case, also lists Tiehong Wang, Tiejung Wang, and Ximing Wang as inventors.  (Dkt. No. 1-4.)  The '443 patent is also a continuation of the '844 patent VIS asserted against Amazon in

both Virginia cases, and shares the same title, inventors, and specification.  (*Id.*; Ware Decl., Ex. 23 ('844 patent).)  The products VIS accuses here are also the same products it accused in Virginia. As illustrated below this case is substantially the same as VIS's cases in Virginia:

| Asserted Here | Previously Asserted in VA |
|---|---|
| '918 patent | ✓ |
| '983 patent | Related '492 patent family and '398 patent |
| '798 patent | Related '492 patent family and '398 patent |
| '443 patent | ✓ |

| Accused Here | Previously Accused in VA |
|---|---|
| Dash Button | ✓ |
| Dash Service | ✓ |
| Fire TV | ✓ |
| Echo[3] | ✓ |
| Fire Tablets | ✓ |

VIS has also filed suit in this district against HTC Corp. ("HTC"), Honeywell International, Inc. ("Honeywell") and Vector Security, Inc. ("Vector"), asserting patent infringement based in part on their use of Amazon technology.  VIS alleges that HTC devices infringe the '798 patent family "by executing the [Amazon] Alexa application."  (Ware Decl. Ex. 24, ¶¶ 24-26, 47, 51-52, 54 (HTC Complaint).)  HTC is based in Taiwan, and VIS previously sued HTC twice in the Eastern District of Virginia.  (*Id.* ¶ 25; *id.* Ex. 24, ¶ 3.)  VIS alleges that Honeywell and Vector each jointly infringe the '983 patent with Amazon, based on unspecified "collective conduct" and the use of their products with Amazon's Echo Dot.  (*Id.*, Ex. 25, ¶¶ 37-38 (Honeywell Complaint); Ex. 27, ¶¶ 16, 38 (Vector Complaint).)  Neither Honeywell nor Vector is based in Texas; both have facilities in the Eastern District of Virginia.  (*Id.*, Ex. 25, ¶ 3; Ex. 26; Ex. 27, ¶ 3; Ex. 28.)

## IV.   AMAZON HAS NO MEANINGFUL OR RELEVANT PRESENCE IN THE EASTERN DISTRICT OF TEXAS.

VIS's sole allegation supporting venue here is that Amazon has a fulfillment center and sells accused products to customers in this district.  (Dkt. No. 1 ¶ 6.)  But that fulfillment center is

---

[3] VIS has expanded its infringement allegations against the Amazon Echo Series in this case to also include "Amazon Cloud Cam devices, along with Amazon's Alexa voice service and associated back end servers (the 'Accused Echo Instrumentalities')."  (Dkt. No. 1, ¶ 18.)

merely a warehouse in Fort Worth storing products available through www.amazon.com.  (Declaration of Kasi Crawford ("Crawford Decl.") ¶¶ 3-4.)  No witnesses work there, and it stores no relevant evidence.  (*Id.* ¶ 4.)  Amazon has three fulfillment centers in the Eastern District of Virginia located in Chester, Petersburg and Sterling.  (*Id*. ¶ 5.)

Amazon employees knowledgeable about the design, development, and technical operation of the accused Alexa voice service, Dash Replenishment Service, Echo, Fire TV, Dash Button, and Fire tablet products are located at Amazon's offices in Seattle, Washington; Cambridge, Massachusetts; the San Francisco Bay Area; and Amazon's overseas offices in the United Kingdom, Germany, and India.  (Declaration of Lara Rogers ("Rogers Decl."), ¶ 2.)  Related technical documents are stored by these employees in the offices where they work.  (*Id.*)  No employees knowledgeable about these subjects are based in the Eastern District of Texas.  (*Id.*, ¶ 3.)

## ARGUMENT

Under 28 U.S.C. § 1404(a), a court may transfer a civil action to any judicial district where it could have been brought originally for the "convenience of parties and witnesses" and "in the interest of justice."  The threshold inquiry in a transfer analysis is "'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.'"  *Auto. Body Parts Ass'n v. Ford Global Techs.*, *LLC*, No. 4:13-cv-705-ALM, 2015 WL 123852, at *1 (E.D. Tex. Jan. 7, 2015) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")).  Once that threshold inquiry is met, the determination of convenience turns on several public and private interest factors, no one of which is dispositive.  *Id.* at *3-4.

"The Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer for the convenience of the parties."  *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009).  "The 'consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties

and witnesses might call for a different result.'" *Lifestyle Sols., Inc. v. Abbyson Living LLC*, No. 2:16-cv-01290-JRG-RSP, 2017 WL 5257006, at *4 (E.D. Tex. Nov. 10, 2017) (quoting *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)).

