IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Civil Action No. 4:18-cv-00474-ALM |

**DECLARATION OF JEFFREY WARE IN SUPPORT OF
MOTION OF DEFENDANT AMAZON.COM, INC. TO
TRANSFER VENUE TO THE EASTERN DISTRICT OF VIRGINIA**

I, Jeffrey Ware, hereby state and declare as follows:

1. I am an associate in the law firm of Fenwick & West LLP ("Fenwick"), and counsel for Defendant Amazon.com, Inc. ("Amazon") in this action. I have personal knowledge of the facts set forth herein unless otherwise indicated, and if called to testify, I could and would testify competently thereto.

2. Attached as **Exhibit 1** is a true and correct copy of Plaintiff Virginia Innovation Sciences, Inc. ("VIS") Response to Defendant's Motion to Transfer Venue to the District of New Jersey (Dkt. No. 41) ("VIS's Opposition to Transfer Venue"), filed on January 28, 2013 in *Virginia Innovation Sciences, Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 2:12-cv-00548-MSD-TEM (E.D. Va.) ("the *Samsung* litigation").

3. Attached as **Exhibit 2** is a true and correct copy of the Declaration of Dr. Tiehong (Ann) Wang in Support of VIS's Opposition to Transfer Venue (Dkt. No. 41-1), filed on January 28, 2013 in the *Samsung* litigation.

4. Attached as **Exhibit 3** is a true and correct copy of relevant pages of the transcript of the Tiehong ("Ann") Wang Rule 30(b)(6) deposition, which was taken on June 22, 2017 in *Virginia Innovation Sciences, Inc. v. Amazon.com, Inc.*, No. 1:16-cv-00861-LO-MSN (E.D. Va. filed July 5, 2016) ("the *VIS I* litigation").

5. Attached as **Exhibit 4** are true and correct screen captures of VIS business entity details, transaction history, and annual reports filed with the SCC showing that VIS is incorporated in Virginia and maintains its principal office in Alexandria, Virginia. The information was obtained from the SCC website at http://www.scc.virginia.gov (last accessed on October 1, 2018).

6. Prior to filing this lawsuit, VIS (including under its former name SellerBid, Inc.) and its affiliate, Virginia E-Commerce Solutions, LLC, had brought patent infringement lawsuits against numerous defendants and filed these actions exclusively in the United Stated District Court for the Eastern District of Virginia. These actions include *Sellerbid, Inc. v. Groupon, Inc. et al.*, 1:11-cv-00768-LMB-TRJ; *Va. E-Commerce Sols., LLC v. eBay, Inc. et. al.*, 1:10-cv-01229-LMB-IDD; *Va. Innovation Scis., Inc. v. Samsung Elecs. Co., Ltd. et al.*, 2:12-cv-00548-MSD-TEM; *Va. Innovation Scis., Inc. v. Samsung Elecs. Co., Ltd. et al.*, 2:13-cv-00332-MSD-TEM; *Va. Innovation Scis., Inc. v. Samsung Elecs. Am., Inc. et al.*, 2:14-cv-00217-MSD-LRL; *Va. Innovation Scis., Inc. v. HTC Corp. et al.*, 1:16-cv-01350-LO-IDD; *Va. Innovation Scis., Inc. v. HTC Corp. et al.*, 2:16-cv-00060-HCM-LRL; *Va. Innovation Scis., Inc. v. LG Elecs, Inc. et al.*, 1:16-cv-00128-LO-IDD; *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, 1:16-cv-00861-LO-MSN; *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, 2:17-cv-00422-MSD-LRL; and *Va. Innovation Scis., Inc. v. HTC Corp. et al.*, 3:17-cv-00560-JAG.

7. Attached as **Exhibit 5** is a true and correct copy of the Declaration of Dr. Ning

Wang in Support of VIS's Opposition to Transfer Venue (Dkt. No. 41-2), filed on January 28, 2013 in the *Samsung* litigation.

8. Attached as **Exhibit 6** is a true and correct copy of the Declaration of Dr. Tiejun Wang in Support of VIS's Opposition to Transfer Venue (Dkt. No. 41-3), filed on January 28, 2013 in the *Samsung* litigation.

9. Attached as **Exhibit 7** is a true and correct copy of the Declaration of Ximing Wang in Support of VIS's Opposition to Transfer Venue (Dkt. No. 41-4), filed on January 28, 2013 in the *Samsung* litigation.

10. Attached as **Exhibit 8** is a true and correct copy of the Declaration of William E. Halal in Support of VIS's Opposition to Transfer Venue (Dkt. No. 41-5), filed on January 28, 2013 in the *Samsung* litigation.

11. Attached as **Exhibit 9** is a true and correct copy of the Declaration of Christopher Tobin in Support of VIS's Opposition to Transfer Venue (Dkt. No. 41-6), filed on January 28, 2013 in the *Samsung* litigation.

