IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

VIRGINIA INNOVATION SCIENCES,
INC.,

        Plaintiff,

    v.

AMAZON.COM, INC.,

        Defendant.

Civil Action No.4:18-cv-00474-ALM

JURY TRIAL DEMANDED

**DECLARATION OF DR. ANNE (TIEHONG) WONG IN SUPPORT
OF PLAINTIFF'S RESPONSE IN OPPOSITION
TO AMAZON.COM, INC.'S MOTION TO TRANSFER VENUE**

I, Dr. Anne (Tiehong) Wong, declare as follows:

1.      I am over the age of eighteen (18) and am personally familiar with and have personal knowledge of the facts stated in this declaration.  If called as a witness, I could and would testify competently to each fact stated herein.

2.      I am a US citizen. I legally changed my name from Tiehong Wang to Anne Wong during naturalization. My last name from Wang is changed to Wong to more closely comport with the correct pronunciation of my last name.

3.      This declaration is made in support of Virginia Innovation Sciences, Inc.'s Response in Opposition to AMAZON.COM, Inc.'s Motion to Transfer Venue to the Eastern District of Virginia.

4.      I am one of the two named inventors of United States Patent No. 9,729,918, 9,912,983, 9,942,798 entitled "Method and System for Efficient Communication" asserted against Amazon.com. in this action.  The other named inventor of these patents is my brother,

1

Dr. Ronald (Tiejun) Wang. I and my brother are also named inventors of patent 9,723,443. My father, Prof. Ximing Wang, is also a named inventor of patent 9,723,443.

5.      I was personally involved in the research and development of the patented invention disclosed in the patents asserted in this action.

6.      I was the chief executive officer of Virginia Innovation Sciences, Inc.  In that role, I managed Virginia Innovation Science Inc.'s day-to-day operations.

7.      Prior to November 9, 2018, Virginia Innovation Science, Inc. was the owner of the patent asserted in this action.

8.      Effective November 9, 2018, Virginia Innovation Science, Inc. merged into Innovation Science, LLC, a Texas corporation with an office at 5800 Legacy Circle, Suite 311, Plano, Texas 75024.

9.      The merger, which was contemplated prior to the filing of this action, was undertaken in order to capitalize on the favorable tax environment in Texas.

10.      As of November 9, 2018, Innovation Science LLC is the owner of all interests and rights in the patent asserted in this action.  Innovation Science LLC is the current owner of the patent asserted in this action.

11.      I am the chief executive officer of Innovation Sciences LLC. I managed Innovation Science LLC's day-to-day operations.

12.       I currently reside at 5800 Legacy Circle, Suite 311, Plano, Texas 75024.

13.      The Eastern District of Texas is a more convenient venue for Innovation Sciences LLC and for me than the Eastern District of Virginia.

14.      As a result of the merger, prior Plaintiff, Virginia Innovation Science, Inc. no longer exists and it will not be maintaining an office in Virginia.

15.     The documents of Virginia Innovation Sciences, Inc., electronic and physical, are stored at the offices of Innovation Science LLC in Plano, Texas.

16.     My brother and my father, also co-inventors stay with me for depositions and trial testimonial in the United States for Innovation Science patent litigations.  I am not aware of any other witness with relevant knowledge of the patent asserted in the case.

17.     The patents asserted in this action are from a large patent family including about fifty patents and patent applications.  Within that patent family there are distinct lines of technologies, with each line of technology having similar backgrounds and different focus.  In some cases, applications were prosecuted with a set of claims directed to different aspects of the invention disclosed.  In other cases, material was added to early patent disclosures as the cases were prosecuted at the United States Patent and Trademark Office, making the successor patent application different from its predecessor.

18.     The patents asserted in this action, e.g. Patent No. 9,912,983, has a specification that overlaps with some parts of the specification of Patent No. 7,899,492, previously asserted against Amazon in the Eastern District of Virginia.  The '983 and '492 patents are separated by at least eleven continuation applications and three continuations-in-part.  As a result, the later '983 patent containing substantial disclosures not found in its distant relative. For example, and not exhaustively, Figures 21-31 of the '983 Patent, and supporting parts (col 30 – 42) of the specification, were not part of any of the patents previously asserted against Amazon. Major specification support for the asserted claims of current action have never been considered by a Virginia court which includes Figs 1, 2, 16, 18, 19, 20 -31, col 6-10, col 21-26, col 28 – 42 of patent '983, etc.

