**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Civil Action No. 4:18-cv-00474-ALM <br><br> JURY TRIAL DEMANDED |

**OPPOSITION OF DEFENDANT AMAZON.COM, INC.
TO MOTION FOR PROTECTIVE ORDER**

## TABLE OF CONTENTS

          **Page**

FACTUAL BACKGROUND ...................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

    I.    VIS'S INFRINGEMENT CONTENTIONS CONTAIN NO CONFIDENTIAL INFORMATION ............................................................................................................ 3

    II.   VIS WILL FACE NO COMPETITIVE HARM FROM THE DISCLOSURE OF ITS INFRINGEMENT CONTENTIONS ............................................................. 7

    III.  VIS'S IMPROPER DESIGNATION OF ITS INFRINGEMENT CONTENTIONS UNFAIRLY PREJUDICES AMAZON ................................. 8

CONCLUSION ............................................................................................................................ 10

CERTIFICATE OF SERVICE ................................................................................................. 12

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Constellation, LLC v. Avis Budget Grp., Inc.*,
 No. 5:07-CV-38, 2007 WL 7658921 (E.D. Tex. Oct. 30, 2007) ............................4, 7, 9, 10

*Cypress Lake Software, Inc. v. ZTE (USA)*,
 No. 6:17-CV-00300-RWS, 2018 WL 4100766 (E.D. Tex. Apr. 24, 2018)...........4, 5, 9, 10

*ExitExchange Corp. v. Casale Media Inc.*,
 No. 2:10-cv-297 (E.D. Tex. May 31, 2011), Dkt. 229-3 ......................................................6

*Fractus, SA. v. Samsung Elecs. Co.*,
 No. 6:09-cv-203 (E.D. Tex. June 7, 2010), Dkt. 410......................................................4, 5

*In re Violation of Rule 28(D)*,
 635 F.3d 1352 (Fed. Cir. 2011)...........................................................................................3

*Net Navigation Sys., LLC v. Alcatel-Lucent USA Inc.*,
 4:11-cv-663 (E.D. Tex. Sept. 19, 2012)..............................................................................4

*Tivo v. Verizon Commc'ns, Inc.*,
 Civ. No. 2:09-CV-257 (E.D. Tex. Aug. 1, 2011), Dkt. 208 .................................................9

*Uniloc USA, Inc. v. Med. Info. Tech., Inc.*,
 No. 16-CV-00463-RWS, 2017 WL 3836140 (E.D. Tex. Jan. 26, 2017).........................6, 9

*Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*,
 19 F. 3d. 1418 (Fed. Cir. 1994)...........................................................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(c)(1).................................................................................................................3

Plaintiff Virginia Innovation Sciences, Inc. ("VIS")—a non-practicing entity—seeks to keep its infringement contentions—which map claims of the patents it asserts in this case to *publicly* available information about the accused products—confidential. VIS argues that its infringement contentions, prepared pursuant to the Local Rules of this district and signed by its lawyers, constitute its confidential information because they reflect its "technical analysis" and, if revealed, may cause competitive harm. But VIS served and filed infringement contentions without any confidentiality designations in its prior cases, including in a case against Amazon involving the same products accused in this case. And it has no competitors; indeed, it does not identify even a single one. The "competitive harm" VIS describes in its motion is simply the consequence of patent ownership, and is no different than what any patent plaintiff would face in any litigation.

What VIS really argues is that any non-practicing entity, or any litigious entity for that matter, should be able to keep its legal theories secret. This argument runs contrary to the crux of this country's legal system that provides public access to court proceedings. It is also contrary to the foundation of the U.S. patent system: the public and its future innovators must understand the scope of a patent to be able to ascertain what they can or cannot do without a threat of patent infringement by the patentee.

VIS's designation of its legal theories as "Confidential" has already impacted Amazon's preparation of its defenses. VIS alleges that the other defendants it sued in this district infringe based on their use of Amazon's technology, but because of VIS's improper designation Amazon cannot review those allegations, compare them against the allegations VIS has made in this case, or discuss them with the other defendants to prepare its defenses. Amazon is also unable to fully develop its invalidity positions, which necessarily require an understanding of VIS's contentions about the scope of its claims and their relationship to the accused technology. These prejudices

are enough to merit de-designation of the claim charts VIS has served in this case, which outline legal theories based solely on publicly available information. VIS's motion must be denied.

