IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., <br>     Plaintiff, <br> v. <br><br> AMAZON.COM, INC., <br>     Defendant. | Civil Action No.4:18-cv-00474-ALM <br> *Consolidated Lead Case* |
| INNOVATION SCIENCES, LLC, <br>     Plaintiff, <br> v. <br><br> RESIDEO TECHNOLOGHIES, INC., <br>     Defendant. | Civil Action No.4:18-cv-00475-ALM <br> *Member Case* |
| INNOVATION SCIENCES, LLC, <br>     Plaintiff, <br> v. <br><br> HTC CORPORATION, <br>     Defendant. | Civil Action No.4:18-cv-00476-ALM <br> *Member Case* |
| INNOVATION SCIENCES, LLC, <br>     Plaintiff, <br> v. <br><br> Vector Security, Inc., <br>     Defendant. | Civil Action No.4:18-cv-00477-ALM <br> *Member Case* |

**Reply in Support of Motion for Protective Order**

**Table of Contents**

1. Innovation's Technical Analysis was Properly Designated as Confidential ................ 1
2. Defendants Do Not Dispute the Harm to Innovation...................................................... 2
3. There is No Prejudice to Defendants by Maintaining Innovation's Technical Analysis as Confidential. ........................................................................................ 3
4. Defendants Newly Cited Case Law Does Not Help Them........................................... 5

Defendants[1] provide no good reason to publish the confidential information of Innovation Sciences, LLC's (f/ka/ Virginia Innovation Sciences, Inc.) ("Innovation")[2] Such publication would undeniably harm Innovation – a fact that Defendants do not readily dispute.

Most of the issues raised by Defendants in challenging the ability to designate claim charts as confidential were already argued and rejected by Judge Ward or Judge Gilstrap in their respective orders in *ExitExchange*.[3] Rather than directly address *ExitExchange* or dispute harm, Defendants spend much of its brief maligning Innovation's size – suggesting that its relatively small size means it is less deserving of protection under the law. However, Innovation's much smaller size as a company as compared to Defendants is no good reason to treat Innovation's confidential information to anything less than it is given by law and fair competition in this country. Moreover, contrary to Defendants' suggestion, their attempts harm to Innovation through such publication are not an "expected and proper consequence of filing a lawsuit."

1. **Innovation's Technical Analysis was Properly Designated as Confidential**

Innovation's claim charts were properly designated as "confidential" because they contain a valuable technical analysis of Defendant' products – an analysis accumulated through hundreds of hours of research to discern Defendants' respective operation.[4] Contrary to allegations by Defendants, in this analysis, Innovation did not merely copy and paste screen shots from websites. Rather, because Defendants are competitors of Innovation, Innovation analyzed their respective products and operations through a combination of reverse engineering, teardowns, and accumulation of information from multiple different resources.

The analysis provided in each respective claim chart for each respective Defendant is

---

[1] Defendants refers to Amazon.Com, Inc. ("Amazon"), Resideo Technologies, Inc. ("Resideo"), HTC Corporation ("HTC"), and Vector Security, Inc. ("Vector"). Resideo, HTC, and Vector joined Amazon's Response.
[2] Virginia Innovation Sciences, Inc. is the currently named plaintiff in the '-474 action. An opposed motion to substitute Innovation Sciences, LLC as plaintiff is currently pending. *See* Dkt. No. 22.
[3] For example, (1) claims charts are not categorically excluded from being designated as confidential (2) claims charts can be designated confidential even if they are based on public information (such as "internet screen captures, publicly available code, and links to internet web sites"), and (3) claim charts are not merely legal analysis.
[4] For example, as to Amazon in particular, Innovation's Confidential information contains twenty-nine (29) different charts and more than 3,600 pages of analysis.

competitively valuable by virtue of its non-disclosure. These charts have never been public; Defendants do not dispute this. Rather, Defendants argues that claims charts can't be confidential because they (1) are "based on public information," and (2) purportedly only contain a "legal analysis." Both arguments fail.

