Case 4:18-cv-00474-ALM   Document 83   Filed 04/02/19   Page 1 of 10 PageID #: 3100

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> AMAZON.COM, INC., et al. <br><br> Defendants. | Civil Action No. 4:18-cv-00474-ALM <br><br> (LEAD CONSOLIDATED CASE) <br><br> JURY TRIAL DEMANDED |
| INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> RESIDEO TECHNOLOGIES, INC, <br><br> Defendant. | Civil Action No. 4:18-cv-00475-ALM |
| INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> HTC CORPORATION <br><br> Defendant. | Civil Action No. 4:18-cv-00476-ALM |
| INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> VECTOR SECURITY, INC. <br><br> Defendant. | Civil Action No. 4:18-cv-00477-ALM |

**DEFENDANTS' SUR-REPLY IN OPPOSITION
TO MOTION FOR PROTECTIVE ORDER**

In its Reply (Dkt. 80), VIS[1] does not dispute that its infringement contentions map publicly available claim language to publicly available information for all Defendants.[2] Indeed, there is no excerpt, screenshot, or text in those infringement contentions that does not appear either in VIS's public patents or in publicly available information about the accused products. VIS does not dispute that either. This alone should end the inquiry: VIS's infringement contentions cannot be its confidential information. None of VIS's arguments change this result.

VIS argues that its request to keep these contentions secret is justified because they allegedly reflect its "hours of research to discern Defendants' respective operation [*sic*]." (Dkt. 80 at 1.) But that research is just legal analysis that Rule 11 and the Court's Local Rules require every patent plaintiff to perform. It is not and cannot be VIS's confidential information. *See Constellation, LLC v. Avis Budget Grp., Inc.*, No. 5:07-cv-38, 2007 WL 765892, at *2 (E.D. Tex. Oct. 30, 2007) (holding that legal analysis "is not inherently worthy of the 'Confidential' designation"); *Fractus, SA. v. Samsung Elecs. Co.*, No. 6:09-cv-203 (E.D. Tex. June 7, 2010), Dkt. 410 at 2.

VIS argues the Court's default protective order renders these contentions confidential. But the order allows no such thing. It allows "proprietary and business information" or "trade secrets" to be designated confidential. (Dkt. 10 at 7, ¶ 1.) VIS's analysis of publicly-available information performed for *this litigation* is neither proprietary, business information, nor a trade secret.

VIS argues that its request to keep its publicly-based infringement contentions secret is justified because the defendants it sued are allegedly its "competitors." This argument fails for several reasons. First, if it were true, every single party in every competitor patent suit would be

---

[1] In this brief, "VIS" refers to the Plaintiff entities in each of the four consolidated actions.
[2] "Defendant(s)" shall refer individually and collectively to Amazon.com, Inc., Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services, Inc., and Amazon Fulfillment Services, Inc. (collectively, "Amazon"), Resideo Technologies, Inc. ("Resideo"), HTC Corporation ("HTC"), and Vector Security, Inc. ("Vector").

able to keep its legal analysis of public information (*e.g.*, invalidity contentions, claim construction positions, alleged secondary considerations of non-obviousness) secret from the public and from the other parties in related lawsuits. Suing an actual competitor does not make infringement contentions based solely on public information the patentee's confidential information.

Second, no Defendant is VIS's "competitor." VIS offers no evidence to the contrary: no declaration, no business records, and no market analyses. It offers only attorney argument. That attorney argument cannot negate the fact that VIS has admitted several times in several different circumstances (including in providing contentions under P.R. 3-1(f) and 3-2(a)) that it does not practice any asserted patent, nor has it even attempted to so. (*See* Dkt. 73-3 at 6, ¶ I.f ("Innovation does not assert that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention.").) It cannot negate the fact VIS has never made any product or provided any service, let alone any product or service that competes with the cloud services, smart home hubs, smart speakers, security systems, tablets, digital media players, product ordering buttons, product replenishment services, security systems, or mobile phones it accuses. (*See id.* at 1-3.) And it cannot negate the fact that its sole employee, principal, and a named inventor, Ms. Wong, was unable to identify *any* product or service VIS provides or identify *any* "current customers" who were not companies that settled litigation with VIS. (Dkt. 73-2 at 17:25-20:6; at 12:25-13:14); *cf. ExitExchange Corp. v. Casale Media Inc.*, No. 2:10-cv-297 (E.D. Tex. May 31, 2011), at Dkt. 229-3 ¶¶ 2-3 (where the plaintiff submitted evidence—including a declaration from its founder and director—that it was "in the business of online advertising" and sought to "maintain a competitive edge by controlling the terms under which competitors may offer pop-under advertising").

Third, VIS's argument is contrary to the case law of this district, and its attempts to distinguish that law fail. VIS argues that *Net Navigation v. Alcatel* is distinguishable because that case involved "heightened protective order language." (Dkt. 80 at 5.) But the protective order in *Net Navigation* was, if anything, even more permissive in allowing confidential designation. There, the designating party only needed to show "significant competitive harm"; here, the protective order requires "*severe*[] injur[y] or damage." (Dkt. 10 at 7) (emphasis added); *Net Navigation Sys., LLC v. Alcatel-Lucent USA Inc.*, C.A. No. 4:11-cv-663-RAS-ALM, (E.D. Tex. Sept. 19, 2012), Dkt. 107 at 2.

