# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> AMAZON.COM, INC., et al. <br><br> Defendants. | Civil Action No. 4:18-cv-00474-ALM <br><br> (LEAD CONSOLIDATED CASE) <br><br> JURY TRIAL DEMANDED |
| INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> RESIDEO TECHNOLOGIES, INC, <br><br> Defendant. | Civil Action No. 4:18-cv-00475-ALM |
| INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> HTC CORPORATION <br><br> Defendant. | Civil Action No. 4:18-cv-00476-ALM |
| INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> VECTOR SECURITY, INC. <br><br> Defendant. | Civil Action No. 4:18-cv-00477-ALM |

**DEFENDANTS' SUR-REPLY IN RESPONSE TO MOTION TO
ENTER DISPUTED AMENDMENTS TO THE DOCKET CONTROL
<u>ORDER, DISCOVERY ORDER, AND PROTECTIVE ORDER</u>**

The undersigned Defendants respectfully submit this sur-reply to Plaintiff's Opposed Motion to Enter Disputed Amendments to the DCO, Discovery Order, and PO (Dkt. 84).[1]

## I. DOCKET CONTROL ORDER

### A. Modified 4-2 Deadline

The need to extend the deadline for P.R. 3-3 Invalidity Contentions is a consequence of addressing the sheer number of claims Plaintiff asserted: over 200 against Amazon, over 100 claims against HTC, and variously overlapping claims against the other defendants. A minor extension of less than a week is necessary for Defendants to coordinate, prepare, and exchange preliminary claim constructions and extrinsic evidence under P.R. 4-2 after serving Invalidity Contentions. Plaintiff argues that "the two-week period for preparing the JCCS is already on an accelerated basis given that the local rules provide for 30 days between those two events," (Mot. at 3) but ignores the fact that Defendants are left with a one-day period between P.R. 3-3 and 4-2 disclosures, when the same local rules provide for 30 days between these two events. Defendants' proposal reasonably splits the time between these deadlines, and the only reason Defendants requested more than a three-day extension is due to the Easter holiday.

### B. Disclosure Obligation and Deadlines

Contrary to Plaintiff's characterization, under Defendants' proposal, which simply carries

---

[1] Defendants agree that a joint submission describing the parties' disputes with respect to the proposed amendments to the case management orders would have been better than briefing a disputed motion. But Plaintiff's contention that "[h]ad Defendants simply indicated it [sic] needed more time, Innovation would have accommodated a later exchange time – avoiding the back and forth briefing now occurring" is incorrect. On the deadline for submission of the proposed amendments, Defendants did suggest that the parties request a short extension so that they could meaningfully confer further and identify and minimize areas of disagreement in a form that would be most helpful to the Court. Plaintiff informed Defendants at 5:25 PM CDT that it declined to agree to any extension, however, and, exactly one minute later, filed its opposed Motion.

over this Court's existing scheduling orders entered in each of the pre-consolidated cases, "Mandatory Disclosures on all issues, including damages," as described in this Court's Order Governing Proceedings, would be required by April 17, 2019. The "Deadline for Initial Mandatory Disclosure . . . which has not been previously been disclosed" would be August 14, 2019, which is also carried over from the existing scheduling orders entered in each of the pre-consolidated cases. Plaintiff provides no reason for its reliance on practice before Judge Gilstrap to upend this Court's October 2018 Orders and the associated deadlines, which Defendants have been working toward. Indeed, Defendants have already diligently located and produced relevant materials and information in their possession, custody, and control, and to respond to proper discovery requests, and will continue to do so.[2]

## II. PROTECTIVE ORDER

### A. Export Control Provision

In its reply, Plaintiff does not identify any reason for taking Defendants' highly confidential documents and source code outside the United States. And it is reasonable to assume that it has none because it agreed to the very same export control provision just last year in its other case against Amazon. *Virginia Innovation Sciences, Inc. v. Amazon.com, Inc.*, No. 16-cv-861 (LO-MSN) (E.D. Va.) ("EDVA Case"), Dkt. 97-1 (Proposed Stipulated Protective Order) at ¶ 14.3. Now, however, Plaintiff argues that it should be able to take Defendants' protected material overseas without restriction because *Amazon* uses manufacturers and has employees outside of the U.S. But Amazon invests millions of dollars in security protocols to safeguard its highly confidential

---

[2] Plaintiff's repeated references and reliance to its having produced "over 100,000 pages" of materials is irrelevant, given many of those pages are duplicative, or relate only to claims or defenses involving one of four consolidated Defendants (*e.g.*, regarding Amazon Dash Buttons, HTC smartphones, Resideo devices, or a Vector physical location in Texas) inexplicably produced to all other Defendants.

