IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br>        Plaintiff,<br>   v.<br><br>AMAZON.COM, INC.,<br>        Defendant. | Civil Action No.4:18-cv-00474-ALM<br>*Consolidated Lead Case* |
| INNOVATION SCIENCES, LLC,<br>        Plaintiff,<br>   v.<br><br>RESIDEO TECHNOLOGHIES, INC.,<br>        Defendant. | Civil Action No.4:18-cv-00475-ALM<br>*Member Case* |
| INNOVATION SCIENCES, LLC,<br>        Plaintiff,<br>   v.<br><br>HTC CORPORATION,<br>        Defendant. | Civil Action No.4:18-cv-00476-ALM<br>*Member Case* |
| INNOVATION SCIENCES, LLC,<br>        Plaintiff,<br>   v.<br><br>Vector Security, Inc.,<br>        Defendant. | Civil Action No.4:18-cv-00477-ALM<br>*Member Case* |

**Sur-Sur-Reply in Support of Motion for Protective Order**

Case 4:18-cv-00474-ALM   Document 90   Filed 04/09/19   Page 2 of 8 PageID #:  3268

## Table of Contents

1.  Innovation's Technical Analysis was Properly Designated as Confidential and has never Been Public as Defendants Allege ................................... 1
2.  Innovation's Technical Analysis is Commercially Valuable and Not Merely a "Legal Analysis" ................................................................................ 1
3.  Innovation Both Practices and Licenses its Technology ............................................. 2
4.  Defendants Still Do Challenge the Harm to Innovation .............................................. 2
5.  There is No Harm to Defendants by Maintaining Innovation's Technical Analysis as Confidential. ............................................................................. 2
6.  Defendants Newly Cited Case Law Does Not Help Them .......................................... 4

Defendants[1] sur-reply (Dkt. 83) still provides no good reasons to publish the confidential information of Innovation Sciences, LLC. ("Innovation") And, Defendants still do not deny such a publication would harm Innovation.

**1.      Innovation's Technical Analysis was Properly Designated as Confidential and has never Been Public as Defendants Allege**

Defendants allege that "there is no excerpt, screenshot, or text in those infringement contentions that does not appear either in [Innovation]'s public patents or in publicly available information about the accused products. [Innovation] does not dispute that either." Sur-reply at 1. This is false and specifically ignores the facts and Innovation's argument. The competitive analysis[2] provided in the claim charts has <u>never</u> been public. And, even if portions were <u>based</u> on public information, this doesn't make the technical analysis itself non-confidential. This specific argument was rejected in *ExitExchange* (the infringing parties also argued claims charts couldn't be confidential because they "merely apply the claims of the patent to internet screen captures, publicly available code, and links to internet web sites").[3] Defendants provide no good reason to second-guess Gilstrap and Ward's analysis in *ExitExchange.*

**2.      Innovation's Technical Analysis is Commercially Valuable and Not Merely a "Legal Analysis"**

Defendants suggest that Innovation wants to keep the technical analysis "confidential" simply because of the effort involved. Sur-reply at 1. This is also false. While it is true that hundreds of hours were involved in such analysis, as indicated in its reply, the "analysis has value <u>outside</u> of this litigation that Innovation wishes to maintain." Dkt. 80 at 2 (Emphasis added). Also, Defendants' argument that claim charts are merely a "legal analysis" was explicitly rejected in

---

[1] Defendants refers to Amazon.Com, Inc. ("Amazon"), Resideo Technologies, Inc. ("Resideo"), HTC Corporation ("HTC"), and Vector Security, Inc. ("Vector").
[2] Innovation analyzed Defendants respective products and operations through a combination of reverse engineering, teardowns, and accumulation of information from multiple different resources.
[3] *ExitExchange Corp. v. Casale Media Inc., et al.,* Case No. 2:10-cv-297, (Dkt. No. 229)(May 31, 2011) at 6 (quoting Defendants' motion filed under seal). As referenced *supra*, Judge Gilstrap rejected such an argument and denied the motion "in all respects." *ExitExchange* at Dkt. No. 330 (March 23, 2012).

*ExitExchange*.[4] This Court should similarly reject Defendants' identical argument.

