# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> AMAZON.COM, INC., et al. <br><br> Defendant. | Civil Action No. 4:18-cv-00474-ALM <br> (LEAD CONSOLIDATED CASE) <br><br> JURY TRIAL DEMANDED |
| INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> RESIDEO TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action No. 4:18-cv-00475-ALM |
| INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> HTC CORPORATION, <br><br> Defendant. | Civil Action No. 4:18-cv-00476-ALM |
| INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br> v. <br><br> VECTOR SECURITY, INC., <br><br> Defendant. | Civil Action No. 4:18-cv-00477-ALM |

**MOTION TO STAY OF AMAZON.COM, INC., AMAZON DIGITAL SERVICES, LLC, AND AMAZON WEB SERVICES, INC. PENDING DECISION ON <u>THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)</u>**

Defendants Amazon.com, Inc. and Amazon Digital Services, LLC, and Amazon Web Services, Inc. ("Amazon"), by and through their undersigned counsel, respectfully move the Court for a stay pending the Court's decision on Amazon's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), in which Amazon seeks a transfer to the Eastern District of Virginia. In support of its motion to stay, Amazon states as follows:

1. Plaintiff Virginia Innovation Sciences, Inc. ("VIS") initiated this lawsuit on July 5, 2018, by filing a complaint accusing Amazon of infringing U.S. Patent Nos. 9,912,983, 9,729,918, 9,942,798, and 9,723,443. (*See* Dkt. 1.)

2. Amazon moved to transfer venue to the Eastern District of Virginia on October 1, 2018. (*See* Dkt. 9.) The motion has been fully briefed for four months and remains pending. (*See* Dkts. 9, 24, 28, 30.)

3. The other Defendants in this consolidated action have each also moved to transfer, and their respective motions have each also been fully briefed for at least four months. (*See* No. 4:18-cv-00477, Dkts. 16, 21, 27, 30 (Vector); No. 4:18-cv-00475, Dkts. 15, 31, 35, 38, 43, 46 (Honeywell/Resideo); and No. 4:18-cv-00476, Dkts. 22, 30, 32, 34 (HTC).) As part of its motion Resideo asked the Court to dismiss for improper venue; Resideo has not yet answered the complaint against it as its motion remains pending.

4. Amazon now seeks a stay of the proceedings between it and VIS/IS until the Court rules on the pending motions to transfer. In determining whether to grant a stay, this Court has analyzed the following factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *See Realtime Data, LLC v. Hewlett Packard Enter. Co.*, Nos. 6:16-CV-00086, 00087, 00089, 2017 WL 3712916, at *3 (E.D. Tex. Feb 3, 2017) (granting stay pending inter partes review). Here, all three factors support a stay pending resolution of Amazon's Motion to Transfer Venue pursuant to

28 U.S.C. § 1404(a).

5. The Federal Circuit has directed that a transfer motion must be resolved before merits issues, ensuring that neither the parties nor the court spend resources in proceedings that may be transferred to another district. This directive is particularly applicable here, where the parties are beginning claim construction and facing many impending deadlines, including: filing a joint claim construction statement by May 2, 2019; filing claim construction briefs on May 23 June 6, and June 13, 2019; and preparing for the *Markman* hearing set for July 10, 2019. A brief stay will preclude any unnecessary or duplicative expenditures of resources and the Court's time in the event the Court grants Amazon's motion to transfer.

6. On April 2, 2019, the Federal Circuit heard VIS/IS's appeal from the judgment in its case against Amazon in the Eastern District of Virginia, and the parties expect a decision soon. In the event of a remand, transfer would allow the Virginia court to coordinate any necessary claim construction proceedings more efficiently than if the cases were to proceed in separate forums.

7. VIS/IS will not be unduly prejudiced or disadvantaged by a brief stay of this case. Discovery is not complete and while a Final Pretrial Conference has been set for January 15, 2020, a trial date has not been set. (*See* Dkt. 38 (Scheduling Order).) VIS/IS has informed the Defendants that Anne Wong (f.k.a. Ann Wang, Tiehong Wang) will reside in China for the entirety of the late spring and summer, and that it therefore does not intend to make her available for deposition until September.

8. A stay in the circumstances presented here finds support in both decisions of the Federal Circuit and this Court. For example, in *In re Fusion-IO, Inc.*, the Federal Circuit explained that, in the context of a venue transfer motion, it "fully expect[ed]" the moving defendant to file "a motion to stay proceedings pending disposition of the transfer motion" and the district court "to act on those motions before proceeding to any motion on the merits of the action." 489 F. App'x 465, 466 (Fed. Cir. 2012); *see also id.* (citing *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir.

2003), for the proposition that disposition of a motion to transfer "should have taken a top priority in the handling of this case"); *In re Google Inc.*, 2015 WL 5294800 (Fed. Cir. July 16, 2015) (granting mandamus and directing district court to rule on defendant's motion to transfer within 30 days and to stay all proceedings pending completion of transfer matter after more than seven months had elapsed since venue transfer motion was fully briefed); *In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (noting that "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case"); *In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013) (discussing "importance of addressing motions to transfer at the outset of litigation"). Likewise, in *Nexus Display Technologies LLC v. Dell, Inc.*, this Court noted that a venue transfer movant "could have requested a stay of any of the previous deadlines – or discovery, for that matter – pending a ruling on its [transfer] motion." No. 2:14–CV–762, 2015 WL 5043069, at *5 n.4 (E.D. Tex. Aug. 25, 2015).

WHEREFORE, Amazon respectfully requests the Court enter an order staying this matter pending a ruling from the Court on the pending Motions to Transfer Venue pursuant to 28 U.S.C. § 1404(a). A proposed order is filed concurrently herewith.

April 29, 2019             Respectfully submitted,

By/s/ *Melissa R. Smith*
J. David Hadden
CA Bar No. 176148 (Admitted E.D. Tex.)
Email: dhadden@fenwick.com

Saina S. Shamilov
CA Bar No. 215636 (Admitted E.D. Tex.)
Email: sshamilov@fenwick.com

Ravi R. Ranganath
CA Bar No. 272981 (Admitted E.D. Tex.)
Email: rranganath@gmail.com

**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, California 94041

Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Todd R. Gregorian
CA Bar No. 236096 (Admitted E.D. Tex.)
Email:  tgregorian@fenwick.com

Dargaye Churnet
CSB No. 303659 (Admitted E.D. Tex.)
Email:  dchurnet@fenwick.com

**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone: 415.875.2300
Facsimile:  415.281.1350
 Jeffrey Ware
 CA Bar No. 271603 (Admitted E. D. Tex.)
 Email:  jware@fenwick.com

**FENWICK & WEST LLP**
1191 Second Avenue, 10h Floor
Seattle, WA 98101
Telephone:         206.389.4510
Facsimile: 206.389.4511

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  melissa@gillamsmithlaw.com

*Counsel for Defendants*
AMAZON.COM, INC.,
AMAZON DIGITAL SERVICES LLC,
AND AMAZON WEB SERVICES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 29, 2019.

/s/ *Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned counsel for Amazon certifies that Defendants have complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Amazon and Counsel for VIS participated in a telephone call on April 29, 2019, to discuss the subject of Amazon's motion to stay. An agreement could not be reached and discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve, and this motion is opposed.

/s/ *Melissa R. Smith*
Melissa R. Smith