**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC.,<br>Plaintiff,<br>v.<br><br>AMAZON.COM, INC., et al.<br>Defendants. | Civil Action No.4:18-cv-00474-ALM<br>***Consolidated Lead Case*** |
| INNOVATION SCIENCES, LLC,<br>Plaintiff,<br>v.<br><br>RESIDEO TECHNOLOGIES, INC.,<br>Defendant. | Civil Action No.4:18-cv-00475-ALM<br>***Member Case*** |
| INNOVATION SCIENCES, LLC,<br>Plaintiff,<br>v.<br><br>HTC CORPORATION,<br>Defendant. | Civil Action No.4:18-cv-00476-ALM<br>***Member Case*** |
| INNOVATION SCIENCES, LLC,<br>Plaintiff,<br>v.<br><br>VECTOR SECURITY, INC.,<br>Defendant. | Civil Action No.4:18-cv-00477-ALM<br>***Member Case*** |

**JOINT CLAIM CONSTRUCTION STATEMENT PURSUANT TO P.R. 4-3**

Pursuant to P.R. 4-3 and the Court's Amended Scheduling Order, Plaintiff Innovation Sciences, LLC (f/k/a Virginia Innovation Sciences, Inc. ("Innovation") and Defendants Amazon.com, Inc., Amazon Digital Services, LLC, and Amazon Web Services, Inc., (collectively, "Amazon"), Resideo Technologies, Inc. ("Resideo"), HTC Corporation ("HTC"), Vector Security, Inc. ("Vector") (collectively, "Defendants") hereby submit the Parties' Joint Claim Construction Statement.

## I.    P.R. 4-3(a) Agreed Claim Construction

The parties have not agreed to any constructions for U.S. Patent No. 9,912,983 ("the '983 Patent"); 9,729,918 ("the '918 Patent"); 9,942,798 ("the '798 Patent"); and 9,723,443 ("the '443 Patent") (collectively, the "Patents-In-Suit").  However, the parties have met and conferred as required by P.R. 4-2(c) and have reduced the number of terms for which they seek construction in an effort to streamline the claim construction proceedings.  The parties will continue to discuss possible agreed constructions.

## II.    P.R. 4-3(b) Disputed Claim Construction

Pursuant to P.R. 4-3(b), the chart attached as Exhibit 1 to this Joint Statement contains disputed patent claim terms, phrases, or clauses for which the parties propose different constructions.

Exhibit 2 provides Plaintiff's identification of extrinsic and intrinsic evidence supporting its proposed constructions, as required by P.R. 4-3(b).  In addition to the intrinsic and extrinsic evidence identified in Exhibit 2, Innovation also identifies the prosecution histories of the patents in suit and related patents and applications as additional intrinsic evidence.

Exhibit 3 provides Defendants' identification of extrinsic and intrinsic evidence supporting their proposed constructions, as required by P.R. 4-3(b).  In addition to the extrinsic evidence identified in Exhibit 3, Defendants may rely on excerpts of depositions—in this and prior cases—of the following individuals:  Tiejun (a.k.a. Ronald) Wang, Tiehong Wang (a.k.a. Ann Wang, Anne Wong), and William Halal.

The parties rely on the intrinsic evidence as a whole relating to the asserted patents. Each side reserves the right to rely on any intrinsic or extrinsic evidence identified by the other

side and any evidence that may be obtained through claim construction discovery.  The parties' proposed claim constructions are subject to change as claim construction discovery progresses and the parties brief the issues.  Each party reserves the right to supplement or amend its supporting evidence based on newly identified evidence.

## II.      P.R. 4-3(c) Length of Claim Construction Hearing

*Plaintiff's Position:*

Pursuant to P.R. 4-3(c), Innovation requests three hours total, one-and-a-half hours per side, for the claim construction hearing.

*Defendants' Position:*

At this time, Defendants anticipate that the Claim Construction Hearing will require at least 5 hours, with each side being allotted 2.5 hours.  Plaintiff currently asserts more than 200 patent claims in this case.  The time required for the Claim Construction Hearing may change depending on the disputed terms that remain after Plaintiff reduces its asserted claims pursuant to the Court's Model Order Focusing Patent Claims and Prior Art to Reduce Costs, which it must do no later than May 16, 2019.

## III.     P.R. 4-3(d) Live Witness Testimony at Claim Construction Hearing

Innovation may have its expert, Mr. Joseph C. McAlexander, III, provide a declaration or testimony at the claim construction hearing addressing the following subjects:   (i) that Innovation's proposed constructions are consistent with the understanding that one of ordinary skill in the art would have had of the disputed claim term in light of the intrinsic and extrinsic evidence; (ii) whether certain claim terms as set forth in Exhibit 1 inform, with reasonable certainty, those skilled in the art about the scope of the invention, describe sufficiently definite structure; and (iii) how one skilled in the art would understand the disclosure in the patents, the

state of prior art, plain and ordinary meanings of claim terms, and the level of one skilled in the art.  By identifying Mr. McAlexander herein, Innovation does not waive any rights and is not precluded from relying on another expert with similar qualifications who may provide a declaration or testimony addressing these issues.

An expert, Dr. David B. Johnson, may provide a declaration or testimony at the *Markman* hearing addressing the following subjects:  (i) whether the proposed constructions are consistent with the understanding that one of ordinary skill in the art would have had of the disputed claim term in light of the intrinsic and extrinsic evidence; (ii) whether certain claim terms as set forth in Exhibit 1 fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention, fail to provide sufficient structure, or are purely functional; and (iii) how one skilled in the art would understand the disclosure in the patents, the state of prior art, plain and ordinary meanings of claim terms, and the level of one skilled in the art.  By identifying Dr. Johnson herein, no Defendant waives any rights to, nor should they be precluded from relying on another expert with similar qualifications who may provide a declaration or testimony addressing these issues.

## IV.    P.R. 4-3(e) Other Issues

The parties are aware of no other outstanding issues that need to be taken up with the Court at a prehearing conference.

## V.    Estimated Pages Needed to Brief Disputed Claim Terms

At this time, the parties anticipate requiring at least 60 pages for opening and responsive claim construction briefs and at least 30 pages for the reply claim construction brief.

Date:   May 6, 2019

Respectfully submitted:

*/s/ Donald L. Jackson*
Donald L. Jackson, VA Bar No. 42,882
(Admitted E.D. Tex.)
James D. Berquist, VA Bar No. 42,150
(Admitted E.D. Tex.)
Gregory A. Krauss, VA Bar No. 84839
(Admitted E.D. Tex.)
Alan A. Wright, VA Bar No. 46506
(Admitted E.D. Tex.)
Davidson Berquist Jackson & Gowdey LLP
8300 Greensboro Dr., Suite 500
McLean, Virginia  22102
571-765-7700 (p)
571-765-7200 (f)
djackson@davidsonberquist.com
jberquist@davidsonberquist.com
gkrauss@davidsonberquist.com
awright@davidsonberquist.com

James L. Etheridge, TX Bar No. 24059147
Ryan S. Loveless, TX Bar No. 24036997
Brett A. Mangrum, TX Bar No. 24065671
Travis L. Richins, TX Bar No. 24061296
Jeff Huang (Admitted E.D. Tex.)
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX  76092
Tel.:  (817) 470-7249
Fax:  (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jeff@EtheridgeLaw.com

**Attorneys for Plaintiff**

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email.

DATED:  May 6, 2019                          */s/ Donald L. Jackson*
                                             Donald L. Jackson