# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br>      Plaintiff,<br>   v.<br>AMAZON.COM, INC., ET AL.,<br>      Defendants. | Civil Action No.4:18-cv-00474-ALM<br>*Consolidated Lead Case* |
| INNOVATION SCIENCES, LLC,<br>      Plaintiff,<br>   v.<br>RESIDEO TECHNOLOGIES, INC.,<br>      Defendant. | Civil Action No.4:18-cv-00475-ALM<br>*Member Case* |
| INNOVATION SCIENCES, LLC,<br>      Plaintiff,<br>   v.<br>HTC CORPORATION,<br>      Defendant. | Civil Action No.4:18-cv-00476-ALM<br>*Member Case* |
| INNOVATION SCIENCES, LLC,<br>      Plaintiff,<br>   v.<br>VECTOR SECURITY, INC.,<br>      Defendant. | Civil Action No.4:18-cv-00477-ALM<br>*Member Case* |

**INNOVATION SCIENCES' MOTION TO STRIKE DEFENDANTS' P.R. 3-3
PRELIMINARY INVALIDITY CONTENTIONS**

Plaintiff, Innovation Sciences LLC ("Innovation"), respectfully asks this Court to strike the Defendants' P.R. 3-3 Preliminary Invalidity Contentions as inadequate. As this Court knows, this District's P.R. 3-3(b) requires an identification of "[w]hether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified." Defendants' P.R. 3-3 Invalidity Contentions fail to meet this Court's mandatory disclosure rules.

### A. DEFENDANTS FAILED TO IDENTIFY ACTUAL PRIOR ART COMBINATIONS FOR EACH ASSERTED CLAIM, AND THE SPECIFIC REASONS FOR MAKING THOSE COMBINATIONS

Defendants collectively served their P.R. 3-3 preliminary invalidity contention disclosure on April 17, 2019. In that disclosure, Defendants produced: (1) in excess of 140 charts purporting to correlate individual alleged prior art references with multiple asserted patent claims, (2) a 72 page "Combinations Chart" identifying a multitude of potential obviousness-type invalidity combinations for approximately 70 separate primary references, (3) a listing of more than 170 "background" references allegedly showing the general state of the art, and (4) a 81-page cover document which included general statements of the law regarding obviousness. In total, the Defendants' P.R. 3-3 invalidity contentions exceeded 40,000 pages. Despite the massiveness of the Defendants' submission, however, the obviousness-based invalidity contentions provided by the Defendants fail to identify even one complete § 103 obviousness analysis under P.R. 3-3. Defendants' "disclosure" is so broad, opaque, and open ended that it discloses nothing and flouts this District's disclosure rules.

More specifically, Defendants' collective submission fails to identify any one specific primary reference and explain how one or more secondary references could be combined, on an

element-by-element basis, to render an asserted claim invalid as obvious. Nor do the defendants bother to explain why a person of ordinary skill in the art would have been motivated to make any such combination. Not one reference, not one challenged claim.

Instead of providing any specific combination on an element-by-element basis, or explaining why such a combination would have been obvious to one of those of skill in the art, Defendants have pulled together a massive disclosure of combinations that *might* be combined without saying how, effectively hiding any contention they might one day want to spring on Innovation. If Defendants believe that they have a solid basis to assert that any of the asserted claims are invalid as obvious, they have steamed right past the point when those contentions should have been disclosed. Nor can Defendants' assert that they have not had enough time to prepare these contentions. These actions are approaching the anniversary of their filing and this Court provided the Defendants with an unheard of 10 weeks to prepare their invalidity contentions after receiving Innovation's preliminary infringement contentions. If Innovation's patent claims are invalid over the prior art, Innovation has no desire to maintain this action. Innovation, of course, cannot make that determination without first seeing Defendants' actual combinations and reasons therefor – not over 40,000 pages of possible unspecified combinations.

It is impossible to address every one of the hundreds of alleged prior art references identified in the Defendants' massive dump of information, but consideration of just one of those references illustrates the point. Specifically, all four Defendants identify United States Patent No. 7,136,709 to Arling ("Arling '709") as one of their preliminarily elected references. The Defendants' collected prior art charts for Arling '709 maps portions of that reference to a variety of the asserted patent claims. For brevity, the first 54 pages of Defendants' 684-page chart for Arling '709 compared to the claims of the '983 patent are attached as Exhibit 1. As

Exhibit 1 demonstrates, Defendant's Arling '709 claim chart does not disclose a single § 103 combination of Arling '709 with a secondary reference.  Rather, the cover page for the Defendants' Arling '709 chart states:

> To the extent Plaintiff alleges that Arling does not disclose [or] comprise any limitation recited in [the] asserted claims of the '983 Patent, either expressly or inherently, it would have been obvious to use the methods and systems described in the references in combination with the other prior art identified in Defendants' invalidity contentions, and/or in view of the knowledge of one of ordinary skill in the art at the relevant time about such systems and services.

