**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br>　　　　　Plaintiff,<br>　　v.<br><br>AMAZON.COM, INC., et al.,<br>　　　　　Defendants. | Civil Action No. 4:18-cv-00474-ALM<br>***Consolidated Lead Case*** |
| INNOVATION SCIENCES, LLC,<br>　　　　　Plaintiff,<br>　　v.<br><br>RESIDEO TECHNOLOGIES, INC.,<br>　　　　　Defendant. | Civil Action No. 4:18-cv-00475-ALM<br>***Member Case*** |
| INNOVATION SCIENCES, LLC,<br>　　　　　Plaintiff,<br>　　v.<br><br>HTC CORPORATION,<br>　　　　　Defendant. | Civil Action No. 4:18-cv-00476-ALM<br>***Member Case*** |
| INNOVATION SCIENCES, LLC,<br>　　　　　Plaintiff,<br>　　v.<br><br>VECTOR SECURITY, INC.,<br>　　　　　Defendant. | Civil Action No. 4:18-cv-00477-ALM<br>***Member Case*** |

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' P.R. 3-3 INVALIDITY CONTENTIONS**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND.................................................................................2

III.   ARGUMENT .........................................................................................................8

     A.     Defendants' Invalidity Contentions Comply with the Court's Patent Rules. ....................8

     B.     Under the Court's Model Order Focusing Patent Claims and Asserted Prior Art, Defendants Will Soon Identify a Narrow Set of Prior Art and Combinations on Which They Will Rely......................................................... 14

     C.     The Motion Is Improper, Untimely, and Fails to Support the Requested Relief. ..................................................................................................... 15

IV.   CONCLUSION....................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allergan, Inc. v. Teva Pharm. USA, Inc.*,
   No. 15-cv-1455-WCB, Dkt. 395 (E.D. Tex. Aug. 3, 2017)...............................................10, 11

*Allure Energy, Inc. v. Nest Labs, Inc.*,
   No. 9-13-cv-102, 2015 WL 11110610 (E.D. Tex., May 19, 2015) ........................................15

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
   No. 15-cv-37-RWS-RSP, Dkt. 201 (E.D. Tex. Sept. 27, 2016) ................................10, 11, 15

*LML Patent Corp. v. JPMorgan Chase & Co.*,
   No. 08-CV-448, 2011 WL 5158285 (E.D. Tex. Aug. 11, 2011) ...........................................12

*Personal Audio, LLC v. Togi Entertainment, Inc.*,
   No. 13-cv-13-JRG-RSP, Dkt. 251 (E.D. Tex. Aug. 6, 2014) .................................................13

*Realtime Data, LLC v. Packeteer, Inc.*,
   No. 08-cv-144-LED-JDL, 2009 WL 4782062 (E.D. Tex. Dec. 8, 2009) .........................12, 13

*Saffran v. Johnson & Johnson*,
   No. 07-cv-451-TJW, Dkt. 49 (E.D. Tex. Feb. 24, 2009)........................................................13

*Ultravision Techs., LLC v. Lamar Adver. Co.*,
   No. 16-cv-00374-JRG-RSP, Dkt. 193 (E.D. Tex. Apr. 18, 2017)..........................................11

*Whirlpool Corp. v. TST Water*,
   No. 15-cv-1528-JRF-RSP, Dkt. 77 (E.D. Tex. Nov. 8, 2016).................................................14

STATUTES

Local Rule CV-7(h) ...................................................................................................................8

Patent Rule 3-1(a) ....................................................................................................................1

Patent Rule 3-3.................................................................................................................. *passim*

Patent Rule 3-3(a)-(c) ...............................................................................................................8

Patent Rule 3-3(b) .....................................................................................................................9

Patent Rule 26(f) .......................................................................................................................2

OTHER AUTHORITIES

Arling with "Interoperable Home Infrastructure" in the Intel Technical Journal,
   Volume 6, Issue 4, published Nov. 15, 2002 ........................................................................9

U.S. Provisional Patent Application No. 60/517,737 .................................................................9

ii

## I.   INTRODUCTION

Plaintiff Innovation Sciences, LLC's ("IS") Motion to Strike Defendants' P.R. 3-3 Preliminary Invalidity Contentions does not actually identify any deficiencies in Defendants' contentions.  It cannot because Defendants' Invalidity Contentions comply with this Court's Patent Local Rules, identifying and describing in detail the way the identified prior art anticipates and renders obvious the asserted claims, how that prior art could have been combined to render as obvious each and every one of the large number of asserted claims Plaintiff identified pursuant to P.R. 3-1(a), and many reasons why one of ordinary skill in the art would have been motivated to combine such prior art.

