**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br>    Plaintiff,<br>v.<br><br>AMAZON.COM, INC., ET AL.,<br>    Defendants. | Civil Action No.4:18-cv-00474-ALM<br>*Consolidated Lead Case* |
| INNOVATION SCIENCES, LLC,<br>    Plaintiff,<br>v.<br><br>RESIDEO TECHNOLOGIES, INC.,<br>    Defendant. | Civil Action No.4:18-cv-00475-ALM<br>*Member Case* |
| INNOVATION SCIENCES, LLC,<br>    Plaintiff,<br>v.<br><br>HTC CORPORATION,<br>    Defendant. | Civil Action No.4:18-cv-00476-ALM<br>*Member Case* |
| INNOVATION SCIENCES, LLC,<br>    Plaintiff,<br>v.<br><br>VECTOR SECURITY, INC.,<br>    Defendant. | Civil Action No.4:18-cv-00477-ALM<br>*Member Case* |

**EMERGENCY MOTION FOR SANCTIONS AND TO ADJUST EXPERT
REPORT DEADLINES**

Plaintiff Innovation Sciences, LLC ("Innovation") files this emergency motion for sanctions. Defendants have violated this Court's orders governing the production of documents by producing thousands of pages after the deadline for exchange of Mandatory Disclosures. In addition, defendants have not produced witnesses on key issues necessary for preparation of Innovation's expert reports on infringement and damages. As explained below, one of the sanctions Innovation seeks is a 30-day extension of the deadlines for it to serve its expert reports. Currently, that deadline is October 30, 2019.

## I. ARGUMENT

The Court issued its Order Governing Proceedings on October 3, 2018. *See* Dkt. 10.[1] That order defines the Mandatory Disclosures as including "all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party relevant to the clams or defenses of any party." Dkt. 10 at 4. This broad language encompasses traditional paper and electronic documents as well as email. The January 4, 2019 Scheduling Order set the deadline for exchange of Mandatory Disclosures as April 11, 2019. Dkt. 38 at 1. The parties informally agreed to extend that deadline to April 17, 2019. In early April 2019, Innovation realized that the defendants did not intend to produce all documents and things by the April 17, 2019 deadline. Instead, defendants argued that the deadline for completion of their production of documents and things was August 14, 2019. Thus, Innovation scheduled a telephonic hearing on April 12, 2019 with the Court asking for clarification of the Order Governing Proceedings and the Scheduling Order, to the extend necessary.

Innovation's counsel explained that waiting to produce documents by August 14, 2019 would make it very difficult, if not impossible, to review the documents, prepare for and take the

---

[1] Substantively, the same order was entered in the Resideo, HTC, and Vector Security cases at about the same time.

necessary depositions, and fold that information and testimony into expert reports, which at the time were due on September 11, 2019.[2]

During that April 12th hearing, the Court explained that April 17, 2019 was the deadline for substantial completion of the parties' document production. *See* Exh. 1 at 7. The August 14, 2019 deadline was a deadline for supplementation. *Id.* The Court also made it clear that a party would be "sanctioned if you wait until August 14th. That is not appropriate." *Id.*

The defendants did not comply with the Court's orders, or the Court's admonition during the April 12th hearing, regarding their production of documents, ESI, and things. The following table shows the number of pages of document production by each defendant, and by time period. The table also totals each of the defendants' individual production numbers into a collective total for each period. These numbers do <u>not</u> include defendants' production of about 50,000 pages of email in the last month.

| Producing Party | Through April 30, 2019 | May 1 – July 31, 2019 | August 1-30, 2019 | Sept. 1 – October 15, 2019 |
|---|---|---|---|---|
| Amazon | 12,239 | 515 | 11,595 | 11,445 |
| Resideo | 7,491 | 129 | 0 | 23,942 |
| HTC | 8,896 | 2,087 | 5,858 | 6,977 |
| Vector | 856 | 11,654 | 123 | 10,889 |
| **Total** | **29,482** | **14,385** | **17,576** | **53,253** |

