# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC.<br><br>v.<br><br>AMAZON.COM, INC., et al | Civil Action No. 4:18-cv-474<br>Judge Mazzant |
| INNOVATION SCIENCES, LLC<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC. | Civil Action No. 4:18-cv-475<br>Judge Mazzant |
| INNOVATION SCIENCES, INC.<br><br>v.<br><br>HTC CORPORATION | Civil Action No. 4:18-cv-476<br>Judge Mazzant |
| INNOVATION SCIENCES, INC.<br><br>v.<br><br>VECTOR SECURITY, INC. | Civil Action No. 4:18-cv-477<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Vector Security, Inc's ("Vector") Motion to Dismiss for Lack of Standing (Dkt. #163) and Resideo Technologies, Inc.'s ("Resideo") Notice of Joinder in Vector Security, Inc.'s Motion to Dismiss for Lack of Standing (Dkt. #174). Having reviewed the motion, the notice, and the relevant pleadings, the Court finds that the motion should be denied.

**BACKGROUND**

The present lawsuit consists of four separate cases that have been consolidated for pretrial purposes. In two of those cases, Plaintiff asserts U.S. Patent No. 9,912,983 ("the '983 Patent") against Defendants Vector and Resideo (collectively "Movants"). Tiejun ("Ronald") Wang is one of several listed inventors on U.S. patent application no. 11/501,747 ("the '747 application"), which was filed on August 10, 2006. Ronald Wang is also listed as an inventor on the '983 Patent along with his sister, Tiehong Wang ("Anne Wong"). On May 10, 2017, Ronald Wang and Anne Wong executed a document purporting to assign their rights in the '983 Patent to Virginia Innovation Sciences, Inc., Plaintiff's predecessor ("VIS").

However, Ronald Wang worked for RF Micro Devices, Inc. ("RFMD") from October 2005 through September 2006, during the time the '747 application was filed. As a condition of his employment, Ronald Wang entered into an "Inventions Confidentiality and Non-Solicitation Agreement" with RFMD, which contained an invention assignment provision ("RFMD Agreement").

Plaintiff filed suit against Movants on July 5, 2018. On July 16, 2019, Vector filed the present motion to dismiss for lack of standing (Dkt. #163) and on July 25, 2019, Resideo filed its notice of joinder (Dkt. #174). Plaintiff filed its response on August 21, 2019 (Dkt. #203). On September 5, 2019, Vector and Resideo filed their reply to the motion (Dkt. #221). Finally, on September 13, 2019, Plainitff filed a sur-reply (Dkt. #239). The Court held a hearing on the motion on November 4, 2019.

**ANALYSIS**

Movants contend that Plaintiff does not have standing to bring the present suit. According to Movants, Ronald Wang's interest in the '983 Patent was assigned to RFMD pursuant to the

RFMD Agreement; thus, his purported transfer to VIS was ineffective. Because of the ineffective assignment, Movants contend that Plaintiff is, at most, a co-owner of the '983 Patent. Movants argue that all co-owners must jointly consent to bring a patent infringement suit. Because Innovation Sciences, LLC is the only plaintiff in this case, Movants assert that Plainitff lacks standing and this deficiency causes the Court to lack subject matter jurisdiction over the case against Movants.

Plaintiff counters[1] whether all co-owners are properly joined in the suit is not a jurisdictional question or even a standing question. According to Plaintiff, the standing inquiry is limited to Article III standing regarding whether there is a case and controversy. Plaintiff argues that it has properly alleged constitutional standing at the pleadings stage and that the motion should be denied on this basis.

However, Movants maintain that regardless of whether there is case or controversy pursuant to Article III, Plaintiff still lacks standing. According to Movants, the failure to join all co-owners in a patent case is a matter of prudential standing. Movants contend that the lack of prudential standing serves as a proper basis for dismissal.

Standing is a threshold subject matter jurisdictional requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992).

> Article III of the Constitution limits the federal juridical power to "Cases" or "Controversies," thereby entailing as an irreducible minimum that there be (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision.

*Biotechnology Indus. Org. v. District of Columbia*, 496 F.3d 1362 (Fed. Cir. 2007) (quoting *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 550 (1996)

---

[1] Plaintiff presents other arguments, including arguments on the merits of the assignment; however, the remaining arguments are unnecessary to address at this time.

3

(internal quotations omitted)). The Supreme Court of the United States has clarified that constitutional standing is limited to this analysis of "Article III's limitation of the judicial power to resolv[e] 'Cases' and 'Controversies.'" *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 112, 125 (2014). Thus, the Court finds whether all owners are joined as plaintiffs in the present lawsuit does not affect the constitutional standing analysis.

