# EXHIBIT 10


June 25, 2019

Sapna S. Mehta

Email smehta@fenwick.com
Direct Dial +1 650-335-7895

**VIA EMAIL**

Gregory A. Krauss
Davidson Berquist Jackson & Gowdey
8300 Greensboro Drive, Suite 500
McLean, VA 22102

Re:     *Virginia Innovation Sciences, Inc. v. Amazon.com, Inc.*, No. 4:18-cv-00474

Dear Gregory:

==We write in response to your June 13, 2019 letter regarding Amazon's document production.  Amazon produced documents in good faith and in accordance with the Court's requirements.  While Amazon is willing to confer regarding requests for relevant discovery proportional to the needs of the case, your letter is a form recitation of each of VIS's document requests, without any explanation of how the requested information is relevant to the claims and defenses in this case, and made without consideration of the documents Amazon has already produced.==

For example, you state that Amazon produced no source code.  *See* Ltr. at 4.  That is incorrect:  Amazon made its source code available for inspection *three months* ago.  *See* Mar. 14, 2019 Ware Ltr. to Jackson.  VIS has yet to review any of this code.  Before we can meaningfully confer regarding the document requests raised in your letter, VIS must identify the specific information, not already in Amazon's production, that you believe to be relevant and necessary for this case.  Nevertheless, we provide our general response to your letter below.

**1.     Operation of the Accused Products**

Amazon produced documents relevant to the operation of the accused products identified in VIS's infringement contentions.  You complain in your letter that many of these documents are publicly available.  But the fact that Amazon makes documentation about the operation of its products publicly available to its customers and partners does not make the documents any less relevant.  Moreover, contrary to your assertion, Amazon did not produce duplicate documents to give the appearance of a more extensive production.  Some of these documents are similar because VIS accuses several versions of the same product line, and the relevant documentation overlaps.  For example, Amazon produced documents showing how to connect an Echo device to a Wi-Fi network—Amazon provides similar documentation for the various versions of Echo devices that VIS accuses in this case.  In any event, Amazon did *not* limit its production to public documents.  If you believe there is any relevant information related to the operation of the accused products

that is not already in Amazon's production, please identify that information with specificity so we can consider your request.

We reviewed the designations of documents produced at AMZ-VIS00005063 through AMZ-VIS00009841. While not all the documents in this range are public documents, Amazon agrees to re-designate the publicly available documents produced in that range.

## 2. Certain Technical Documents

Amazon already produced the specific categories of technical documents you identify in your letter. *See* Ltr. at 3-4. For example, Amazon produced documents showing signal types communicated by the accused products, including at least AMZ-VIS00012126-239, and provided schematics for the accused products, including, but not limited to, AMZ-VIS00000278-283, AMZ-VIS00006593, AMZ-VIS00006613, AMZ-VIS00012157, AMZ-VIS00012160, AMZ-VIS00012239, AMZ-VIS00012250-253, AMZ-VIS00012259. And it produced technical specifications for Fire TV Stick 4K, Fire TV Gen 3, and Fire TV Cube, which are available at least at AMZ-VIS00011544-48.

In your letter, you also request *additional* "engineering drawings or blue prints," but do not explain what specific information, relevant to VIS's claims, you require. If you identify the specific information—not general types of documents—you believe to be missing in Amazon's production to date, we can consider your request and conduct additional searches, if necessary.

## 3. Customer Data

You appear to request information maintained on Amazon servers regarding how Amazon's customers "actually use the accused products to monitor and/or control other devices." Amazon will not produce information about individual customer activity; such a request is overly broad and unduly burdensome, seeks information that is not relevant to this litigation, and the burden of obtaining the information outweighs its probative value. The request also seeks disclosure of information protected by the privacy rights of non-parties or that may be subject to confidentiality agreements or protective orders. If you seek non-customer-specific information, please clarify your request.

## 4. Financial Data

Amazon long ago provided monthly sales and revenue information for the accused products. Contrary to VIS's assertion, Amazon *also* provided COGS information for the accused products. *See, e.g.*, AMZ-VIS00010996, AMZ-VIS00011011. In your letter, you contend that VIS requires "context" for that data but it is not clear what that means or why VIS would need any other information to understand these basic financials. Should it require further explanation of the financial information Amazon has produced, VIS will have the opportunity to depose Amazon's

financial witness or witnesses about the information.

As for VIS's additional request for "revenue from content delivered" through Alexa-enabled devices, Amazon will supplement its response to Interrogatory No. 12 to identify Amazon's revenue from in-skill purchases using Alexa. If you believe any other "revenue from content delivered" is relevant to this case, please identify the information with specificity and explain the basis for this contention.

Your request for Amazon's sales of Alexa-enabled *HTC* products is irrelevant. Amazon produced sales information for the *Amazon* accused products identified by VIS in its infringement contentions. That is the only basis for any damages VIS can recover from Amazon in this case.

Finally, VIS broadly requests "documents sufficient to show Amazon's US market share for the sales of the voice activated internet products and services" without limitation to the accused functionalities. This information is overly broad and irrelevant because it is not limited to the specific technology accused in this case or the technology claimed in the asserted patents. If you disagree, please explain why such information would be relevant so we can consider your request.

## 5. Awareness of the Patents

VIS's request for documents is unreasonably cumulative and duplicative of its other discovery requests. Amazon identified the date of its first awareness of the asserted patents in its response to VIS's Interrogatory No. 14. As specified in that response, Amazon became aware of the patents-in-suit only when VIS served complaints asserting them. Amazon is not aware of any other documents relevant to this topic, but to the extent such documents exist, they are in VIS's possession, custody, or control.

## 6. Agreements

Amazon will produce non-privileged, executed patent license agreements, if any, related to the accused functionality after complying with notice and confidentiality obligations to third-parties to the extent that such documents exist in Amazon's possession, custody, or control and can be identified upon a reasonable search.

It is unclear from your letter which "indemnification agreements for intellectual property . . . concerning any of the [accused] products" VIS contends are relevant. Similarly, as requested, any "agreements and/or contracts . . . regarding the manufacture or sale of any of the Accused Instrumentalities or the provision of cloud services in connection with the Accused Instrumentalities" is overly broad and seeks information not relevant to any issue here. Please describe the information VIS seeks and the relevance of the information so that we can meaningfully confer.

## 7. Strategic Plans

As your letter acknowledged, Amazon *did* produce strategic product plans and market information related to the accused products.  It is unclear what additional information VIS contends it needs.

**8.      Advice of Counsel**

Amazon will make its disclosures under PR 3-7, if any, by the September 11, 2019 deadline.

If there are remaining issues you would like to discuss, I am available to meet and confer this Friday, June 28.

Sincerely,

FENWICK & WEST LLP

*s/ Sapna S. Mehta*

Sapna S. Mehta