**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) CASE NO. 4:18-CV-00474-ALM <br> ) |
| v. | ) <br> ) |
| AMAZON.COM, INC., AMAZON DIGITAL SERVICES, LLC, and AMAZON WEB SERVICES, INC., | ) <br> ) <br> ) <br> ) |
| Defendants. | |

**DECLARATION OF RAVI R. RANGANATH IN SUPPORT OF
<u>OPPOSITION TO MOTION FOR SANCTIONS</u>**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

I, Ravi R. Ranganath, hereby declare as follows:

1. I am an associate at the law firm of Fenwick & West LLP, counsel for defendant Amazon.com, Inc., Amazon Digital Services, LLC, and Amazon Web Services, Inc. (collectively, "Amazon") in this action.

2. Amazon takes its discovery obligations seriously, as does the Fenwick team representing it in this case. In providing this declaration, I consulted my email records, the document production logs maintained by our paralegals, and other members of our team as appropriate. This declaration is based on both my personal knowledge and the results of this inquiry.

3. On March 14, 2019, Amazon made source code available for inspection for the accused products. To date, none of the experts retained by plaintiff Innovation Sciences LLC ("IS") has inspected that code. IS's counsel did not review the code until September 24, 2019, during a deposition of an Amazon corporate designee, Tim Clark. I understand that counsel continued the review for approximately four hours the following day. **Exhibit 1** is a true and correct copy of the March 14, 2019 letter from Jeffrey Ware to IS's counsel stating that Amazon source code was available for review as of that date.

4. I understand that by April 17, 2019, Amazon had produced nearly 400 documents designated as confidential, consisting of over 3,000 pages. These documents included highly sensitive financial data and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓.

5. I understand that Amazon produced the following number of documents over the time frames specified below, excluding production in response to email discovery requests:

| By April 30 | May 1-July 31 | Aug. 1-Aug. 30 | Sept. 1-Nov. 15 | Nov. 16-Dec. 15 |
|---|---|---|---|---|
| 1,226 | 59 | 353 | 940 | 74 |

1

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

6. I understand that of the seventy-four documents Amazon produced between November 16 and December 15, sixty-eight were in connection with the report of Amazon's invalidity expert, Dr. David Johnson.

7. Between April 30 and December 31, 2019, I understand that IS made twenty separate document productions, consisting of over 50,000 pages. I understand that its production prior to this time consisted in large part of publicly available patents, file histories, and papers from *inter partes* review proceedings.

8. Attached as **Exhibit 2** is a true and correct copy of a June 13, 2019 letter from Gregory A. Krauss, to Todd Gregorian. In that letter, IS requested that Amazon produce documents submitted to the Federal Communications Commission (FCC). Amazon searched for these documents and produced them on August 7, 2019 as Bates range AMZ_VIS00015688–24264. I understand Amazon produced additional FCC documents on September 6, 2019 as Bates range AMZ_VIS00024350-35132.

9. Attached as **Exhibit 3** is a true and correct copy of an August 26, 2019 letter from Jeffrey Ware to counsel for IS identifying email custodians David Jackson, Tim Clark, Omar Zarka, and Arlen Dean.

10. Attached as **Exhibit 4** is a true and correct copy of a letter from Aldo Noto dated September 11, 2019, requesting that Amazon collect and produce email from Amazon corporate designees Arlen Dean and Omar Zarka by September 16, 2019. In response, Amazon produced over 15,000 emails on September 16 and 17, within three business days of IS's request.

11. Attached as **Exhibit 5** is a true and correct copy of an October 1, 2019 email I sent to IS's counsel identifying Dave Matsumoto and Eugene Laevsky as email custodians.

12. Attached **as Exhibit 6** is a true and correct copy of an October 3, 2019 email I sent

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

to plaintiff's counsel identifying Anup Balwani and Tunji Yusuf as email custodians.

13. To date, IS has not provided search terms for the individuals Amazon disclosed on October 1 and 3, 2019, though on December 30, IS did provide search terms generally related to Alexa skill and device certification.

14. Attached as **Exhibit 7** is a true and correct copy of a November 19, 2019 email from Eric Krause to IS's counsel identifying William Beaton, Rohit Vyas, Mark Aiken, Edward Birch-Jensen, Fred Torok, Chris Decenzo, and Frank Kearney as email custodians.

