**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br><br>          Plaintiff,<br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>          Defendants. | Civil Action No. 4:18-cv-00474-ALM<br>(LEAD CONSOLIDATED CASE)<br><br>JURY TRIAL DEMANDED |
| INNOVATION SCIENCES, LLC,<br><br>          Plaintiff,<br>v.<br><br>RESIDEO TECHNOLOGIES, INC.,<br><br>          Defendant. | Civil Action No. 4:18-cv-00475-ALM |
| INNOVATION SCIENCES, LLC,<br><br>          Plaintiff,<br>v.<br><br>HTC CORPORATION,<br><br>          Defendant. | Civil Action No. 4:18-cv-00476-ALM |
| INNOVATION SCIENCES, LLC,<br><br>          Plaintiff,<br>v.<br><br>VECTOR SECURITY, INC.,<br><br>          Defendant. | Civil Action No. 4:18-cv-00477-ALM |

**MOTION OF AMAZON.COM, INC., AMAZON DIGITAL SERVICES, LLC, AND
AMAZON WEB SERVICES, INC. TO STRIKE PORTIONS OF EXPERT REPORT
ON INFRINGEMENT OF JOSEPH C. MCALEXANDER III**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## **TABLE OF CONTENTS**

                                                       **Page**

I.     INTRODUCTION ...................................................................................................................1

II.    ARGUMENT........................................................................................................................1

        A.     The Court should strike Mr. McAlexander's DOE opinions because IS did not assert infringement under the DOE in its infringement contentions........................1

        B.     The Court should also strike Mr. McAlexander's DOE opinions because they are conclusory and fail to provide the requisite DOE analysis. ...............................4

III.   CONCLUSION....................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**     Page(s)

*Abbott Labs. v. Sandoz, Inc.*,
   566 F.3d 1282 (Fed. Cir. 2009)..................................................................................4

*Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*,
   811 F.3d 1334 (Fed. Cir. 2016)...............................................................................6, 7

*Arterbury v. Odessa Separator, Inc.*,
   No. 5:16-cv-00183-RWS-RSP, 2019 WL 6700978 (E.D. Tex. Jan. 22, 2019).........3

*Eolas Techs. Inc. v. Amazon.com, Inc.*,
   No. 6:15-cv-01038, 2016 WL 7666160, at *3 (E.D. Tex. Dec. 5, 2016) ..................2

*Gemalto S.A. v. HTC Corp.*,
   754 F.3d 1364 (Fed. Cir. 2014)..................................................................................4

*Genband US LLC v. Metaswitch Networks Corp.*,
   No. 2:14-cv-33-JRG-RSP, 2016 WL 3475688 (E.D. Tex. Jan. 7, 2016) ...........5, 6, 7

*GTX Corp. v. Kofax Image Prods. Inc.*,
   571 F. Supp. 2d 742 (E.D. Tex. 2008)........................................................................4

*MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*,
   420 F.3d 1369 (Fed. Cir. 2005)..................................................................................3

*Sycamore IP Holdings LLC v. AT&T Corp.*,
   No. 2:16-CV-588-WCB, 2017 WL 4517953, at *3 (E.D. Tex. Oct. 10, 2017).........3

*TC Tech. LLC v. Sprint Corp.*,
   2019 WL 2515779 (D. Del. June 18, 2019)............................................................6, 7

*UCB, Inc. v. Watson Labs. Inc.*,
   927 F.3d 1272 (Fed. Cir. 2019)..................................................................................4

*Wavetronix LLC v. EIS Elec. Integrated Sys.*,
   573 F.3d 1343 (Fed. Cir. 2009)..................................................................................4

**Other Authorities**

Fed. R. Evid. 702 ................................................................................................................5

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## I. INTRODUCTION

On December 4, 2019, IS served an expert report on infringement by Mr. Joseph McAlexander. In that report, Mr. McAlexander opines on alleged infringement under the doctrine of equivalents ("DOE"). IS did not disclose any DOE theory of infringement in its infringement contentions. The Court should therefore strike Mr. McAlexander's DOE opinions in their entirety, as it does routinely when plaintiffs fail to include DOE infringement theories in their infringement contentions. Further, Mr. McAlexander's DOE "opinions" are bare conclusions and insufficient as a matter of law to support a finding of infringement; thus, they should be stricken for this independent reason as well.

## II. ARGUMENT

### A. The Court should strike Mr. McAlexander's DOE opinions because IS did not assert infringement under the DOE in its infringement contentions.

