# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br>    Plaintiff,<br>  v.<br><br>AMAZON.COM, INC., ET AL.,<br>    Defendants. | Civil Action No.4:18-cv-00474-ALM<br>*Consolidated Lead Case* |
| INNOVATION SCIENCES, LLC,<br>    Plaintiff,<br>  v.<br><br>RESIDEO TECHNOLOGIES, INC.,<br>    Defendant. | Civil Action No.4:18-cv-00475-ALM<br>*Member Case* |
| INNOVATION SCIENCES, LLC,<br>    Plaintiff,<br>  v.<br><br>HTC CORPORATION,<br>    Defendant. | Civil Action No.4:18-cv-00476-ALM<br>*Member Case* |

**<u>INNOVATION'S MOTION FOR SUMMARY JUDGMENT AGAINST AMAZON</u>**

## I. INTRODUCTION

Plaintiff Innovation Sciences LLC ("Innovation") respectfully moves for partial summary judgment pursuant to Fed. R. Civ. P. 56(a) that the Arling reference does not incorporate by reference the *Intel Technology Journal* nor the ZigBee Specification via a footnote to an article therein. There is no genuine dispute as to any material fact relating to how the Arling reference purports to incorporate by reference the *Intel Technology Journal* and Innovation is entitled to judgment as a matter of law that the Arling reference does not effectively incorporate the *Intel Technology Journal* nor the ZigBee Specification by reference.

## II. LEGAL STANDARDS

### A. Summary Judgment

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id*. The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant

bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing Anderson, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "'significant probative evidence'" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

### B. Incorporation by Reference

To properly incorporate by reference, the Federal Circuit has noted:

> Material not explicitly contained in the single, prior art document may still be considered for purposes of anticipation if that material is incorporated by reference into the document. Incorporation by reference provides a method for integrating material from various documents into a host document—a patent or printed publication in an anticipation determination—by citing such material in a manner that makes clear that the material is effectively part of the host document as if it were explicitly contained therein. ***To incorporate material by reference, the host document must identify with detailed particularity what specific material it incorporates and clearly indicate where that material is found in the various documents.***

*Advanced Display Systems, Inc. v. Kent State University*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) (emphasis added, internal citations omitted). "Whether and to what extent material has been incorporated by reference into a host document is a question of law." Id. at 283 (citing *Quaker City Gear Works, Inc. v. Skil Corp.*, 747 F.2d 1446, 1453–54, 223 USPQ 1161, 1166 (Fed. Cir. 1984)).

### III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. The Arling reference cites to the "Intel Technical Journal" is as follows:

   > A background and overview of home interoperability technologies and projected features may be found in the Intel Technical Journal, Volume 6, Issue 4, published Nov. 15, 2002 entitled "Interoperable Home Infrastructure" which is fully incorporated by reference herein.

   Ex. 1, Arling at 1:30-35 (emphasis added). Arling's only other mention of Intel information is:

   > Though promising in their goals and objectives, the UPnP, HAVii, Intel Interoperability Infrastructure, etc. do not currently provide for many advanced control based features relating to networked home control and automation environments.

   *Id*. at 1:36-40 (emphasis added).

2. The actual name of the journal Arling purports to incorporate by reference is the *Intel Technology Journal*, not the Intel Technical Journal. Ex. 2, *Intel Technology Journal*.

3. The *Intel Technology Journal* is a 78-page publication comprised of a Preface, Forward, and 7 separate articles that are credited to 22 separate authors. *Id*.

4. The November 15, 2002 *Intel Technology Journal* includes an article entitled "Meeting the Demands of the Digital Home" that has an "Appendix A" with footnotes, including footnote 25 that states in its entirety: "25. ZigBee Alliance. http://www.zigbee.com/". *Id*. at DEFS_00001121.

