**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br>　　　　Plaintiff,<br>　v.<br><br>AMAZON.COM, INC., ET AL.,<br>　　　　Defendants. | Civil Action No.4:18-cv-00474-ALM<br>*Consolidated Lead Case* |
| INNOVATION SCIENCES, LLC,<br>　　　　Plaintiff,<br>　v.<br><br>RESIDEO TECHNOLOGIES, INC.,<br>　　　　Defendant. | Civil Action No.4:18-cv-00475-ALM<br>*Member Case* |
| INNOVATION SCIENCES, LLC,<br>　　　　Plaintiff,<br>　v.<br><br>HTC CORPORATION,<br>　　　　Defendant. | Civil Action No.4:18-cv-00476-ALM<br>*Member Case* |

**INNOVATION SCIENCES' MOTION TO STRIKE
OPENING EXPERT REPORT OF DAVID B. JOHNSON, PH.D.**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. LEGAL STANDARDS .......................................................................................................... 2

III. ARGUMENT .......................................................................................................................... 4

    A. THE JOHNSON REPORT INTRODUCES INVALIDITY ARGUMENTS NOT ELECTED IN AMAZON'S FINAL ELECTION OF ASSERTED PRIOR ART ................................................................................................................ 4

    B. THE JOHNSON REPORT RELIES ON CHUN WHICH WAS NOT ELECTED IN AMAZON'S PRELIMINARY ELECTION OF ASSERTED PRIOR ART AND NOT IDENTIFIED AS PRIOR ART AGAINST THE '918 AND '798 PATENTS IN AMAZON'S P.R. 3-3 INVALIDITY CONTENTIONS ................................................................................. 5

    C. THE JOHNSON REPORT RELIES ON PRIOR ART COMBINATIONS THAT WERE NOT SPECIFICALLY IDENTIFIED OR CHARTED IN AMAZON'S APRIL 17, 2019 P.R. 3-3 INVALIDITY CONTENTIONS ............ 6

    D. THE JOHNSON REPORT ASSERTS MOTIVATIONS TO COMBINE REFERENCES BUT NO SUCH MOTIVATIONS WERE PROVIDED IN AMAZON'S APRIL 17, 2019 P.R. 3-3 INVALIDITY CONTENTIONS ................................................................................................................. 8

    E. DR. JOHNSON RELIES ON THE *INTEL TECHNOLOGY JOURNAL* WHICH WAS NOT EFFECTIVELY INCORPORATED INTO ARLING, NOT IDENTIFIED IN AMAZON'S P.R. 3-3 INVALIDITY CONTENTIONS, AND NOT ELECTED IN AMAZON'S FINAL ELECTION OF ASSERTED PRIOR ART ........................................................... 9

    F. DR. JOHNSON RELIES ON IMPROPER INCORPORATION OF THE *INTEL TECHNOLOGY JOURNAL* TO MEET THE ZIGBEE CLAIM LIMITATION BY FURTHER IMPROPERLY INCORPORATING BY REFERENCE AN UNDISCLOSED ZIGBEE SPECIFICATION WHICH WAS NOT ELECTED IN AMAZON'S FINAL ELECTION OF ASSERTED PRIOR ART ................................................................................... 12

    G. THE JOHNSON REPORT SHOULD BE STRUCK BECAUSE THE "HAL SYSTEM" RELIED ON IS NOT AS DISCLOSED UNDER P.R. 3-3 ....................................................................................................................... 14

IV. CONCLUSION ..................................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Advanced Display Systems, Inc. v. Kent State University*,
    212 F.3d 1272 (Fed. Cir. 2000) .......................................................................... 10, 11, 12

*Commonwealth Scientific & Indus. Research Org. v. Buffalo Tech. (USA), Inc.*,
    542 F.3d 1363 (Fed. Cir. 2008) ...................................................................................... 15

*Cypress Lake Software, Inc. v. Samsung Electronics America, Inc.*,
    2019 WL 6700855 (E.D. Tex. 2019) ............................................................................ 4, 8

*Huawei Technologies Co. Ltd. v. T-Mobile US, Inc.*,
    2017 WL 4619791 (E.D. Tex. 2017) ............................................................................ 3, 8

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006) .................................................................................... 3, 8

*Quaker City Gear Works, Inc. v. Skil Corp.*,
    747 F.2d 1446 (Fed. Cir. 1984) ....................................................................................... 10

