**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., et al.<br><br>Defendants. | Civil Action No. 4:18-cv-00474-ALM<br>(LEAD CONSOLIDATED CASE)<br><br>JURY TRIAL DEMANDED |
| INNOVATION SCIENCES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 4:18-cv-00475-ALM |
| INNOVATION SCIENCES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HTC CORPORATION,<br><br>Defendant. | Civil Action No. 4:18-cv-00476-ALM |

**DEFENDANT HTC CORPORATION'S MOTION FOR SUMMARY JUDGMENT FOR
LIMITATION ON DAMAGES FOR FAILURE TO MARK UNDER 35 U.S.C. § 287(A)**

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................ 1

II.    STATEMENT OF ISSUE............................................................................................ 1

III.   STATEMENT OF UNDISPUTED FACTS ................................................................ 1

IV.    LEGAL STANDARD.................................................................................................. 2

   A.   Limiting Damages Pursuant to 35 U.S.C. § 287(a) ............................................. 2

V.     NO CONSTRUCTIVE NOTICE TO HTC UNDER § 287(A)............................................ 3

VI.    Conclusion ................................................................................................................... 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acticon Techs. LLC v. Creative Labs Inc.*,
    No. 2:08-CV-194, 2012 WL 708059 (E.D. Tex. Mar. 5, 2012) ................................................3

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017).........................................................................................1, 2, 3

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..............................................................................................................3

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*,
    No. 2-17-CV-00662-JRG-RSP, 2019 WL 2959568 (E.D. Tex. Apr. 18, 2019).......................2

*Maxwell v. J. Baker, Inc.*,
    86 F.3d 1098 (Fed. Cir. 1996)............................................................................................2, 3

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
    138 F.3d 1347 (Fed. Cir. 1998)..............................................................................................2

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
    No. 2:16-CV-00230, 2019 WL 2375218 (E.D. Tex. June 5, 2019).........................................3

*Sentry Protection Prods., Inc. v. Eagle Mfg. Co.*,
    400 F.3d 910 (Fed. Cir. 2005)................................................................................................2

*Virginia Innovation Sciences, LLC v. HTC Corp.*,
    Case No. 4:18-cv-00476-ALM (E.D. Tex. Jul. 5, 2018) .........................................................1

**Statutes**

35 U.S.C. § 287(a) .............................................................................................................1, 2, 3

## I.      INTRODUCTION

Plaintiff cannot recover damages for past infringement of U.S. Patent Nos. 9,942,798, 9,729,918, and 9,912,983 ("the Asserted Patents") because it failed to comply with the marking statute.  HTC Corporation ("HTC") met its burden of production "to articulate the products it believes are unmarked 'patented articles' subject to § 287."  *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017).  Plaintiff then failed meet its "burden of ***pleading and proving***" its compliance with § 287(a).  *Id.* at 1366 (emphasis added).  Summary judgment of no pre-action damages is appropriate.

## II.     STATEMENT OF ISSUE

Whether Plaintiff is barred from recovering pre-action damages for failing to meets its burden of proving compliance with 35 U.S.C. § 287(a).

## III.    STATEMENT OF UNDISPUTED FACTS

On July 5, 2018, Virginia Innovation Sciences Inc. ("VIS"), the predecessor entity to Plaintiff, Innovation Sciences LLC, filed its complaint.  *Virginia Innovation Sciences, LLC v. HTC Corp.*, Case No. 4:18-cv-00476-ALM (E.D. Tex. Jul. 5, 2018).  Therein, VIS plead that HTC "was made aware" of the '983 and '798 patents and its infringement thereof "as early as the filing of this Complaint."  Dkt. 1, at ¶ 28, 56.  VIS plead that HTC "was made aware of the '918 patent and its infringement thereof at least as early as August 8, 2017."  *Id.* at ¶ 80.

On August 9, 2019, Plaintiff filed a complaint before the International Trade Commission ("ITC") alleging infringement of U.S. Patent No. 10,104,425 ("the '425 Patent").  Ex. 1 ("ITC Complaint"), at ¶¶ 38-43.  Plaintiff also alleges that "LG sells smart cellular phones that are covered by at least one claim of the asserted '425 patent" to establish a domestic industry.  *Id.* at ¶ 122.  The '425 Patent is a continuation of one of the Asserted Patents, U.S. Patent No. 9,912,983.