Judicial economy concerns dictate transfer here.  Over the course of 18 months, the Virginia court analyzed VIS patents and most of the same accused products and services.  VIS filed here, contrary to its longstanding practice, only because it lost.  Its choice carries no weight, particularly because the dispute has no relevant connection to this forum.  *See Global Equity Mgmt. (SA) Pty. Ltd. v. Alibaba.com, Inc.*, No. 2:15-cv-01702-RWS-RSP, 2017 WL 1109865, at *2-3 (E.D. Tex. Mar. 24, 2017) (transferring case where plaintiff had no connection to forum and witnesses and evidence were located elsewhere).  The Court should transfer this action.

## I.     VIS COULD HAVE BROUGHT THIS CASE IN VIRGINIA.

VIS filed its previous two lawsuits against Amazon in the Eastern District of Virginia alleging that the same Amazon product lines infringe the same or related VIS patents.  (Ware Decl. Exs. 10-12.)  VIS could have brought this case there as well.

## II.    THIS CASE BELONGS IN VIRGINIA.

The Court must consider the convenience of the parties and witnesses, as well as the interests of justice, by balancing relevant private and public interest factors.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").  Here, both favor transfer of this case to the Eastern District of Virginia.

### A.     The Private Interest Factors Favor Transfer.

The relevant private interest factors include:  "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203.  Each factor supports transfer.

### 1.      VIS's Documents Are in the Eastern District of Virginia.

"[T]his factor remains relevant despite technological advances having made electronic document production commonplace." *Auto. Body Parts Ass'n*, 2015 WL 123852, at *4 (citation omitted).   VIS is located five miles from the Alexandria Division courthouse.  (Ware Decl., Ex. 29 (Map).)  VIS maintains "the vast majority of all corporate records" at Ann Wang's home office in Virginia, making the Eastern District of Virginia a convenient venue.  (*Id.*, Ex. 2 (A. Wang Decl.) ¶¶ 3, 7, 15; *id.*, Ex. 3 (A. Wang Dep. Tr.) at 32:20-34:18.)  Amazon maintains relevant documents across multiple offices outside of Texas (*see* Rogers Decl. ¶ 2), and the burden to transmit Amazon's documents to either forum is about the same.  This factor favors transfer.

### 2.      The Availability of Compulsory Process to Secure Witness Attendance Strongly Favors Transfer.

The court cannot compel non-party witnesses to travel more than 100 miles from their homes or work to provide testimony.  Fed. R. Civ. P. 45(c)(1)(A).  Given this limitation, the lack of availability of compulsory process to secure the attendance of non-party witnesses in this district favors transfer.  *See In re Toyota Motor Corp.*, 747 F.3d 1338, 1340-41 (Fed. Cir. 2014) (directing transfer to district where witnesses were subject to subpoena); *Volkswagen II*, 545 F.3d at 316 (court should transfer to a venue with absolute subpoena power).

Non-party witnesses William Halal and Christopher Tobin live and work in the Washington, D.C. area and are within the subpoena power of the Eastern District of Virginia.  Fed. R. Civ. P. 45(c)(1)(B)(ii); (Ware Decl., Ex. 1 (VIS Opp.) at 3.)  Halal is a named inventor for the '492 patent family and the '398 patent and works and lives in Washington, D.C. (Ware Decl., Ex. 8 (W. Halal Decl.); Ex. 30 (W. Halal Profile); Ex. 31 (W. Halal Dep. Tr.) at 6:11-16.)  Mr. Tobin prosecuted those same patents and works in Washington D.C.  (*Id.*, Ex. 9 (C. Tobin Decl.); Ex. 32 (C. Tobin Profile).)  Both are likely to provide relevant testimony for claim construction and the priority date for the '798 patent family, because it claims priority to and shares portions of the same

9

specification with the '492 patent family and the '398 patent.

Tiejun Wang is another non-party witness within the subpoena power of the Eastern District of Virginia.  *See* Fed. R. Civ. P. 45(c)(1)(A).  Wang is a consultant of VIS but not an employee within its control.  (Ware Decl., Ex. 33 (T. Wang Dep. Tr.) at 80:15-82:7; *id.*, Ex. 3 (A. Wang Dep. Tr.) at 22:17-19.)  Three of the four patents in suit list him as a named inventor and resident of Alexandria, Virginia.  (Dkt. Nos. 1-1, 1-2, 1-3.)  Although Wang has claimed he now resides in Beijing, China, he also testified that (i) he is a permanent resident of the United States; (ii) he must visit the country at least every six months; and (iii) he stays with Ann Wang in Virginia when he visits.  (Ware Decl., Ex. 6 (T. Wang Decl.) ¶¶ 3-7.); s*ee also Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir. 1997) (stating that to maintain permanent resident status a person must be returning to an "unrelinquished lawful permanent residence" after a "temporary visit abroad.") (citation omitted).