12. Attached as **Exhibit 10** is a true and correct copy of the Original Complaint filed on July 5, 2016 in the *VIS I* litigation.

13. Attached as **Exhibit 11** is a true and correct copy of the First Amended Complaint (Dkt. No. 59) filed on January 11, 2017 in the *VIS I* litigation.

14. Attached as **Exhibit 12** is a true and correct copy of the Complaint filed in *Virginia Innovation Sciences, Inc. v. Amazon.com, Inc.*, No. 2:17-cv-00422-MSD-LRL (E.D. Va. filed on Aug. 8, 2017) ("the *VIS II* litigation"). The complaint was served to Amazon on September 12, 2017. On September 20, 2018 at the deposition of Amazon's damages expert in the *VIS I* action, I, as counsel representing Amazon at the deposition, asked VIS's then lead

counsel, William Bradley, whether VIS would agree to Amazon's request for an extension to respond to the complaint. Mr. Bradley told me that VIS would agree to the request. He said that VIS filed the complaint because Ann Wang had been advised and thus was concerned that Amazon could file a declaratory judgment action against VIS with regard to VIS's newly issued patents and for products not asserted in the first action. Mr. Bradley further told me that although VIS was in no hurry to proceed with the new action at that time given how busy the parties were with the first action, it was important to VIS to establish first-to-file priority in the Eastern District of Virginia with respect to those infringement claims.

15. In light of the court's August 18, 2017 *VIS I* claim construction order, Amazon asked VIS to withdraw its infringement claims for U.S. Patent Nos. 8,135,398 ("'398 patent") and 9,369,844 ("'844 patent"). Attached as **Exhibit 13** is a true and correct copy of a letter from J. David Hadden to William Bradley, dated August 22, 2017, requesting VIS's stipulation to Amazon's non-infringement of the '398 patent and the '844 patent. Attached as **Exhibit 14** is a true and correct copy of a letter from Mr. Bradley to Mr. Hadden, dated August 24, 2017, agreeing to stipulate to Amazon's non-infringement of the '844 patent but not the '398 patent. Attached as **Exhibit 15** is a true and correct copy of a letter from Mr. Hadden to Mr. Bradley, dated August 25, 2017, again requesting VIS's stipulation to Amazon's non-infringement of the '398 patent in light of the court's claim constructions. Attached as **Exhibit 16** is a true and correct copy of a letter from Mr. Bradley to Mr. Hadden, dated August 28, 2017, again stating VIS would not stipulate to Amazon's non-infringement of the '398 patent.

16. On September 21, 2017, Amazon and VIS filed cross-motions for summary judgment in *VIS I*, and the court heard oral argument on these motions on October 27, 2017.

17. Attached as **Exhibit 17** is a true and correct copy of the Notice of Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(i) (Dkt No. 12) filed on October 29, 2017 in the *VIS II* litigation.

18. Attached as **Exhibit 18** is a true and correct copy of the Memorandum Opinion & Order (Dkt. No. 203) ruling on motions for summary judgment in the *VIS I* litigation, filed on December 22, 2017.

19. Attached as **Exhibit 19** is a true and correct copy of the Memorandum of Defendant Amazon.com, Inc. in Support of its Motion for Reasonable Attorney Fees under 35 U.S.C. § 285 (Dkt. No. 215) in the *VIS I* litigation, filed on February 14, 2018.

20. Attached as **Exhibit 20** is a true and correct copy of the Order (Dkt. No. 234) denying without prejudice Amazon's motion for attorney fees in the *VIS I* litigation, filed on May 15, 2018.

21. Attached as **Exhibit 21** is a true and correct copy of U.S. Patent No. 7,899,492 to Wang, et al., entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks" ("'492 patent").

22. Attached as **Exhibit 22** is a true and correct copy of U.S. Patent No. 8,135,398 to Wang, et al., entitled "Method and Apparatus for Multimedia Communications with Different User Terminals" ("'398 patent").

23. Attached as **Exhibit 23** is a true and correct copy of U.S. Patent No. 9,369,844 to Wang, et al., entitled "System and Method for Providing Locally Applicable Internet Content with Secure Action Requests and Item Condition Alerts" ("'844 patent").