3

19.     The pending four cases in EDTX are about smart home technology. The major accused products in current pending four cases include Amazon's smart home (Echo/Alexa) technology and products, Vector's security products, HoneyWell's security products, and HTC's smart phone with Alexa built in.  None of them has ever been litigated in EDVA.  Judge O'Grady of the EDVA has no prior experience of any of them.

20.     The asserted claims of the asserted patents and accused products are different than those considered by Judge O'Grady that I do not consider the infringement contentions from the first action against Amazon in EDVA to be relevant to current case.  I attach my analyses that highlight the differences as Attachment A and Attachment B.  In addition, the following chart helps clarify some of those differences:

|  | Patent No. | Disputed In *Amazon* I? | Asserted In EDTX? | Accused Product |
|---|---|---|---|---|
| Patents asserted in Four Pending Cases in EDTX | 9,729,918 | No | Yes | Smart Home Products, including those that include or work with Alexa technology, e.g. Echo based products |
| | 9,912,983 | No | Yes | Same as above |
| | 9,942,798 | No | Yes | Smart Home Products, including those that include or work with Alexa technology, e.g. Echo based products |
| | 9,723,443 | No | Yes | Amazon's Replenishment Products; Amazon Dash Button |
| All Patents Litigated in EDVA | 7,899,492 | Yes | No | Signal Conversion for External Display Amazon FireTV/Fire Stick |
| | 8,050,711 | Yes | No | Same above – '492 patent family |
| | 8,903,451 | Yes | No | Same above – '492 patent family |
| | 8,948,814 | Yes | No | Same above – '492 patent family |
| | 9,118,794 | Yes | No | Same above – '492 patent family |
| | 8,712,471 | Yes | No | Same above – '492 patent family |
| | 9,286,853 | Yes | No | Same above – '492 patent family |
| | 9,355,611 | Yes | No | Same above – '492 patent family |
| | 8,135,398 | Yes | No | Signal Conversion for External Display Amazon Fire TV/Fire Stick |
| | 8,369,844 | Yes | No | Amazon Dash Button (re-purchase) |
| | RE46,140 | Yes | No | Secure online payment technology |

21.     In the first action against Amazon, Judge O'Grady found that all eight of the patents in the '492 patent family were invalid under § 101 on the grounds that the claims were directed to an abstract idea, as he did with the claims of RE46,140.  The claims of the remaining two patents, '398 and '844, in that action were not infringed based on the claim constructions adopted by Judge Grady.

22.     Only one of the ten claim terms construed by Judge O'Grady, "item signal status" is found in any of the patent claims asserted in this Court (the '443 patent).  Except for "Amazon's dash button" accused with '443 patent in current case, the accused technology in all four pending cases in this Court have never been litigated in EDVA. Judge O'Grady has no exposure to the smart home and home security products accused for direct and joint infringement with asserted patents in all four pending cases in this Court.

23.     Virginia Innovation Sciences, Inc., filed a second action against Amazon.com in the Eastern District of Virginia on August 8, 2017.  In that action, Amazon's Echo/Alexa line of products was accused of infringing the 9,729,918 Patent.  In that case, and only in that case, did Virginia Innovation Sciences, Inc. accused Amazon Echo/Alexa of infringement in Virginia. That case was dismissed without prejudice before Amazon answered.

24.     I have read the Ware Declaration submitted in support of defendants' three motions to transfer and found that the characterization misleading.  On page six of Mr. Ware's Declaration, a pool of "VIS Patents Asserted in First Two Cases" and "Accused Amazon Products & Services in the Three Cases" was developed to compare with the patents asserted and accused products in current case.  Although the second action in EDVA was dismissed before Amazon's answer, Mr. Ware's chart suggests that EDVA (Judge O'Grady) is familiar with all

5

the patents and accused products in his pool, including the patents asserted and products accused

in the second action.

25.      Judge O'Grady in EDVA has no expertise regarding the asserted patents and

accused products in the second action.  No Amazon Echo/Alexa products were accused of

infringement in the first *Amazon* action, those products were at issue only in the second *Amazon*

action, and that second action that was pending in the Norfolk Division of the Eastern District of

Virginia before a different judge.  In addition, that second action was dismissed before an

Answer was even filed.

26.      There is no overlapping of patent asserted between the first case in EDVA and

current pending actions in EDTX.  The smart home and home security technology accused in all

four pending lawsuits in this Court was never accused in the first action addressed by Judge

O'Grady.

I declare under penalty of perjury that the foregoing is true and accurate.


DATED:  __Dec 4, 2018_____                    Respectfully submitted,


                                                              ____/Anne Wong/_____
                                                              Dr. Anne Wong