## FACTUAL BACKGROUND

VIS is a non-practicing entity with just one employee. (Declaration of Ravi R. Ranganath in Support of Opposition to Motion for Protective Order ("Ranganath Decl."), Ex. 1 ("Wang Depo Tr.") at 8:9-22, 12:11-16, 32:20-34:18; *see also* Dkt. 24 at 4.) It does not make any products or provide any services. (Wang Depo Tr. at 12:19-34:18.) Its sole business is patent assertion, and it has only licensed its patents through litigation. (*See id.*)

On July 5, 2018, VIS filed this lawsuit against Amazon, alleging infringement of four patents. It filed three other patent infringement cases[1] on the same day, alleging infringement of one or more of the same four patents in each. VIS acknowledges that it does not practice any of the asserted patents. (Ranganath Decl., Ex. 2 ("Plaintiffs' [sic] Disclosures Pursuant to Local P.R. 3-1 and 3-2") at 6.)

On February 7, 2019, VIS served preliminary infringement contentions in this case pursuant to Patent Rule 3-1. In the accompanying cover pleading, VIS stated that the contentions were "[b]ased on [VIS's] current understanding of the claim language and publicly available information regarding" the accused products and "[t]he claim charts are based on public information [VIS] has uncovered." (*Id.* at 4, 5.) The claim charts include two columns: one reciting the claim language from the asserted patents and the other citing and reproducing excerpts and screenshots from publicly available materials about the accused products. VIS designated these claim charts as "Confidential" under the protective order in this case. (*See* Dkt. 10 at 7; *see also* Dkt. 54.) It

---

[1] *Innovation Scis., Inc. v. HTC Corp.*, 4:18-cv-00476-ALM (E.D. Tex.); *Innovation Scis., Inc. v. Resideo Techs., Inc.*, 4:18-cv-00475-ALM (E.D. Tex.); *Innovation Scis., Inc. v. Vector Sec., Inc.*, 4:18-cv-00477-ALM (E.D. Tex.).

2

did the same with the infringement contentions it served in the other three cases; those contentions are similarly based on publicly available information. (Ranganath Decl., Ex. 3.) VIS has refused to allow the defendants in the four cases to share the claim charts from their respective cases.

On March 8, 2019, VIS filed a motion to consolidate the four cases it filed in this district for pre-trial purposes. (Dkt. 65.) In support of its request, VIS told the Court that the four cases involve similar questions of fact because VIS accuses the same Amazon technology in each. (Dkt. 65 at 4-5.) Based on that representation, Amazon understands that VIS accuses Amazon's technology in the infringement contentions in the other three cases. But because of VIS's improper designation of its infringement contentions across all the cases it filed in this district, Amazon has not been able to review those allegations.

## ARGUMENT

### I. VIS'S INFRINGEMENT CONTENTIONS CONTAIN NO CONFIDENTIAL INFORMATION.

"Rule 26(c)(1) does not furnish an absolute privilege against disclosure of material that a party might wish to mark confidential." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1357 (Fed. Cir. 2011) (citations omitted). VIS, as the designating party, bears "the burden of establishing that [its infringement contentions] are entitled to confidential treatment." (Dkt. 10 at 8.) *See also In re Violation of Rule 28(d)*, 635 F.3d at 1357 ("The party seeking protection bears the burden of demonstrating that there is good cause for restricting the disclosure of the information at issue."). VIS has not met its burden. Nor can it. Its infringement contention charts merely compare claim language, which is public information, with screenshots and information from public documents. Indeed, as VIS admitted in its cover pleading, "[t]he claim charts are based on public information [VIS] has uncovered" and they purportedly "demonstrate[] from publicly available information how each claim element of the Asserted Claims is satisfied." (Plaintiffs' [sic] Disclosures Pursuant

3

to Local P.R. 3-1 and 3-2 at 4, 6.) VIS's infringement contentions, signed by its counsel, consist of legal analysis of public documents. Courts in this district routinely reject attempts to designate infringement contentions—like those served by VIS—as secret.