Defendants' first argument was rejected in *ExitExchange* (the infringing parties also argued claims charts couldn't be confidential because they "merely apply the claims of the patent to internet screen captures, publicly available code, and links to internet web sites").[5] A business's confidential customer list or supplier list may be comprised entirely of the names of companies that are well-known to the general public. This does not make the list non-confidential. Innovation's analysis is no different. This analysis has value outside of this litigation that Innovation wishes to maintain.

Defendants' second argument, which alleges claim charts are merely a "legal analysis," was likewise rejected in *ExitExchange* – where the same case was cited.[6] This Court should similarly reject Amazon's identical argument.

Defendants also do not dispute that they have sealed much less sensitive information than Innovation seeks to protect from publication. *See* Motion at 9-10. Innovation's confidential technical analysis is at least as confidential as Defendant's own stated categories.

## 2. Defendants Do Not Dispute the Harm to Innovation

Defendants do not readily dispute the multiple types of harm[7] cited by Innovation. Rather, Defendants suggests that Innovation's relatively smaller size somehow excuses such harm (Response at 7 - arguing Innovation has no recognizable products, no competitors, few employees,

---

[5] *ExitExchange* at Dkt. No. 229 (May 31, 2011) at 6 (quoting Defendants' motion filed under seal). As referenced *supra*, Judge Gilstrap rejected such an argument and denied the motion "in all respects." *ExitExchange* at Dkt. No. 330 (March 23, 2012).

[6] *ExitExchange* at Dkt. No. 223 (May 20, 2011) at 2 ("In addition, the Federal Circuit case of *In re Violation of Rule 28(D)*, which Defendants cite, is also distinguishable. *In re Violation of Rule 28(D)*, 635 F.3d 1352 (Fed. Cir. 2011). The improper confidentiality markings in that case included, for example, "case citations and parentheticals describing the cited cases . . . ." *Id.* at 1360. Such information is different than the documents and information at issue in this case, which include documents such as claim charts.").

[7] *See* Motion at 5.

and is a "non-practicing entity") and that such harm is an "expected and proper consequence of filing patent lawsuits." (Response at 8).

The Protective Order makes no distinction as to the size of a party. And, the fact that Innovation is much smaller in size compared to Defendants only supports Innovation's position. As a smaller player, Innovation relies heavily on the confidentiality of its information to compete effectively. The publication by Defendants of Innovation's confidential information would undeniably be detrimental to Innovation's ability to compete.

Contrary to implications by Defendants, as stated in its Motion, Innovation both practices and licenses its technology.[8] The Defendants in this consolidated suit are Innovation's competitor. While some of Innovation's products only exist in prototype stages, Innovation should not be viewed as less deserving of protection under the law. Also, the fact that Defendants are much larger in sizes give them no right to simply do whatever they want with Innovation's confidential information. [9]

3.  **There is No Prejudice to Defendants by Maintaining Innovation's Technical Analysis as Confidential.**

In the meet and confers, Defendants identified no relevant need or corresponding prejudice that would result from maintaining Innovation's information as confidential. Now, for the first time in its response, Defendants allege an inability to "fully develop its invalidity defense" without charts containing a confidential technical analysis of other Defendants. This argument fails. Defendants do not dispute that the Federal Circuit has repeatedly held that claims are construed

---

[8] *See* e.g. Defendants own evidence, Dkt. 73-2 at 8:77-8 (Innovation formed among other things to commercialize technology), *Id*. at 9:1 (Innovation has part-time employees and contractors), *Id*. at 12:17-17:7 (Innovation has customers outside of the litigation context), *Id*. at 18:5-22:16 (Innovation has made software products for its customers as well as hardware, namely "wireless communication hardware sold tougher with software").
[9] Defendants also contend that Innovation's confidential information should somehow be treated differently for public interest reasons because they contend Innovation is a "serial litigator." This argument lacks merit. In the same vein, Innovation could argue that Defendant Amazon is a "serial infringer" and that Amazon's confidential information should be disclosed in the interest of the public – as Amazon is likely also infringing on other patents. Innovation won't make such an argument and neither should Defendants.