VIS also argues that *Cypress Lake* is distinguishable because Cypress Lake "was . . . unwilling to share its infringement contentions with suppliers" and "failed to identify harm of disclosure." (Dkt. 80 at 5.) But VIS has done just that. Despite requesting pretrial consolidation of these cases, VIS has refused to allow the defendants in the consolidated actions to share P.R. 3-1(c) infringement contentions with each other, even though it has pleaded that Amazon is involved in "joint enterprise[s]" with all other Defendants and accused technology supplied by Amazon in each case. And it has failed to identify any specific and tangible competitive harm that may follow from de-designation of its legal analysis provided pursuant to P.R. 3-1(c). Finally, VIS argues that *Constellation* does not apply either because "Magistrate Judge Craven found that the Plaintiff failed to identify harm." (*Id.*) Not only has VIS also failed to identify any tangible and specific competitive harm, but VIS ignores the crux of that opinion, where the Court found the "balance of harm" weighed in defendants' favor because it prevented them from "explain[ing] the basis for [plaintiff's] allegations to interested parties" and barred the use of the contentions in Patent Office proceedings. *Constellation*, 2007 WL 7658921, at *3 (E.D. Tex. Oct. 30, 2007).

Here, that balance of harm weighs significantly in Defendants' favor. While VIS's harm

3

is merely attorney rhetoric, VIS's designation of its public infringement contentions has already prevented Defendants from preparing their defenses. The Federal Circuit "has repeatedly instructed . . . '[that] [i]t is axiomatic that claims are construed the same way for both invalidity and infringement." *Source Search Techs., LLC v. LendingTree, LLC*, 588 F.3d 1063, 1075 (Fed Cir. 2009) (quoting *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003)). Thus, a litigant may argue "that if a claim term must be broadly interpreted to read on an accused device, then this same broad construction will read on the prior art." *01 Communique Lab., Inc. v. Citrix Sys.*, 889 F.3d 735, 742 (Fed. Cir. 2018).[3] VIS's improper designations have prevented Defendants from sharing VIS's infringement contentions—mapping the same and related patents—to understand the full extent of VIS's interpretation of its claims (and the terms therein) in order to search for prior art and prepare their invalidity defenses.

VIS's confidentiality designations have also impacted Amazon's and the other defendants' ability to develop their non-infringement defenses. VIS has denied Amazon the opportunity to review VIS's infringement contentions in the other consolidated cases alleging infringement by Amazon technology. (*See* Dkt. 65 at 5 (arguing for consolidation because Resideo's and Vector's products "interface[] with an Amazon Echo product"); 73-4 at 1-2 (accusing HTC's products "alone and in combination with Amazon Cloud").) And similarly, VIS has denied the other defendants the opportunity to review VIS's infringement contentions against Amazon.

VIS's improper confidentiality designations have also impacted Defendants' ability to coordinate on claim construction issues and their ability to identify any inconsistencies in VIS's myriad allegations, and have hampered their ability to use VIS's admissions about the alleged scope

---

[3] *Tivo v. Echostar* does not change this well-established law. (Dkt. 80 at 4); 516 F.3d 1290 (Fed. Cir. 2008). *Tivo* addressed the scope of expert testimony *at trial*, not whether a defendant can use plaintiff's infringement position to inform its invalidity position. *Id.* at 1311-12.

4

of its patents' claims in other related proceedings, including *inter partes* reviews before the Patent Office. (*See* Dkt. 73 at 9-10.) This Court has repeatedly denied plaintiffs' attempts to designate infringement contentions as confidential where that designation would impair defendants' ability to coordinate defenses or challenge patents at the PTO. (*See id.* (citing *Uniloc USA, Inc. v. Med. Info. Tech., Inc.*, No. 16-CV-00463-RWS, 2017 WL 3836140, at *2 (E.D. Tex. Jan. 26, 2017); *Constellation*, 2007 WL 7658921, at *1; *Cypress Lake Software v. ZTE (USA), Inc.*, No. 5:07-cv-38, 2018 WL 4100766, at *1, *3 (E.D. Tex. Apr. 24, 2018)).)

Given this precedent, the only plausible explanation for VIS's confidentiality designation and its motion is the intent to delay Defendants' ability to prepare their cases. Indeed, VIS filed this motion knowing that it was unlikely to be resolved before the Defendants must comply with imminent and important case deadlines: exchange proposed claim terms for construction by April 4 per P.R. 4-1, serve invalidity contentions by April 11 per P.R. 3-3, and respond to interrogatories seeking non-infringement contentions. The Court should reject VIS's gamesmanship, which significantly prejudices defendants and wastes the Court's time and resources with legal arguments the Court has already rejected

/ / /.