Case 4:18-cv-00474-ALM Document 88 Filed 04/08/19 Page 4 of 10 PageID #: 3253

material both within and outside of the U.S., including sensitive code and documents accessed by employees overseas. Plaintiff, in contrast, cannot ensure that Defendants' protected material is safe from those who are outside of the Court's jurisdiction and either do not know or do not respect U.S. intellectual property laws.[3]

Plaintiff points to a case that Defendants brought to the Court's attention, and contend that the case "supports Plaintiff – not Defendant." (Reply at 6.) Plaintiff is wrong. In that case and on those specific facts—when the patentee had *already* retained a foreign document review vendor for its case—the court declined to include the defendant's requested export control provision in the protective order, but did impose restrictions on overseas access to protected material. *See Eon Corp. IP Holdings, LLC v. Landis+Gyr Inc.*, No. 11-cv-317-JDL, Dkt. 154 at 5 (E.D. Tex. June 12, 2012). Plaintiff has identified no similar facts that would make the imposition of export control restrictions proposed by the Defendants burdensome for it; it has agreed to them in the past.

If the Court does not enter a protective order with Defendants' proposed export control provision, it should at least impose the same requirement Judge Love did in the *Eon* case: "[p]rior to receiving any Protected Material, a person located outside of the United states shall (1) review the Court's protective order in [the] case, (2) agree in writing to abide by the terms of the Protective Order, and (3) submit in writing to the [court's] jurisdiction for the purpose of resolv[ing] any issues that may arise concerning the protective order, including the ability and willingness to personally appear before the [court]." *Id.* Anything less would place Defendants' confidential information at an unreasonable risk of unauthorized disclosure.

---

[3] Amazon identified the Northern District of California's Interim Patent L.R. 2-2 Protective Order as an example of the ubiquitous nature of export control provisions. Amazon seeks protection above and beyond this default level of protection due to the particularly sensitive nature of the source code and documents likely to be produced in this case.

### B. Confidentiality Tiers

The Court's default protective order has a single confidentiality tier and Defendants' proposed protective order does not change the definition of that tier. (*See* Dkt. 85-1 (Redline of Defendants' Proposed Protective Order Against Default Protective Order).) It merely adds one additional confidentiality tier—"HIGHLY CONFIDENTIAL—SOURCE CODE" (*id.* ¶ 14)—and renames the "CONFIDENTIAL" tier as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" (*id.* ¶ 1) for consistency.[4] Plaintiff has not produced any confidential source code. Thus, any documents it already designated as "Confidential" would be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" under Defendants' proposed protective order.

On the other hand, Plaintiff's proposed protective order breaks up the confidential designation in the default protective order into two separate categories: "CONFIDENTIAL" and "RESTRICTED CONFIDENTIAL ATTORNEYS' EYES ONLY," neither of which maps to the confidential designation in the current protective order, thus requiring the parties to re-designate documents already produced and designated under the current order. (Dkt. 84-3 (Plaintiff's Proposed Protective Order) ¶ 3.) And neither of Plaintiff's two designations provides the same level of protection as the Court's current protective order. The "CONFIDENTIAL" tier in Plaintiff's proposal allows access to "in-house counsel" and designated party representatives. (*Id.* a¶ 5.) The "RESTRICTED CONFIDENTIAL ATTORNEYS' EYES ONLY" tier limits access to "in-house counsel" "who exercise no competitive decision-making authority on behalf of the client." (*Id.* ¶ 9.) The Court's current protective order does not allow *any* in-house counsel or party representatives to access protected material. (Dkt. 10 at 9.) Plaintiff should have no need to expand access

---

[4] If it helps resolve the issue, Defendants are happy to revert to the "CONFIDENTIAL" label.

5

to protected material to "in-house counsel," because it has no in-house counsel and its sole employee (its CEO) is a decision maker for every aspect of Plaintiff by definition.

### C. Source Code Printing Limits

Defendant's source code printing limitations were acceptable to Plaintiff as recently as last year. In the prior, still pending, case between VIS and Amazon, which involved three patents and dozens of claims asserted against 14 products and services, VIS agreed to a 500-page limit on printed source code and did not seek any expansion of that limit. (*See* EDVA Case, Dkt. 97-1 (Proposed Stipulated Protective Order) at ¶ 9(j).) That protective order, like Defendants' proposal here, allowed for modification of that limit upon a showing of good cause. Plaintiff does not explain why it needs to print more pages of source code in this case than it did in the prior case. Indeed, the only possible explanation is that it seeks to print an inordinate amount of source code so that it can review that code unburdened by the provisions for secure source code review set out in the protective order, which its proposed protective order does not prohibit. The Court should adopt Defendants' proposed provisions for source code review.

### D. Necessity of Unilateral Prosecution Bar Applicable Only to Plaintiff

This case is indistinguishable from *Smartflash LLC v. Apple Inc.* No. 6:13-cv-447, 2014 WL 10986995, at *1 (E.D. Tex. May 12, 2014). None of Plaintiff's arguments changes this conclusion. Plaintiff has offered no good faith basis why its counsel and experts should be exempted from a prosecution bar. Yet, as further shown by the attached declaration from Vector's lead counsel, a bar proposed by Plaintiff would significantly impact his ability to practice.