3. **Innovation Both Practices and Licenses its Technology**

Defendants argue that there is no evidence that Innovation has ever "made any product or provided any service" and that no Defendant is Innovation's competitor. Sur-reply at 2. This is also false – and, again, asks the Court to ignore the evidence. Defendants own evidence establishes the contrary. Dkt. 73-2 at 8:77-8 (Innovation formed among other things to commercialize technology), *Id*. at 9:1 (Innovation has part-time employees and contractors), Id. at 12:17-17:7 (Innovation has customers outside of the litigation context), Id. at 18:5-22:16 (Innovation has made software products for its customers as well as hardware, namely "wireless communication hardware sold together with software"). Innovation's much smaller relative size is no good reason to allow Defendants to knowingly harm Innovation by publishing Innovation's confidential information.

4. **Defendants Still Do Not Challenge the Harm to Innovation**

Defendants did not dispute the harm cited by Innovation in the meet and confers. Then, in its Response, Defendants didn't readily dispute the multiple types of harm[5] cited by Innovation in its Motion (and rather addressed Innovation's size and alleged the harm was deserved because of litigation). Now, Defendants choose to simply categorize the harm as "merely attorney rhetoric." Sur-reply at 4. In short, throughout briefing, Defendants have not challenged the harm Innovation will face if its confidential analysis is published.

5. **There is No Harm to Defendants by Maintaining Innovation's Technical Analysis as Confidential.**

Defendants keep modifying their reasons for wanting to publish Innovation's technical analysis from those originally set forth in the meet and confer (where no reason to de-designate

---

[4] *ExitExchange* at Dkt. No. 223 (May 20, 2011) at 2 ("In addition, the Federal Circuit case of *In re Violation of Rule 28(D)*, which Defendants cite, is also distinguishable. *In re Violation of Rule 28(D)*, 635 F.3d 1352 (Fed. Cir. 2011). The improper confidentiality markings in that case included, for example, "case citations and parentheticals describing the cited cases . . . ." *Id*. at 1360. Such information is different than the documents and information at issue in this case, which include documents such as claim charts.").

[5] *See* Motion at 5.

was provided). Defendants now allege they need a confidentiality de-designation to "coordinate on claim construction." Sur-reply at 4. This argument fails. The Federal Circuit has repeatedly held that claims are construed *without regards to the accused instrumentality*.[6] Defendants' argument of alleged need is not only contrary to established case law, but was also specifically rejected in *ExitExchange*. *See ExitExchange,* Dkt. No. 229 (May 31, 2011) at 6.[7]

Defendants also cite for the first time multiple new Federal Circuit cases for an alleged need to review infringement contentions for claim construction purposes. Sur-Reply at 4.[8] However, none of these cited Federal Circuit cases support such a proposition. To the contrary, the principal case Defendant quote supports Innovation's position:

> "[Prior cases] make clear that an accused infringer cannot defeat a claim of literal infringement or establish invalidity merely by pointing to similarities between an accused product and the prior art."

*01 Communique Lab., Inc. v. Citrix Sys., Inc.*, 889 F.3d 735 (Fed. Cir. Apr. 26, 2018). The EDTX has cited *01 Communique Lab* for the same proposition: " An accused infringer may not, 'skirt evidentiary hurdles and conflate the infringement and invalidity inquiries . . . [to] forsake[] any comparison between the asserted claims and the accused product, relying instead upon purported similarities between the accused product and the prior art.'" *Realtime Data LLC v. Echostar Corp.*, Dkt. No. 6:17-CV-00084-JDL (E.D. Tex. Nov. 29, 2018). This is exactly what Defendant seek to accomplish – a compare/contrast for validity consideration. The Court should reject such attempts.

Defendants also allege their non-infringement defenses are hampered because the appropriate parties can't review Innovation's confidential analysis. This is false. In addition to

---

[6] *See* e.g., *Jurgens v. McKasy*, 727 F.2d 1552, 1560, 18 U.S.P.Q.2d 1031, 1037 (Fed. Cir. 1991); *Scripps Clinic & Research Foundation v. Genentech, Inc.*, 927 F.2d 1565, 1580 (Fed. Cir. 1991); *Vita-Mix Corp. v. Basic Holding*, Inc., 581 F.3d 1317, 1324, 92 U.S.P.Q.2d 1340 (Fed. Cir. 2009; and *SRI Intern. v. Matsushita Elec. Corp. of America*, 775 F.2d 1107, 1118(Fed. Cir. 1985) (en banc).
[7] *See ExitExchange,* Dkt. No. 229 (May 31, 2011) at 6 ((Defendants assert that since they do not have "a proper understanding of claim interpretation used by ExitExchange, defendants are hampered in preparing its defenses, since claim interpretation for infringement are to be also applied for purposes of claim scope in invalidity analysis.").
[8] *Citing Source Search Techs., LLC v. LendingTree, LLC*, 588 F.3d 1063, 1075 (Fed Cir. 2009) (quoting *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003)) and *01 Communique Lab., Inc. v. Citrix Sys.*, 889 F.3d 735, 742 (Fed. Cir. 2018).

agreeing to allow Defendant personnel not identified in the protective order to access, Innovation has already agreed that <u>any Defendant</u> can share Innovation's confidential with third-party suppliers having a need to know provided that such a supplier is identified and such suppliers agree to be bound by the protective order.[9] However, no such request to share has been made. And, no party has disclosed indemnify communications – confidential or otherwise.