Exhibit 1, p. 2.  This non-disclosure became the Defendants' mantra, which Defendants provide in lieu of any actual combination of references or explanation of what would have motivated the combination or why those of skill in the art would have found the combination obvious.

The Defendants' 72 page "Combinations Chart," attached in full hereto as Exhibit 2, demonstrates both the innumerable possible combinations that Defendants' purport to reserve for trial and the absence of any disclosure of an actual obviousness analysis for any combination.  For each possible primary reference, including Arling '709 at pages 16 through 17 of Exhibit 2, Defendants fail to identify even one actual combination of references.  Instead, Defendants purport to preserve the right to pick and choose from those numerous references listed beside the primary reference.  Using Arling '709 again for illustration, Defendants purport to combine Arling '709 (in the left hand column) with any number of the 77 possible secondary references (listed in the right hand column).  The Defendants' chart for Arling '709 is reproduced below:

| REFERENCE | OBVIOUS IN LIGHT OF THE REFERENCE ITSELF ALONE COMBINED WITH THE KNOWLEDGE OF A POSITA'S KNOWLEDGE OR IN COMBINATION WITH ONE OR MORE OF THE FOLLOWING: |
|---|---|
| 7,136,709 to Arling | 5,164,979 to Choi; 5,381,462 to Larson; 5,438,607 to Przygoda; 5,748,083 to Reitkerk; 5,861,804 to Fansa; 6,204,763 to Sone; 6,496,862 to Akatsu; 6,512,771 to Atarashi; 6,545,601 to Monroe; 6,567,981 to Jeffrey; 6,663,420 to Xiao; 6,725,281 to Zintel; |

|  | 6,781,635 to Takeda; 6,792,323 to Krzyzanowski; 6,828,909 to Script; 6,960,998 to Menard; 6,970,183 to Monroe; 6,975,220 to Foodman; 7,020,121 to Hardacker; 7,113,090 to Saylor;  7,258,276 to Linton; 7,295,608 to Reynolds; 7,373,395 to Brailean; 7,480,484 to Nam; 7,562,379 to Hardacker; 7,920,623 to Stone; 10-2004-0004307 to Yoo; US2002/0013818 to Yamaga; DLNA Networked Device Interoperability Guidelines, expanded March 2006 (INNOV00091875 -0092492)  ; EP 0 999 678 A2 to Horowitz; EP1 175 069 A1 to Matsubara; Honeywell Security & Custom Electronics Sourcebook 2006 Sourcebook; Intel Technology Journal, Vol. 6, Issue 4 Intel Technology Journal; JP2003085248 to Kariya; U.S. Prov. Pat. Appl. No. 60/517,237 to Arling; US 2002/0058530 to Akama; US2002/0013818 to Yamaga; US2002/0116492 to Oldenborgh; US2002/0157112 to Kuhn; US2002/0164999 to Johnson; US2002/0184112 to Nagaoka; US2002/0194596 to Srivastava; US2003/0128197 to Turner; US2003/0225568 to Salmonsen; US2003/0226149 to Chun; US2003/0229900 to Reisman; US2004/0024851 to Naidoo; US2004/0100380 to Lindsay; US2004/0150718 to Zhang; US2004/0223614 to Seaman; US2004/0243517 to Hansen; US2004/0255326 to Hicks; US2004/0260669 to Fernandez; US2005/0175099 to Sarkijarvi; US2005/0235329 to Karaoguz; US2006/0022816 to Yukawa; US2006/0080707 to Laksono; US2008/0132859 to Pires; US2008/0148063 to Hanko; US2008/0282299 to Koat; WO 02/061706 to Heaton; WO 03/079645 to Fischer; WO 2004/036521 to Marshall; WO 98/48487 to Shannon; www.alarm.com website prior to August 10, 2005  Prior Art Alarm.com System ("PAAS"); ADEMCO Optiflex Video Controller using Symphony ("Optiflex"); Applicant Admitted Prior Art ("AAPA"); DirecTV HD Receiver ("Samsung"); HAL 2000 System w/ HAL Digital Music Center and/or HAL 2000 System w/ HAL Digital Video Center ("HAL"); HomeMinder ("HomeMinder"); Honeywell 8142-I Symphony Advanced User Interface ("Symphony"); Honeywell LYNXR-EN System ("LYNXR-EN"); Honeywell LYNXR-I System ("LYNXR-I"); Honeywell Security & Custom Electronics Sourcebook 2006 ("Sourcebook"); Honeywell VISTA-128BP Series Security System ("VISTA-128BP"); Prior Art Alarm.com System ("PAAS"); Smart Home ("Microsoft") |