IS's complaint is that Defendants' invalidity contentions are too long and identify too many combinations of prior art.  This does not make the contentions deficient, but instead is a direct result of IS's decision to assert hundreds of claims (including 230 claims against Amazon alone) against a collection of unrelated products from four different Defendants.  IS cites no authority that would justify striking invalidity contentions under these circumstances, and the Court should deny IS's motion on this basis alone.   IS's mischaracterizations of Defendants' invalidity contentions (addressed below) do not change this result.

The Court should also deny IS's motion for the independent reason that the relief the motion seeks is wholly unnecessary considering the Court's Model Order Focusing Patent Claims ("Focusing Order").  The Focusing Order already requires the parties to reduce their asserted claims and prior art, and it specifies when Defendants must identify specific combinations that they will rely on.  Defendants have already each elected a fraction of their prior art identified in their P.R. 3-3 invalidity contentions.  And they will whittle down that art even further in just weeks, when they make their final election, in which the Focusing Order requires Defendants to identify the specific prior art and combinations on which they will rely at trial.

IS's motion is also independently deficient in several other regards: (1) it comes over three months after IS received Defendants' invalidity contentions, two months after IS elected a reduced set of asserted claims, and one month after the Court denied IS's request to limit the Defendants to a common set of elected prior art references, all without ever raising any concern with sufficiency of Defendants' invalidity contentions; (2) IS failed to substantively meet and confer on the issues raised in its motion, where the parties could have attempted to reach a resolution; and (3) it addresses only a *single* prior art patent in Defendants' contentions, ignoring the other prior art (including other patent/publication references and product prior art) and combinations, despite seeking the drastic and unjustified remedy of striking *all* of Defendants' invalidity contentions. The Court should deny the motion.

## II.    FACTUAL BACKGROUND

In these consolidated cases, IS asserts four patents:  U.S. Patent Nos. 9,912,983 (the "'983 patent"), 9,729,918 (the "'918 patent"), 9,942,798 (the "'798 patent"), and 9,723,443 (the "'443 patent") (collectively, the "asserted patents").[1]  Those asserted patents collectively contain over 400 claims.[2]  Early in the case, when the parties had their Rule 26(f) conference, each of the Defendants requested that IS agree to limit its asserted claims.  (*See, e.g.*, Dkt. 34 at 1.)  IS argued there was no need for a limit because it would not assert an "inordinate" number of claims.  (*Id.*)

But IS did assert an inordinate number of claims: it collectively asserted hundreds of claims in its P.R. 3-1 infringement contentions, including over 230 claims against Amazon alone. (Declaration of Dargaye Churnet in Support of Opposition to Innovation Science's Motion to Strike Defendants' P.R. 3-3 Preliminary Invalidity Contentions ("Churnet Decl."), Ex. 1 (Infringement Contentions Cover Pleading).)  Those contentions vaguely accuse a slew of

---

[1] IS asserts the '983 patent against all Defendants, the '798 and '918 patent against HTC and Amazon, and the '443 patent against only Amazon.

[2] *See* '983 patent at claims 1-145; '918 patent at claims 1-136; '798 patent at claim 1-98; '443 patent at claims 1-49.

unrelated products—from Amazon's smart speakers, tablets, and set top boxes, to HTC's cellular phones, to Vector and Resideo's home security systems.  (*See id.*).  IS's infringement contentions against Amazon alone span nearly 4,000 pages and identify more than 20 accused products.  (*Id.* at ¶ 2.)

On April 17, 2019, Defendants served their P.R. 3-3 invalidity contentions.  (Dkt. 180-4 (Invalidity Contentions Cover Pldg).)  Those contentions disclose Defendants' invalidity positions as required by the Patent Rules.  The Defendants' cover pleading identifies each prior art reference that anticipates and/or renders obvious IS's asserted claims.  (*Id.* at § II.)  It also describes, over the course of nearly 30 pages, specific combinations of prior art that render the voluminous number of asserted claims obvious, and provides reasons why one of ordinary skill in the art would have been motivated to combine them.  (Dkt. 180-4 at 28-54.)  The invalidity contentions also include (i) an exhibit showing, on a reference-by-reference basis, the possible combinations that, combined with the knowledge of one of ordinary skill in the art, would render the asserted claims obvious; (ii) claim charts for each prior art reference describing how the reference anticipates asserted claims or, in the alternative, could be combined with other references to render the claims obvious; and (iii)  an exhibit showing "Prior Art Reflecting the General State of the Art."  (Dkts. 180-2, 180-1, 180-3.)  Together, these disclosures put IS fully on notice of Defendants' invalidity theories.