Without even counting their belated email production, the defendants have collectively produced about 46% of their documents and things since September 1, 2019. And defendants' document

---

[2] That deadline was subsequently moved to October 30, 2019. *See* Dkt. 182 at 3.

production continues. The following table shows each of the productions made by the defendants, the date of those productions, and the document identification numbers included in the production.[3]

| Date | Party | Volume No. | Bates Range |
|---|---|---|---|
| 2019-02-13 | Vector | VECTOR-IS-001 | VECTOR-IS-0000001 - VECTOR-IS-0000438 |
| 2019-02-21 | Vector | VECTOR-IS-002 | VECTOR-IS-0000439 - VECTOR-IS-0000553 |
| 2019-03-19 | Amazon | N/A | AMZ_VIS00010996 - AMZ-VIS00012156 |
| 2019-03-25 | Amazon | AMZ_VIS_lll01 | AMZ-VIS00000001 - AMZ-VIS00009842 |
| 2019-04-01 | Amazon | AMZ_VIS_III02 | AMZ_VIS00010996 - AMZ-VIS00012156 |
| 2019-04-10 | Vector | VECTOR-IS-003 | VECTOR-IS-0000554 - VECTOR-IS-0000617 |
| 2019-04-17 | Amazon | AMZ_VIS_III03 | AMZ_VIS00012157 - AMZ_VIS00012239 |
| 2019-04-17 | Amazon | AMZ-VIS_III_PA01 | AMZ-VISIII-PA00000001 - AMZ-VISIII-PA00005255 |
| 2019-04-17 | Vector | VECTOR-IS-004 | VECTOR-IS-0000618 - VECTOR-IS-0000856 |
| 2019-04-18 | Resideo | RESPA_PROD001 | ResPA0000001 - ResPA0003349 |
| 2019-04-18 | Resideo | RES_PROD001 | RES0000001 - RES0007491 |
| 2019-04-18 | HTC | DEFS001 | DEFS_00000001 - DEFS_00003113 |
| 2019-04-18 | HTC | IS-HTC001 | IS-HTC00000001 - IS-HTC00008896 |
| April 17, 2017 Deadline Plus One Day ||||
| 2019-05-17 | Amazon | AMZ_VIS_III04 | AMZ_VIS00012240 - AMZ_VIS00012387 |
| 2019-05-31 | HTC | IS-HTC002 | IS-HTC00008897 - IS-HTC00009024 |
| 2019-06-04 | Vector | VECTOR-IS-005 | VECTOR-IS-0000857 - VECTOR-IS-0000870 |
| 2019-06-06 | Vector | VECTOR-IS-006 | VECTOR-IS-0000871 - VECTOR-IS-0012025 |
| 2019-06-11 | HTC | IS-HTC003 | IS-HTC00009025 - IS-HTC00010172 |
| 2019-06-14 | HTC | IS-HTC004 | IS-HTC00010173 - IS-HTC00010235 |
| 2019-06-17 | Vector | VECTOR-IS-007 | VECTOR-IS-0012026 - VECTOR-IS-0012144 |
| 2019-06-22 | Amazon | AMZ-VIS_III_PA02 | AMZ-VISIII-PA00005256 - AMZ-VISIII-PA00005633 |
| 2019-06-28 | Amazon | AMZ_VIS_III05 | AMZ-VIS00005063 - AMZ-VIS00009841 |
| 2019-07-01 | Vector | VECTOR-IS-008 | VECTOR-IS-0012145 - VECTOR-IS-0012406 |
| 2019-07-03 | Amazon | AMZ_VIS_III06 | AMZ_VIS00012388 - AMZ_VIS00012754 |
| 2019-07-03 | Resideo | RES_PROD002 | RES0007492 - RES0007620 |
| 2019-07-03 | HTC | IS-HTC005 | IS-HTC00010236 - IS-HTC00010911 |
| 2019-07-05 | HTC | IS-HTC006 | IS-HTC00010912 - IS-HTC00010983 |
| 2019-07-08 | Vector | VECTOR-IS-009 | VECTOR-IS-0012407 - VECTOR-IS-0012510 |
| 2019-07-30 | Vector | VECTOR-IS-010 | VECTOR-IS-0012511 - VECTOR-IS-0012633 |
| 2019-08-01 | Amazon | AMZ_VIS_III07 | AMZ_VIS00012755 - AMZ_VIS00015687 |
| 2019-08-07 | Amazon | AMZ_VIS_III08 | AMZ_VIS00015688 - AMZ_VIS00024264 |