Here, Plaintiff argues that it has sufficiently alleged constitutional standing for purposes of defeating a motion to dismiss based on its allegation that "it owns all right, title and interest in the patent-in-suit, that Vector [and Resideo] ha[ve] infringed those rights and harmed Innovation, and that Innovation is entitled to damages that can be awarded by the Court or a jury." (Dkt. #203 at p. 7). Movants did not respond to this argument,[2] instead focusing on prudential standing as opposed to constitutional standing. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561 (citations omitted). "At the pleadings stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] the general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). Based on the facts, allegations, and arguments presented, the Court finds there to be enough facts to support constitutional standing in this case.

However, the Federal Circuit, in the past, held that when there is more than one owner, all co-owners must join in suit to establish standing, for a patent infringement suit based on the Patent Act.[3] *See, e.g.*, *Israel Bio-Eng'g Project v. Amgen, Inc*, 475 F.3d 1256, 1264–65 (Fed. Cir. 2007).

---

[2] LOCAL RULE CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by the movant and has no evidence to offer in opposition to the motion.").

[3] The Federal Circuit in *Israel* identified that 25 U.S.C. § 281 provides the general basis for standing in patent cases and further explained in *Ethicon* and *Schering* that the basis for finding co-owners must joint in suit is 35 U.S.C. § 262. *See Israel Bio-Eng'g Project v. Amgen, Inc*, 475 F.3d 1256, 1264 (Fed. Cir. 2007); *Ethicon, Inc. v. U.S. Surgical*

4

Additionally, in patent cases, the Patent Act specified that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281. "The word 'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). Moreover, "[i]n the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners." 35 U.S.C. § 262.

Subsequent to the Federal Circuit's decision in *Israel Bio-Engineering Project*, in 2014, the Supreme Court of the United States issued its decision in *Lexmark*. The Supreme Court explained that while the Article III "Cases" and "Controversies" analysis established the absolute minimum for constitutional standing, "[i]n recent decades, however, [the Supreme Court has] adverted to a 'prudential' branch of standing." 572 U.S. at 125. The Supreme Court noted that the prudential standing doctrine was not well defined. *Id.* As such, in *Lexmark*, the Supreme Court set out to "clarify[] the nature of" "prudential standing." *Id.* In so doing, the Supreme Court held that determining "as a matter of statutory interpretation, the 'scope of [a] private remedy created by" Congress . . . and the 'class of persons who [could] maintain a private damages action under' that legislatively conferred cause of action" is not a prudential standing consideration, but is instead a statutory consideration. *Id.* at 126. The Federal Circuit observed that the Supreme Court further explained this principle in a footnote:

> We have on occasion referred to [whether a plaintiff may bring suit under a certain statute] as "statutory standing" and treated it as effectively jurisdictional . . . That label is an improvement over the language of "prudential standing," since it correctly places the focus on the statute. But it, too, is misleading, since "the absence of a valid (as opposed to arguable) cause of action does not implicate

---

*Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998); *Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 344 (Fed. Cir. 1997).

5

subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case."

*LoneStar Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019) (emphasis in original) (quoting *Lexmark*, 572 U.S. at 128 n.4).[4]

Based on the Supreme Court's holding in *Lexmark*, the Federal Circuit clarified its view on standing in patent cases:

> *Lexmark* is irreconcilable with our earlier authority[5] treating § 281 as a jurisdictional requirement . . . . Where intervening Supreme Court precedent makes clear that our earlier decisions mischaracterized the effects of §281, we are bound to follow that precedent rather than our own prior panel decisions. We therefore firmly bring ourselves into accord with *Lexmark* and our sister circuits by concluding that whether a party possesses all substantial rights in a patent does not implicate standing or subject matter jurisdiction.

*Id.* (citations omitted).[6] The Federal Circuit additionally explained that its prior decisions "confuse[d] the requirements of Article III—which establish when a plaintiff may invoke the judicial power—and the requirements of § 281—which establish when a party may obtain relief under the patent laws." *Id.* at 1235–36.

Thus, regardless of whether the Court analyzes Movant's request under constitutional standing, prudential standing, or statutory standing, it is not a jurisdictional inquiry. Movants

---

[4] After *Lexmark*, "the doctrine of third-party standing or *jus tertii*, still remains in the prudential category." 33 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 8343, at 1 (2d ed. 2004). This doctrine is based on the broad principle that there should be a "general prohibition on a litigant's raising another person's legal rights." *Lexmark*, 572 U.S. at 126. Movants do not argue that this is the basis of prudential standing in this situation and the Court finds that it would not serve as the basis for prudential standing in this situation. Essentially, the argument in this case is that, under the statute, one patent owner is a plaintiff but not all owners are present, which fits squarely in line with what the Supreme Court in *Lexmark* decided is not prudential standing—the scope of a statutory remedy and who can assert a claim for that remedy. Thus, the owner-plaintiff is asserting its own legal rights and does not implicate the doctrine of third-party standing.