15. Attached as **Exhibit 8** is a true and correct copy of the damages expert report of Stephen P. Magee and Dr. Devrim Ikizler, including selected exhibits to that report.

16. On March 18, 2019, Amazon produced a financial report ███████████ ████████████████████████████████████████████. Attached as **Exhibit 9** is a copy of that financial report, bearing Bates range AMZ_VIS00010997-11002.

17. In advance of Mr. Matsumoto's deposition, Amazon provided an update of the financial report previously produced on March 18, 2019, produced at Bates No. AMZ_VIS00050716, ████████████████████████████████████████████████ ██████████████████████. Attached as **Exhibits 10** and **11** are true and correct copies of these documents as produced.

18. On October 10, 2019, Aldo Noto sent an email requesting, among other things, that Amazon produce monthly ████████████. Amazon produced these ████████ ████████████████████████████████████████████, just twelve days later, on October 22, 2019. On the same day, Amazon produced a revised ████████████████ ████████████████████████████████████████████. Attached hereto as **Exhibits 12-15** are true and correct copies of these documents as produced. I understand that Amazon re-

3

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

produced the same documents on October 25, 2019 with an accompanying load file.

19. Attached as **Exhibit 16** is a true and correct copy of my November 21, 2019 letter to IS's counsel.

20. Attached as **Exhibit 17** is a true and correct of excerpts of the deposition transcript of Eugene Laevsky on September 20, 2019.

21. Attached as **Exhibit 18** are IS's initial disclosures, served on April 17, 2019.

22. Attached as **Exhibit 19** are IS's responses to defendant's joint first set of interrogatories.

23. Amazon produced data on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Amazon also produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. For example, Amazon produced one of these ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Attached as **Exhibit 20-22** is a true and correct copies of these documents as produced.

24. Attached as **Exhibit 23** are excerpts of the transcript of the September 6, 2019 discovery hearing before the Honorable Nicole Mitchell.

25. Amazon produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Attached as **Exhibit 24** is a true and correct copy of those documents as produced. I then had multiple telephonic conferences with counsel for IS on this issue. On such a call with Aldo Noto, counsel for IS, on October 18, 2019, IS finally articulated that it did not need any ▮▮▮▮▮▮▮ documents after all but ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Amazon quickly searched for and produced documents on those topics on October 25, 2019, as ▮

██████████████████████.

26.     Attached as **Exhibit 25** is a true and correct copy of a November 4, 2019 email from Eric Krause to IS's counsel identifying Mr. Aiken as a witness with knowledge on technical information about how Amazon ████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████.

27.     Attached as **Exhibit 26** is a true and correct copy of transcript excerpts of the parties' telephonic hearing with the Court on December 26, 2019.

28.     Attached as **Exhibit 27** is a true and correct copy of the expert report of Joseph C. McAlexander on infringement, and Attachments E and D-a thereto.

29.     Attached as **Exhibit 28** are true and correct copies of emails designating Stephen P. Magee and Devrim Ikizler on November 4 and 24, 2019, respectively.

30.     Attached as **Exhibit 29** is a true and correct copy of the 30(b)(6) deposition notice to IS in this case, dated September 10, 2019.

31.     Attached as **Exhibit 30** is a true and correct copy of email correspondence dated December 31, 2019 through January 5, 2020 between counsel for joint defendants Vector and HTC and plaintiff's counsel, Don Jackson, regarding Ms. Anne Wong's availability to sit for a deposition.

//

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10th day of January 2020, in Mountain View, California.

                                                        /s/ Ravi R. Ranganath
                                                        Ravi R. Ranganath

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

### CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020, a true and correct copy of the foregoing document was served on each party through their counsel of record via email.

    Donald Lee Jackson
    Email: djackson@davidsonberquist.com
    Alan Arthur Wright
    Email: awright@davidsonberquist.com
    Gregory Albert Krauss
    Email: gkrauss@davidsonberquist.com
    James Daniel Berquist
    Email: jay.berquist@davidsonberquist.com
    Davidson Berquist Jackson & Gowdey LLP
    8300 Greensboro Drive Suite 500
    McLean, VA 22102

    *Counsel for Plaintiff*
    Innovation Sciences, LLC

    */s/ Ravi Ranganath*
    Ravi Ranganath