The Court should strike Mr. McAlexander's DOE opinions because IS did not assert any infringement under the DOE in its infringement contentions. The Court's Patent Local Rules require that infringement contentions show "[w]hether *each* element of *each* asserted claim is claimed to be literally present or *present under the doctrine of equivalents* in the Accused Instrumentality." (P.R. 3-1(d) (emphases added).) IS's infringement contentions, served in February 2019, did not meet this requirement. Each of IS's 29 claim charts in those contentions only addresses *literal* infringement, and none mentions the DOE. (Plaintiffs' Disclosures Pursuant to Local P.R. 3-1 and 3-2 at Exhibits 1-29.) The cover pleading to IS's infringement contentions mentions the DOE, but only in the following boilerplate paragraph:

> Based on Innovation's current understanding of the claim language and publicly available information regarding each Amazon Accused Instrumentality, Innovation asserts that Amazon literally infringes the Asserted Claims. Any claim element not literally present in the Accused Instrumentality as set forth in the claim charts is found in those instrumentalities under the doctrine of equivalents because

1

> any differences between such claim element and the Accused Instrumentality is insubstantial and/or the Accused Instrumentality perform substantially the same function, in substantially the same way to achieve substantially the same result as the corresponding claim element(s). More specifically, the devices perform substantially the same function, in substantially the same way, to yield substantially the same result. Amazon would thus be liable for direct infringement under the doctrine of equivalents. In addition, Innovation reserves the right, pursuant to Local P.R. 3-6, to assert infringement solely under the doctrine of equivalents with respect to any particular claim element(s) if warranted by discovery received from Amazon, or a claim construction ruling from the Court, or both.

(*Id.* at 5-6.) IS amended its infringement contentions in October 2019. (Plaintiffs' Amended Infringement Contentions Pursuant to Local P.R. 3-6(a)(1).) The amended infringement contentions do not mention the DOE and offer no infringement theory under the doctrine. In other words, the above-reproduced paragraph from IS's cover pleading to its original infringement contentions is the only time IS even mentioned the DOE before serving Mr. McAlexander's expert report. Courts in this district have routinely held that such minimal boilerplate language is insufficient to assert or preserve a DOE claim under P.R. 3-1(d).

For example, in *Eolas Techs. Inc. v. Amazon.com, Inc.*, plaintiff recited similar language attempting to shoehorn in DOE theories as follows: "because the difference between the claimed inventions and Defendants' infringement, if any, are insubstantial and the accused instrumentalities perform the same function in the same way to achieve the same result as such limitations." No. 6:15-cv-01038, 2016 WL 7666160, at *3 (E.D. Tex. Dec. 5, 2016). The court held that plaintiff's "blanket statement that elements not literally infringed are 'infringed under the doctrine of equivalents . . .' does not meet the requirement of" P.R. 3-1(d). *Id.* Like plaintiff's contentions in *Eolas*, IS's boilerplate language merely paraphrases the doctrine with no analysis and "reserves the right" to assert infringement under the DOE at the time of its choosing, which the *Eolas* court held is improper. *Id.* ("Plaintiff's boilerplate language also does not reserve any special right for Plaintiff

2

to assert DOE contentions at a time of its choosing.")

Similarly, in *Sycamore IP Holdings LLC v. AT&T Corp.*, plaintiff's infringement contentions included boilerplate language stating: "To the extent that any limitation is found to be not present literally, Sycamore asserts that such limitation is present under the doctrine of equivalents." No. 2:16-CV-588-WCB, 2017 WL 4517953, at *3 (E.D. Tex. Oct. 10, 2017). The court explained that this reference to the DOE "was nothing but a placeholder" and that "[u]nder the decisions of courts in this district, that boilerplate recitation was plainly insufficient." *Id.* The court therefore struck plaintiff's expert's DOE opinions from his report. Because IS's infringement contentions are no different than those in *Sycamore*, the Court should similarly strike Mr. McAlexander's DOE opinions. *Id.*; *see also Arterbury v. Odessa Separator, Inc.*, No. 5:16-cv-00183-RWS-RSP, 2019 WL 6700978, at *1-2 (E.D. Tex. Jan. 22, 2019) (striking expert's DOE opinions because the "Court concludes that Plaintiffs did not adequately disclose the doctrine of equivalents within the infringement contentions and that good cause does not exist to allow Plaintiffs to utilize this theory now."); *MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, No. C 01–4925 SBA, 2004 WL 5363616, at *6 (N.D. Cal. Mar. 2, 2004) (precluding plaintiff from asserting infringement under the DOE or offering expert testimony of infringement under the DOE where plaintiff's infringement contentions did not assert the doctrine), *aff'd in part and rev'd in part on other grounds by* 420 F.3d 1369 (Fed. Cir. 2005).