### IV. ARGUMENT

#### A. The *Intel Technology Journal* is Not Effectively Incorporated by Reference Into Arling as a Matter of Law

Amazon relies on Arling as allegedly invalidating prior art to the '983, '918, and '798 Patents at issue in this case. Moreover, Amazon's expert, David B. Johnson, Ph.D. relies on Arling's purported incorporation by reference of the "Intel Technical Journal" for finding certain claim elements within Arling in his anticipation and obviousness analyses. Arling, however, does not meet the legal requirements to effectively incorporate material from the *Intel Technology Journal* document into Arling as a host document.

3

Under Federal Circuit precedent, to properly incorporate material from a document into a host document by reference "the host document ***must identify with detailed particularity what specific material it incorporates*** and ***clearly indicate where that material is found*** in the various documents." *Advanced Display Systems, Inc. v. Kent State University*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) (emphasis added, internal citations omitted). "Whether and to what extent material has been incorporated by reference into a host document is a question of law." *Id.* at 283 (citing *Quaker City Gear Works, Inc. v. Skil Corp.*, 747 F.2d 1446, 1453–54, 223 USPQ 1161, 1166 (Fed. Cir. 1984)).

Arling's cite to the "Intel Technical Journal" is as follows:

> A ***background and overview*** of home interoperability technologies and ***projected features*** may be found in the Intel Technical Journal, Volume 6, Issue 4, published Nov. 15, 2002 entitled "Interoperable Home Infrastructure" which is fully incorporated by reference herein.

Ex. 1, Arling at 1:30-35 (emphasis added). Arling's only other mention of Intel information is:

> ***Though promising in their goals and objectives***, the UPnP, HAVii, Intel Interoperability Infrastructure, etc. ***do not currently provide for*** many advanced control based features relating to networked home control and automation environments.

*Id*. at 1:36-40 (emphasis added).

There are at least 4 reasons the Arling reference does not effectively incorporate the *Intel Technology Journal*.

*First*, the obvious purpose of requiring that an incorporation by reference be "identif[ied] with detailed particularity" (*Advanced Display Systems* at 212 F.3d at 1282) is for others to be able to locate the document and the material to be relied on within the document. Arling specifically cites the "Intel Technical Journal." That is a misnomer; such a journal does not exist. A person looking for "Intel Technical Journal" would never find it. The document that Arling presumably intended to incorporate by reference is called the "*Intel Technology Journal*." Ex. 2. Arling does not meet the incorporation by reference standard of identifying the *Intel*

4

*Technology Journal* with detailed particularity because it instead identifies a non-existent journal.

**Second**, assuming Arling intended to incorporate by reference material from the *Intel Technology Journal* produced in this case as DEFS_00001055-1132 (Ex. 2), Arling fails to do so effectively. As can be readily seen by Ex. 2, the *Intel Technology Journal* is a voluminous 78-page publication comprised of a Preface, Forward, and 7 separate articles that are credited to 22 separate authors. Arling's general reference to the voluminous *Intel Technology Journal* publication is not sufficient to incorporate any specific portion of it. "Under [the *Advanced Display Systems*] standard, a general reference to a voluminous publication is not sufficient to incorporate by reference a specific portion of [the voluminous publication] document. That is because such a reference does not identify with 'detailed particularity' what 'specific material' it incorporates into the host document. Nor does a general reference indicate 'where' that material is found in the allegedly incorporated document." *SkinMedica, Inc. v. Histogen Inc.*, 2011 WL 2066619, at *7 (S.D. Cal. 2011), *aff'd*, 727 F.3d 1187, 1207 (Fed. Cir. 2013). Arling does not identify with detailed particularity what specific material from the 7 articles by 22 authors in the 78-page *Intel Technology Journal* it incorporates. Failing to meet that standard, material from the *Intel Technology Journal* is not effectively incorporated into Arling as the host document.