*SkinMedica, Inc. v. Histogen Inc.*,
    2011 WL 2066619 (S.D. Cal.2011), *aff'd*, 727 F.3d 1187 (Fed. Cir. 2013) .................... 12

**Statutes**

35 U.S.C. § 103 .......................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 16(f) ................................................................................................................... 3
Fed. R. Civ. P. 37(b)(2)(B) ........................................................................................................ 3
Local Patent Rule 3-3 ...................................................................................................... 3, 6, 7, 8
Local Patent Rule 3-6 ................................................................................................................ 4

I.     **INTRODUCTION**

Plaintiff Innovation Sciences LLC ("Innovation") respectfully asks this Court to strike the *Opening Expert Report of David B. Johnson, Ph.D.* ("Johnson Report") served by defendants Amazon.com, Inc., Amazon Digital Services, LLC, and Amazon Web Services, Inc. (collectively "Amazon") on December 4, 2019 for the following reasons: (a) the Johnson Report introduces invalidity arguments not elected in Amazon's December 4, 2019 Final Election of Asserted Prior Art; (b) the Johnson Report relies on the Chun reference as prior art against the '983, '918, and '798 Patents, but Chun was not elected in Amazon's May 31, 2019 Preliminary Election of Asserted Prior Art[1], and was never identified as prior art against the '918 and '798 patents in Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions; (c) the Johnson Report relies on prior art combinations that were not *specifically* identified or charted in Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions; (d) the Johnson Report asserts motivations to combine references, but no such motivations were provided in Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions; (e) the Johnson Report relies on an Intel Technical Journal reference, but the reference itself and anything a person of ordinary skill in the art could learn from the reference are not identified in Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions nor elected in Amazon's December 4, 2019 Final Election of Asserted Prior Art; and (f) the HAL 2000 and HAL Digital Video Center combination identified in Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions and the "HAL System" identified and used in the Johnson Report are not the same.

The purpose of the "Model Order Focusing Patent Claims and Prior Art to Reduce Cost" is to reduce litigation cost by systematically reducing the number of patent claims, prior art references, and invalidity challenges asserted as the case progresses. Amazon has broken the rules in each step required by the Model Order's focusing process, leading to the Johnson Report now opining on prior art and combinations that were not specifically identified and charted and which lacked a reason for a motivation to combine, and that were not elected by Amazon.

---

[1] Amazon claims to have served an amended Preliminary Election of Asserted Prior Art on June 22, 2019 that added the Chun reference, but never sought leave to do so as required by P. R. 3-6(b). Ex. 10, Amazon December 25, 2019 Letter Brief at 5. That election should be stricken.

Amazon's April P.R. 3-3 Invalidity Contentions identified hundreds of thousands, if not millions, of possible prior art combinations, without any identification or charting of *specific* combinations they are now relying on, and without providing a *single* motivation to combine any specific references. Innovation moved to strike Amazon's (and the other Defendants') P.R. 3-3 Invalidity Contentions on July 31, 2019. See Doc. No. 180. That motion is fully briefed and still pending. No useable information on 35 U.S.C. § 103 combinations could be divined from the P.R. 3-3 Invalidity Contentions. This was followed by Amazon's May 31, 2019 Preliminary Election of Asserted Prior Art, which abandoned the Chun reference despite Dr. Johnson's reliance on Chun in his expert report. Amazon then filed First Amended Invalidity Contentions on October 29, 2019 that Amazon claims it was "permitted to serve … without leave of Court in view of IS's Amended Infringement Contentions served on October 9, 2019 and in view of the Court's Claim Construction Memorandum Opinion and Order," but the amended contentions do not explain why Amazon "believes in good faith that the Court's Claim Construction Ruling so requires" such amendment as required by P.R. 3-6(a)(2)(B). Amazon's October 29, 2019 First Amended Invalidity Contentions are well beyond any changes required by the Court's claim construction and stray well beyond both Amazon's P.R. 3-3 Invalidity Contentions and its Preliminary Election of Prior Art. Amazon's October 29, 2019 First Amended Invalidity Contentions fail to save Amazon from Innovation's July 31, 2109 Motion to Strike Invalidity Contentions.