███████████████████

Plaintiff's CEO, Dr. Anne Wong, submitted a declaration in support of the ITC Complaint. Therein, Dr. Wong asserts that "[o]ver time, based on our own research and development efforts we have sought and obtained several patent portfolios, including the following five (5) core patents on smart home technology: US Patent Nos. *9,942,798*; *9,729,918*; *9,912,983*; 10,104,425 and 10,136,179. Ex. 2 at ¶ 24 (emphasis added). ████████████████████████

████████████████████████████████████

██████████████████████████████. ████████████████

████████ ███████████████████████████████.

On December 31, 2019, HTC notified Plaintiff that it challenges Plaintiff's right to recover pre-action damages under 35 U.S.C. § 287.  Ex. 5 (Letter to Plaintiff's counsel).

Fact discovery closed on January 29, 2020.  To date, Plaintiff has not amended its pleadings to provide any evidence of its compliance with the marking statute.

## IV.   LEGAL STANDARD

### A.   Limiting Damages Pursuant to 35 U.S.C. § 287(a)

Justice requires that a party know of another's patent before incurring liability for infringing that patent.  *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1445 (Fed. Cir. 1998) (discussing Congress' concern that "no man will suffer either penalty or damage unless he willfully appropriates the property of another").  Congress therefore limits the circumstances under which a patentee may recover damages for infringement.  Pursuant to 35 U.S.C. 287(a), a patentee may recover damages from the time it "marks" patented articles.  *Sentry Protection Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005).  If the patentee fails to mark, however, the patentee may recover damages only after it provides "actual notice".  *Arctic Cat Inc.*, 876 F.3d at 1365-69.

The patentee holds the burden of "pleading and proving" compliance with Section 287(a). *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996); *Intellectual Ventures II LLC v.*

███████████████

*Sprint Spectrum, L.P.*, No. 2-17-CV-00662-JRG-RSP, 2019 WL 2959568, at *2 (E.D. Tex. Apr. 18, 2019).   Compliance with Section 287(a) is a question of fact. *Maxwell*, 86 F.3d at 1111.

## V.   NO CONSTRUCTIVE NOTICE TO HTC UNDER § 287(A)

An alleged infringer challenging compliance with § 287(a) bears an initial burden of production to articulate the products it believes were "unmarked." *Arctic Cat Inc.*, 876 F.3d. at 1368.  This initial burden is a "low bar." *Id.*  The alleged infringer must only place the patentee on notice that it, or its authorized licensee, sold specific unmarked products that the alleged infringer believes practice the patent. *Id.*  Once the alleged infringer meets its burden of production, the burden shifts to the patentee to prove that the products identified either (1) do not practice the patent or (2) were in-fact "marked" under § 287(a). *Packet Intelligence LLC v. NetScout Sys., Inc.*, No. 2:16-CV-00230, 2019 WL 2375218, at *3 (E.D. Tex. June 5, 2019).

HTC met its initial burden by sending its December 31, 2019 letter.  Ex. 5, at 1.  HTC identified at least the ██████████ products at issue in the ITC as ones that should have been marked based on Plaintiff's theories of infringement. *Id.*  Moreover, Dr. Wong confirmed her company's belief that ██████ products practice the Asserted Patents.  Ex. 3 at 278:16 – 279:1. Plaintiff did not respond.   Plaintiff has neither pled compliance with § 287(a) nor provided evidence to rebut HTC's letter.  Simply put, there is an "absence of evidence to support [Plaintiff's] case." *Celotex*, 477 U.S. at 325. *Cf. Acticon Techs. LLC v. Creative Labs Inc.*, No. 2:08-CV-194, 2012 WL 708059, at *3 (E.D. Tex. Mar. 5, 2012).  Here, Plaintiff never required ██████ to mark and was not diligent in monitoring ██████ to ensure that it did. *Id.*

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff cannot recover damages prior to the filing of the present action for infringement when HTC was "actually notified" of the present action.

DATED: February 25, 2020

Respectfully submitted,

By: */s/ Yar R. Chaikovsky*

Yar R. Chaikovsky
yarchaikovsky@paulhastings.com
Philip Ou
philipou@paulhastings.com
Bruce Yen
bruceyen@paulhastings.com
Benjamin Alred
benjaminalred@paulhastings.com
**PAUL HASTINGS LLP**
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:    1(650) 320-1800
Facsimile:    1(650) 320-1900

Harry L. Gillam, Jr.
TX Bar No. 07921800
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

Attorneys for Defendant,
HTC CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on February 25, 2020.

*/s/ Yar R. Chaikovsky*

Yar R. Chaikovsky