Amazon knows of no witnesses who live in this district or the State of Texas.  This factor also favors transfer.

### 3.    The Convenience to Potential Witnesses Favors Transfer.

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05.  Most of VIS's fact witnesses live and work within miles of the courthouse in Alexandria, Virginia and have testified that is a convenient forum.  For example, Ann Wang, a named inventor on all the patents-in-suit, operates VIS as its sole employee out of her home in Alexandria.  (Dkt. Nos. 1 ¶ 2, 1-1, 1-2, 1-3, 1-4; Ware Decl., Ex. 3 (A. Wang Dep. Tr.) at 8:9-22, 32:20-35:18.)  She previously testified that travelling to Norfolk, Virginia was more convenient than travelling to Newark, New Jersey "because Norfolk is closer and travelling there does not involve crossing multiple state lines." (Ware Decl., Ex. 2 (A. Wang Decl.) ¶ 14.)  She would need to travel about 1,300 miles to attend

trial in Sherman or Plano, *i.e.*, multiples of the distance she previously found inconvenient.  (*Id.*, Ex. 34 (Map).)  Also, should William Halal testify at trial, he too would need to travel about 1,300 miles from his home in Washington, D.C. to testify in Texas.  (*Id.*)

Moreover, in the first Virginia case, VIS identified Tiejun Wang as a trial witness.  (Ware Decl., Ex. 35 § I; *id.*, Ex. 36.)  He previously testified that "[t]he Eastern District of Virginia is a more convenient venue for [him]" because when in the United States, he "stay[s] with [his] sister at her [Virginia] residence."  (Ware Decl., Ex. 6 (T. Wang Decl.) ¶ 12.)  In fact, when he agreed to travel from China to be deposed in the first case against Amazon, he made himself available for deposition in *Washington, D.C.* rather than San Francisco, even though that added several hours of flight time.  (*Id.*, Ex. 36.)  Ximing Wang, a co-inventor of the '433 patent (and the '844 and '398 patents), has also testified that travel to Virginia was convenient for him because he could stay with Ann Wang in Virginia.  (*Id.*, Ex. 7 (X. Wang Decl.) ¶ 9.)

Amazon's witnesses are scattered across the United States, Europe, and India, and it knows of no fact witnesses in this district.  (Rogers Decl. ¶¶ 2-3.)  Accordingly, this factor also weighs in favor of transfer.

### 4. Judicial Economy and the Interests of Justice Weigh Heavily in Favor of Transfer.

"This factor concerns judicial economy, including duplicative suits involving the same or similar issues that may create practical difficulties."  *Lifestyle Sols.*, 2017 WL 5257006, at \*4.  "[J]udicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice."  *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).  Here, judicial economy will be achieved by transferring the case because the case involves related patents and the same or similar technology already reviewed and analyzed by Judge O'Grady.  *See Invitrogen Corp. v. Gen. Elec. Co.*, No. 6:08-CV-112, 2009 WL 331891, at \*4–5 (E.D. Tex. Feb. 9, 2009) (transfer is "most appropriate" when one court has extensive familiarity with the technology or the legal issues

11

and has construed the claims.).

VIS asserts infringement against many of the same products that the Virginia court reviewed at summary judgment.  (*See* Dkt. No. 1 ¶¶ 18, 95, 122; Ware Decl., Ex. 18 (MSJ Order) at 3-8.)  And the patents it asserts are directly related to those the Virginia court analyzed.  The '443 patent shares the same specification as the '844 patent asserted in the first two cases.  (Dkt. No. 1-4; Ware Decl., Ex. 23 ('844 patent).)  In construing the '844 patent, the Virginia court analyzed the specification in detail and found that there was no written description support for the asserted claims.  *Va. Innovation Scis.*, 2017 WL 3599642, at *13-22.  That analysis applies here, too.  Similarly, the asserted '798 patent family shares parts of its specifications with the '398, '492 patent family, and '844 patents that the Virginia court analyzed throughout the first case.  (Dkt. Nos. 1-1, 1-2, 1-3; Ware Decl. Exs. 22, 21, 23 ('398, '492, and '844 patents).)  In construing the '398 patent, the Virginia court relied on the teachings of the specification, and the court's constructions were case dispositive.  *Va. Innovation Scis.*, 2017 WL 3599642, at *4-13; Ware Decl., Ex. 18 (MSJ Order) at 4-8.)  And in invalidating the '492 patent family, the Virginia court found there was no meaningful description for the supposed inventive contributions that would render them patent eligible.  *See Va. Innovation Scis.*, 227 F. Supp. 3d at 599-602.