24. I am familiar with the patents VIS asserted in its cases against Amazon as I have reviewed the relevant pleadings.  Below is a chart identifying (i) the patents asserted in *VIS I* and

*VIS II*; (ii) the products and services accused in *VIS* I, *VIS II*, and this action; and (iii) the sections of the '492 patent, the '398 patent, and the '844 patents included in the patents asserted in this action:





25. Attached as **Exhibit 24** is a true and correct copy of the Complaint for Patent Infringement filed in *Virginia Innovation Sciences, Inc. v. HTC Corporation*, No. 4:18-cv-00476-ALM (E.D. Tex. filed on July 5, 2018). VIS previously filed two patent infringement

lawsuits against HTC Corporation in the Eastern District of Virginia.  In the first action, filed on February 8, 2016, *Va. Innovation Scis., Inc. v. HTC Corp. et al.*, 2:16-cv-00060-HCM-LRL, VIS alleged that HTC Corporation and HTC America Inc. (collectively "HTC") infringed U.S. Patent Nos. 7,899,492, 8,050,711, 8,903,451, 8,948,814, 9,118,794, 8,712,471, 9,286,853, and 9,355,611.  HTC then filed a motion to dismiss under 35 U.S.C. § 101.  Because the asserted patents were in the same '492 patent family subject to Amazon's motion to dismiss under 35 U.S.C. § 101 in *VIS I*, this action was transferred from the Norfolk Division to the Alexandria Division and assigned the case number *Va. Innovation Scis., Inc. v. HTC Corp. et al.*, 1:16-cv-01350-LO-IDD.  Judge O'Grady then decided both motions, granted HTC's motion dismissing the case, and the Federal Circuit affirmed the order in *Va. Innovation Scis., Inc. v. HTC Corp.*, 718 Fed. App'x 988 (Fed. Cir. 2018).

26.     On August 8, 2017, VIS filed its second lawsuit against HTC in the Eastern District of Virginia: *Va. Innovation Scis., Inc. v. HTC Corp. et al.*, 2:16-cv-00060-HCM-LRL.  VIS alleged that HTC infringed the '398 patent and the U.S. Patent No. 9,729,918 now asserted against both Amazon in this action and HTC Corporation in its Eastern District of Texas action.  On October 29, 2017, VIS voluntarily dismissed that second lawsuit against HTC.

27.     Attached as **Exhibit 25** is a true and correct copy of the Complaint for Patent Infringement filed in *Virginia Innovation Sciences, Inc. v. Honeywell International Inc.*, No. 4:18-cv-00475-ALM (E.D. Tex. filed on July 5, 2018).

28.     Attached as **Exhibit 26** is a true and correct copy of a Google.com web page screen shot displaying the locations of Honeywell facilities in Virginia (last accessed on September 25, 2018).

29.     Attached as **Exhibit 27** is a true and correct copy of the Complaint for Patent

7

Infringement filed in *Virginia Innovation Sciences, Inc. v. Vector Security, Inc.*, No. 4:18-cv-00477-ALM (E.D. Tex. filed on July 5, 2018).

30. Attached as **Exhibit 28** is a true and correct copy of a screenshot from Vector Security's website, https://www.vectorsecurity.com/locations, listing the company's office locations (last accessed on September 25, 2018).

31. To the best of my knowledge, HTC, Honeywell, and Vector do not object to the transfer of Amazon's or their actions to Virginia.

32. Attached as **Exhibit 29** is a true and correct copy of a Google Map showing the distance from VIS's registered office to the United States District Court in Alexandria, Virginia is about 5.5 miles.

33. Attached as **Exhibit 30** is a true and correct printout of the profile for William E. Halal, Professor Emeritus of Management, Technology & Innovation at George Washington University, which was obtained from the George Washington University website at https://business.gwu.edu/william-e-halal (last accessed on October 1, 2018).

34. Attached as **Exhibit 31** is a true and correct copy of relevant pages of the transcript of the William E. Halal deposition, which was taken on June 21, 2017 in the *VIS I* litigation.

35. Attached as **Exhibit 32** is a true and correct printout of the profile of Christopher M. Tobin, a partner at the law firm Michael Best & Freidrich LLP, which was obtained from the Michael Best website at http://www.michaelbest.com/People/Christopher-Tobin (last accessed on October 1, 2018).

36. Attached as **Exhibit 33** is a true and correct copy of relevant pages of the transcript of the Tiejun Wang, Ph.D. deposition, which taken on August 17, 2017 in the *VIS I* litigation.

37. Attached as **Exhibit 34** is a true and correct copy of a Google Map showing the distance from VIS's registered office in Alexandria, Virginia to Sherman, Texas is about 1,300 miles.

38. Attached as **Exhibit 35** is a true and correct copy of Plaintiff Virginia Innovation Sciences, Inc.'s Rule 26(a)(1) Disclosures served in the *VIS I* litigation, dated May 3, 2017.

39. Attached as **Exhibit 36** is a true and correct copy of a June 14, 2017 email from William E. Bradley, counsel for VIS, to counsel for Amazon in the *VIS I* litigation.

40. Attached as **Exhibit 37** are true and correct data tables obtained from the United States Courts website showing the median time to trial for civil cases in the Eastern District of Virginia is 12.8 months compared to 19.2 months in the Eastern District of Texas for the 12 month period ending June 30, 2018. The tables are available at http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2018/06/30-1 (last accessed on October 1, 2018).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Seattle, Washington on October 1, 2018.

_____
Jeffrey Ware