In *Net Navigation Systems, LLC v. Alcatel-Lucent USA Inc.*, this Court denied a motion to designate infringement contentions as confidential because the "plaintiff's infringement contentions merely contain[ed] its lawyers' legal analysis of public documents reflecting how it understands the claim scope of the Patents-in-Suit." Civ. No. 4:11-cv-663-RAS-ALM (E.D. Tex. Sept. 19, 2012), Dkt. 107 at 2. In *Constellation, LLC v. Avis Budget Group, Inc.*, the plaintiff failed to establish its infringement contentions were entitled to a confidential designation because they contained only the plaintiff's legal strategy that "is not inherently worthy of the 'Confidential' designation." No. 5:07-CV-38, 2007 WL 7658921, at *2 (E.D. Tex. Oct. 30, 2007). Other courts in this district have similarly rejected attempts to designate infringement contentions, based on publicly available information, as confidential. *See Cypress Lake Software, Inc. v. ZTE (USA)*, No. 6:17-CV-00300-RWS, 2018 WL 4100766, at *1, *3 (E.D. Tex. Apr. 24, 2018) (ordering plaintiff to remove confidential designation of its infringement contentions where the claim charts contained publicly available information); *Fractus, SA. v. Samsung Elecs. Co.*, No. 6:09-cv-203 (E.D. Tex. June 7, 2010), Dkt. 410 at 2 ("Plaintiff's analysis of the accused products is merely a legal infringement position and not confidential.").

Nothing in the default protective order currently governing this case justifies a different outcome.[2] The protective order allows only "documents or information containing confidential proprietary and business information and/or trade secrets" to be designated confidential. (Dkt. 10

---

[2] The parties are currently negotiating a more fulsome protective order that will additionally include provisions governing production of source code and export limitations.

at 7 ¶ 1.) Claim charts—prepared pursuant to the Local Rules of the district for purposes of this litigation—comparing public claim language to public information about the accused products cannot meet this definition.

None of VIS's arguments changes this result either. VIS argues that its infringement contentions are confidential because they reflect VIS's "valuable technical analysis of Defendant'[s] products." (Mot. at 3.) But a comparison of one set of public information to another—prepared for this litigation—no matter how "technical" it may be, does not justify keeping it secret. Indeed, VIS's argument would justify sealing any complaint that maps patent claims to publicly available information about the accused products or all infringement contentions served by plaintiffs—a nonsensical result. That is why, in *Net Navigation*, this Court rejected the plaintiff's argument that its infringement contentions merited confidential treatment because they contained "confidential mental impressions, technical and strategic analysis." Civ. No. 4:11-cv-663-RAS-ALM, Dkt. 107; *see also Cypress*, 2018 WL 4100766, at *1, *3 (rejecting wholesale designation of entire claim chart "over 200 pages" where the claim chart contained claim language and screenshots of the accused products which was all "publicly available on-line").

VIS argues that its infringement contentions are confidential because they reflect VIS's "accumulation" of admittedly public information. (Mot. at 4.) This purported "accumulation" is nothing more than VIS's alleged infringement analysis. It is a legal position. That VIS's contentions are voluminous and may have been time consuming to prepare does not change their inherently non-confidential character. Indeed, the *Fractus* court rejected a similar argument, holding that the fact that the plaintiff invested effort and expense in analyzing the defendants' products and creating the contentions did not change the fact that the contentions were non-confidential. No. 6:09-cv-203, Dkt. 410 at 2. It held that this collection of public information regarding the accused

products was "merely a legal infringement position" not entitled to confidential treatment. *Id.*

Notably, VIS served, and even filed, without *any* confidentiality designations, infringement contentions mapping a patent related to a patent it asserts in this case against the same product it accuses in this case in its prior lawsuit against Amazon. *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, 1:16-CV-00861 (E.D. Va. May 26, 2017), Dkt. 110-2. It served infringement contentions without a confidentiality designation in in its other lawsuits as well. *See, e.g.*, *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 2:12-cv-00548 (E.D. Va. Mar. 21, 2014), Dkts. 459-10, 459-11, 459-12. This shows that VIS does not regard its infringement contentions as proprietary information and uses that designation as pretext to impair Amazon's preparation of its defense.