3

*without regards to the accused instrumentality*.[10] For example, in *Tivo v. Echostar*,[11] Defendants wanted their invalidity expert to argue invalidity based on Plaintiff's infringement analysis. *Id.* The district court "refused to allow him to testify about how [Plaintiff's] infringement analysis would affect the issue of invalidity." *Id.* The Federal Circuit affirmed, reasoning that an invalidity analysis must "compare the construed claims to the prior art," not Plaintiff's infringement view. *Id.* This argument was also rejected in *ExitExchange* as well. *See ExitExchange,* Dkt. No. 229 (May 31, 2011) at 6.[12] Infringement contentions are irrelevant to invalidity contentions.

Defendants also points to an illusory harm – a concern that only Amazon functionality is accused. If true (which it is not), one would expect indemnity requests from other Defendants to Amazon; yet, Defendants point to none. Also, as indicated in its opening brief, Innovation has already agreed that *any Defendant* can share Innovation's confidential information with third-party suppliers having a need to know provided that such a supplier is identified and such suppliers agree to be bound by the protective order.[13] However, no such requests to share have been made. And, no party has disclosed indemnify communications – confidential or otherwise.

Additionally, neither of Defendants' newly alleged harms – indemnity obligations and validity defenses – have any bearing or relevance to Defendants' Amazon's desire to make Innovation's confidential information public.[14]

---

[10] *See* e.g., *Jurgens v. McKasy*, 727 F.2d 1552, 1560, 18 U.S.P.Q.2d 1031, 1037 (Fed. Cir. 1991); *Scripps Clinic & Research Foundation v. Genentech, Inc*., 927 F.2d 1565, 1580 (Fed. Cir. 1991); *Vita-Mix Corp. v. Basic Holding*, Inc., 581 F.3d 1317, 1324, 92 U.S.P.Q.2d 1340 (Fed. Cir. 2009; and *SRI Intern. v. Matsushita Elec. Corp. of America*, 775 F.2d 1107, 1118(Fed. Cir. 1985) (en banc).
[11] 516 F.3d 1290, 1311-12 (Fed. Cir. 2008).
[12] *See ExitExchange,* Dkt. No. 229 (May 31, 2011) at 6 ((Defendants assert that since they do not have "a proper understanding of claim interpretation used by ExitExchange, defendants are hampered in preparing its defenses, since claim interpretation for infringement are to be also applied for purposes of claim scope in invalidity analysis.").
[13] *See e.g.,* Exhibits 1 and 2 and Declaration of Ryan Loveless.
[14] Likely recognizing as such, Defendants makes an alternative public policy argument – that all claim charts should be public to properly determine claim scope. This argument also fails. In addition to being rejected by *ExitExchange,* the public is already informed of claim scope of a patent from the intrinsic record of the patent, the prosecution, and public *Markman* process. Also, Amazon ironically does not publish the analysis it conducted when it came to the conclusion that Amazon products practice Amazon patents. See
https://www.amazon.com/gp/help/customer/display.html/ref=help_search_1-1?ie=UTF8&nodeId=201909270
(showing "Non-Exhaustive list of Applicable Amazon Patents" that "apply to this Site and to the features and services accessible via the Site.").

### 4. Defendants Newly Cited Case Law Does Not Help Them

In the meet and confer process, Defendants identified only a single case to support their argument – *Fractus*.[15] Now, weeks later (and after Innovation filed its brief), Defendants identify multiple cases.[16] None help Defendants and all, but one, cite *ExitExchange* for guidance.

In *Uniloc v. Meditech*,[17] Defendants do not mention that Judge Schroeder applied the *ExitExchange* case to <u>deny</u> Defendant's motion to de-designate the confidentially designation of infringement contentions. Stated more succinctly, Judge Schroeder denied the very relief sought by Defendants in this case – a publication of Innovation's confidential information.