5

Dated: April 2, 2019

Respectfully submitted,

By: /s/ *Saina S. Shamilov*
    J. David Hadden
    CA Bar No. 176148 (Admitted E.D. Tex.)
    Email: dhadden@fenwick.com
    Saina S. Shamilov
    CA Bar No. 215636 (Admitted E.D. Tex.)
    Email: sshamilov@fenwick.com
    Ravi R. Ranganath
    CA Bar No. 272981 (Admitted E.D. Tex.)
    Email: rranganath@fenwick.com
    **FENWICK & WEST LLP**
    Silicon Valley Center
    801 California Street
    Mountain View, California 94041
    Telephone: (650) 988-8500
    Facsimile: (650) 938-5200

    Todd R. Gregorian
    CA Bar No. 236096 (Admitted E.D. Tex.)
    Email: tgregorian@fenwick.com
    Dargaye Churnet
    CSB No. 303659 (Admitted E.D. Tex.)
    Email: dchurnet@fenwick.com
    Sapna Mehta
    CA Bar No. 288238 (Admitted E.D. Texas)
    Email: smehta@fenwick.com
    **FENWICK & WEST LLP**
    555 California Street, 12th Floor
    San Francisco, CA 94104
    Telephone: 415.875.2300
    Facsimile: 415.281.1350

    Jeffrey Ware
    CA Bar No. 271603 (Admitted E. D. Tex.)
    Email: jware@fenwick.com
    **FENWICK & WEST LLP**
    1191 Second Avenue, 10th Floor
    Seattle, WA 98101
    Telephone: 206.389.4510
    Facsimile: 206.389.4511

    *Counsel for Defendant*
    **AMAZON.COM, INC**.

| | |
|---|---|
| Dated: April 2, 2019 | Respectfully submitted, |
| | By: /s/ J. Thad Heartfield_____ |

                    J. Thad Heartfield
                    Texas Bar No. 09346800
                    thad@heartfieldlawfirm.com
                    M. Dru Montgomery
                    Texas Bar No. 24010800
                    dru@heartfieldlawfirm.com
                    Stephen L. Townsend
                    Texas Bar No. 24071539
                    stephen@heartfieldlawfirm.com
                    The Heartfield Law Firm
                    2195 Dowlen Road
                    Beaumont, Texas 77706
                    Phone: 409.866.3318
                    Fax:    409.866.5789
                    Brett Williamson *(Pro Hac Vice)*
                    bwilliamson@omm.com
                    Cameron Westin (*Pro Hac Vice*)
                    cwestin@omm.com
                   **O'MELVENY & MYERS LLP**
                    610 Newport Center Drive, 17th Floor
                    Newport Beach, CA 92660
                    Telephone:  949-823-6900
                    Facsimile:  949-923-6994

                    Brian Berliner *(Pro Hac Vice)*
                    bberliner@omm.com
                    **O'MELVENY & MYERS LLP**
                    400 S. Hope Street
                    Los Angeles, CA 90071
                    Telephone:  213-430-6000
                    Facsimile:  213-430-6408

                    Melody Drummond Hansen *(Pro Hac Vice)*
                    mdrummondhansen@omm.com
                    **O'MELVENY & MYERS LLP**
                    2765 Sand Hill Road
                    Menlo Park, CA 94025
                    Telephone: 650-473-2600
                    Facsimile: 650-473-2601

                    **Attorneys for Defendant**
                    **RESIDIO TECHNOLOGIES, INC.**

Dated April 2, 2019                                    Respectfully submitted,

                                                          By:  */s/ Philip Ou*
                                                              Yar R. Chaikovsky
                                                               CA Bar No. 175421
                                                               yarchaikovsky@paulhastings.com
                                                               Philip Ou
                                                               CA Bar No. 259896
                                                               philipou@paulhastings.com
                                                               1117 S. California Avenue
                                                               Palo Alto, California 94304-1106
                                                                Telephone:    1(650) 320-1800
                                                               Facsimile:     1(650) 320-1900

                                                              Harry L. Gillam, Jr.
                                                               TX Bar No. 07921800
                                                               GILLAM & SMITH LLP
                                                               303 S. Washington Ave.
                                                               Marshall, Texas 75670
                                                               Telephone: (903) 934-8450
                                                               Facsimile: (903) 934-9257
                                                               gil@gillamsmithlaw.com

                                                               **Attorneys for Defendant**
                                                               **HTC CORPORATION**

Dated:  April 2, 2019                                   **FISH & RICHARDSON P.C.**

                                                        By: */s/ Bret T. Winterle*
                                                               Neil J. McNabnay
                                                               Texas Bar No. 24002583
                                                               njm@fr.com
                                                               Bret T. Winterle
                                                               Texas Bar No. 24084249
                                                               winterle@fr.com
                                                               Michael A. Vincent
                                                               Texas Bar No. 24105738
                                                               vincent@fr.com
                                                               1717 Main Street, Suite 5000
                                                               Dallas, Texas 75201
                                                               (214) 747-5070 (Telephone)
                                                               (214) 747-2091 (Facsimile)

                                                               **Attorneys for Defendant**
                                                              **VECTOR SECURITY, INC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 2, 2019.

                                        */s/ Saina S. Shamilov*
                                        Saina S. Shamilov