Dated: April 8, 2019 Respectfully submitted,

By: /s/ *Saina S. Shamilov*
    J. David Hadden
    CA Bar No. 176148 (Admitted E.D. Tex.)
    Email: dhadden@fenwick.com
    Saina S. Shamilov
    CA Bar No. 215636 (Admitted E.D. Tex.)
    Email: sshamilov@fenwick.com
    Ravi R. Ranganath
    CA Bar No. 272981 (Admitted E.D. Tex.)
    Email: rranganath@fenwick.com
    **FENWICK & WEST LLP**
    Silicon Valley Center
    801 California Street
    Mountain View, California 94041
    Telephone: (650) 988-8500
    Facsimile: (650) 938-5200

    Todd R. Gregorian
    CA Bar No. 236096 (Admitted E.D. Tex.)
    Email: tgregorian@fenwick.com
    Dargaye Churnet
    CSB No. 303659 (Admitted E.D. Tex.)
    Email: dchurnet@fenwick.com
    Sapna Mehta
    CA Bar No. 288238 (Admitted E.D. Texas)
    Email: smehta@fenwick.com
    **FENWICK & WEST LLP**
    555 California Street, 12th Floor
    San Francisco, CA 94104
    Telephone:    415.875.2300
    Facsimile:    415.281.1350

    Jeffrey Ware
    CA Bar No. 271603 (Admitted E. D. Tex.)
    Email: jware@fenwick.com
    **FENWICK & WEST LLP**
    1191 Second Avenue, 10th Floor
    Seattle, WA 98101
    Telephone:    206.389.4510
    Facsimile:    206.389.4511

    *Counsel for Defendants*
    **AMAZON.COM, INC.,**
    **AMAZON DIGITAL SERVICES LLC,**
    **AND AMAZON WEB SERVICES, INC.,**

Dated: April 8, 2019    Respectfully submitted,

By: /s/ J. Thad Heartfield
   J. Thad Heartfield
   Texas Bar No. 09346800
   thad@heartfieldlawfirm.com
   M. Dru Montgomery
   Texas Bar No. 24010800
   dru@heartfieldlawfirm.com
   Stephen L. Townsend
   Texas Bar No. 24071539
   stephen@heartfieldlawfirm.com
   The Heartfield Law Firm
   2195 Dowlen Road
   Beaumont, Texas 77706
   Phone: 409.866.3318
   Fax:    409.866.5789
   Brett Williamson *(Pro Hac Vice)*
   bwilliamson@omm.com
   Cameron Westin (*Pro Hac Vice*)
   cwestin@omm.com
    **O'MELVENY & MYERS LLP**
   610 Newport Center Drive, 17th Floor
   Newport Beach, CA 92660
   Telephone: 949-823-6900
   Facsimile: 949-923-6994

   Brian Berliner *(Pro Hac Vice)*
   bberliner@omm.com
    **O'MELVENY & MYERS LLP**
   400 S. Hope Street
   Los Angeles, CA 90071
   Telephone: 213-430-6000
   Facsimile: 213-430-6408

   Melody Drummond Hansen *(Pro Hac Vice)*
   mdrummondhansen@omm.com
    **O'MELVENY & MYERS LLP**
   2765 Sand Hill Road
   Menlo Park, CA 94025
   Telephone: 650-473-2600
   Facsimile: 650-473-2601

   **Attorneys for Defendant
   RESIDEO TECHNOLOGIES, INC.**

Dated:  April 8, 2019 Respectfully submitted,

By:  /s/ Philip Ou
   Yar R. Chaikovsky
   CA Bar No. 175421
   yarchaikovsky@paulhastings.com
   Philip Ou
   CA Bar No. 259896
   philipou@paulhastings.com
   1117 S. California Avenue
   Palo Alto, California 94304-1106
   Telephone:   1(650) 320-1800
   Facsimile:     1(650) 320-1900

   Harry L. Gillam, Jr.
   TX Bar No. 07921800
   GILLAM & SMITH LLP
   303 S. Washington Ave.
   Marshall, Texas 75670
   Telephone: (903) 934-8450
   Facsimile: (903) 934-9257
   gil@gillamsmithlaw.com

   **Attorneys for Defendant**
   **HTC CORPORATION**

Dated:  April 8, 2019         **FISH & RICHARDSON P.C.**

By: /s/  Bret T. Winterle
    Neil J. McNabnay
    Texas Bar No. 24002583
    njm@fr.com
    Bret T. Winterle
    Texas Bar No. 24084249
    winterle@fr.com
    Michael A. Vincent
    Texas Bar No. 24105738
    vincent@fr.com
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

    **Attorneys for Defendant**
    **VECTOR SECURITY, INC**

9

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 8, 2019.

                                            */s/ Bret T. Winterle*
                                            Bret T. Winterle