Finally, regardless of either of these alleged needs, neither alleged need has any bearing or relevance to Defendants' desire to make Innovation's confidential information public.

**6.     Defendants Newly Cited Case Law Does Not Help Them**

In its response, Defendants cited several new EDTX cases to which Innovation only briefly had an opportunity to reply. Defendants sur-reply continues discussion of these cases. Defendants continue to ignore the *ExitExchange* case and do not deny that, in *Uniloc v. Meditech*,[10] the Court applied the *ExitExchange* case to <u>deny</u> Defendant's motion to de-designate the confidentially designation of infringement contentions.

With regards to *Net Navigation v. Alcatel*,[11] Defendants dispute whether a requirement that something be "especially sensitive" is heightened as compared to the current protective order, but provide no discussion of the undeniable harm here that the Court did not find there. With regard to *Cypress Lake v. ZTE*,[12] Defendants argue without support that Innovation is (a) unwilling to share its infringement contentions with suppliers, and (b) failed to identify harm of disclosure. The contrary is true – as referenced above. With reference to the *Constellation* case,[13] Defendants merely argue that "balance of harm" there weighed in Defendants favor. Here, the contrary is true. Defendants cite irrelevant reasons for wanting to <u>publish</u> Innovation's confidential information. Post-*Constellation* cases such as *ExitExchange* specifically clarify that a party may properly

---

[9] *See e.g.,* Dkt. Nos. 80-1 (¶¶1-3), 80-2, and 80-3.
[10] *Uniloc USA, Inc. v. Med. Info. Tech., Inc.*, No. 16-CV-00463-RWS, 2017 WL 3836140 (E.D. Tex. Jan. 26, 2017)
[11] *Net Navigation Systems, LLC v. Alcatel-Lucent USA Inc.*, No. 4:11-cv-663-RAS-ALM (E.D. Tex. Sep. 19, 2012), Dkt. 107 at 2.
[12] *Cypress Lake Software, Inc. v. ZTE (USA)*, No. 6:17-CV-00300-RWS, 2018 WL 4100766 (E.D. Tex. Apr. 24, 2018).
[13] *Constellation, LLC v. Avis Budget Grp., Inc.,* No. 5:07-CV-38, 2007 WL 7658921 (E.D. Tex. Oct. 30, 2007).

designate claim charts as confidential.

Date: April 9, 2019

Respectfully submitted:

*/s/ Ryan S. Loveless*
Donald L. Jackson, VA Bar No. 42,882
(Admitted E.D. Tex.)
James D. Berquist, VA Bar No. 42,150
(Admitted E.D. Tex.)
Gregory A. Krauss, VA Bar No. 84839
(Admitted E.D. Tex.)
Alan A. Wright, VA Bar No. 46506
(Admitted E.D. Tex.)
Davidson Berquist Jackson & Gowdey LLP
8300 Greensboro Dr., Suite 500
McLean, Virginia 22102
571-765-7700 (p)
571-765-7200 (f)
djackson@davidsonberquist.com
jberquist@davidsonberquist.com
gkrauss@davidsonberquist.com
awright@davidsonberquist.com

James L. Etheridge, TX Bar No. 24059147
Ryan S. Loveless, TX Bar No. 24036997
Brett A. Mangrum, TX Bar No. 24065671
Travis L. Richins, TX Bar No. 24061296
Jeff Huang (Admitted E.D. Tex.)
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX 76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jeff@EtheridgeLaw.com

**Attorneys for Plaintiff**

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

DATED:  April 9, 2019                                                  */s/ Ryan S. Loveless*
                                                                                         Ryan S. Lovelesss

## **CERTIFICATE OF CONFERENCE**

I hereby certify that counsel of record for Plaintiff have conferred with counsel of record for Defendants.  Defendants are opposed to this motion.

DATED:  April 9, 2019                                                  */s/ Ryan S. Loveless*
                                                                                         Ryan S. Lovelesss