As demonstrated by the chart for just this one of many potential primary references, the Defendants' "Combinations Chart" represents an unquantifiable number of *potential combinations,* but *not one actual combination* is actually disclosed.  The number of potential combinations is in the thousands for just this one primary reference.  Like the Defendants' claim charts discussed above, the Defendants' "Combinations Chart" fails to provide the required

4

element-by-element disclosure for any actual combination or to explain why those of skill in the art would make any one of the millions of possible combinations.[1]

Compounding this already impossible problem, Defendants collect a further 176 alleged prior art references in what they describe as "General State of the Art" or "Background" references from which they can also choose, if necessary, to provide the motivation or teaching to combine elements of disparate references or to fill in gaps in the prior art presented in either the claim charts (*see*, Exhibit 1, a portion of the Arling '709 vs. '983 patent claim chart) or the Combinations Chart (*see*, Exhibit 2). The Defendants' listing of the additional 176 background references is attached hereto as Exhibit 3. Like the other two charts provided by Defendants, this chart fails to disclose any actual proposed combination, fails to disclose an element-by-element comparison with the asserted patent claims, and fails to disclose any reason one skilled in the art would modify or combine any of the many references identified in the Defendants' other two prior art charts.

The Defendants' P.R. 3-3 Disclosures were produced to Innovation under a 81 page cover document. That cover document, attached as Exhibit 4, provides none of the missing information required by this Court's patent disclosure rules. In connection with the missing element-by-element obviousness analysis for any combination of references or an explanation for why that combination would be obvious, the Defendants' disclosure simply advises:

> Where an individual reference, action, knowledge, and/or prior invention is cited with respect to all elements of an Asserted Claim,

---

[1] Even after Defendants' "limited" their contentions to 18 references, the number of possible combinations is staggering. For example, all Defendants identified Arling '709 as one of a total of about 35 total primary references. The chart for the Arling '709 reference identifies 77 separate secondary references that could be combined with Arling '709 in some yet undisclosed fashion. Even after accounting for Defendants' preliminary election of prior art references, the number of potential combinations remains staggering. The problem is amplified by the fact that Defendants provide no element-by-element analysis describing the theoretical combinations that could be made of these references.

5

Defendants contend that the reference, action, knowledge, and/or prior invention anticipates the claim under 35 U.S.C. §§ 102(a), (b), (e), and/or (g) and *also renders the claim obvious under 35 U.S.C. § 103, both by itself in view of the knowledge of a person of ordinary skill in the art and in combination with other references, actions, knowledge, and/or prior inventions to the extent the reference, action, knowledge, and/or prior invention is not found to disclose one or more claim elements*.

Where an individual reference, action, knowledge, and/or prior invention is cited with respect to fewer than all elements of an Asserted Claim or is not found to disclose one or more elements of an Asserted Claim, *Defendants contend that the reference, action, knowledge, and/or prior invention renders the claim obvious under 35 U.S.C. § 103(a) in view of each other reference, action, knowledge, and/or prior invention and combination thereof that discloses the remaining claim element(s),* as indicated in the claim charts submitted herewith. Exemplary motivations to combine references, actions, knowledge, and/or prior inventions are discussed below.

\* \* \*

As is reflected in [the "Combinations Chart" (Exh. 2)], *each prior art reference, action, knowledge, and/or prior invention identified in the Prior Art Invalidity Charts in Exhibits A-MMM for an Asserted Patent may be combined with the other prior art references, actions, knowledge, and/or prior inventions therein or with the other prior art references identified in the Invalidity Chart in Exhibits A-MMM to render obvious the Asserted Claims in combination.* Prior art disclosures also may be combined with information known to persons skilled in the art at the time of the alleged invention, and understood and supplemented in view of the common sense of persons skilled in the art at the time of the alleged invention.