IS's motion to strike focuses on a single prior art reference:  U.S. Patent No. 7,136,709 to Arling ("Arling").  (*See, e.g.*, Mot. at 2-5.)  Examining the disclosures for this reference confirms that that the invalidity contentions comply with P.R. 3-3.   Indeed, Defendants provided the following identification of specific combinations and a description of the motivation to combine:

> For example, Arling discloses a "home control and automation system and method," which Arling explains "generally includes one or more wireless remote controls, a plurality of appliances (including network enabled appliances and traditional legacy appliances in the exemplary system), associated control centric devices, and associated content centric devices." Arling at Abstract. To this end, one of ordinary skill in the art would have

found it obvious to combine any of the prior art references disclosed in other invalidity claim charts prepared in this case as a simple substitution of known elements to obtain no more than their predicable results. Arling discloses the use of appliances such as "televisions, VCRs, DVRs, DVD players, cable converter boxes, amplifiers, CD players, game consoles, home lighting, drapery, fans, HVAC systems, thermostats, personal computers, security systems, network enabled automobiles, etc." *Id*. at 2:61-66. The "functional modules" for the "various system elements defined and described [in Arling]" are "capable of implementation individually or collectively in a single physical device or a software module," and control "may also be fully incorporated into any of the appliances of the home environment as a functional element." *Id*. at 3:26-35.

As such, it would have been obvious to one of ordinary skill the art to substitute or combine Arling with the disclosure of such devices and interoperability functions as disclosed in one or more of security or monitoring systems related art, such as Naidoo, Zhang, Menard, Heaton, Foodman, Choi, Severson, Yukawa, Patrick, Home Minder, PAAS, and others; television, DVR and other media content display and distribution related art, such as Jefferey, Hanko, Kuhn, Salmonsen, Sarkijarvi, Srivastava, Atarashi and others; Personal Digital Assistant, Mobile Phone, and other hand-held devices art, such as Akama, and others; and other electronic household devices and appliances, such as Lindsay, Sone, Larson '462, and others, as well as any AAPA as no more than a simple substitution of known elements or combination of prior art elements according to known methods to yield no more than their predicable results and commonly understood benefits. Such devices and their integration would have fallen within the field of technologies contemplated to be integrated into the home control and automation to which Arling was directed.

(Dkt. 180-4 at 43-44.)  In the separate combinations exhibit, Defendants provide the full set of possible combinations based on Arling.  (Dkt. 180-2 at 17-18).)

Defendants' contentions also include claim charts specifically mapping Arling to each limitation of the over 100 total asserted '983 patent claims and identifying prior art combinations and motivations to combine.  (Dkt. 180-1 (Invalidity Contentions, Ex. FF-1).)  For example, the Arling claim chart cited by Plaintiff provides the following disclosure of potential obviousness combinations:

To the extent Arling does not expressly disclose a wireless HUB system comprising a decoder wherein the decoder is configured to decompress the compressed signal, it would have been obvious to one of ordinary skill in the art to combine Arling with one or more of the disclosures in the Intel

Technical Journal to include such a wireless HUB system. One of ordinary skill in the art would have been motivated to combine the Arling reference with the disclosures in "Interoperable Home Infrastructure" in the Intel Technical Journal, Volume 6, Issue 4, published Nov. 15, 2002, ("Interoperable Home Infrastructure") (fully incorporated by reference in Arling) as a combination of prior art elements according to known methods to yield predictable results, as Arling purports to "enable advanced home control features" in such home interoperability technologies as disclosed in the Interoperable Home Infrastructure, and otherwise a teaching, suggestion, or motivation in the prior art that would have led to one of ordinary skill to modify Arling to combine these references.

(*Id.* at 26-27.)

Further, it would also have been obvious to one of ordinary skill to combine Arling with U.S. Provisional Patent Application No. 60/517,737 ("'237 App") (incorporated by reference in Arling) to include a wireless HUB system comprising a decoder wherein the decoder is configured to decompress the compressed signal. One of ordinary skill in the art would have been motivated to combine Arling with the '237 App as a reference that Arling purports to provide "a better understanding of the objects, advantages, features, properties and relationships" of the disclosed system, and would have been a combination of prior art elements according to known methods to yield predictable results, and otherwise a teaching, suggestion, or motivation in the prior art that would have led to one of ordinary skill to modify Arling to combine these references.

(*Id.* at 28.)

To the extent the foregoing disclosure(s) in Arling do not expressly disclose this limitation, a person of ordinary skill in the art would have determined that Arling inherently included this limitation, or that the limitation would have been obvious in light of Arling alone or in combination with AAPA, the knowledge of one of ordinary skill in the art, or combinations with other references for at least the reasons stated pursuant to P.R. 3-3(b) in the cover pleading and/or in the claim charts.

(*Id.* at 29.)  The charts for each of the other prior art references disclosed in the contentions also meet the P.R. 3-3 requirements.