---

[3] The rows in gray correspond to email productions, which Innovation is not using as a basis for this motion.

| Date | Party | Volume No. | Bates Range |
|---|---|---|---|
| 2019-08-08 | HTC | IS-HTC007 | IS-HTC00010984 - IS-HTC00016494 |
| 2019-08-26 | Amazon | AMZ-VIS_III09 | AMZ_VIS00024265 - AMZ_VIS00024349 |
| 2019-08-27 | HTC | IS-HTC008 | IS-HTC00016495 - IS-HTC00016841 |
| 2019-08-30 | Vector | VECTOR-IS-010 | VECTOR-IS-0012511 - VECTOR-IS-0012633 |
| 2019-09-03 | HTC | IS-HTC009 | IS-HTC00016842 - IS-HTC00017174 |
| 2019-09-06 | Amazon | AMZ_VIS_III10 | AMZ_VIS00024350 - AMZ_VIS00035132 |
| 2019-09-06 | Amazon | AMZ_VIS_III11 | AMZ_VIS00035133 |
| 2019-09-06 | HTC | IS-HTC010 | IS-HTC00017175 - IS-HTC00017461 |
| 2019-09-07 | HTC | IS-HTC011 | IS-HTC00017462 - IS-HTC00017752 |
| 2019-09-10 | HTC | IS-HTC012 | IS-HTC00017753 - IS-HTC00017821 |
| 2019-09-11 | Vector | VECTOR-IS-011 | VECTOR-IS-0012634 - VECTOR-IS-0012652 |
| 2019-09-13 | Amazon | AMZ-VIS_III12 | AMZ_VIS00035134 - AMZ_VIS00035656 |
| 2019-09-13 | Amazon | AMZ-VIS_III13 | AMZ_VIS00035657 - AMZ_VIS00035662 |
| 2019-09-13 | Resideo | RES_PROD003 | RES0007621 - RES0016943 |
| 2019-09-16 | Amazon | AMZ-VIS_III14 | AMZ_VIS00035663 - AMZ_VIS00049529 |
| 2019-09-16 | Resideo | RES_PROD004 | RES0016944 - RES0017130 |
| 2019-09-17 | Amazon | AMZ-VIS_III15 | AMZ_VIS00049530 - AMZ_VIS00050413 |
| 2019-09-17 | Amazon | AMZ-VIS_III16 | AMZ_VIS00050414 - AMZ_VIS00050714 |
| 2019-09-17 | Resideo | RES_PROD005 | RES0017131 - RES0017145 |
| 2019-09-17 | Resideo | RES_PROD006 | RES0017146 - RES0017633 |
| 2019-09-17 | HTC | HAL001 | HAL_00000001 - HAL_00000524 |
| 2019-09-17 | Vector | VECTOR-IS-012 | VECTOR-IS-0012653 - VECTOR-IS-0015468 |
| 2019-09-18 | Resideo | RES_PROD007 | RES0017634 - RES0028642 |
| 2019-09-18 | Vector | VECTOR-IS-013 | VECTOR-IS-0015469 - VECTOR-IS-0020733 |
| 2019-09-19 | Resideo | RES_PROD008 | RES0028643 - RES0031854 |
| 2019-09-20 | Amazon | AMZ-VIS_III17 | AMZ_VIS00050715 - AMZ_VIS00050725 |
| 2019-09-20 | Vector | VECTOR-IS-014 | VECTOR-IS-0020734 - VECTOR-IS-0023013 |
| 2019-09-24 | Vector | VECTOR-IS-015 | VECTOR-IS-0023014 - VECTOR-IS-0023090 |
| 2019-09-25 | Resideo | RES_PROD009 | RES0031855 - RES0034765 |
| 2019-09-27 | Vector | VECTOR-IS-016 | VECTOR-IS-0023091 - VECTOR-IS-0023490 |
| 2019-10-07 | Amazon | AMZ-VIS_III18 | AMZ_VIS00050726 - AMZ_VIS00050826 |
| 2019-10-07 | Vector | VECTOR-IS-017 | VECTOR-IS-0023491 - VECTOR-IS-0040573 |
| 2019-10-08 | Resideo | RES_PROD010 | RES0034766 - RES0034774 |
| 2019-10-08 | HTC | HAL002 | HAL_00000525 - HAL_00000534 |
| 2019-10-08 | Vector | VECTOR-IS-018 | VECTOR-IS-0040574 - VECTOR-IS-0041527 |
| 2019-10-09 | Resideo | RES_PROD010 | RES0034766 - RES0034774 |
| 2019-10-09 | HTC | IS-HTC013 | IS-HTC00017822 - IS-HTC00023818 |
| 2019-10-11 | Vector | VECTOR-IS-019 | VECTOR-IS-0041528 - VECTOR-IS-0059162 |
| 2019-10-14 | Vector | VECTOR-IS-020 | VECTOR-IS-0059163 - VECTOR-IS-0059194 |
| 2019-10-15 | Amazon | AMZ-VIS_III_PA03 | AMZ-VISIII-PA00005634 - AMZ-VISIII-PA00012158 |