[5] Movants argue that the Federal Circuit decided cases after *Lexmark* still holding that joining all co-owners are required to be joined in order to have standing. *See, e.g.*, *Advanced Video Techs. LLC v. HTC Corp.*, 879 F.3d 1314, 1319 (Fed. Cir. 2018); *STC.UNM v. INTEL CORP.*, 754 F.3d 940, 946 (Fed. Cir. 2014). However, the Court finds these cases to be included in the Federal Circuit's broad statement of its "earlier authority."

[6] The Court notes that the facts of *LoneStar* are not the same facts we have here. In *Lonestar*, the Federal Circuit was presented with the scope of a licensing agreement. However, the Federal Circuit more broadly explained that "whether a party possesses all substantial rights in a patent does not implicate standing or subject matter jurisdiction." *Lonestar*, 925 F.3d at 1235. Thus, the Court finds that this case applies to the current set of facts.

requested the Court to dismiss the suit because the defect in standing resulted in the Court lacking jurisdiction.[7] Thus, there is no basis to grant the requested relief.

Nevertheless, Movants contend that their reply changes their request from a dismissal based on a lack of jurisdiction, and the Court notes that the reply does not mention jurisdiction. However, the Court does not accept new arguments, or a change of theory raised for the first time in a reply. *See generally Branch v. CEMEX, Inc.,* No. H-11-1953, 2012 WL 2357280, at *9 (S.D. Tex. June 20, 2012) (citing *Conway v. United States*, 647 F.3d 228, 237 n.8 (5th Cir. 2011)). Moreover, the Court is unsure what vehicle Movants seek to use for their motion to dismiss, if they are not using Federal Rule of Civil Procedure 12(b)(1).[8]

At the hearing, Movants additionally orally requested the Court to convert the motion to dismiss to whatever motion the Court finds appropriate. However, it is the Movants responsibility to file the appropriate motion and the Court will not convert the current motion to another motion, whatever that may be, find a new legal standard, and convert the arguments presented for a motion to dismiss into the framework of that standard. Moreover, the Local Rules state that each "motion . . . must be filed as a separate document." LOCAL RULE CV-7(a). Thus, whatever change Movants made in their reply or at oral argument is inconsequential to the Court's analysis. Because

---

[7] Movants specified that they were moving for dismissal based on a jurisdictional defect in their opening brief on several occasions: (1) "In such circumstances, the plaintiff's standing defect deprives the Court of subject matter jurisdiction." (Dkt. #163 at p. 8) (citations omitted); (2) "A challenge to standing may be raised at any time. *See, e.g.*, [FED. R. CIV. P.] 12(h)(3) ('If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.')." (Dkt. #163 at p. 8); (3) "The party invoking federal jurisdiction bears the burden of establishing [standing]." (Dkt. #163 at p. 8) (citations omitted); (4) "Because Qorvo has not voluntarily joined, Plaintiff lacks standing, the Court lacks jurisdiction over this action, and the case must be dismissed." (Dkt. #163 at p. 15); and (5) "The Court thus lacks subject matter jurisdiction, and Defendant respectfully requests that this case be dismissed." (Dkt. #163 at p. 16).

[8] Movants, in their opening brief, argued that the current motion was timely because subject matter jurisdiction can be raised at any time; however, any other motion to dismiss based on Rule 12(b) "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1361, at 92 (3d ed. 2004) ("If the defendant decides to assert a Rule 12(b) defense by motion, then he must do so before filing the answer."). Vector filed its answer on September 13, 2018 and Resideo filed its first responsive pleading on October 2, 2018.

the clearly articulated relief that can be properly considered—a motion to dismiss based on a lack of jurisdiction—is not proper, the Court finds the motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Vector Security, Inc's ("Vector") Motion to Dismiss for Lack of Standing (Dkt. #163) and Resideo Technologies, Inc.'s ("Resideo") Notice of Joinder in Vector Security, Inc.'s Motion to Dismiss for Lack of Standing (Dkt. #174) are hereby **DENIED**.[9]

**SIGNED this 18th day of November, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[9] The Court does not hold that this argument cannot be raised in another motion or that all appropriate parties are currently joined in the lawsuit; the Court merely holds that it has proper subject matter jurisdiction as there is no defect in constitutional standing, which is the only relevant inquiry for subject matter jurisdiction in this case.