Because neither IS's initial infringement contentions nor its amended contentions disclosed any DOE infringement theory as required by P.R. 3-1(d), and because IS cannot raise its DOE theories for the first time in its opening expert report, the Court should strike Mr. McAlexander's DOE opinions and bar him from testifying about the DOE at trial.

### B. The Court should also strike Mr. McAlexander's DOE opinions because they are conclusory and fail to provide the requisite DOE analysis.

The Court should also strike Mr. McAlexander's DOE opinions because they consist of conclusions only, without any supporting analysis.

To prove infringement under the DOE, IS must show how the accused products meet the "function, way, result" test or the "insubstantial differences" test. *Gemalto S.A. v. HTC Corp.*, 754 F.3d 1364, 1374 (Fed. Cir. 2014). To meet the "function, way, result" test, IS must show "on a limitation-by-limitation basis that the accused product performs substantially the same function in substantially the same way with substantially the same result as each claim limitation of the patented product." *Wavetronix LLC v. EIS Elec. Integrated Sys.*, 573 F.3d 1343, 1360 (Fed. Cir. 2009). Analysis on an element-by-element basis is necessary: "a generalized showing of equivalency between the claim as a whole and the allegedly infringing product or process is not sufficient." *Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282, 1296 (Fed. Cir. 2009). To meet the "insubstantial differences" test, IS must show that the differences between the accused devices and claim elements are "insubstantial." *UCB, Inc. v. Watson Labs. Inc.*, 927 F.3d 1272, 1284-85 (Fed. Cir. 2019). Specifically, IS must "provide 'particularized testimony and linking argument to show the equivalents' are insubstantially different." *Gemalto*, 754 F.3d at 1374 (quoting *AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1329 (Fed. Cir. 2007)); *GTX Corp. v. Kofax Image Prods. Inc.*, 571 F. Supp. 2d 742, 751 (E.D. Tex. 2008).

Mr. McAlexander concludes in his report that ████████████████ ████████████ Mr. McAlexander provides no supporting analysis for these conclusions. For most claims, his "analysis" is a single sentence no different than the insufficient boilerplate in IS's infringement contentions. For example, for some claims, he merely reproduces portions of the claim language itself (italicized for convenience here) and states that they are insubstantially

different from the accused products:



(Expert Report of Joseph McAlexander III Regarding Infringement ("Report") at Aa7 (emphases added).) For others, he repeats the same language and regurgitates the function-way-result test with no explanation of how it is met:



(Report at Ba7.) Most of the DOE assertions in the report follow these formats.[1] These statements do not identify the function, way, or result, and fail to provide any testimony as to the insubstantiality of any differences between the accused product and the claim limitation. Indeed, they do not even identify the differences between the claimed language and the accused products. Such "[c]onclusory opinions unsupported by 'facts or data' and based on no discernable 'principles and methods' are not admissible under Fed. R. Evid. 702" and must be stricken. *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2016 WL 3475688, at *2 (E.D. Tex. Jan.

---

[1] Report at Aa7, Aa9, Aa9, Aa11, Aa12, Aa13, Aa14, Aa16, Aa17, Aa20, Aa23, Aa24, Aa25, Aa26, Aa27, Aa27; Ab3, Ab5, Ab5-6, Ab6-7, Ab7, Ab8, Ab8, Ab9-10, Ab10, Ab11-12, Ab13, Ab14, Ab14, Ab15, Ab16, Ab16; Ba8-9, Ba10, Ba12, Ba13, Ba14, Ba15, Ba15, Ba22, Ba23, Ba25, Ba27, Ba28, Ba29-30, Ba32; Bb3-4, Bb4, Bb5, Bb6, Bb7, Bb8, Bb11, Bb12, Bb13, Bb14, Bb15, Bb15-16; Bc19; Ca3, Ca3, Ca5, Ca8-9, Ca10, Ca11, Ca12, Cb2, Cb2, Cb3-4, Cb5, Cb6-7, Cb7, Cb9; Ba7, Bb11, Bc5, Bc9, Bc12, Bc14, Bc18, Bc21, Bc22, Bc24, Bd4-5, Cc2, Cc3-4, Cc4-5, Cc6, Cc7.

7, 2016) (striking conclusory DOE infringement opinions from expert report).