**Third**, again assuming Arling intended to incorporate by reference the *Intel Technology Journal*, that document is aspirational in nature and, as admitted by Arling, covers ***projected features*** and does not reflect what actually existed in the prior art at the time of its November 15, 2002 publication. Ex. 1, Arling at 1:30-33. This emphasizes the necessity for Arling, as a host document, to "identify with detailed particularity what *specific material* it incorporates and clearly indicate *where that material is found*" (*Advanced Display Systems*, 212 F.3d at 1282) so that existing technology and non-existent aspirational technology are distinguished for prior art purposes. Arling itself notes that "[t]hough *promising in their goals and objectives*, the … Intel Interoperability Infrastructure, etc. *do not currently provide* for many advanced control based features relating to networked home control and automation environments." Ex. 1, Arling at

1:36-40. The Preface to the *Intel Technology Journal* couches the entire publication in terms of the "not-so-distant future" and references "as-yet-to-be created gadgets." Ex. 2 at DEFS_00001057. The Preface notes "[t]hese *new possibilities* for a wide range of products and services *are under development* today. The digital home *is possible* if consumer-electronics manufacturers and computer companies start integrating networking technologies into products." *Id.* Dr. Johnson, Amazon's expert, relies on multiple articles from the *Intel Technology Journal*. The article for the claim elements of encoding, decoding, compression and decompression is on its face talking about future technology. *Id.* at DEFS_00001060 ("*In the future*. these two clusters will increasingly communicate with each other and form the basis for what we refer to as the Digital Home;" "The *new home devices that emerge will combine* the power of the PC . . . with . . . CE devices. . . This will result in a number of innovative usage scenarios…"). The same is true for the article relied on by Amazon's expert Dr. Johnson for the claim elements requiring a short range wireless communication via ZigBee. *Id.* at DEFS_00001111 ("*In the near future*, homes *will be* equipped with wireless networks;" "to support these demanding usage models, significant *wireless networking innovations are required*;" "Finally, we provide an *outline of the key technology problems that must be solved*").

Given the forward-looking nature of the *Intel Technology Journal*, any specific technical material regarding existing prior art technology to be incorporated into Arling should have been identified *with detailed particularity* and Arling should have clearly indicated *where that material is found* within the document. Because Arling fails to do so, the *Intel Technology Journal* must be treated as a separate reference, a separate reference for use in a distinct obviousness combination under 35 U.S.C. §103. Amazon did not disclose the *Intel Technology Journal* as a separate reference in either its May 31, 2019 Preliminary Election of Asserted Prior Art or its December 4, 2019 Final Election of Asserted Prior Art.

B. **The ZigBee Alliance Specification is Not Incorporated by Reference Into The *Intel Technology Journal* Which is Not Effectively Incorporated by Reference Into Arling as a Matter of Law**

Amazon's reliance on Arling's incorporation of the misnamed *Intel Technology Journal* to meet the asserted claims' limitation of a short range wireless communication via ZigBee is even more attenuated, indeed having *seven* steps of attenuation. Amazon's expert Dr. Johnson incorporates into his invalidity position: (i) details from an undisclosed specification (ZigBee Specification prior to November 2002), (ii) based on an undisclosed homepage of the ZigBee Alliance website (prior to November 15, 2002) which does not disclose the ZigBee Specification, (iii) cited in a footnote (fn. 25), (iv) in an Appendix (Appendix A), (v) to an article (entitled "Meeting the Demands of the Digital Home"), (vi) in the November 15, 2002 "Intel Journal," (vii) referenced in Arling. Specifically, Dr. Johnson states:

> The Intel Journal, which Arling fully incorporated by reference, discloses that "[r]econfigurable radios should then be configurable to handle 802.11 a,b,g, low-rate consumer devices (lower requirement than 802.11) [25], and perhaps future high-data-rate (~100-500 Mbps) wireless personal area networks [1] and USB standards." Intel Journal at 66-67. Footnote 25 there cites "ZigBee Alliance. http://www.zigbee.com/." *Id*. Based on this disclosure and the knowledge of a person of skill of the ZigBee Specification as discussed in detail in Section IX above, a person of ordinary skill would have recognized that ZigBee would be one option for the short range wireless communication system disclosed in Arling. *See generally* ZigBee Specification (publicly available prior to the effective filing date of the asserted patents); Tiejun Wang Dep. Tr. at 63:24-25 (named inventor of each asserted patent admitted he did not invent ZigBee).