## II. LEGAL STANDARDS

Local Patent Rule 3-3 requires, in pertinent part:

> . . . each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions" which must contain the following information:
>
> (a) **The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.** Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and

>received the offer, or the person or entity which made the information known or to whom it was made known….
>
>(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. *If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified*;
>
>(c) *A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found*…

Local Patent Rule 3-3 (emphasis added).

P.R. 3-3 Invalidity Contentions serve the purposes of providing notice of the invalidity contentions, narrowing the issues in the case, and setting boundaries for trial. *Huawei Technologies Co. Ltd. v. T-Mobile US, Inc.*, 2017 WL 4619791, at *2 (E.D. Tex. 2017) ("[N]otice is not the only purpose of invalidity contentions. Like interrogatory responses, contentions narrow issues and set boundaries for trial").

As this Court noted in *Huawei Technologies*:

>Local Patent Rule 3-3 requires a party charged with infringement to 'identify each item of prior art that allegedly anticipates each asserted claim or renders it obvious.' P.R. 3-3(a). The party's invalidity contentions must also include '[a] chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found.' *Id*. 3-3(c). Local patent rules 'are essentially a series of case management orders.' *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). If a party fails to obey such an order, the court 'may impose any 'just' 'sanction' ... including 'refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.'" *Id*. (quoting Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(B)).

*Huawei Technologies*, 2017 WL 4619791 at *1.

An expert report that relies on improperly disclosed invalidity theories or exceeds the scope of invalidity contentions is subject to a motion to strike. "A motion to strike an expert report is the appropriate avenue to challenge improper reliance on undisclosed documents or invalidity theories. There, the Court can consider how the expert relies on cited documents and whether the expert is exceeding the scope of the invalidity contentions." *Cypress Lake Software, Inc. v. Samsung Electronics America, Inc.*, 2019 WL 6700855, at *1 (E.D. Tex. 2019) (emphasis

3

added).

Local Patent Rule 3-6 addresses when a party can amend contentions. P.R. 3-6(b) provides:

> (b) **Leave required.** Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause.

### III. ARGUMENT

#### A. THE JOHNSON REPORT INTRODUCES INVALIDITY ARGUMENTS NOT ELECTED IN AMAZON'S FINAL ELECTION OF ASSERTED PRIOR ART

Amazon's December 4, 2019 Final Election of Asserted Prior Art (Ex. 1) elects distinct and specific combinations of prior art, as it should. The problem is that for the '983, '918, and '798 Patents, the Johnson Report opines about combinations of prior art references that were never elected in Amazon's Final Election of Asserted Prior Art. The Court invited this Motion to Strike as the appropriate way of handling opinions in the Johnson Report that exceed Amazon's Final Election. December 26, 2019 Telephonic Hearing Transcript at 25:15-17 ("Well, you're welcome to file it, if you want to file a motion to strike. That's usually the way I see it, as to opinions in the report that exceed the disclosures").

Exhibit 2 to this Motion is a table that compares the prior art combinations finally elected by Amazon in their Final Election of Asserted Prior Art with combinations in the Johnson Report. As seen in Exhibit 2. The above comparisons reveal that the Johnson Report is much more expansive than Amazon's Final Election of Asserted Prior Art for the '983, '918, and '798 Patents, and violates both the spirit and letter of the Model Order Focusing Patent Claims and Prior Art to Reduce Cost.

The Johnson Report sets forth each of Arling, Krzyzanowski, Chun, and Laksono as single references, and opines that each *alone* or in combination invalidate the asserted claims. Worse, the Johnson report asserts various combinations using "and/or" such that each of the combinations can comprise 2, 3, or 4 references. In contrast, Amazon's Final Election of

4

Asserted Prior Art only elected Arling as a single reference against the '798 patent. Ex. 1 at 2. The Johnson Report's current assertion of Arling alone against the '918 and '983 Patents, and assertion of each of Krzyzanowski, Chun, and Laksono "alone," is an unwarranted expansion beyond Amazon's final election. Moreover, Amazon's Final Election of Asserted Prior Art elected combinations of *at most* 2 references (*id.*), so that every "and/or" opinion in the Johnson Report inappropriately expands, and is broader than, Amazon's final elections.