This Court and others have consistently transferred cases to courts that handled earlier lawsuits involving similar patents and technologies and were between the same or similar defendants.  *See, e.g.*, *Kinetic Concepts, Inc. v. Medela AG*, No. 2:07-CV-187, 2008 WL 112120, at *1–2 (E.D. Tex. Jan. 9, 2008) (transferring case to court where the judge "ha[d] substantial experience with these parties, and [] invested time and effort in learning the technology at issue in the case"); *In re Eli Lilly and Co.*, 541 Fed. App'x 993, 994 (Fed. Cir. 2013) (transferring case to court that had "already conducted discovery, claim construction, and ruled on motions for summary judgment

involving the same family of patents").  Judicial economy will similarly be achieved by transfer-ring this case to the Eastern District of Virginia.

VIS's filing of three other lawsuits in this District *after* it filed this case does not change the judicial efficiency analysis.  *See In re EMC Corp.*, 501 Fed. App'x 973, 976 (Fed. Cir. 2013) ("a district court may properly consider any judicial economy benefits which would have been apparent *at the time the suit was filed*") (emphasis added); *Kroy IP Holdings, LLC v. Starbucks Corp.*, No. 2:13-cv-936-JRG, 2014 WL 5343168, at *4 (E.D. Tex. Sept. 30, 2014) ("Standing alone, the presence of separately filed cases cannot justify venue in this district, or defeat an oth-erwise compelling case for transfer.").  This is especially true here because (i) defendants in two of the three cases have not even answered or responded to VIS's complaints; (ii) those cases in-volve the same patents at issue here; and (iii) VIS "joint infringement" and other infringement allegations against the other defendants are based on the combination of the defendants' products with Amazon technology at issue in this case and the prior Virginia cases.  *See Groupchatter, LLC v. Landis + Gyr Techs., LLC*, No. 6:15-cv-886-JRG-JDL, 2016 WL 541516, at * 5 (E.D. Tex. Feb. 11, 2016) (finding "the benefits for judicial economy were minimal" where plaintiff filed three other lawsuits in this District involving the same patents because only one of those cases was pending "at the time the instant action was filed").  Moreover, defendants HTC, Honeywell, and Vector are incorporated and headquartered elsewhere and have been previously sued by VIS (HTC) in the Eastern District of Virginia or have offices (Honeywell and Vector) there.  (Ware Decl. Exs. 24, 26, 28.)  VIS *could* have filed all these lawsuits in Virginia, and the Court may transfer those cases there as well, if it chooses.  *See Empty Barge Lines II v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) ("A transfer of venue may be made upon the motion of any party or by the court *sua sponte*.").  To Amazon's knowledge, HTC, Honeywell, and Vector do not object to the transfer of Amazon's or their actions to Virginia.  (*Id.*, ¶ 31.)

Just as important, VIS's behavior is an affront to the "factors of systemic integrity and fairness" that courts must consider when deciding whether to transfer. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). "Systemic integrity . . . take[s] account of a party's attempt to game the federal courts . . . [and] circumvent[ion] [of] the force and effect of adverse rulings in prior litigation." *Samsung Elecs. Co. v. Rambus Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005). The Eastern District of Virginia was VIS's exclusive forum until it lost there. VIS chose to file its second suit against Amazon in Virginia, but dismissed it when it became clear it would lose. VIS's attempt to re-assert the patents and claims in a different district lays its gamesmanship bare. *See Sony Corp. v. LG Elecs., Inc.*, No. 11-01235-RGK (FMOx), slip op. at 2-3 (C.D. Cal. June 13, 2011) (rejecting similar forum shopping).

**B.    The Public Interest Factors Also Favor Transfer.**

The relevant public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws." *Volkswagen II*, 545 F.3d at 315. The first two factors favor transferring this case; the last two are neutral.

**1.    Transfer Would Create No Administrative Difficulties in the Eastern District of Virginia.**

This factor considers the time to resolution in the two venues. *See Lifestyle Sols.*, 2017 WL 5257006, at *5. "Generally, this factor weighs in favor of the venue with the faster time to trial . . . ." *Id.* The median time to trial for civil cases in the Eastern District of Virginia is 12.8 months compared to 19.2 months in this district. (Ware Decl., Ex. 37 (Time to Trial).)