Finally, VIS cites to a single case, *ExitExchange Corp. v. Casale Media, Inc.*, as support for its argument that its infringement contentions contain confidential information. But that case does not help VIS either. First, "it is unclear whether the contentions in [that case] were limited to publicly available information," as they are here. *Uniloc USA, Inc. v. Med. Info. Tech., Inc.*, No. 16-CV-00463-RWS, 2017 WL 3836140, at *2 (E.D. Tex. Jan. 26, 2017). Second, there is no indication that the patentee in that case had treated its infringement contentions as non-confidential in its prior lawsuits, as VIS has done. Third, while ExitExchange and Casale Media were competitors, VIS and the defendants it sued are not. *ExitExchange Corp. v. Casale Media Inc.*, No. 2:10-cv-297 (E.D. Tex. May 31, 2011), Dkt. 229-3 ¶¶ 2-3. VIS is a non-practicing entity and its sole business is to enforce patents. It fails to identify even a single competitor in its motion because it has none. Indeed, VIS's argument that it will face "harm" from the public disclosure of its infringement contentions pushes the boundaries of zealous advocacy.[3]

---

[3] So does its list of unrelated instances in unrelated matters where defendants designated their own information as confidential. The fact that Amazon and other defendants legitimately designated information as confidential in other cases has nothing to do with VIS's improper designation

6

## II. VIS WILL FACE NO COMPETITIVE HARM FROM THE DISCLOSURE OF ITS INFRINGEMENT CONTENTIONS.

VIS argues it will suffer "competitive harm" if it de-designates its infringement contentions. (Mot. at 5.) But, as of June 2017, VIS could not name a single product that it makes. (Wang Depo Tr. at 12:19-32:19.) Nor could it name a single customer or identify a single license that was not the result of litigation. (*Id.*) And that makes sense because VIS is a non-practicing entity with just one employee, who is also its owner.

VIS argues that the value of its patents may be diluted if it de-designates its infringement contentions because other patent holders may assert patents against the same products VIS accused in this case by using VIS's infringement contentions as "a blue-print" to map their patents to the products. (Mot. at 5.) This "blue-print" is set by the Court's patent rules, which require claim charts mapping claim elements to accused technology. There is nothing remarkable about VIS's infringement contentions; they map the claims of the asserted patents to publicly available documents about the accused technology. Nor is there anything unique about VIS that would make it susceptible to competitive harm from the disclosure of its contentions. Indeed, the argument it makes could apply to any patent plaintiff.

VIS also argues that others may use its contentions to "design around" VIS's patents if its infringement contentions are de-designated. (Mot. at 5.) But the court in *Constellation* rejected this very argument, finding that the infringement contentions "give insight into [the patentee's] perceived scope of patent ownership" and further the public's interest because "the public can better ascertain what [the patentee] believes is the scope of its patent, allowing the public to avoid infringing activity and/or acquire a license." *Constellation*, 2007 WL 7658921, at *3. Indeed, the purpose of the patent system is to encourage new inventions: design arounds, i.e., new ways to do

---

of its legal analysis of public information.

7

certain things, are innovations that the system encourages.

Finally, VIS argues that others may file declaratory judgment actions and file administrative IPR proceedings if it de-designates its infringement contentions. (Mot. at 5.) VIS is a serial litigator and patent enforcer. It has employed the court system of this country on numerous occasions over the years.[4] (Dkt. 9 at 2 n.2.) VIS cannot complain that others may use the same legal system to defend against it and its claims. VIS's improper attempt to designate its infringement contentions and manufacture "competitive harm" conflict with the very purpose of our legal system and our patent system. Indeed, every purported "harm" that VIS is claiming in its motion is an expected and proper consequence of filing patent lawsuits.

### III. VIS'S IMPROPER DESIGNATION OF ITS INFRINGEMENT CONTENTIONS UNFAIRLY PREJUDICES AMAZON.

In contrast to VIS's lack of harm, VIS's designation of its infringement contentions has already impeded Amazon's ability to prepare its defenses and will continue to do so for at least two reasons.