In *Net Navigation v. Alcatel*,[18] this Court found *ExitExchange* distinguishable. Among the distinctions, the parties specifically agreed to a protective order that required confidential information to be "especially sensitive" – causing "significant competitive harm" if disclosed. No such heightened protective order language exists here; and, contrary to the plaintiff in *Net Navigation*, Innovation demonstrated how its information is confidential along with the undeniable harm that would come upon absent confidential treatment provided by the protective order.

In *Cypress Lake v. ZTE*,[19] Judge Schroeder noted that the plaintiff was (a) unwilling to share its infringement contentions with suppliers, (b) failed to identify harm of disclosure, and (c) missed several Court deadlines concerning the designation issue. None of those distinguishing facts exist here; Innovation has stated a willingness to share and demonstrated harm.

In the *Constellation* case,[20] Magistrate Judge Craven found that the Plaintiff failed to identify harm. Such is not a distinguishing fact here.

Here, the Court should grant Plaintiff's Motion for Protective Order.

---

[15] As already addressed in its opening brief, both Judge Ward and Judge Davis in *ExitExchange* distinguished *Fractus* – pointing to an agreed protective order that excluded claim charts. Just like *ExitExchange*, no such agreement to modify the protective order exists here.
[16] Had these cases been brought forward, Innovation would have been happy to discuss them in its motion for protective order.
[17] *Uniloc USA, Inc. v. Med. Info. Tech., Inc.*, No. 16-CV-00463-RWS, 2017 WL 3836140 (E.D. Tex. Jan. 26, 2017)
[18] *Net Navigation Systems, LLC v. Alcatel-Lucent USA Inc.*, No. 4:11-cv-663-RAS-ALM (E.D. Tex. Sep. 19, 2012), Dkt. 107 at 2.
[19] *Cypress Lake Software, Inc. v. ZTE (USA)*, No. 6:17-CV-00300-RWS, 2018 WL 4100766 (E.D. Tex. Apr. 24, 2018).
[20] *Constellation, LLC v. Avis Budget Grp., Inc.,* No. 5:07-CV-38, 2007 WL 7658921 (E.D. Tex. Oct. 30, 2007).

| | |
|---|---|
| Date:   March 25, 2019 | Respectfully submitted:<br><br>*/s/ Ryan S. Loveless*<br>Donald L. Jackson, VA Bar No. 42,882<br>(Admitted E.D. Tex.)<br>James D. Berquist, VA Bar No. 42,150<br>(Admitted E.D. Tex.)<br>Gregory A. Krauss, VA Bar No. 84839<br>(Admitted E.D. Tex.)<br>Alan A. Wright, VA Bar No. 46506<br>(Admitted E.D. Tex.)<br>Davidson Berquist Jackson & Gowdey LLP<br>8300 Greensboro Dr., Suite 500<br>McLean, Virginia  22102<br>571-765-7700 (p)<br>571-765-7200 (f)<br>djackson@davidsonberquist.com<br>jberquist@davidsonberquist.com<br>gkrauss@davidsonberquist.com<br>awright@davidsonberquist.com<br><br>James L. Etheridge, TX Bar No. 24059147<br>Ryan S. Loveless, TX Bar No. 24036997<br>Brett A. Mangrum, TX Bar No. 24065671<br>Travis L. Richins, TX Bar No. 24061296<br>Jeff Huang (Admitted E.D. Tex.)<br>Etheridge Law Group, PLLC<br>2600 E. Southlake Blvd., Suite 120 / 324<br>Southlake, TX  76092<br>Tel.:  (817) 470-7249<br>Fax:  (817) 887-5950<br>Jim@EtheridgeLaw.com<br>Ryan@EtheridgeLaw.com<br>Brett@EtheridgeLaw.com<br>Travis@EtheridgeLaw.com<br>Jeff@EtheridgeLaw.com<br><br>**Attorneys for Plaintiff** |

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

DATED:  March 25, 2019                             */s/ Ryan S. Loveless*
                                                   Ryan S. Lovelesss

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel of record for Plaintiff have conferred with counsel of record for Defendants.  Defendants are opposed to this motion.

DATED:  March 25, 2019                             */s/ Ryan S. Loveless*
                                                   Ryan S. Lovelesss