\* \* \*

*The United States Supreme Court has clarified the standard for what types of inventions are patentable. KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727. In particular, the Supreme Court emphasized that inventions arising from ordinary innovation, ordinary skill, or common sense should not be patentable. *Id.* at 1732, 1738, 1742-43, 1746. In that regard, a patent claim may be obvious if the combination of elements was obvious to try or there existed at the time of the invention a known problem for which there was an obvious solution encompassed by the patent's claims. In addition, when a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one. If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability.

*Because the alleged inventions claimed in the Asserted Claims of the Asserted Patents simply arrange old elements with each performing the same*

6

>*function it had been known to perform and yield no more than what one would expect from such an arrangement, the combination is obvious*. Further, in the prior art, there were well-recognized design needs and desires and market pressures to develop the features claimed in the Asserted Claims. Such factors provided ample reason to combine the prior art elements. *KSR*, 127 S. Ct. at 1742. Moreover, among the known predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options. *Id.* The identified prior art references merely use those familiar elements for their primary or well-known purposes in a manner well within the ordinary level of skill in the art. Accordingly, common sense and knowledge of the prior art render the claims invalid under either § 102 or § 103.
>
>*Moreover, a person of ordinary skill would have been motivated to combine the identified prior art based on the nature of the problem to be solved, the teachings of the prior art, and the knowledge of persons of ordinary skill in the art*. The identified prior art references, actions, knowledge, and/or prior inventions for each Asserted Patent, including portions cited in the Prior Art Invalidity Charts at Exhibits A-MMM, address the same or similar technical issues and suggest the same or similar solutions to those issues alleged to be addressed by the Asserted Claims. Many of the prior art references likewise have overlapping prior art authors or inventors, as well as overlapping assignees, industries, and companies and individuals involved in developing industry standards.

Exhibit 4, pp. 24-30 (emphasis added). This is simply a recitation of law and, as noted above, no actual combinations are identified in Defendants' massive "disclosure." Each of the suggested motivations to combine are purely hornbook legal principals applicable to every obviousness inquiry, not an explanation applicable to any identified combination.

### B. Defendants' P.R. 3-3 Disclosures Should Be Stricken

Defendants' P.R. 3-3 disclosures plainly fail to identify, for each claim of the patent-in-suit, which particular references Defendants intend to combine, if any, under an obviousness theory. Defendants' failure to disclose *specific* obviousness combinations of alleged prior art violates Rule 3-3, which provides that "[i]f a combination of items of prior art makes a claim obvious, each such combination . . . **must be identified**." P.R. 3-3(b) (emphasis added); *see LML Patent Corp. v. JPMorgan Chase & Co.*, 2011 U.S. Dist. LEXIS 128724, at *14, 19 (E.D. Tex. Aug. 10, 2011) (holding that Rule 3-3 "requires disclosure of combinations, not just references,"

7

and noting that a plaintiff cannot be expected to "consider every possible combination of the references disclosed"); *Realtime Data LLC v. Paketeer, Inc.*, 2009 U.S. Dist. LEXIS 114207, at *18-19, 21-22 (E.D. Tex. December 8, 2009) (holding that it is impermissible to (1) argue obviousness based upon "an impossibly high number of combinations"; (2) "reserve[e] the right to combine any charted prior art references"; and (3) casually note that "the knowledge of one of ordinary skill in the art" renders the invention invalid).

Even if Defendants had provided exemplary combinations, and they failed to do even that, this District considers such exemplary combinations to be insufficient. *See Personal Audio, LLC v. Togi Entertainment, Inc.*, Case No. 2:13-cv-00013, Dkt. No. 251 at 1-3 (E.D. Tex. Aug. 6, 2014) (striking defendant's multi-reference obviousness contentions and holding that "simply providing a small number of 'exemplary combinations' does not serve the notice function of the invalidity contentions as to every possible combination of a universe of references."), attached as Exhibit 5; *Saffran v. Johnson and Johnson et al*, 2:07-cv-451 at Dkt. 49 (E.D. Tex. Feb. 24, 2009) (striking invalidity contentions, and finding that the use of "language purporting to make the contentions merely illustrative" and failure to "specifically identify combinations of references that the defendants anticipate using at trial" constituted "an attempt to end run the rules."), attached as Exhibit 6.