On May 16, 2019, IS served its preliminary election of asserted claims under the Focusing Order, electing 32 claims total to assert across all Defendants.  (Churnet Decl., Ex. 2 (Plaintiff's Preliminary Election of Asserted Claims).)  Defendants then served their respective elections of

5

asserted prior art on May 31, 2019.  (*Id.*, Ex. 3 (Amazon's Preliminary Election of Asserted Prior Art); Ex. 4 (HTC's Preliminary Election of Asserted Prior Art); Ex. 5 (Resideo's Preliminary Election of Asserted Prior Art); Ex. 6 (Vector's Preliminary Election of Asserted Prior Art).) Vector and Resideo each elected 18 prior art references for the single patent asserted against them, and Amazon and HTC elected 12 prior art references or less for each of the patents asserted against them, respectively.  (*Id.*)  The prior art asserted by each Defendant overlaps considerably, particularly between Vector/Resideo and HTC/Amazon, and further, with respect to the prior art asserted by Amazon and HTC—each of whom have multiple patents asserted against them—there is near complete overlap in the prior art as to each of the multiple patents asserted against each party.[3]  (*See, e.g.*, Dkt. 127 at 1.)

On June 24, 2019, three weeks after each Defendant served its preliminary election of asserted prior art—and over two months after Defendants served their invalidity contentions—IS contended for the first time that Defendants should not be permitted to rely on obviousness combinations in their respective final elections of asserted prior art because their preliminary election of prior art did not identify specific combinations.  (Churnet Decl., Ex. 12 (Don Jackson email).)  The Focusing Order requires no such identification in the preliminary election, but IS nevertheless asserted that such a limitation should be imposed here because Defendants' invalidity

---

[3] The parties later served amended elections of asserted claims and prior art.  Amazon and HTC served amended preliminary elections of asserted prior Art on June 22, 2019 and June 24, 2019, respectively.  (Churnet Decl., Exs. 7-8.)  IS served an amended preliminary election of asserted claims on July 19, 2019, and, in response, Vector and Resideo each served an amended preliminary election of asserted prior art on August 5, 2019.  (*Id.*, Exs. 9-11.)

contentions purportedly failed to "identify specific combinations and reasons for making those specific combinations."  (*Id.*)[4]

The parties[5] conducted a conference of counsel on June 28, 2019.  Contrary to IS's counsel's Certificate of Conference, the conference was not focused on the whether the invalidity contentions "were inadequate specifically with respect to obviousness combinations and reasons for those combinations."  *See* Dkt. No. 180 at 11.  Rather, IS argued, as stated above, that the Focusing Order required Defendants to identify specific combinations of references in their preliminary election of prior art.  (Churnet Decl., Ex. 17 (Email chain between counsel for the parties).)  Defendants provided IS's counsel with authority stating conclusively that patent defendants need only disclose specific obviousness combinations with their *final* election of prior art, not with the *preliminary* election.  (*Id.* at ⁋ 15, Ex. 13 (Judge Davis's Commentary re Focusing Order Changes) at ¶ 6 ("Not imposing this requirement [of identifying combinations] for purposes of the preliminary election gives defendants increased flexibility to develop the appropriate combinations as discovery proceeds.  However, by the time of the final election, each basis for invalidity should be specifically identified.").)

During the conference, Defendants also pointed IS to the discussion of the obviousness combinations and motivation to combine in the cover pleading of their invalidity contentions.  (*Id.* at ⁋ 16; Dkt. 180-4 at 28-54.)  IS did not follow up on this issue after the conference.  (Churnet Decl. ¶ 17.)  Indeed, IS confirmed that it had no discovery issues that were "ripe" for the Court's

---

[4] Two weeks earlier, in its opposition to Vector's motion to compel, Plaintiff stated that it believed Defendants' invalidity contentions were not in compliance with the Patent Rules.  Dkt. 138 at 3-6.  Plaintiff did not notify Amazon, HTC, or Resideo at that time or any time prior to June 24, 2019 of its position that the invalidity contentions failed to identify specific combinations or reasons to combine.  (*See* Churnet Decl. at ⁋ 13.)

[5] This initial conference included counsel for all parties but Vector.  IS and Vector had a call to discuss these and other issues on July 15, 2019.

"consideration at this time" in a hearing with the Court just two business days later.  (Churnet Decl., Ex. 16 (July 2, 2019 Hrg. Tr.) at 27:4-8.)

On July 3, 2019, the Court resolved the dispute about Defendants' elections of prior art, denying IS's request to unduly limit Defendants to a common set of elected prior art, holding instead that "[e]ach Defendant is permitted to make individual elections of prior art references and Plaintiff is allowed to modify its preliminary election of asserted claims to assert specifically tailored sets of claims against each Defendant."  (Dkt. 155 at 2.)  On July 19, 2019, IS served Defendants with its Amended Preliminary Election of Asserted Claims.  Then, on July 31, 2019, over one month after the June 28 conference and over three months after Defendants served their invalidity contentions, IS filed this motion to strike.  Despite Local Rule CV-7(h) requiring as much, at no point prior to its filing did IS provide any notice of its intent to seek that relief. (Churnet Decl. at ¶¶ 16-17.)