| Date | Party | Volume No. | Bates Range |
|---|---|---|---|
| 2019-10-15 | Amazon | AMZ-VIS_III_PA04 | AMZ-VISIII-PA00012159 - AMZ-VISIII-PA00012191 |
| 2019-10-15 | Amazon | AMZ-VIS_III_PA05 | AMZ-VISIII-PA00012192 - AMZ-VISIII-PA00012225 |
| 2019-10-15 | Amazon | AMZ-VIS_III_PA06 | AMZ-VISIII-PA00005643-N-04.001 - AMZ-VISIII-PA00005666-N-12.012 |
| 2019-10-15 | Amazon | AMZ-HTC_SUB01 | AMZ_HTC_SUB00000001 - AMZ_HTC_SUB00000021 |
| 2019-10-15 | Amazon | AMZ-VIS_III19 | AMZ_VIS00050827 - AMZ_VIS00050847 |
| 2019-10-15 | Amazon | AMZ-VIS_III20 | AMZ_VIS00050848 - AMZ_VIS00050849 |

Everything defendants' produced after the end of April 2019 violated the Court's orders. Knowing Innovation's discovery plan as Plaintiff's counsel conveyed numerous times as required under L.R. AT-3 to facilitate discovery. wanted complete document production from the defendants before taking depositions. That was the point Innovation's counsel made at the April 12 telephonic hearing. Moreover, Innovation needed the documents with enough time to properly prepare for the depositions, and take the depositions with enough time remaining before opening expert reports were due so that the testimony and other information from the depositions could be folded into the expert reports. Instead, Innovation has been taking depositions weekly since mid-September and has additional depositions scheduled through the end of October. These depositions are occurring as defendants continue to make additional document production.