For the remaining claims, Mr. McAlexander again repeats the same boilerplate language, but this time, he inserts a brief parenthetical for each step of the function, way, result test.[2] For example, Mr. McAlexander opines:



(Report at Aa3.) This again is a mere conclusion. For example, Mr. McAlexander states in this excerpt that " █████████████████████████████████████████ ██████████ without providing any analysis explaining how the two are different and why those differences are insubstantial. *Id.* For the reasons provided above, such conclusions are insufficient. *Genband US LLC* , 2016 WL 3475688, at *2 ; *see also TC Tech. LLC v. Sprint Corp.*, 2019 WL 2515779, at *11 (D. Del. June 18, 2019) (granting motion to exclude expert's DOE testimony where the DOE opinions in the expert's report were "wholly conclusory" in stating that the differences between the accused products and claims were "insubstantial" and that the function, way, result test was met without any supporting analysis). And Mr. McAlexander's parenthetical analyses are also insufficient; the Federal Circuit has rejected this "broad and scant" use of parentheticals to opine on DOE because "[b]road conclusory statements offered by [an] expert are not evidence." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1343 (Fed. Cir. 2016)

---

[2] Report at Aa3, Aa4, Aa5, Aa21-22, Ab2, Ab3-4, Ab12, Ba2-3, Ba4, Ba5, Ba17, Ba18, Ba21; Bb1, Bb2, Bb3, Bb3, Bb8-9, Bb9, Bb10; Bc2, Bc3, Bc3; Bd3, Bd3-4, Bd5, Bd6, Bd7, Bd7, Bd9, Bd10, Bd10, Bd12, Bd13, Bd14, Bd15; Cc3, Cc8, Cc10; Da4, Da4-5, Da5, Da6, Da8, Da9.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

(quoting *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1329 (Fed. Cir. 2001)).

In *Akzo*, plaintiff submitted an expert declaration supporting its opposition to defendant's motion for summary judgment of noninfringement. *Id.* at *1343. In the declaration, plaintiff's expert stated that the accused "piping and heat exchangers perform the same function (maintain the pressure) and achieve the same result (maintaining sufficient pressure to prevent boiling of the aqueous medium) in substantially the same way (by collecting the dispersed material in a contained volume) as the vessel used by the inventors in Examples 2 and 3 of the patent." *Id.* The Federal Circuit held that the declaration failed to articulate *how* the accused process operates in substantially the same way as the claimed process, "much less articulate how the differences between the two processes are insubstantial." *Id.* Here, Mr. McAlexander's brief parenthetical assertions follow the same format as the *Akzo* declaration and likewise fail to articulate what the differences are between the claim elements and the accused products or why those differences are insubstantial.

Accordingly, the Court should strike all of Mr. McAlexander's DOE opinions because they are conclusory and do not meet the requirements for showing equivalency. *See Genband*, 2016 WL 3475688, at *2.

### III. CONCLUSION

For the reasons described above, the Court should strike Mr. McAlexander's doctrine of equivalents opinions and bar him from testifying about these topics at trial.

January 13, 2020

Respectfully submitted,

By: */s/ Dargaye Churnet*
J. David Hadden
CA Bar No. 176148 (Admitted E.D. Tex.)
Email: dhadden@fenwick.com
Saina S. Shamilov
CA Bar No. 215636 (Admitted E.D. Tex.)
Email: sshamilov@fenwick.com

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Ravi R. Ranganath
CA Bar No. 272981 (Admitted E.D. Tex.)
Email: rranganath@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200
Todd R. Gregorian
CA Bar No. 236096 (Admitted E.D. Tex.)
Email: tgregorian@fenwick.com

Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Tex.)
Email: dchurnet@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile:  415.281.1350

Jeffrey Ware
CA Bar No. 271603 (Admitted E.D. Tex.)
Email: jware@fenwick.com
**FENWICK & WEST LLP**
1191 Second Avenue, 10h Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile:  206.389.4511

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Defendants*
AMAZON.COM, INC.,
AMAZON DIGITAL SERVICES LLC,
AND AMAZON WEB SERVICES, INC.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Amazon.com, Inc., Amazon Digital Services, LLC and Amazon Web Services, Inc. conferred with counsel of record for plaintiff Innovation Sciences, LLC on January 13, 2020 and plaintiff opposes the present motion.

*/s/ Dargaye Churnet*
Dargaye Churnet

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 13, 2020.

*/s/ Dargaye Churnet*
Dargaye Churnet