Ex. 3, Johnson Report at ¶ 329. The Appendix at pages 66-67 of the *Intel Technology Journal* is purely aspirational. Immediately preceding the portion cited by Dr. Johnson in ¶ 329 of his report, the Appendix discusses "Reconfigurable Radios" and notes "[s]upport for a wide variety of consumer wireless PHY/MAC layers *will be possible*… So an *example radio might have* a very flexible PHY/MAC … and *it might* use a common technique like 802.11…" Ex. 2 at DEFS_00001120. Arling does not itself disclose short range wireless communication via ZigBee to manage the status of a household item. In order to meet the ZigBee claim limitation, Amazon and Dr. Johnson rely on footnote 25 citing the ZigBee Alliance homepage in an

7

aspirational Appendix to one of 7 articles in the *Intel Technology Journal*, purportedly incorporated by reference in Arling for ***projected features***. Further, the footnote is a citation to a single webpage, the home page of the ZigBee Alliance as it existed prior to the November 15, 2002 publication of the *Intel Technology Journal* not a citation to the ZigBee Specification itself. The ZigBee Specification was a separate standalone document. In fact, the ZigBee Alliance homepage from the relevant time period does not even mention the ZigBee Specification. Ex. 4, ZigBee Alliance homepage, 2002. Further, the ZigBee Specification was at best an unratified draft and only available to members of the Alliance, not the general public. Even Dr. Johnson concedes that it wasn't until 2005 that ZigBee Specification 1.0 was available -- "In 2005, the ZigBee Alliance, a group of companies that maintain and publish the ZigBee standard, announced the availability of the ZigBee 1.0 specification." Ex. 3, Johnson Report at ¶ 141. This announcement of the 2005 first ratified ZigBee 1.0 specification occurs well after the November 15, 2002 publication date of the *Intel Technology Journal* and therefore this ZigBee specification cannot be referenced, let alone incorporated by reference into the *Intel Technology Journal* for further incorporation by reference into Arling. Amazon and Dr. Johnson fail to provide a copy of the ZigBee Alliance homepage that existed at the relevant time or a copy of any unratified draft of the ZigBee Specification that may have existed at the time of publication of the *Intel Technology Journal*. Just as the *Intel Technology Journal* is not effectively incorporated by reference into Arling, neither is the ZigBee Specification effectively incorporated by reference into the *Intel Technology Journal*. *See*, *Commonwealth Scientific & Indus. Research Org. v. Buffalo Tech. (USA), Inc.*, 542 F.3d 1363, 1372 (Fed. Cir. 2008) (footnote citation not an incorporation by reference of all of the material set forth in the footnoted reference).

      For the forgoing reasons, Innovation is entitled to judgment as a matter of law that the Arling reference does not effectively incorporate the *Intel Technology Journal* nor the ZigBee Specification by reference.

Dated:  February 25, 2020									Respectfully submitted,

/s/ *Donald L. Jackson*
Donald L. Jackson
VA Bar No. 42,882 (Admitted E.D. Tex.)
James D. Berquist
VA Bar No. 42,150 (Admitted E.D. Tex.)
Gregory A. Krauss
VA Bar No. 84839 (Admitted E.D. Tex.)
Aldo Noto
VA Bar No. 31,567 (Admitted E.D. Tex.)
Alan A. Wright
VA Bar No. 46506 (Admitted E.D. Tex.)
Davidson Berquist Jackson & Gowdey LLP
8300 Greensboro Dr., Suite 500
McLean, Virginia 22102

*Attorneys for Plaintiff Innovation Sciences, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


DATED: February 25, 2020                            */s/ Donald L. Jackson*
                                                    Donald L. Jackson