The Johnson Report also strays well beyond the limits of the Model Order and defeats the very "focusing" purpose of the Model Order. The Model Order provides that "the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than *six* asserted prior art references per patent … For purposes of this Final Election of Asserted Prior Art, *each obviousness combination counts as a separate prior art reference*." Model Order at 2 (emphasis added). The Johnson Report's assertion, for example, that "[i]n my opinion, Arling anticipates and renders obvious, *alone* or *in combination with* Krzyzanowski, Laksono, *and/or* Chun, the asserted claims of the '983, '918, and '798 patents," (Johnson Report ¶ 412) sets forth *eight asserted prior art references* against each of the asserted patents, which violates the Model Order limit of *six asserted prior art references* per patent. Add to this the combinations set forth in ¶¶ 559, 672, and 788 where each reference takes a turn as the primary reference, and the Johnson Report far exceeds the limits of the Model Order. Further, in a number of invalidity arguments, the Johnson Report uses, as a separate reference, a ZigBee Specification document which it cites as ZigBee Alliance. http://www.zigbee.com/ The ZigBee reference was not in the final election of cited prior art.

The Johnson Report should be stricken because it expands prior art combinations beyond Amazon's Final Election and violates the limits of the Model Order.

> **B. THE JOHNSON REPORT RELIES ON CHUN WHICH WAS NOT ELECTED IN AMAZON'S PRELIMINARY ELECTION OF ASSERTED PRIOR ART AND NOT IDENTIFIED AS PRIOR ART AGAINST THE '918 AND '798 PATENTS IN AMAZON'S P.R. 3-3 INVALIDITY CONTENTIONS**

The Johnson Report should also be stricken because its reliance on the Chun reference is inconsistent with Amazon's P.R. 3-3 Invalidity Contentions identification and charting of Chun, as well as Amazon's Preliminary Election of Prior Art.

Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions identify and chart the Chun reference as prior art against only the '983 Patent. Ex. 3, Defendants' P.R. 3-3 Invalidity Contentions at 10-12 (showing Chun listed as a "Prior Art Publication" for the '983 Patent, but not for the '918 or '798 Patents). In a reversal of that initial position, Amazon's May 31, 2019 Preliminary Election of Asserted Prior Art abandoned Chun as invalidating prior art for any of the asserted patents. Ex. 4, Preliminary Election of Asserted Prior Art at 2 (showing Chun not elected as prior art for any asserted patent). Despite Amazon's April limited identification of Chun and subsequent May abandonment of Chun, the Johnson Report repeatedly relies on Chun as invalidating prior art for the '983, '918, and '798 Patents. See, e.g., Ex. 5, Johnson Report at ¶¶ 281, 332, 358, 412, 420, 474, 508, 559, 620, 672, and 788.

The Johnson Report should be stricken because it opines on the Chun reference as invalidating prior art against the '983, '918, and '798 after Amazon abandoned it.

### C. THE JOHNSON REPORT RELIES ON PRIOR ART COMBINATIONS THAT WERE NOT SPECIFICALLY IDENTIFIED OR CHARTED IN AMAZON'S APRIL 17, 2019 P.R. 3-3 INVALIDITY CONTENTIONS

The Johnson Report asserts and relies on prior art combinations that were not specifically identified or charted in Defendants' P.R. 3-3 Preliminary Invalidity Contentions. As this Court knows, this District's P.R. 3-3(b) requires an identification of "[w]hether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, **each such combination, and the motivation to combine such items, must be identified.**" P.R. 3-3(b) (emphasis added). This District's P.R. 3-3(c) requires "[a] chart identifying where **specifically in each alleged item of prior art each element of each asserted claim is found**…" P.R. 3-3(c) (emphasis added). Here, Amazon's expert Dr. Johnson expresses invalidity opinions that assert and rely on prior art/prior art combinations that were not

specifically identified and charted, and for which no motivation to combine was provided in Amazon's P.R. 3-3 Invalidity Contentions.

Specifically, Dr. Johnson variously opines that combinations of Arling, Chun, Laksono and Krzyzanowski (Ex. 5, Johnson Report Excerpts at TOC § XIII A); Krzyzanowski, Chun, Laksono, and Arling (*id*., at TOC § XIII B); Chun and Arling; Chun and Krzyzanowski (*id*., at TOC § XIII C); and Laksono and Arling; Laksono and Krzyzanowski (*id*., at TOC § XIII D) render obvious the claims of the '983, '918, and '798 Patents. Yet nowhere have those specific 4-way or 2-way combinations of references been specifically identified or charted by Amazon in their P.R. 3-3 Invalidity Contentions.