**2.    The Eastern District of Virginia Has a Far Greater Interest in Adjudicating This Case Than the Eastern District of Texas.**

The Eastern District of Virginia has a local interest in this dispute because that is where

VIS is located.  (Dkt. No. 1 ¶ 2.); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448-JDL, 2010 WL 2771842, at *8 (E.D. Tex. Jul. 13, 2010) (district where a party has principal place of business has a local interest).  Additionally, VIS has argued that Virginia has an interest in protecting the intellectual property rights of its residents." (Ware Decl., Ex. 1 (VIS Opp.) at 14; *see also Va. Innovation Scis.*, 928 F. Supp. 2d at 873 ("jurors in Virginia have [an] interest in a case involving technologies developed in Virginia by a Virginia company"); *accord Affinity Labs of Tex. v. Samsung Elecs. Co.*, 968 F. Supp. 2d 852, 855 (E.D. Tex. 2013).  Finally, the district court in Virginia has already invested substantial time and effort into learning about VIS's related patents and the technology at issue here.  *See U.S. Ethernet Innovations*, 2010 WL 2771842, at *7 (public interest factors include prior choice of forum and investment of judicial resources).  By contrast, Texas has no such local interest.  VIS alleges the presence of an Amazon fulfillment center in this district and the sale of accused goods to residents here.  (Dkt. No. 1 ¶ 6.)  But, courts must disregard interests that "could apply virtually to any judicial district or division in the United States," and should instead focus on particularized local interests.  *Volkswagen II*, 545 F.3d at 317-18; *see also Nintendo*, 589 F.3d at 1198.  Amazon sells the accused products throughout the United States, and has fulfillment centers nationwide.  Accordingly, this factor strongly favors transfer.

### 3.   The Remaining Factors Are Neutral.

Both districts at issue are familiar with federal law governing patent cases and capable of adjudicating the issues here.  Moreover, this case implicates no conflicts of law.  The final two public interest factors are therefore neutral.  *See Orinda Intellectual Props. USA Holding Grp., Inc. v. Sony Corp.*, No. 2:08-cv-323, 2009 WL 3261932, at *4 (E.D. Tex. Sept. 29, 2009).

### CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court grant Amazon's motion and transfer this action to the Eastern District of Virginia.

October 1, 2018                         Respectfully submitted,


                                        By/s/ *Saina S. Shamilov*

                                        J. David Hadden
                                        CA Bar No. 176148 (Admitted E.D. Tex.)
                                        Email:  dhadden@fenwick.com
                                        Saina S. Shamilov
                                        CA Bar No. 215636 (Admitted E.D. Tex.)
                                        Email:  sshamilov@fenwick.com
                                        Ravi R. Ranganath
                                        CA Bar No. 272981 (Admitted E.D. Tex.)
                                        Email:  rrranganath@gmail.com
                                        **FENWICK & WEST LLP**
                                        Silicon Valley Center
                                        801 California Street
                                        Mountain View, California 94041
                                        Telephone: (650) 988-8500
                                        Facsimile: (650) 938-5200

                                        Todd R. Gregorian
                                        CA Bar No. 236096 (Admitted E.D. Tex.)
                                        Email:  tgregorian@fenwick.com
                                        Dargaye Churnet
                                        CSB No. 303659 (Admitted E.D. Tex.)
                                        Email:  dchurnet@fenwick.com
                                        **FENWICK & WEST LLP**
                                        555 California Street, 12th Floor
                                        San Francisco, CA  94104
                                        Telephone:    415.875.2300
                                        Facsimile:    415.281.1350

                                        Jeffrey Ware
                                        CA Bar No. 271603 (Admitted E. D. Tex.)
                                        Email:  jware@fenwick.com
                                        **FENWICK & WEST LLP**
                                        1191 Second Avenue, 10h Floor
                                        Seattle, WA 98101
                                        Telephone:    206.389.4510
                                        Facsimile:    206.389.4511


                                        *Counsel for Defendant*
                                        AMAZON.COM, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 1, 2018.

/s/ *Saina S. Shamilov*
Saina S. Shamilov

17

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant has complied with L.R. 7(h) regarding this motion.  On August 27, 2018, counsel for Defendant explained its position and the basis for its requested transfer in an email to counsel for Plaintiff.  On August 29, counsel for Plaintiff responded by email that Plaintiff would oppose the motion.  The parties conferred via telephone on August 30, during which counsel for Plaintiff confirmed that it opposes the relief requested by this motion.

*/s/ Saina S. Shamilov*
Saina S. Shamilov