First, VIS accuses other defendants it sued in this district of infringing its patents because they allegedly use Amazon's technology. *See, e.g.*, Complaint, *Innovation Scis., Inc. v. HTC Corp.*, 4:18-cv-00476-ALM (E.D. Tex. July 5, 2018), Dkt. 1 ¶ 47; Complaint, *Innovation Scis., Inc. v. Resideo Techs., Inc.*, 4:18-cv-00475-ALM (E.D. Tex. July 5, 2018), Dkt. 1 ¶ 38; Complaint,

---

[4] *Sellerbid, Inc. v. Groupon, Inc. et al.*, 1:11-cv-00768-LMB-TRJ (E.D. Va.); *Va. E-Commerce Sols., LLC v. eBay, Inc. et. al.*, 1:10-cv-01229-LMB-IDD (E.D. Va.); *Va. Innovation Scis., Inc. v. Samsung Elecs. Co., Ltd. et al.*, 2:12-cv-00548-MSD-TEM (E.D. Va.); *Va. Innovation Scis., Inc. v. Samsung Elecs. Co., Ltd. et al.*, 2:13-cv-00332-MSD-TEM (E.D. Va.); *Va. Innovation Scis., Inc. v. Samsung Elecs. Am., Inc. et al.*, 2:14-cv-00217-MSD-LRL (E.D. Va.); *Va. Innovation Scis., Inc. v. HTC Corp. et al.*, 1:16-cv-01350-LO-IDD (E.D. Va.); *Va. Innovation Scis., Inc. v. HTC Corp. et al.*, 2:16-cv-00060-CMLRL (E.D. Va.); *Va. Innovation Scis., Inc. v. LG Elecs., Inc. et al.*, 1:16-cv-00128-LO-IDD (E.D. Va.); *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, 1:16-cv-00861-LO-MSN (E.D. Va.); *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, 2:17-cv-00422-MSD-LRL (E.D. Va.); and *Va. Innovation Scis., Inc. v. HTC Corp. et al.*, 3:17-cv-00560-JAG (E.D. Va.).

*Innovation Scis., Inc. v. Vector Sec., Inc.*, 4:18-cv-00477-ALM (E.D. Tex. July 5, 2018), Dkt. 1 ¶ 38. Indeed, VIS has already told the Court that its four cases must be consolidated because they involve common questions of law and fact, because the accused HTC, Resideo, and Vector products purportedly use Amazon's technology. (Dkt. 65 at 4-5.) Yet, because VIS designated its infringement contentions—all based on publicly available information—as confidential in all four of its cases and refused to allow defendants to exchange their respective contentions with each other, Amazon does not know how VIS has mapped Amazon's technology to the asserted patents in the other cases. Courts in this district have noted that such tactics work real and significant prejudice on defendants. For example, in *Uniloc*, the court held that the defendants accused by the patentee "have a legitimate interest in coordinating their claim construction positions and in discovering any inconsistencies in Uniloc's allegations." 2017 WL 3836140, at *2. Other courts have found the same. *See Cypress*, 2018 WL 4100766, at *1, *3 (rejecting designation so defendant could share infringement contentions with third-party Google since plaintiff's allegations focused on Google's operating system); *Constellation*, 2007 WL 7658921, at *1 (rejecting designation where the defendant could not provide infringement contentions to other entities the plaintiff had accused of infringement through their use of the defendant's websites).[5]

Second, Amazon is unable to fully develop its invalidity defenses because it does not have full access to VIS's interpretation of the scope of the asserted claims. Further, to the extent Amazon chooses to defend VIS's allegations before the United States Patent and Trademark Office

---

[5] Considering this well-established case law, it is not surprising that neither case VIS cites, *Tivo v. Verizon Commc'ns, Inc.*, Civ. No. 2:09-CV-257 (E.D. Tex. Aug. 1, 2011) or *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418 (Fed. Cir. 1994), supports its contention that a defendant is not entitled to a patentee's infringement contentions as to other parties accused of infringing the same patent. *Tivo* involved discovery of expert reports and transcripts that analyzed a third-party's confidential technical information. And *Zenith Labs* concerned a district court's infringement analysis. 19 F.3d at 1423. Neither applies here.

("PTO"), it is hampered by its inability to use VIS's infringement contentions in that forum. For example, in *Constellation*, the defendant observed that it could not "make full use of the contentions in defending against [the patentee's] infringement claims" because it could not submit the contentions to the PTO in support of its request for reexamination. *Constellation*, 2007 WL 7658921, at *1. The Court found that this harm "outweigh[ed] any interest of [the patentee] in preserving the designation" because the infringement contentions could "provide important context for the PTO" as evidence of "the broad interpretation given the claims by the patent owner, and how the patent is being asserted against accused infringers." *Id.* at *3; *see also Cypress*, 2018 WL 4100766, at *2 (ordering de-designation where the defendant argued it was prevented from using the contentions in "inter partes review petitions or reexamination proceedings with the Patent Office to challenge the validity of the asserted patents").