In short, the Defendants' shotgun approach to listing only possible obviousness combinations is an unacceptable "attempt to end run the rules," as Defendants are required to "specifically identify combinations of references that the defendants anticipate using at trial." *Saffran*, 2:07-cv-451 at *1.

This Court has previously stricken invalidity contentions that failed to identify the specific combinations that the defendants intended to use at trial. *Id*. ("The defendants' current

8

'Invalidity Contentions' are an attempt to end run the rules.  They do not specifically identify combinations of references that the defendants anticipate using at trial . . . ."); *see also Personal Audio*, 2:13-cv-00013 ("The Court finds that Defendants have failed to put Plaintiff on notice for the bulk of the thousands of possible combinations that result from the broad language in Defendants' invalidity contentions.  Accordingly, the Court holds that striking Defendants' multi-reference obviousness contentions is appropriate here."); *Whirlpool Corp., v. TST Water, LLC*, 2:15-cv-1528 (E.D. Tex ) at *2 (striking disclosure of "buckets" of prior art references as insufficient under P.R. 3-3), attached as Exhibit 7.  Further exacerbating the multifarious combination problem is the fact that Defendants' disclosures indicate that they may rely upon unanalyzed numerous "background" or "state of the art" references. *See* references listed in Exhibit 4.

### C.     Conclusion

Defendants' repeated, uninformative statements about the combinability of references and identification of references *that can be combined* fail to provide the required disclosure because Innovation is left to guess, for **each claim** of **each asserted patent**, as to which of the thousands of possible alleged combinations Defendants intend to assert at trial, if any, how those references combine, and why those references are properly combined.  Defendant's disclosure serves the purpose of attempting to preserve every imaginable invalidity defense but it wholly fails to identify any of the defenses they actually expect to present at trial for Plaintiff or this Court.  Defendants' massive non-disclosure demonstrates absolute contempt for this Court's discovery rules and should be stricken in their entirety.

Dated:  July 31, 2019                                          Respectfully submitted,

                                                    */s/ Donald L. Jackson*
                                                    Donald L. Jackson

VA Bar No. 42,882 (Admitted E.D. Tex.)
James D. Berquist
VA Bar No. 42,150 (Admitted E.D. Tex.)
Gregory A. Krauss,
VA Bar No. 84839 (Admitted E.D. Tex.)
Alan A. Wright,
VA Bar No. 46506 (Admitted E.D. Tex.)
Davidson Berquist Jackson & Gowdey LLP
8300 Greensboro Dr., Suite 500
McLean, Virginia 22102

James L. Etheridge, TX Bar No. 24059147
Ryan S. Loveless, TX Bar No. 24036997
Brett A. Mangrum, TX Bar No. 24065671
Travis L. Richins, TX Bar No. 24061296
Jeff Huang (Admitted E.D. Tex.)
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX  76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jeff@EtheridgeLaw.com

*Attorneys for Plaintiff Innovation Sciences, LLC*

**CERTIFICATE OF CONFERENCE**

Counsel for Innovation certifies that it has complied with the meet and confer requirement of L.R. CV-7(h).  On Friday, June 28, 2019, I conferred with counsel for Amazon, Resideo, and HTC via a telephone call regarding their positions on the sufficiency of Defendants' P.R. 3-3 Invalidity Contentions.  Amazon's, Resideo's, and HTC's position was that the Invalidity Contentions adequately disclosed their contentions, including obviousness combinations, were adequate and complied with the Court's requirements.  I explained that Innovation's position was that those contentions were inadequate specifically with respect to obviousness combinations and reasons for those combinations.  The parties did not reach agreement on this issue.  On Monday, July 15, 2019, I conferred with counsel for Vector via a telephone call regarding its position on the sufficiency of Defendants' P.R. 3-3 Invalidity Contentions, among other issues.  Like the other defendants, Vector's position was that the Invalidity Contentions adequately disclosed their contentions, including obviousness combinations, were adequate.  I explained that Innovation's position was that those contentions were inadequate specifically with respect to obviousness combinations and reasons for those combinations.  The parties did not reach agreement on this issue.  Thus, Innovation files the present motion as opposed.

DATED: July 31, 2019                              */s/ Donald L. Jackson*
                                                  Donald L. Jackson

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

DATED: July 31, 2019                                         */s/ Donald L. Jackson*
                                                                                  Donald L. Jackson