## III.    ARGUMENT

### A.    Defendants' Invalidity Contentions Comply with the Court's Patent Rules.

Under Patent Rule 3-3, a party opposing a claim of patent infringement must serve invalidity contentions including:

- "The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious";
- "Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified"; and
- "A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found."

P.R. 3-3(a)-(c).

Defendants' invalidity contentions comply with each of these requirements:  Defendants identified each piece of prior art on which they may rely (Dkt. 180-4 at § II); attached detailed claim charts identifying and describing how each item of prior art anticipates the asserted claims and identifying the other prior art the item could be combined with to render the claims obvious (*e.g.*, Dkt. 180-1 (Arling Chart) at 26-28 (identifying specific combinations that meet individual claim elements)); and included a detailed nearly 30-pages long discussion providing reasons why one of ordinary skill in the art would be motivated to combine that art to render the claims obvious (Dkt. 180-4 at 28-54).

IS argues that while the invalidity contentions disclose "an unquantifiable number of *potential combinations*, [] *not one actual combination* is disclosed."  (Mot. at 4 (emphasis in original).)  That is false.  Rule 3-3(b) requires defendants to disclose "each such combination" that renders the claims obvious.  That is exactly what the "Combinations Exhibit" in Defendants' invalidity contentions discloses.  (Dkt. 180-2 (which is a chart identifying, for each item of prior art, a list of other prior art with which it can be combined to render the asserted claims obvious).)  But that is not the only disclosure of combinations in Defendants' invalidity contentions.

Defendants' invalidity contentions also include individual charts for each item of prior art, which state how and where the prior art meets the claim element, and often identifying other specific items of prior art within the chart that may be combined to render the claim obvious.  For example, in the charts for the Arling reference, Defendants identify specific combinations—*e.g.*, Arling with "Interoperable Home Infrastructure" in the Intel Technical Journal, Volume 6, Issue 4, published Nov. 15, 2002 and U.S. Provisional Patent Application No. 60/517,737—that a skilled artisan would combine to meet claimed requirements.  (Dkt. 180-1 at 20-22, 26-28.)  Other claim charts are similar.  *See, e.g.*, (Churnet Decl., Ex. 14 (Ex. GG-1-a to Invalidity Contentions); Ex. 15 (Ex. KK-1-a to Invalidity Contentions).)  In its motion, IS ignores these disclosures entirely.

(*See generally* Mot. at 2-6 (discussing the general Combination Chart and the Arling claim charts, but ignoring the specific combinations described in those charts).)

IS also ignores the disclosure of specific combinations motivations to combine within Defendants' P.R. 3-3 cover pleading, which Defendants highlighted and discussed with Plaintiff on the June 28 teleconference.  For example, the cover pleading explains why it would have been obvious to combine Arling, which describes a system for controlling home appliances, with specific prior art references related to security monitoring.  (Dkt. 180-4 at 44.)  It does the same for the other pieces of prior art.

IS's argument that Defendants' invalidity contentions do not comply with the rules because they lack an "element-by-element disclosure for any actual combination" is not only factually incorrect, but is also legally wrong.  (*See* Mot. at 5.)  First, the rules do not *require* an "element-by-element disclosure" of prior art combinations:  "invalidity contentions must chart each reference individually and must disclose which specific references are part of each obviousness combination, but *need not identify which reference supplies which limitation in the combination*." *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 15-cv-37-RWS-RSP, Dkt. 201 at 6 (E.D. Tex. Sept. 27, 2016).  Second, Defendants often *do* identify—on an element-by-element basis—how prior art could be combined to render the claims obvious in the claim charts.  (*See, e.g.*, Dkt. 180-1 at 26-28.)  Defendants' invalidity contentions therefore go beyond the PR 3-3 requirements for sufficiency of disclosure.

IS complains that Defendants' invalidity contentions include an exhibit listing references that show the general state of the art as of the priority date of the asserted patents, but do not describe specific combinations.  (Mot. at 5.)  But there is nothing improper about identifying such "state of the art" references, which "can legitimately serve to document the knowledge that skilled artisans would bring to bear in reading the prior art as producing obviousness." *Allergan, Inc. v.*

*Teva Pharm. USA, Inc.*, No. 15-cv-1455-WCB, Dkt. 395 at 6 (E.D. Tex. Aug. 3, 2017) (citation omitted).  Indeed, by identifying these references Defendants went above and beyond what the rules of this district require, because Defendants and their experts may rely on this kind of prior art to "show[] the state of the art at the time of the invention or rebut[] the patentee's secondary consideration evidence" even if not disclosed in invalidity contentions.  *Id.* at 7.

Ultimately, IS contends simply that Defendants have identified too many combinations and too many prior art references.  (*See, e.g.*, Mot. at 2 (describing Defendants' contention as a "massive dump of information"), 4 (describing purportedly "unquantifiable" number of combinations).)  But that alone does not justify striking of invalidity contentions:  "[t]here is nothing improper about including too many references or asserted claims in contentions, so long as each party is given adequate notice and information with which each party can litigate their cases."  *Ultravision Techs., LLC v. Lamar Adver. Co.*, No. 16-cv-00374-JRG-RSP, Dkt. 193 at 2 (E.D. Tex. Apr. 18, 2017).