      Even more egregiously, certain of the defendants have not even provided witnesses on topics such as the structure, function, and operation of the accused instrumentalities, and company financials. Amazon has not provided a witness on the way its cloud stores and associates customer data associated with the accused Echo, Fire TV, and Fire Tablet products. HTC refuses to give a date for a corporate representative on financial issues. And HTC has not provided a date for the deposition of its technical witness to discuss the structure, function, and operation of the accused phones, after HTC unilaterally cancelled the deposition date because the witness had to travel. It turns out he is traveling to the U.S. from Taiwan, but HTC made no accommodation to take this

corporate representative's deposition while in the U.S. Plaintiff now seeks relief from the Court. Without an order from the Court, HTC will not make any of its corporate representatives available both financial and technical witnesses, until November – *after* the October 30, 2019 due date for Innovation's expert reports on damages and infringement.

During the depositions Innovation has taken, Amazon's witnesses identified key economic documents that have not been produced and for which an additional deposition may be required. Innovation requested production of those documents during the witnesses' depositions in September, but based on Innovation's review of the documents produced by Amazon, those documents do not appear to be in Amazon's production yet.

With expert reports currently due on October 30, 2019, there is no chance Innovation will be able to complete all of the necessary depositions in time to get that testimony into its expert reports on damages and infringement. This problem was caused by defendants' failure to timely produce their documents in accordance with the Court's order.

Innovation has been diligent in its efforts to get documents from defendants. As an example, the following is the timeline of events Innovation took with respect to production of Amazon's documents.

**October 3, 2018** – Judge Mazzant issues "Order Governing Proceedings (Patent Cases)" (Dkt No. 10) defining Mandatory Disclosures to include "a copy of, or a description by category and location where each is available for inspection and copying, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party relevant to the claims or defenses of any party."

**January 4, 2019** – Judge Mazzant issues Scheduling Order (Dkt. No. 38) setting deadline of April 11, 2019 for "To extent not already required to be disclosed, exchange Mandatory Disclosures on all issues, including damages."

**February 22, 2019** - Innovation Sciences, LLC ("Innovation") counsel Don Jackson wrote to Amazon counsel Todd Gregorian pursuant to the practice employed in the Eastern District of Texas to request that Defendant Amazon.com, Inc. ("Amazon") produce certain documents identified in 16 specified categories ("Innovation's February 22 Letter").

6

**March 5, 2019** – Amazon counsel Jeffery Ware responded to Innovation's February 22 Letter stating that "Amazon intends to produce documents required of it in the manner and according to the timelines set forth in the local rules, order governing proceedings, and scheduling order subject to the restrictions and limits provided by Rules 26 and 34 of the Federal Rules of Civil Procedure. See Local Rules P.R. 3-3, 3-4, 3-7, 4-2 and C.V. 26; Dkt. Nos. 10, 38; Fed. R. Civ. P. 26, 34."

**March-April 2019** – Parties generally dispute when documents subject to Mandatory Disclosure are due with Innovation saying April 11, 2019 and Defendants saying August 14, 2019.

**April 12, 2019** - Telephone Conference with Hon. Amos L. Mazzant, Judge Mazzant confirmed "The Plaintiff is correct that the deadline was April 11. I know you extended it to April 17th for disclosure of all documents, including documents relating to damages and disclosures regarding that as well." April 12, 2019 Tr. at 7:14-17.

**April 17, 2019** – By this date, Amazon had produced 1229 documents. 142 of the documents were Amazon's identified prior art. The vast majority of the remaining documents nearly 1,100 documents were individual webpages that are publicly available product "Help" and "Support" pages from the current Amazon.com website. Each individual webpage was assigned a separate document number. Also, many of the nearly 1,100 documents were duplicated in the production. Almost no internal company documents were provided in this production.

**June 13, 2019** -- Innovation counsel Greg Krauss wrote to Amazon counsel Todd Gregorian ("Innovation's June 13 Letter") raising issues regarding Amazon's document production noting "[i]t appears that the bulk of Amazon's production is comprised of printouts of publicly available 'Help' and 'Support' webpages for the Accused Instrumentalities from the Amazon.com website." Letter asks for internal Amazon documents that describe structure, function and operation of the Amazon Accused Instrumentalities, schematics, technical specifications, software or firmware description documents and notes that Amazon did not even produce its FCC submission documents. 6/13 Letter at 4.