For the asserted '443 Patent, the Johnson Report's opinion that the combination of Pires and Hansen invalidates claim 29 of the '443 Patent suffers from the same infirmity as the purported § 103 combinations above – that specific combination was *never* specifically identified or charted in Amazon's P.R. 3-3 Invalidity Contentions. Amazon at best identified Linton and Hansen in combination (Ex. 3 at p. 54), but Dr. Johnson does not opine on that combination. Amazon neither identified nor charted the specific combination of Pires and Hansen now being asserted and relied on in the Johnson Report to opine that claim 29 of the '443 Patent is invalid.

This District's P.R. 3-3 is designed to provide identification of specific prior art and prior art combinations that form the basis of invalidity positions. As set forth in Innovation Sciences' Motion to Strike Defendants' P.R. 3-3 Preliminary Invalidity Contentions (Doc. No. 180), Amazon failed to identify any one specific primary reference and explain how one or more secondary references could be combined, on an element-by-element basis, to render an asserted claim invalid as obvious. Amazon's failure to identify and chart ***specific*** obviousness combinations violated P.R. 3-3(b), which provides that "[i]f a combination of items of prior art makes a claim obvious, each such combination . . . ***must be identified***." Further no specific motivation to combine was stated for each combination. This is true for the specific combinations of prior art now forming the basis of Dr. Johnson's opinions in the Johnson Report. *See*, Doc. No. 180 at 1-8. Even if Amazon had provided exemplary combinations, and it failed

to do even that, this District considers such exemplary combinations to be insufficient. *Id*. at 8. Amazon's shotgun approach to listing possible obviousness combinations is an unacceptable "attempt to end run the rules," as Amazon was required to "specifically identify combinations of references that the defendants anticipate using at trial," and they did not do so. *Id*.

Striking the Johnson Report for relying on specific prior art combinations not specifically identified or charted in Amazon's P.R. 3-3 Invalidity Contentions and prohibiting Amazon from introducing opinions on such combinations is appropriate. *Huawei Technologies*, 2017 WL 4619791 at *1 (citing *O2 Micro Int'l* 467 F.3d at 1363)(When party fails to obey Local Patent Rules court may impose any just sanction, including refusing to allow disobedient party to support or oppose designated claims or defenses, or prohibiting party from introducing designated matters in evidence). An expert report that relies on improperly disclosed invalidity theories or exceeds the scope of invalidity contentions is subject to a motion to strike. *Cypress Lake Software*, 2019 WL 6700855, at *1 (motion to strike expert report appropriate to challenge improper reliance on undisclosed documents or invalidity theories as court can consider how expert relies on cited documents and whether expert exceeds scope of invalidity contentions).

Amazon should not be permitted to "end run the rules" by now having its expert Dr. Johnson rely on and assert prior art combinations that were never specifically identified or charted as required by P.R. 3-3. The Johnson Report should be stricken for this reason as well.

> D. **THE JOHNSON REPORT ASSERTS MOTIVATIONS TO COMBINE REFERENCES BUT NO SUCH MOTIVATIONS WERE PROVIDED IN AMAZON'S APRIL 17, 2019 P.R. 3-3 INVALIDITY CONTENTIONS**

As noted above, Amazon's P.R. 3-3 Invalidity Contentions did not identify or chart any *specific* combinations of references for § 103 obviousness purposes, but instead relied on "Combination Charts" setting forth countless possible combinations. As set forth in Innovation Sciences' Motion to Strike Defendants' P.R. 3-3 Preliminary Invalidity Contentions (Doc. No. 180 at 5-7), Amazon was equally vague and unforthcoming in disclosing motivations to combine references as required by P.R. 3-3(b). Amazon's P.R. 3-3 Invalidity Contentions merely state

hornbook legal principles for motivations to combine applicable to every obviousness inquiry. Even the hornbook legal principles listed were not specific to any combinations. Amazon did not provide motivations to combine any specifically identified combination, because Amazon did not identify any specific combinations.

Despite the lack of disclosure of motivations to combine in Amazon's P.R. 3-3 Invalidity Contentions, the Johnson Report opines on motivations to combine in § XV "MOTIVATIONS TO COMBINE PRIOR ART." In that section, the Johnson Report opines why one of skill in the art would combine "Arling in view of Chun", "Arling in view of Laksono", "Arling in view of Krzyzanowski", "Krzyzanowski in view of Chun", "Krzyzanowski in view of Laksono", and "Pires in view of Hansen". Ex. 5, at TOC § XV.