The significant prejudice that VIS's designation of its infringement contentions has already imposed on Amazon and its ability to defend against VIS's claims weighs against VIS's improper designation.

## CONCLUSION

VIS has not met its burden of demonstrating its entitlement to a protective order for its infringement contentions and Amazon respectfully requests that the Court deny VIS's Motion for Protective Order (Dkt. 62).

/ / /

Dated:   March 15, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/  *Ravi R. Ranganath*
　　　　　　　　　　　　　　　　　　　　　J. David Hadden
　　　　　　　　　　　　　　　　　　　　　CA Bar No. 176148 (Admitted E.D. Tex.)
　　　　　　　　　　　　　　　　　　　　　Email:  dhadden@fenwick.com
　　　　　　　　　　　　　　　　　　　　　Saina S. Shamilov
　　　　　　　　　　　　　　　　　　　　　CA Bar No. 215636 (Admitted E.D. Tex.)
　　　　　　　　　　　　　　　　　　　　　Email:  sshamilov@fenwick.com
　　　　　　　　　　　　　　　　　　　　　Ravi R. Ranganath
　　　　　　　　　　　　　　　　　　　　　CA Bar No. 272981 (Admitted E.D. Tex.)
　　　　　　　　　　　　　　　　　　　　　Email:  rranganath@gmail.com
　　　　　　　　　　　　　　　　　　　　　**FENWICK & WEST LLP**
　　　　　　　　　　　　　　　　　　　　　Silicon Valley Center
　　　　　　　　　　　　　　　　　　　　　801 California Street
　　　　　　　　　　　　　　　　　　　　　Mountain View, California 94041
　　　　　　　　　　　　　　　　　　　　　Telephone: (650) 988-8500
　　　　　　　　　　　　　　　　　　　　　Facsimile: (650) 938-5200

　　　　　　　　　　　　　　　　　　　　　Todd R. Gregorian
　　　　　　　　　　　　　　　　　　　　　CA Bar No. 236096 (Admitted E.D. Tex.)
　　　　　　　　　　　　　　　　　　　　　Email:  tgregorian@fenwick.com
　　　　　　　　　　　　　　　　　　　　　Dargaye Churnet
　　　　　　　　　　　　　　　　　　　　　CSB No. 303659 (Admitted E.D. Tex.)
　　　　　　　　　　　　　　　　　　　　　Email:  dchurnet@fenwick.com
　　　　　　　　　　　　　　　　　　　　　Sapna Mehta
　　　　　　　　　　　　　　　　　　　　　CA Bar No. 288238 (Admitted E.D. Texas)
　　　　　　　　　　　　　　　　　　　　　Email:  smehta@fenwick.com
　　　　　　　　　　　　　　　　　　　　　**FENWICK & WEST LLP**
　　　　　　　　　　　　　　　　　　　　　555 California Street, 12th Floor
　　　　　　　　　　　　　　　　　　　　　San Francisco, CA  94104
　　　　　　　　　　　　　　　　　　　　　Telephone:　 415.875.2300
　　　　　　　　　　　　　　　　　　　　　Facsimile:　 415.281.1350

　　　　　　　　　　　　　　　　　　　　　Jeffrey Ware
　　　　　　　　　　　　　　　　　　　　　CA Bar No. 271603 (Admitted E. D. Tex.)
　　　　　　　　　　　　　　　　　　　　　Email:  jware@fenwick.com
　　　　　　　　　　　　　　　　　　　　　**FENWICK & WEST LLP**
　　　　　　　　　　　　　　　　　　　　　1191 Second Avenue, 10th Floor
　　　　　　　　　　　　　　　　　　　　　Seattle, WA 98101
　　　　　　　　　　　　　　　　　　　　　Telephone:　 206.389.4510
　　　　　　　　　　　　　　　　　　　　　Facsimile:　 206.389.4511

　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　　　　　　AMAZON.COM, INC.

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 15, 2019.

            /s/ *Ravi R. Ranganath*
            Ravi R. Ranganath