IS had total control over the scope of these cases and chose, seven months in and *after* being informed by the Court that each of these cases would be subject to the Focusing Order, to make it extremely broad by asserting hundreds of claims against a wide variety of accused instrumentalities.  *See id.* (rejecting a plaintiff's argument that defendants should not be permitted to "preserve thousands of prior art combinations," and noting that plaintiff's "criticism is somewhat at odds with its own assertion of 80 claims against Defendants").  Just as in *Lamar*, Defendants put IS on notice of their invalidity defenses by "lay[ing] out specific combinations both in the cover pleading and in the claim charts."  *Id.*; *see also, e.g.*, *Elbit Sys. Land & C4I Ltd.*, Dkt. 201 at 4 (declining to strike invalidity contentions that disclosed 550 billion possible obviousness combinations where defendants provided a supplemental appendix setting out roughly

11

300 different combinations for the two asserted patents).  The invalidity contentions fully comply with the Patent Rules, and IS provides no basis to strike them.

None of the cases cited by IS applies to these facts:

- In *LML Patent Corp. v. JPMorgan Chase & Co.*, No. 08-CV-448, 2011 WL 5158285 (E.D. Tex. Aug. 11, 2011), the defendants sought to introduce new obviousness combinations after submitting expert reports, requiring supplemental expert reports and new briefing on motions to strike those reports "would potentially disrupt trial preparations by the parties and the Court." *Id.* at *5.  Here, Defendants' prior art and obviousness combinations have been disclosed by the Court's deadline, that art has already been (and will soon be further) narrowed subject to the Focusing Order, and expert reports have yet to be served.

- In *Realtime Data, LLC v. Packeteer, Inc.*, No. 08-cv-144-LED-JDL, 2009 WL 4782062 (E.D. Tex. Dec. 8, 2009), the court denied-in-part and granted-in-part a motion to strike invalidity theories.  *Id.* at *1.  The court also *denied* a motion to strike obviousness theories in an expert report where the plaintiffs similarly argued that items of prior art were "charted individually in [the defendant's] invalidity contentions, but [the defendant] did not expressly chart the *combinations* it would later rely upon." *Id.* at *2 (emphasis in original). Contrary to IS's arguments here, the court found this type of disclosure provides sufficient notice for the references to be asserted at summary judgment or trial. *Id.* at *3.  Here, Defendants invalidity contentions provided *far more* detail than the contentions found sufficient in *Realtime*:   they include specific obviousness combinations in the combination chart, a detailed description of some of those combinations and the motivation to combine them in the cover pleading, and charts of individual references showing how prior art could be combined to meet

specific claim limitations.  The court granted a motion to strike the same expert's obviousness opinions relying on a set of prior art for which the defendant provided almost no disclosure in its contentions—the references were among 541 references listed in an appendix, with a purported reservation of the right to rely on any of the references as part of an obviousness combination.  *Id.* at *2-3 & n.5.  Here, Defendants do not rely solely on a generic reservation of rights that the court found insufficient in *Realtime.*

- In *Personal Audio, LLC v. Togi Entertainment, Inc.*, No. 13-cv-13-JRG-RSP, Dkt. 251 (E.D. Tex. Aug. 6, 2014), the defendant opted not to include any specific disclosure of obviousness combinations because "it would be unduly burdensome to create detailed claim charts for the thousands of invalidating combinations," and instead provided a few exemplary combinations.  *Id.* at 2.  Here, Defendants not only identified specific combinations in underlying claim charts, but also provided 30 pages of analysis in their cover pleading regarding potential obviousness combinations.  Unlike in *Personal Audio*, Defendants do not rely solely on a "small number of 'exemplary combinations.'" *Id.*

- In *Saffran v. Johnson & Johnson*, No. 07-cv-451-TJW, Dkt. 49 (E.D. Tex. Feb. 24, 2009), the court struck invalidity contentions that "d[id] not specifically identify combinations of references that the defendants anticipate using at trial." *Id.* at 2.  The contentions in that case did not identify even a single combination of references that would invalidate the asserted claims; instead, they included 149 prior art references and stated that any number of those references invalidated the claims either alone or combined in some manner.  *See Saffran*, Dkt. 44 (Motion to Strike) at 2-4.  Here,

Defendants have identified specific combinations of prior art, both in the cover pleading, the combinations chart, and the claim charts for individual references.

- In *Whirlpool Corp. v. TST Water*, No. 15-cv-1528-JRF-RSP, Dkt. 77 (E.D. Tex. Nov. 8, 2016), the defendant sought to rely on "self-described 'buckets' of prior art corresponding to each claim element without explaining the particular motivation to combine." *Id.* at 2.  Here, in contrast, Defendants included extensive discussion of the motivation to combine in both their cover pleading and underlying charts and do not rely solely on an exhibit with "buckets" of prior art references.