**June 21, 2019** – Innovation counsel Greg Krauss e-mailed Amazon counsel Todd Gregorian "May I have the courtesy of a response? Please provide a date and time we can meet and confer about the insufficiency of Amazon's document production. If we do not have all of Amazon's documents in 10 days we will raise the issue with Judge Mazzant."

**June 21, 2019** – Amazon counsel Todd Gregorian responds "We are reviewing the issues raised by [Innovation's] letter and will be responding next week."

**June 24, 2019** – Innovation counsel Greg Krauss e-mailed Amazon counsel Todd Gregorian "We still need a date this week to meet and confer. Amazon's documents were required to be produced by April 17th. We expect all documents by July 1, 2019."

**June 25, 2019** – Amazon counsel Sapna Mehta responds to Innovation's June 13 Letter stating, among other things "We write in response to your June 13, 2019 letter regarding Amazon's document production. ***Amazon produced documents in good faith and in accordance with the Court's requirements***. While Amazon is willing to confer regarding requests for relevant discovery proportional to the needs of the case, your letter is a form recitation of each of VIS's

document requests, without any explanation of how the requested information is relevant to the claims and defenses in this case, and made without consideration of the documents Amazon has already produced." Letter discusses other categories. Letter claims Amazon produced schematics but cites to ridiculous examples and requires Innovation to "identify the specific information – not the general types of documents—you believe to be missing in Amazon's production to date, we can consider your request and conduct additional searches if necessary." 6/25 Letter at 2. In response to Innovation's 6/13 Letter noting that "With the possible exception of [two document cites], Amazon did not produce strategic road maps…" Amazon's 6/25 Letter responds "As your letter acknowledged, Amazon did produce strategic product plans and market information related to the accused products. It is unclear what additional information [Innovation] contends it needs." 6/25 Letter at 4.

**June 28, 2019** – Parties meet and confer – Sapna Mehta for Amazon; Don Jackson and Greg Krauss for Innovation.

**June 28, 2019** – Innovation counsel Don Jackson sends follow-up e-mail to Sapna Mehta stating, among other things, "To be clear, during our meet and confer today, we reiterated that the documents we seek are all of the documents within the categories we identified plus all relevant documents as defined by the local rules and the court's orders… During our call, you repeatedly admitted that you would check whether Amazon would produce those documents, or identify them in Amazon's production. We have already checked and those documents were not produced. Due to the failure to produce on a timely basis, Amazon is already in contempt of the court's orders. Within the next three days, please confirm that all relevant documents, including those identified in our correspondence and those relevant under the court's orders and local rules, will be produced in the next 10 days. Otherwise, we will seek guidance from the court, as I indicated during our call."

**July 1, 2018** – Amazon counsel Sapna Mehta responds to Innovation counsel Don Jackson's e-mail "As I explained during our call on Friday, *Amazon produced documents in accordance with the Court's requirements*. I was still prepared to confer regarding additional documents your team needs to prepare your client's case, but unfortunately, you were not able to identify specific information and instead pointed to all categories of documents requested. But, as I explained, *Amazon already produced documents in the requested categories*… Your inability to describe what specific information is purportedly missing from Amazon's production did not provide us with an opportunity to meaningfully confer, which the Court requires before seeking the Court's intervention. We did consider and plan to make a supplemental document production shortly of the documents that you were able to identify with specificity during our call after my repeated requests to do so. We are working to produce them next week, but as I am sure you understand, it may take longer than usual to collect given the holiday this week."

**July 3, 2019** – Amazon produced an additional 28 documents comprised of 13 product schematic / block diagrams, 12 parts list spreadsheets, 2 "Business Requirements Documents" and 1 "Go to Market" ("GTM") document.