The Johnson Report should be stricken because it now discloses motivations to combine that Amazon was required to, but failed to, disclose under P.R. 3-3(b).

    E. **DR. JOHNSON RELIES ON THE *INTEL TECHNOLOGY JOURNAL* WHICH WAS NOT EFFECTIVELY INCORPORATED INTO ARLING, NOT IDENTIFIED IN AMAZON'S P.R. 3-3 INVALIDITY CONTENTIONS, AND NOT ELECTED IN AMAZON'S FINAL ELECTION OF ASSERTED PRIOR ART**

The Johnson Report cites to an "Intel Technical Journal" that purportedly is incorporated by reference into Arling:

> U.S. Patent No. 7,136,709 ("Arling") . . . fully incorporates by reference the Intel Technical Journal, Volume 6, Issue 4, entitled "Interoperable Home Infrastructure" ("Intel Journal"), which was published on November 15, 2002.

Ex. 5, Johnson Report Excerpts ¶ 273. *See also*, Johnson Report ¶¶ 276, 310, 1021 ("[t]he Intel Journal, incorporated in its entirety by Arling…); ¶¶ 285, 329, 335, 340, 382, 1030 ("Intel Journal, which Arling fully incorporates by reference…"). To properly incorporate by reference, the Federal Circuit has noted:

> Material not explicitly contained in the single, prior art document may still be considered for purposes of anticipation if that material is incorporated by reference into the document. Incorporation by reference provides a method for integrating material from various documents into a host document—a patent or printed publication in an anticipation determination—by citing such material in a

9

> manner that makes clear that the material is effectively part of the host document as if it were explicitly contained therein. ***To incorporate material by reference, the host document must identify with detailed particularity what specific material it incorporates and clearly indicate where that material is found in the various documents***.

*Advanced Display Systems, Inc. v. Kent State University*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) (emphasis added, internal citations omitted). "Whether and to what extent material has been incorporated by reference into a host document is a question of law." *Id.* at 283 (citing *Quaker City Gear Works, Inc. v. Skil Corp.*, 747 F.2d 1446, 1453–54, 223 USPQ 1161, 1166 (Fed. Cir. 1984)).

Arling's cite to the "Intel Technical Journal" is as follows:

> A ***background and overview*** of home interoperability technologies and ***projected features*** may be found in the Intel Technical Journal, Volume 6, Issue 4, published Nov. 15, 2002 entitled "Interoperable Home Infrastructure" which is fully incorporated by reference herein.

Ex. 6, Arling at 1:30-35 (emphasis added). Arling's only other mention of Intel information is:

> ***Though promising in their goals and objectives***, the UPnP, HAVii, Intel Interoperability Infrastructure, etc. ***do not currently provide for*** many advanced control based features relating to networked home control and automation environments.

*Id*. at 1:36-40 (emphasis added).

There are at least 4 reasons the Arling reference does not effectively incorporate the *Intel Technology Journal* such that it should be considered a separate reference.

***First***, the obvious purpose of requiring that an incorporation by reference be "identif[ied] with detailed particularity" (*Advanced Display Systems* at 212 F.3d at 1282) is for others to be able to locate the document and the material to be relied on within the document. Arling specifically cites the "Intel *Technical* Journal." That is a misnomer; such a journal does not exist. A person looking for "Intel *Technical* Journal" would never find it. The document produced with the Johnson Report is called the "Intel *Technology* Journal." Arling does not meet the incorporation by reference standard of identifying the *Intel Technology Journal* with detailed

10

particularity because it instead identifies a non-existent journal.

*Second*, assuming Arling intended to incorporate by reference material from the *Intel Technology Journal* produced in this case as DEFS_00001055-1132 (Ex. 7), Arling fails to do so effectively. As can be readily seen by Ex. 7, the *Intel Technology Journal* is a voluminous 78-page publication comprised of a Preface, Forward, and 7 separate articles and credited to 22 separate authors. Arling's general reference to the voluminous *Intel Technology Journal* publication is not sufficient to incorporate any specific portion of it. "Under [the *Advanced Display Systems*] standard, a general reference to a voluminous publication is not sufficient to incorporate by reference a specific portion of [the voluminous publication] document. That is because such a reference does not identify with 'detailed particularity' what 'specific material' it incorporates into the host document. Nor does a general reference indicate 'where' that material is found in the allegedly incorporated document." *SkinMedica, Inc. v. Histogen Inc.*, 2011 WL 2066619, at *7 (S.D. Cal. 2011), *aff'd*, 727 F.3d 1187, 1207 (Fed. Cir. 2013).