Defendants' invalidity contentions provide more detail than those found lacking in these cases. These cases only confirm that IS has sufficient notice of Defendants' invalidity theories and has not provided any basis to strike them.[6]

### B.    Under the Court's Model Order Focusing Patent Claims and Asserted Prior Art, Defendants Will Soon Identify a Narrow Set of Prior Art and Combinations on Which They Will Rely.

Contrary to IS's contention, Defendants' invalidity contentions identify specific obviousness combinations and a detailed discussion of motivations to combine.  And Defendants will provide even further notice of what they intend to rely upon at trial pursuant to the Focusing Order.  (*See* Churnet Decl., Ex. 13 (Focusing Order) ¶ 3.)

Indeed, HTC and Amazon have already elected fewer than 12 items of prior art per patent, and Vector and Resideo have elected 18 items of prior art total in their respective cases.  (Churnet Decl., Exs. 7-8, 10-11 (Prior Art Elections).)  IS's contention that there are "millions of possible combinations" is a red herring given the substantially narrowed set of prior art now at issue in these cases.  (*See* Mot. at 5.)  And in several weeks, Defendants will narrow those prior art elections

---

[6] To the extent the Court is inclined to grant any portion of IS's motion, Defendants request leave to supplement their invalidity contentions to remedy any deficiencies the Court identifies. *See, e.g.*, *Whirlpool Corp.*, Dkt. 77 at 2 (granting such leave).

even further, to six items or combinations of prior art per patent and no more than 20 total in each of the HTC and Amazon cases and nine items or combinations of prior art total in each of the Vector and Resideo cases.  (Churnet Decl., Ex. 13 (Focusing Order) ¶ 3.)  For this final election, "each obviousness combination counts as a separate prior art reference."  (*Id.*)  IS will have this notice a month before it submits its rebuttal expert report addressing invalidity.  Accordingly, IS does not and cannot identify any harm caused by the Defendants' invalidity contentions.  *See, e.g.*, *Elbit Sys. Land & C4I Ltd.*, Dkt. 201 at 4 (declining to strike invalidity contentions identifying 550 billion combinations where defendants provided a supplemental appendix substantially narrowing the set of asserted prior art and combinations).

It would be improper to strike Defendants' contentions when they comply with the Local Patent Rules, are in direct response to IS's immense number of asserted claims that have been asserted against a wide variety of accused instrumentalities, have not inflicted any harm or caused any prejudice to IS, especially in light of the Focusing Order, and, if stricken, would strip Defendants' invalidity defenses.  *Cf. Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-cv-102, 2015 WL 11110610, at *2 (E.D. Tex., May 19, 2015) ("Before striking an important claim or defense, the court considers whether there is actual harm to the opposing side.  A mere presumption of harm is insufficient.").  IS's motion must be denied.

### C.    The Motion Is Improper, Untimely, and Fails to Support the Requested Relief.

IS has been on notice of Defendants' obviousness combinations for almost four months now.  It did not raise any objection after it received the invalidity contentions, through the preliminary elections of asserted claims and prior art, and claim construction briefing.  IS filed this motion without conducting a proper Conference of Counsel with Defendants as required by the Court's local rules.  (*See* Churnet Decl. at ¶ 16.)  By filing this motion at this late stage in the case, nearly four months after receiving Defendants' invalidity contentions, IS injects unnecessary and

15

burdensome motion practice as the parties prepare for the claim construction hearing and expert reports.

Indeed, in its haste to file yet another motion, IS failed to tailor its arguments and requested relief to the purported issues actually addressed in the motion.  IS claims that it "is impossible to address every one of the hundreds of alleged prior art references," but instead limits its argument to a *single* prior art publication (Arling).  (Dkt. No. 180 at 2.)  IS makes no attempt to demonstrate that it is entitled to the sweeping relief it seeks:  it seeks not only to strike combinations relying on the Arling reference, or even other disclosed combinations, but instead asks that Defendants' invalidity contentions be "stricken in their entirety."  (*Id.* at 9.)  There is no justification or legal basis for such an extreme remedy.