**July 31, 2019** – Innovation counsel Greg Krauss e-mailed Amazon counsel "It appears that Amazon's production of additional documents after our June 28, 2019 meet and confer is over. Amazon's last production of documents was four weeks ago on July 3, 2019. Innovation

8

believes Amazon's production remains deficient despite Amazon's representations that it has produced documents in accordance with the Court's requirements. We will seek a time from the Court to have a call with Judge Mazzant for guidance."

**August 1, 2019** – Amazon produced an additional 52 documents comprised of 30 BRD (Business Requirement Documents) for code named projects, some of which are new code names (still no "key" to the code names at this point), 13 documents/ .wav files from the VIS v. Amazon case in EDVA and 9 miscellaneous documents like "microphone best practices".

**August 2, 2019 5:44 PM EST** -- Innovation counsel Don Jackson e-mailed Amazon counsel "We contacted the court today to ask for a telephone hearing regarding some of the outstanding discovery issues. The clerk indicated that they would either provide time slots on Monday, or just set a time. If they set a time that does not work for the parties, we can ask them to reschedule the hearing."

**August 2, 2019 8:58 PM EST** – Amazon counsel Sapna Mehta responds "Which discovery issues does VIS intend to raise with the Court? *To the extent VIS requested a call regarding Amazon's document productions, VIS did not meaningfully confer before asking the Court to intervene. We made a production yesterday.* We expect to serve supplemental interrogatory responses soon and to produce additional documents over the next couple of weeks. Based on our last conversation, the materials provided should address VIS's concerns. If, after reviewing the information, VIS contends there is specific information missing, we are willing to discuss. But there isn't a dispute that is ripe to be presented to the Court now, particularly given the schedule extension.

**August 5, 2019** – Meet and confer Sapna Mehta and Tom Gorham for Amazon, Don Jackson, Greg Krauss, and Aldo Noto for Innovation.

**August 6, 2019** – Innovation counsel Greg Krauss e-mailed Amazon counsel:
"This follows up on yesterday's meet and confer call.

1. Innovation stands by the requests made in its February 22, 2019 and June 13, 2019 letters. The following specific types of documents were noted as missing/incomplete and specifically requested yesterday:

- Circuit schematic/block diagrams for each version of each Accused Instrumentality

- "Business Requirement Documents" ("BRD") or equivalent for each version of each Accused Instrumentality

- "Go to Market" ("GTM") or equivalent for each version of each Accused Instrumentality

- Documents that cross reference the internal Amazon project name (as used in circuit schematic/ block diagrams, BRDs, and other documents) with the commercial name of the Accused Instrumentality version

- Software/firmware description documents for each version of each Accused Instrumentality

9

- FCC submissions for each version of each Accused Instrumentality

- Documents reflecting revenue and profitability from content delivered through Accused Instrumentalities, including Prime membership revenue or other types of revenue in which content delivery is included as part of the payment made by the customers

- Agreements and/or contracts between Amazon (or any of its subsidiaries) and any third party regarding the provision of cloud services in connection with the Accused Instrumentalities

- Cost of Goods Sold figures not bundled with "Variable" and "Other" costs (as AMZ_VIS00010997 – 11002 does)

- "Play book" Documents like AMZ_VIS00003276 for each version of each Accused Instrumentality

- "Architecture Review" Documents like AMZ_VIS00004449, AMZ_VIS00004430 for each version of each Accused Instrumentality

- "Marketing Roadmap" Documents like AMZ_VIS00003500 for each version of each Accused Instrumentality

- "Marketing and Communication" ("MARCOM") strategy documents like AMZ_VIS00003447 for each version of each Accused Instrumentality

- Amazon's database(s) that correlate(s) Amazon account holders, their Alexa-enabled devices, and services in the Amazon ecosystem, and that shows how Amazon customers owning or using the Amazon Accused Instrumentalities, and Resideo's, HTC's, and Vector's customers owning or using the Resideo, HTC and Vector Accused Instrumentalities, actually use the accused products to monitor and/or control other devices, such as smart home devices. Innovation requests these databases for the period from August 1, 2017 for customers located in the U.S.