*Third*, again assuming Arling intended to incorporate by reference the *Intel Technology Journal*, that document is aspirational in nature and, as admitted by Arling, covers **projected features** and does not reflect what actually existed in the prior art at the time of its November 15, 2002 publication. Ex. 6, Arling at 1:30-33. This emphasizes the necessity for Arling, as a host document, to "identify with detailed particularity what *specific material* it incorporates and clearly indicate *where that material is found*" (*Advanced Display Systems*, 212 F.3d at 1282) so that existing technology and non-existent aspirational technology are distinguished for prior art purposes. Arling itself notes that "[t]hough *promising in their goals and objectives*, the … Intel Interoperability Infrastructure, etc. *do not currently provide* for many advanced control based features relating to networked home control and automation environments." Arling at 1:36-40. The Preface to the *Intel Technology Journal* couches the publication in terms of the "not-so-distant future" and references "as-yet-to-be created gadgets." Ex. 7 at DEFS_00001057. The Preface notes "[t]hese *new possibilities* for a wide range of products and services *are under development* today. The digital home *is possible* if consumer-electronics manufacturers and

computer companies start integrating networking technologies into products." *Id*. The article relied on by Dr. Johnson for encoding, decoding, compression and decompression is on its face talking about future technology. *Id*. at DEFS_00001060 ("In the future. these two clusters will increasingly communicate with each other and form the basis for what we refer to as the Digital Home;" "The new home devices that emerge will combine the power of the PC . . . with . . . CE devices. . . This will result in a number of innovative usage scenarios…"). The same is true for the article relied on for the ZigBee specification. *Id*. at DEFS_00001111 ("In the near future, homes will be equipped with wireless networks;" "to support these demanding usage models, significant wireless networking innovations are required;" "Finally, we provide an outline of the key technology problems that must be solved").

Given the forward-looking nature of the *Intel Technology Journal*, any specific material regarding existing prior art technology to be incorporated into Arling should have been identified *with detailed particularity* and Arling should have clearly indicated *where that material is found*. Because Arling fails to do so, the *Intel Technology Journal* must be treated as a separate reference. Amazon did not disclose the *Intel Technology Journal* as a separate reference in either its May 31, 2019 Preliminary Election of Asserted Prior Art or its December 4, 2019 Final Election of Asserted Prior Art. The Johnson Report should be stricken for relying on a reference that was neither effectively incorporated into Arling nor elected by Amazon as prior art.

### F. DR. JOHNSON RELIES ON IMPROPER INCORPORATION OF THE *INTEL TECHNOLOGY JOURNAL* TO MEET THE ZIGBEE CLAIM LIMITATION BY FURTHER IMPROPERLY INCORPORATING BY REFERENCE AN UNDISCLOSED ZIGBEE SPECIFICATION WHICH WAS NOT ELECTED IN AMAZON'S FINAL ELECTION OF ASSERTED PRIOR ART

The Johnson Report's reliance on Arling's incorporation of the misnamed *Intel Technology Journal* to meet the asserted claims' limitation of a short range wireless communication via ZigBee is even more attenuated, indeed having *seven* steps of attenuation. Johnson incorporates into his invalidity position: (i) details from an undisclosed specification (ZigBee Specification prior to November 2002), (ii) based on an undisclosed homepage of the ZigBee Alliance website (prior to November 15, 2002) which does not disclose the ZigBee

12

Specification, (iii) cited in a footnote (fn. 25), (iv) in an Appendix (Appendix A), (v) to an article (entitled "Meeting the Demands of the Digital Home"), (vi) in the November 15, 2002 "Intel Journal," (vii) referenced in Arling. Specifically, Johnson states:

> The Intel Journal, which Arling fully incorporated by reference, discloses that "[r]econfigurable radios should then be configurable to handle 802.11 a,b,g, low-rate consumer devices (lower requirement than 802.11) [25], and perhaps future high-data-rate (~100-500 Mbps) wireless personal area networks [1] and USB standards." Intel Journal at 66-67. Footnote 25 there cites "ZigBee Alliance. http://www.zigbee.com/." *Id*. Based on this disclosure and the knowledge of a person of skill of the ZigBee Specification as discussed in detail in Section IX above, a person of ordinary skill would have recognized that ZigBee would be one option for the short range wireless communication system disclosed in Arling. *See generally* ZigBee Specification (publicly available prior to the effective filing date of the asserted patents); Tiejun Wang Dep. Tr. at 63:24-25 (named inventor of each asserted patent admitted he did not invent ZigBee).