As one notable example of its failure to properly consider the disclosures in Defendants' invalidity contentions, IS makes no mention of the *product* prior art and combinations disclosed (and featured prominently) in the Defendants' invalidity contentions.  For example, home security systems are among the myriad accused products in these consolidated cases.  Many such systems were publicly available *prior to* IS's claimed priority dates for the asserted patents.   The contentions discuss, at length, home security systems and combinations, such as the LynxR-I Security System, the LynxR-EN Security System, and the Vista-128BP Security System developed by Honeywell, which Honeywell used, disclosed, and offered for sale before the claimed priority date of the Asserted Patents.  (Dkt. 180-4 (Invalidity Contentions Cover Pleading) at 35-39.)   Far beyond placing IS on notice of these references, Resideo already produced numerous technical support documents, customer presentations, and other publications that explained how the systems worked, and how the systems could be customized.  (*E.g., id.* at 35-36.)  The contentions go on to explain exemplary ways in which these security systems could be configured, for example, through commercially available transceivers and communication

channels advertised for that purpose, and why such components would be used and were specifically planned to be used, including public notices by the Federal Communication Commission that digital communications would replace analog communications due to the long-announced "sunset" of the analog channel.  (*See, e.g., id.* at 37.)

The contentions refer to other specific elements of the asserted claims, such as encrypted communication, status updates from wireless sensors, configuration of the system by a user, two-way voice functionality, sending status updates to remote users, including to cell phones, capturing and transmitting video, and using specific wireless protocols —all described in detail.  (*E.g., id.* at 36-38.)  Defendants also list specific patents disclosing the functionality of the Honeywell product prior art.  (*E.g., id.* at 39.)  In addition to these detailed disclosures in the contentions cover pleading, Defendants have also provided claim charts mapping each claim element to these product prior art systems.

IS offers no justification for excluding Defendants' invalidity contentions "in their entirety."  Instead, IS filed a cursory motion addressing a single prior art reference, and asks the Court to take it on faith that all disclosed references have similar deficiencies.  Such an inadequate and ill-supported motion, particularly after IS had four months to consider Defendants' invalidity contentions and raise any concerns, cannot justify the drastic relief of striking invalidity contentions in their entirety.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' respectfully request that the Court deny IS's motion to strike.

August 14, 2019

Respectfully submitted,

By: /s/ *Dargaye Churnet*

J. David Hadden
CA Bar No. 176148 (Admitted E.D. Tex.)
Email: dhadden@fenwick.com
Saina S. Shamilov
CA Bar No. 215636 (Admitted E.D. Tex.)
Email: sshamilov@fenwick.com
Ravi R. Ranganath
CA Bar No. 272981 (Admitted E.D. Tex.)
Email: rranganath@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200
Todd R. Gregorian
CA Bar No. 236096 (Admitted E.D. Tex.)
Email: tgregorian@fenwick.com

Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Tex.)
Email: dchurnet@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile:  415.281.1350

Jeffrey Ware
CA Bar No. 271603 (Admitted E.D. Tex.)
Email: jware@fenwick.com
**FENWICK & WEST LLP**
1191 Second Avenue, 10h Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile:  206.389.4511

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Defendants*
AMAZON.COM, INC.,
AMAZON DIGITAL SERVICES LLC,

AND AMAZON WEB SERVICES, INC.

/s/ Bruce Yen
Yar R. Chaikovsky
CA Bar No. 175421(admitted E.D. Tex.)
yarchaikovsky@paulhastings.com
Philip Ou
CA Bar No. 259896 (admitted E.D. Tex.)
philipou@paulhastings.com
Bruce S. Yen
CA Bar No. 277920 (admitted E.D. Tex.)
bruceyen@paulhastings.com
**PAUL HASTINGS, LLP**
1117 S. California Avenue
Palo Alto, California 94304-1106
Telephone:1(650) 320-1800
Facsimile: 1(650) 320-1900

Harry L. Gillam, Jr.
TX Bar No. 07921800
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

Attorneys for Defendant
HTC CORPORATION

/s/ Melody Drummond Hansen
J. Thad Heartfield
**The Heartfield Law Firm**
2195 Dowlen Rd
Beaumont, TX 77706
409-866-3318
409-866-5789 (fax)
thad@heartfieldlawfirm.com

Brett J. Williamson
Cameron Westin
**O'Melveny & Myers LLP - Newport
Beach, CA**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660

949-823-6900
949-823-6994 (fax)
bwilliamson@omm.com

Brian M. Berliner
**O'Melveny & Myers LLP - LA**
400 South Hope Street
Los Angeles, CA 90071
213-430-6000
213-430-6407 (fax)
bberliner@omm.com

Melody Drummond Hansen
**O'Melveny & Myers LLP Menlo Park**
2765 Sand Hill Road
Menlo Park, CA 94025
650-473-2600
650-473-2601 (fax)
mdrummondhansen@omm.com

*Counsel for Defendant*
RESIDEO TECHNOLOGIES, INC.

*/s/ Bret T. Winterle*
Bret T. Winterle
Texas Bar No. 24084249
winterle@fr.com Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Michael A. Vincent
Texas Bar No. 24105738
vincent@fr.com
Collin J. Marshall
Texas Bar No. 24109509
cmarshall@fr.com
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 Telephone
(214) 747-2091 Facsimile

*Counsel for Defendant*
**VECTOR SECURITY, INC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 14, 2019.

/s/ Raymond Pelayo
Raymond Pelayo