- Documents that describe how Alexa-enabled devices, users, and services are all correlated in the Amazon ecosystem, including the database schema(s)

2. Although not specifically discussed yesterday – documents showing Amazon's corporate structure and Organizational Charts for departments responsible for the design, manufacture, and marketing of the Accused Instrumentalities from January 1, 2015 to the present.

3. If Amazon's document production is not complete by August 21, 2019, we will schedule a discovery call with the Court to seek an order compelling production of these documents.

**August 7, 2019** -- Amazon produced a set of documents comprised of 10 sets of FCC submission documents (5 tablets, 4 Alexa/Echo devices, and the Fire TV Stick 4K.)

**August 9, 2019**-- Innovation counsel Greg Krauss e-mailed Amazon counsel "Innovation is in receipt of Amazon's August 7, 2019 document production. The production is comprised of 10 sets of FCC submission documents … As you know, there are more Accused Instrumentalities than that. By way of example, and without limiting Innovation's request or Amazon's

obligations, the production did not contain FCC submissions for the accused …, Echo Spot, Fire TV Stick 2nd Generation, Fire TV 3rd Generation, or Fire TV Cube. Please advise when Amazon will produce the missing FCC submission documents. Further, please advise which of the below documents Amazon is going to produce and when.

**August 20, 2019** (*the day before Innovation's August 21, 2019 deadline*) – Amazon counsel Sapna Mehta e-mailed Innovation counsel "Following-up on our meet and confer, we are reviewing and collecting the categories of documents you requested. We are also looking into your requests for additional FCC submissions, schematics, and business review documents, like the ones already produced, for other devices. As I mentioned during our calls, this requires coordination with several different teams at Amazon given the number of products."

**September 4, 2019** – Innovation submits discovery letter brief to Judge Mitchell.

**September 6, 2019** – Parties conduct discovery hearing with Judge Mitchell.

Innovation has diligently sought documents not only from Amazon, but also from the other defendants. But, based on the production schedule listed above, it is clear that defendant waited as long as they could to produce the bulk of their documents. If the expert report deadlines for Innovation remain unchanged, the defendants will have succeeded in their strategy to force Innovation to serve incomplete or lower quality expert reports. Innovation tried to avoid this very situation when it raised the issue of the document production deadline on the April 12, 2019 hearing with Judge Mazzant. Defendants effectively thumbed their nose at the Court's orders, and produced documents on the schedule they wanted.

Innovation seeks the following sanctions for defendants' behavior. First, the deadline for Innovation to serve its expert reports (opening and rebuttal) should be extended by 30 days. Assuming defendants cooperate on document production and scheduling depositions, this time should allow Innovation to review defendants' documents that continue to be produced, take the necessary depositions, and incorporate that testimony and information into its expert reports. Second, the defendants should be precluded from using or relying on any documents, ESI or things produced after April 2019. Defendants should not be able to profit from their refusal to follow the Court's orders. Third, defendants should be required to pay attorney's fees to Innovation for the

work done to prepare this motion, any replies to this motion, and any hearing that may be held on this motion.

For the foregoing reasons, Innovation respectfully requests that the Court find that defendants have failed to comply with the Court's order, and issue appropriate sanctions. At a minimum, those sanctions should include extending the due dates for Innovation's expert reports by 30 days once Plaintiff completes its depositions.

Dated: October 17, 2019

Respectfully submitted,

*/s/ Randall T. Garteiser*
Randall T. Garteiser
Texas Bar No. 24038912
Christopher A. Honea
Michael S. Fuller
Thomas G. Fasone, III
Garteiser Honea
119 W. Ferguson Street
Tyler, Texas 75702
Tel.: (903) 705-7420
Fax: (888) 908-4400

*Attorneys for Plaintiff Innovation Sciences, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

DATED: October 17, 2019                              */s/ Randall T. Garteiser*
                                                                           Randall T. Garteiser