Johnson Report at ¶ 329. The Appendix at pages 66-67 of the *Intel Technology Journal* is purely aspirational. Immediately preceding the cite in ¶ 329 of the Johnson Report, the Appendix discusses "Reconfigurable Radios" and notes "[s]upport for a wide variety of consumer wireless PHY/MAC layers *will be possible*… So an *example radio might have* a very flexible PHY/MAC … and *it might* use a common technique like 802.11…" Ex. 7 at DEFS_00001120. Arling does not itself disclose short range wireless communication via ZigBee to manage the status of a household item. In order to meet the ZigBee claim limitation, the Johnson Report relies on footnote 25 citing the ZigBee Alliance homepage in an aspirational Appendix to one of 7 articles in the *Intel Technology Journal*, purportedly incorporated by reference in Arling for ***projected features***. Further, the footnote is a citation to a single webpage, the home page of the ZigBee Alliance as it existed prior to the November 15, 2002 publication of the Intel Technology Journal not a citation to the ZigBee Specification. The ZigBee Specification was a separate standalone document. In fact, the ZigBee Alliance homepage from the relevant time period does not mention the ZigBee Specification. Ex. 8, ZigBee Alliance homepage, 2002. Further, the ZigBee Specification was at best an unratified draft and only available to members of the Alliance, not the general public. According to page 63 of the Johnson Report, it wasn't until 2005 that ZigBee

13

Specification 1.0 was available -- "In 2005, the ZigBee Alliance, a group of companies that maintain and publish the ZigBee standard, announced the availability of the ZigBee 1.0 specification." Johnson's Report fails to provide a copy of the ZigBee Alliance homepage that existed at the relevant time nor a copy of any unratified draft of the ZigBee Specification that may have existed at the time of publication of the Intel Technology Journal. In fact, the Johnson Report fails to submit and there is no evidence that he reviewed the relevant 2002 documents. Thus, just as the *Intel Technology Journal* is not effectively incorporated by reference into Arling, neither is the ZigBee Specification effectively incorporated by reference into the *Intel Technology Journal*. *See*, *Commonwealth Scientific & Indus. Research Org. v. Buffalo Tech. (USA), Inc.*, 542 F.3d 1363, 1372 (Fed. Cir. 2008) (footnote citation not an incorporation by reference of all of the material set forth in the footnoted reference).

The Johnson Report should be stricken for relying on the ZigBee Specification and the *Intel Technology Journal*, neither of which are effectively incorporated into Arling, and both of which are therefore prior art beyond Amazon's Final Election of Asserted Prior Art.

14



The Johnson Report should be stricken because it opines on a "HAL System" that strays far beyond Amazon's P.R. 3-3 Invalidity Contentions and combinations never disclosed or elected by Amazon.

## IV. CONCLUSION

The Johnson Report should be stricken because, as demonstrated above, it strays well beyond the disclosures made by Amazon.

Dated: February 25, 2020          Respectfully submitted,

*/s/ Donald L. Jackson*
Donald L. Jackson
VA Bar No. 42,882 (Admitted E.D. Tex.)
James D. Berquist
VA Bar No. 42,150 (Admitted E.D. Tex.)
Gregory A. Krauss,
VA Bar No. 84839 (Admitted E.D. Tex.)
Aldo Noto
VA Bar No. 31,567 (Admitted E.D. Tex.)
Alan A. Wright,
VA Bar No. 46506 (Admitted E.D. Tex.)
Davidson Berquist Jackson & Gowdey LLP
8300 Greensboro Dr., Suite 500
McLean, Virginia 22102

*Attorneys for Plaintiff Innovation Sciences, LLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel of record for Defendants on February 25, 2020 and that Defendants' counsel represented Defendants oppose this motion.

DATED: February 25, 2020          */s/ Donald L. Jackson*
         Donald L. Jackson

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

DATED: February 25, 2020              */s/ Donald L. Jackson*
                                      Donald L. Jackson