**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., et al., <br><br> Defendants. | Civil Action No. 4:18-cv-00474-ALM <br> (LEAD CONSOLIDATED CASE) <br><br> JURY TRIAL DEMANDED |
| INNOVATION SCIENCES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RESIDEO TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action No. 4:18-cv-00475-ALM |
| INNOVATION SCIENCES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION, <br><br> Defendant. | Civil Action No. 4:18-cv-00476-ALM |

**AMAZON'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**
**OPENING EXPERT REPORT OF DAVID B. JOHNSON, PH.D.**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION -------------------------------------------------------------------------- 1

II.   ARGUMENT --------------------------------------------------------------------------------- 2

    A.    Dr. Johnson's Report Maps the Asserted Claims Only to the References
        and Combinations of References that Amazon Elected in Its Final Election
        of Asserted Prior Art ------------------------------------------------------------------------- 3

    B.    Amazon's Invalidity Contentions Identified the Prior Art Combinations in
        Dr. Johnson's Report ------------------------------------------------------------------------ 5

    C.    Amazon's Invalidity Contentions Identified the Required Motivations to
        Combine Prior Art References---------------------------------------------------------------- 7

    D.    Prior Art Arling Properly Incorporates by Reference the Intel Journal,
        which discloses the Zigbee Standard -------------------------------------------------- 8

    E.    Amazon Properly Disclosed the HAL2000 Prior Art and Dr. Johnson
        Properly Relied on It in the Invalidity Report---------------------------------------- 11

    F.    Amazon Identified the Chun Reference in Its Preliminary and Final
        Elections for the Three Patents Dr. Johnson Mapped It to in the Invalidity
        Report ------------------------------------------------------------------------------------------- 14

# TABLE OF AUTHORITIES

CASES                                                                                                    PAGE(S)

*Advanced Display Sys., Inc. v. Kent State Univ.*,
    212 F.3d 1272 (Fed. Cir. 2000) ------------------------------------------------------------------ 10

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
    No. 5:09-cv-135, 2010 WL 1170246 (E.D. Tex. Mar. 22, 2010) ---------------------------- 10

*Biscotti Inc. v. Microsoft Corp.*
    No. 2:13-CV-01015-JRG-RSP, 2017 WL 2526231 (E.D. Tex. May 11,
    2017) ----------------------------------------------------------------------------------------------9–10

*Callaway Golf Co. v. Acushnet Co.*,
    576 F.3d 1331 (Fed. Cir. 2009) ------------------------------------------------------------------- 9

*Finjan, Inc. v. Blue Coat Sys.*,
    No. 15-cv-03295-BLF, 2016 WL 7212322 (N.D. Cal. Dec. 13, 2016) --------------------- 9

*Iovate Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*,
    No. 9:07-cv-46, 2008 WL 7489321 (E.D. Tex. Aug. 27, 2008)--------------------------2, 15

*Mobile Telecomms. Techs., LLC v. LG Elecs. MobileComm U.S.A., Inc.*,
    No. 2:13-cv-947, 2015 WL 13744657 (E.D. Tex. Aug. 10, 2015)------------------------ 2–3

*Pac. Spring Eng'g Corp. v. Sloss & Britain*,
    No. 70-2269-F, 1971 WL 16626 (C.D. Cal. Jun. 16, 1971)----------------------------------- 5

*Paice LLC v. Ford Motor Co.*,
    881 F.3d 894 (Fed. Cir. 2018) -------------------------------------------------------------------- 11

*Realtime Data, LLC v. T-Mobile, U.S.A., Inc.*,
    No. 6:10cv493, 2013 WL 12149180 (E.D. Tex. Feb. 8, 2013)-------------------------2, 8, 14

*Saffran v. Johnson & Johnson*,
    No. 07-cv-451-TJW, Dkt. 49 (E.D. Tex. Feb. 24, 2009) ---------------------------------- 7–8

*Semcon Tech, LLC v. Micron Tech., Inc.*,
    No. 12-532-RGA, 2015 WL 4910467 (D. Del. Aug. 17, 2015) ------------------------------ 11

*SkinMedica, Inc. v. Histogen Inc.*,
    No. 09-cv-122JLS (NLS), 2011 WL 2066619 (S.D. Cal. May 24, 2011) ------------------ 10

*Ultradent Prods., Inc. v. Life-Like Cosmetics, Inc.*,
    127 F.3d 1065 (Fed. Cir. 1997) ------------------------------------------------------------------- 11

*United States v. Hodge*,
    933 F.3d 468 (5th Cir. 2019), *pet. for cert. filed*, No. 19-1008 (U.S. Feb.
    10, 2020)--------------------------------------------------------------------------------------------- 10

STATUTES AND RULES

    Fed. R. Civ. P. 56 ------------------------------------------------------------------------------------- 11

**Index of Exhibits to the Declaration of Saina S. Shamilov, filed herewith**

1. Innovation Sciences, LLC's Amended Infringement Contentions cover pleading, served October 9, 2019

2. Amazon's First Amended Invalidity Contentions, served October 29, 2019

3. Opening Expert Report of David B. Johnson, Ph.D ("Invalidity Report"), including Claim Charts C-1, C-3 through C-15, served December 4, 2019

4. Errata to the Opening Expert Report of David B. Johnson, Ph.D ("Invalidity Report"), served March 10, 2020

5. Excerpts of Defendants' Invalidity Contentions, served April 17, 2019

6. Excerpts of the December 26, 2019 Hearing Transcript

7. Backup to Exhibit 10 to the Expert Report of Stephen P. Magee & Dr. Devrim Ikizler, served January 23, 2020

8. Corrected Exhibit 11 to the Expert Report of Stephen P. Magee & Dr. Devrim Ikizler, served January 23, 2020

9. Supplemental Expert Report of Professor Stephen P. Magee & Dr. Devrim Ikizler, served February 23, 2020

10. Excerpts from the Transcript of the February 4, 2020 Deposition of Joseph C. McAlexander, Vol. I

11. Excerpts from the Transcript of the February 5, 2020 Deposition of Joseph C. McAlexander, Vol. I

12. Subpoena to Produce Documents, Information, or Objects to Home Automated Living, Inc. (HAL), served October 15, 2019

13. HAL2000 Operating Manual, produced in this case with Bates numbers DEFS_00001348-2039

14. Excerpts of the Rebuttal Expert Report of Joseph C. McAlexander III, served January 15, 2020

## I.      INTRODUCTION

Amazon's invalidity contentions and elections of prior art put IS on notice of each invalidity opinion in Dr. Johnson's report.  Amazon (with the other defendants in the consolidated cases) served P.R. 3-3 invalidity contentions on April 17, 2019.  (Ex. 5 ("Invalidity Contentions").)  Amazon served the invalidity contentions in response to IS's infringement contentions that asserted over 230 claims against Amazon.  (*See* Dkt. 195-2.)  The cover pleading of Amazon's invalidity contentions identified each prior art reference that anticipates or renders obvious IS's asserted claims.  (Invalidity Contentions at 6, § II.)  The cover pleading also described—over the course of nearly *thirty* pages—*specific* combinations of prior art that render the asserted claims obvious and provided reasons why one of ordinary skill in the art would have been motivated to combine them.  (*Id.* at 28–54.)

On May 31, 2019, Amazon served its preliminary election of asserted prior art.  (Dkt. 412-5 ("Preliminary Election").)  On June 6, IS objected to Amazon's election, requesting that Amazon modify it to exclude a reference IS contended defendants did not chart in the invalidity contentions.  In response, Amazon on June 22, 2019 amended its preliminary election of prior art and removed the reference IS objected to and replaced it with "Chun (2003/0226149)."  (Dkt. 195-8 ("Amended Preliminary Election").)  IS did not object to Amazon's amended preliminary election of prior art until six months later (and after Amazon served Dr. Johnson's report).  (Dkt. 195-1 at ¶¶ 16–17.)  On September 9, 2109, the Court issued its claim construction order.  (Dkt. 229.)  On October 9, 2019, IS amended its infringement contentions.  (Ex. 1.[1])  On October 29, in response, Amazon amended its invalidity contentions, incorporating by reference all invalidity theories laid out in the initial invalidity contentions.  (Ex. 2.)  On December 4, 2019, Amazon served its final election of asserted prior art in accordance with the case schedule.  (Dkt. 412-2 ("Final Election").)  Amazon identified in its final election each reference and combination of references it had identified in its

---

[1] All exhibit references are to the Declaration of Saina S. Shamilov, filed herewith.

amended election of prior art.  (*Id.*; Dkt. 195-8; Dkt. 180-4; Ex. 2.)  And each election of prior art

(initial, amended, and final) stated the following:

> For the avoidance of any doubt, to the extent any of the above-iden-
> tified references incorporates disclosures by reference of other pa-
> tents, articles, documents, which constitute full disclosures of the
> above-identified reference, Amazon intends to rely on the full dis-
> closure of the above-identified reference regardless of whether it ap-
> pears explicitly or by incorporation in that reference.

On December 4, 2019, Amazon served Dr. David Johnson's Invalidity Report (Ex. 3 ("Invalidity

Report")) that mapped the asserted claims only to the references and combinations of references

identified in Amazon's final election.  (*See generally* Invalidity Report; Ex. 4 (Errata to Invalidity

Report).)

## II.    ARGUMENT

Striking an expert report and denying a party use of evidence at trial is an extreme remedy

that courts do not grant lightly.  A court considers both prejudice to the non-movant and the im-

portance of the matter to the case, among other factors.  *See Iovate Health Scis., Inc. v. Bio-Engi-

neered Supplements & Nutrition, Inc.*, No. 9:07-cv-46, 2008 WL 7489321, at *3–4 (E.D. Tex. Aug.

27, 2008).  Here, IS has been on full notice of Amazon's invalidity defenses throughout this case;

it took discovery about them, fully addressed them in its expert report, and thus faces no prejudice.

*See Realtime Data, LLC v. T-Mobile, U.S.A., Inc.*, No. 6:10cv493 RC-JDL, 2013 WL 12149180,

at *3 (E.D. Tex. Feb. 8, 2013) (purpose of invalidity contentions is merely to provide notice while

"legal theories become more concrete").  Indeed, IS does not even contend that it has been preju-

diced.  Amazon, on the other hand, would suffer severe prejudice if the Court prevents it from

presenting its invalidity defenses at trial, which are essential to its case.  *See, e.g.*, *Mobile Tele-

comms. Techs., LLC v. LG Elecs. MobileComm U.S.A., Inc.*, No. 2:13-cv-947, 2015 WL 13744657,

at *2 (E.D. Tex. Aug. 10, 2015) (declining to strike expert opinion on structure and operation of

technology where it significantly aided jury's understanding of the facts).  The Court should deny

the motion.

**A.**     **Dr. Johnson's Report Maps the Asserted Claims Only to the References and Combinations of References that Amazon Elected in Its Final Election of Asserted Prior Art.**

IS concedes that Amazon's final election of asserted prior art is proper.  (Dkt. 412 ("MTS") at 4 (Amazon's final election "elects distinct and specific combinations of prior art, as it should").)  In his Invalidity Report, Dr. Johnson maps the asserted claims to the *same* references and combinations of references that Amazon identified in its final election of prior art.  (*See, e.g.*, Invalidity Report at ii, § XIII.A.3 & at 160; XIII.B.2 & at 202; XIII.D.1 & at 262.)

IS focuses not on Dr. Johnson's *actual* mappings of prior art to the asserted claims but on about 23 sentences in his 2,149-page report.  (Dkt. 412-3.)  It complains that those sentences, some of which recite "alone" or "and/or," somehow expand Amazon's invalidity defenses from those Amazon finally elected.  For example, IS points to the following sentence in Dr. Johnson's report as the basis for its request to strike Dr. Johnson's report in its entirety:  "In my opinion, Arling anticipates and renders obvious, alone or in combination with Krzyzanowski, Laksono, and/or Chun, the asserted claims of the '983 … patent[]."  (*Id.* (citing Invalidity Report ¶ 412).)  IS argues that this goes beyond the scope of Amazon's final election—which identified Arling in view of Krzyzanowski, Arling in view of Laksono, and Arling in view of Chun for that patent—because this sentence suggests that Arling may serve as a single reference ground and because the use of "and/or" could create combinations that Amazon did not elect.  (MTS at 4–5.)  But even a cursory review of Dr. Johnson's mappings of the prior art to the asserted claims, in the report and in the supporting claim charts, shows that Dr. Johnson did *not* map Arling alone to any of the '983 patent claims and did *not* map various permutations of these references.[2]  He only mapped the asserted

---

[2] Arling with Chun (Invalidity Report ¶¶ 288–293, 302–03, 312–13, 316–17, 591–92, 1021–25; App'x C-4 at cls. 1a–b, e–f; App'x C-5 at cls. 9b, c; 99e, f; App'x C-6 at cls. 22be, 62b, d, e, 67, 67b, 86h; App'x C-10 at cls. 1, 1a–h, 5, 6, 52, 52a; App'x C-11 at cls. 9, 9a–g, 28, 99, 99a–g, 111, 112, 113; App'x C-12 at cls. 22, 22a–g, 24, 39, 62, 62a–f, 63, 64, 67, 67a–b, 86, 86a–h, 103, 105, 105a–b, 108, 108a–b);
Arling with Laksono (*Id.* ¶¶ 294–300, 304–05, 314, 318–20, 695–97, 701–03, 707–09, 711, 760, 1026–29; App'x C-4 at cls. 1a–b, e–f; App'x C-5 at cls. 9b–c, 99e–f; App'x C-6 at cls. 22b,

3

claims to the very same combinations disclosed in Amazon's final election.  (*See, e.g.*, Invalidity Report at ¶¶ 358–411; ¶¶ 474–558; ¶¶ 566–92.)  The sentence IS focuses on does not reflect Dr. Johnson's actual mappings and the words "alone" and "and/or" that IS flags are merely imprecise or are typographical errors.  The same is true for every other sentence IS cherry-picked from Dr. Johnson's voluminous report.  And IS knows this because during both the parties' conference and the hearing on the subject, Amazon explained that Dr. Johnson does not in his report and will not at trial map to the asserted claims any prior art other than what Amazon finally elected.  (*See* Ex. 6 (Hrg. Tr.) at 22:3–24:4.)[3]

IS also argues that the Court should strike Dr. Johnson's report because he describes a Zigbee specification that Amazon did not identify in the final election.  (MTS at 12–14.)  But the asserted patents specifically identify the Zigbee standard, which the Zigbee specification describes, as the state of the art when the asserted patents were filed.  (*See* '983 patent at 10:23–27.)  The Zigbee specification is also disclosed in Arling, the reference Amazon *did* elect as its final prior art (and in its initial and amended prior art elections).  And, in its invalidity contentions, Amazon

e, 62b, d–e, 67, 67b, 86h; App'x C-7 at cls. 1, 1a–h, 5, 6, 52, 52a'; App'x C-8 at cls. 22, 22a–g, 24, 39, 62, 62a–f, 63, 64, 67, 67a–b, 80, 86, 86a–h, 103, 105a–b, 108a–b; App'x C-9 at cls. 9, 9a–g, 27, 28,  99, 99a–g, 111, 112, 113);

Arling with Krzyzanowski (*Id.* ¶¶ 386–90, 472–73, 1030–34; App'x C-6 at cls. 80, 86a, c–d; App'x C-13 at cl. 6; App'x C-14 at cl. 113; App'x C-15 at cl. 24);

Krzyzanowski with Chun (*Id.* ¶¶ 424–429, 439–40, 451–52, 455–56, 486–87, 1035–39; App'x C-12 at cl. 80; App'x C-13 at cls. 1a–b, e–f; App'x C-14 at cls. 9b–d, f, 99c–f; App'x C-15 at cls. 22b, d–e, 62b, d–e, 67, 67a–b, 86h);

Krzyzanowski with Laksono (*Id.* ¶¶ 430–36, 441–42, 453–54, 457–59, 646–50, 1040–43, App'x C-13 at cls. 1a–b, e–f; App'x C-14 at cls. 9b–c, 99c, e–f; App'x C-15 at cls. 22b, d–e, 62b, d–e, 67, 67b, 86h);

Pires with Hansen (*Id.* ¶¶ 939–40, 953, 955–62, 965–75, 979, 982–988, 992–999, 1002–08, 1044; App'x C-1 at cls. 29, 29a–k; App'x C-3 at cls. 29d–e, g–i).

[3] Although unnecessary, Amazon served on IS concurrently with this opposition, an errata to Dr. Johnson's Invalidity Report fixing the typographical errors in the sentences IS excerpted from the report to remove any doubt that Dr. Johnson only maps the asserted claims to the prior art combinations identified in Amazon's final election of art. (Ex. 4.)  IS has served several erratas to its expert reports to date, and its experts also fixed errors in their reports during depositions. (*See, e.g.*, Exs. 7–9; Exs. 10-11 (McAlexander Tr. Vols. I & II) at 98:16–99:2, 387:9–388:1.)

consistently and specifically identified the Zigbee specification as showing the state of the art at the time of the asserted patents. (Invalidity Contentions at 41–42 ("The specification of the '983 Patent admits that various standards described in the specification were prior art," including "the Zigbee standard."); *see also* '918 patent at 30:55–61; '798 patent at 30:47–53.) "The validity of the patent in suit is to be judged in view of the state of the art as it existed at the time of the alleged invention." *Pac. Spring Eng'g Corp. v. Sloss & Britain*, No. 70-2269-F, 1971 WL 16626 (C.D. Cal. Jun. 16, 1971). The final election of prior art cannot and is not meant to imperil defendants for presenting their case to the jury and teaching the jury about how the asserted patents fit into the prior art and solved or improved the existing technologies. Dr. Johnson's description of the Zigbee specification is thus proper for this independent reason as well.

### B.    Amazon's Invalidity Contentions Identified the Prior Art Combinations in Dr. Johnson's Report.

Amazon identified in its invalidity contentions each prior art combination that Dr. Johnson opines on in his Invalidity Report. Patent Rule 3-3(b) requires Amazon to identify "each [obviousness] combination" and "the motivation to combine such items." P.R. 3-3(b). Amazon's invalidity contentions did just that. They included the cover pleading, the combinations chart, and individual charts. The cover pleading of the contentions identified each prior art reference that anticipates or renders obvious the 230+ claims IS asserted against Amazon at the time. (Invalidity Contentions at § II.) The cover pleading also set out the prior art that alone or in combination anticipated and/or rendered obvious the asserted claims and provided reasons why one of ordinary skill would have been motivated to combine them. (Invalidity Contentions at 28–54.) The combinations chart showed, on a reference-by-reference basis, the combinations that, combined with the knowledge of one of ordinary skill in the art, render the asserted claims obvious. And the claim charts described, on a limitation-by-limitation basis, how each prior art reference anticipates the asserted claims or could be combined with other references to render the claims obvious. (*See*

Dkts. 180-2 ("Combinations chart"), 180-1.)  Together, these disclosures put IS on full notice of Amazon's prior art combinations.

IS argues that Amazon's invalidity contentions failed to identify specifically or chart *any* of the combinations Dr. Johnson opines on in his report.  (MTS at 7.)  In so doing, IS repeats its argument above that Dr. Johnson opines on combinations beyond the scope of Amazon's final election.  (*Id.*)  But as explained above, Dr. Johnson's report does not map combinations beyond the scope of Amazon's final election.  And the invalidity contentions disclose each combination in the final election and Dr. Johnson's report.  (*See* Combinations chart.)

IS contends that the invalidity contentions "neither identified nor charted" the combination of Pires and Hansen for claim 29 of the '443 patent.  (MTS at 7.)  But that is not true.  The cover pleading of the invalidity contentions states:  "It would have been obvious for a person of ordinary skill to have combined *one or more* of Linton, *Hansen*, and *Pires*."  (Invalidity Contentions at 54.)  The combinations chart likewise identifies the combination of Pires and Hansen.  (Combinations chart at 40 and 46.)  The invalidity contentions also include charts mapping *both* Pires and Hansen to claim 29.  (Invalidity Contentions at 152-159, 100-108.)  These charts also note that each limitation of claim 29 "would have been obvious" in view of Pires "in combination with" Hansen.  (*Id.* (noting that the charted reference alone or in combination with the other charted references meets each claim limitation).)  IS cannot credibly contend that the invalidity contentions do not disclose the combination of Pires and Hansen.

IS then argues that "Amazon failed to identify any one specific primary reference and explain how one or more secondary references could be combined, on an element-by-element basis, to render an asserted claim invalid as obvious."  (MTS at 7.)  But there is no requirement that the invalidity contentions identify a "primary" and "secondary" reference.  The invalidity contentions identify where each claim limitation is met by each piece of prior art and identify the prior art combinations that render the claims obvious, in compliance with the Patent Rules.  (P.R. 3-3(b).)

IS also recycles its argument from its motion to strike defendants' invalidity contentions, arguing that the contentions provide only "exemplary combinations" rather than specifically identifying the references Amazon anticipates using at trial.[4]  (MTS at 7-8 (citing IS's motion to strike invalidity contentions).)  But as explained above, Amazon's invalidity contentions comply with the Patent Rules and properly put IS on notice of Amazon's prior art combinations.  And the case IS cites in support of this argument is distinguishable from the facts here.  There, the court struck invalidity contentions that "d[id] not specifically identify combinations of references that the defendants anticipate using at trial" because they identified 149 prior art references and stated that any number of those references invalidated the claims either alone or combined in some unspecified manner.  *Saffran v. Johnson & Johnson*, No. 07-cv-451-TJW, Dkt. 49 at 2 (E.D. Tex. Feb. 24, 2009); *see also id.*, Dkt. 44 (Motion to Strike) at 2–4.  Here, Amazon's invalidity contentions identified specific combinations of prior art in the cover pleading, the combinations chart, and the claim charts for individual references.

### C.     Amazon's Invalidity Contentions Identified the Required Motivations to Combine Prior Art References.

IS argues that Amazon's invalidity contentions disclose no motivations to combine the prior art references Dr. Johnson maps to the asserted claims in his report.  But Amazon's invalidity contentions *did* identify specific motivations to combine prior art.  (*See, e.g.*, Invalidity Contentions at 28–29.)  The cover pleading to the contentions explained that the prior art for all four asserted patents is "related to compression and decompression of signals as well as monitoring of item status." (*Id.* at 29.)  The contentions explain that a person skilled in the art would thus have several motivations to combine the identified prior art, as the contentions specify.  (*See id.* at 29–30.)  For example, one "███████████████████████████████████████████

---

[4] IS's motion to strike the invalidity contentions is now moot.  (Dkt. No. 180.)  Defendants already served their expert reports, narrowing their invalidity defenses.  And any resolution of IS's (baseless) present motion to strike will further render its motion to strike defendant's invalidity contentions moot.

█████████████████████████████." (*Id.* at 29.) "██████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████."

(*Id.* at 30.) And "in the prior art, there were well-recognized design needs and desires and market pressures to develop the features" the patents purport to claim, and that "[s]uch factors provided ample reason to combine the prior art elements."   (*Id.* (citing *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1742 (2007)); *see also id.* (referring to specific prior art references).)

The rules do not require Amazon to include its full expert opinions on motivation to combine or otherwise in its contentions.  "[T]he purpose of invalidity contentions is to provide notice while discovery is intended to develop details so that legal theories become more concrete as the litigation progresses." *Realtime Data*, 2013 WL 12149180, at *3.  Amazon put IS on notice in its invalidity contentions that one skilled in the art would have been motivated to combine the art, as the Patent Rules require.

### D.      Prior Art Arling Properly Incorporates by Reference the Intel Journal, which discloses the Zigbee Standard.

In its motion to strike, in an apparent attempt to expand its pages and take two bites at the apple, IS raises the very same arguments it raises in the motion for summary judgment that it concurrently filed.  (Dkt. 409.)  Amazon will fully set out why IS deserves no judgment as a matter of law on whether Arling properly incorporates by reference the Intel Journal in its opposition to IS's motion for summary judgment.  IS's motion to strike Dr. Johnson's report fails as well.

IS does not dispute that it had notice of Arling in every notice, disclosure, election, and contention Amazon served under the Patent Rules.  And all of Amazon's elections stated that Amazon would rely on any materials incorporated by reference in Amazon's elected references.  (Dkt. 412-5 at 2; Dkt. 412-2 at 2.)  A prior art reference that "expressly incorporates by reference material from another source, generally may rely on the incorporated material as if that material is within

the 'four corners' of the reference." Ann. Patent Digest (Matthews) § 17:43 (4th ed. 2020); *Calla-way Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1346–47 (Fed. Cir. 2009) ("material not explicitly contained in the single, prior art document may still be considered for purposes of anticipation if that material is incorporated by reference") (citation omitted).  The Intel Journal and Zigbee spec-ification are both properly incorporated by reference within the four corners of Arling.

Arling points a person of ordinary skill to "[a] background and overview of home interop-erability technologies and projected features . . . in the Intel Technical Journal, Volume 6, Issue 4, published Nov. 15, 2002 entitled 'Interoperable Home Infrastructure' *which is fully incorporated by reference herein.*"  (Dkt. 412-7 (Arling) at 1:30–35 (emphasis added).)  None of IS's arguments change the propriety of this incorporation by reference and Amazon's reliance on it.

First, IS argues that one would not be able to find the incorporated journal because Arling misspells its title, reciting "Technical" rather than "Technology."  (MTS at 9–10.)  As an initial mater, Amazon found it.  And Amazon found it just by looking through public records.  Indeed, Arling does not merely state that some "Intel Technical Journal" is incorporated by reference, but it specifically identifies the volume, issue, publication date, and title of the incorporated journal. (*See* Arling at 1:30–35.)

Second, IS argues that Arling must limit its incorporation to specific sections of the Intel Journal and disputes the effect of Arling's language of incorporation.  (MTS at 5.)  Yet there is no such limiting requirement.  "[I]dentification of specific subject matter is not necessary, as holding otherwise would render any incorporation of a document in full a practical impossibility."  *Finjan, Inc. v. Blue Coat Sys.*, No. 15-cv-03295-BLF, 2016  WL 7212322, at *8 (N.D. Cal. Dec. 13, 2016) (finding that a host document's reference to an earlier patent without detail as to subject matter was sufficient to incorporate patent in its entirety).  In *Biscotti Inc. v. Microsoft Corp.*, this district reviewed language much like Arling's incorporation.  No. 2:13-CV-01015-JRG-RSP, 2017 WL 2526231, at *2–4 (E.D. Tex. May 11, 2017).  The court rejected patentee's argument that more

specificity was required, holding that by using the words "is hereby incorporated by reference in its entirety as though fully and completely set forth herein" and naming the applications, the host reference incorporated all six applications in their entirety. *Id.* Here, the Court should similarly find proper Arling's disclosure that the Intel Journal "is fully incorporated by reference herein."

Third, IS argues that Arling is not properly incorporated by reference because it is purportedly "aspirational" in nature. (MTS at 11.) This argument goes to the weight of Dr. Johnson's testimony and the strength of Amazon's invalidity defense and is not a proper basis for any motion to strike. *United States v. Hodge*, 933 F.3d 468, 478 (5th Cir. 2019) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.") (citation omitted), *pet. for cert. filed*, No. 19-1008 (U.S. Feb. 10, 2020); *accord Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-cv-135, 2010 WL 1170246, at *6 (E.D. Tex. Mar. 22, 2010).

IS cites two cases, *Advanced Display* and *SkinMedica*, to support its request to strike. (MTS at 9–11.) Neither does. *Advanced Display* did not address whether a host properly incorporated another reference. *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000). That decision addressed whether an incorporation by reference is a question of law or a question of fact and whether instructing a jury to determine what was or was not incorporated by reference into prior art was a legal error. And in *SkinMedica*—a claim construction opinion—the court discussed whether a party can fully incorporate a large technical treatise that the written description states to be "incorporated by reference 'in its entirety,'" without further relevant citation to specific contents. *SkinMedica, Inc. v. Histogen Inc.*, No. 09-cv-122JLS (NLS), 2011 WL 2066619, at *7 (S.D. Cal. May 24, 2011). But Arling does provide citation to the specific content when incorporating by reference the Intel Journal. It specifically states that the entire Intel Journal is "fully incorporated herein." (*See* Arling at 1:30–35.)

And while IS's authority is irrelevant, several Federal Circuit cases are on point and show

that Arling's incorporation by reference is indeed proper.  In *Paice LLC v. Ford Motor Co.*, 881 F.3d 894, 906–07 (Fed. Cir. 2018), the Federal Circuit held the phrase "incorporated by reference" was enough to incorporate an *entire* secondary reference—"not just portions thereof."  In *Ultradent Prods., Inc. v. Life-Like Cosmetics, Inc.*, 127 F.3d 1065, 1069 (Fed. Cir. 1997), the Federal Circuit accepted that one patent could incorporate another patent by reference and together be one piece of art for anticipation.  Indeed "[i]t is hard to imagine what is required to incorporate something by reference if stating that it is 'expressly incorporated herein by this reference' does not suffice." *Semcon Tech, LLC v. Micron Tech., Inc.*, No. 12-532-RGA, 2015 WL 4910467, at *3 (D. Del. Aug. 17, 2015).

Finally, in its motion to strike, IS seeks a determination from the Court on whether Arling properly incorporates by reference other material as a matter of law.  IS must seek that request through a motion for summary judgment, not a motion to strike.  Fed. R. Civ. P. 56 (summary judgment appropriate where party entitled to judgment on an issue as "a matter of law").

Dr. Johnson's report also correctly accounts for Zigbee, specifically identified in Amazon's invalidity contentions and which the asserted patents themselves acknowledge was state of the art at the time of those patents.  In addition to incorporating the Intel Journal, Arling states "[a]ll patents, patent applications, and other reference cited within this document are hereby incorporated by reference in their entirety."  (Arling at 20:6–8).  The Zigbee standard is cited within the Intel Journal.  (Dkt. 412-8 at 67.) What is more, the asserted patents themselves reference the Zigbee technology.  (*See, e.g.*, '918, '983, and '798 patents at 10:25; '443 patent at 7:65.)  IS therefore cannot claim it invented Zigbee or dispute that Zigbee was already the state of the art at the time of IS's purported invention.  (*See* Invalidity Report at ¶¶ 101–117, 236–39.)

### E.   Amazon Properly Disclosed the HAL2000 Prior Art and Dr. Johnson Properly Relied on It in the Invalidity Report.

Again, as with its arguments about Arling's incorporation by reference, IS repeats the same

arguments it advanced in its concurrently filed motion to exclude Dr. Johnson's opinions on HAL2000. (Dkt. Nos. 421, 459.)[5] Amazon will fully address why the Court should deny IS's motion to exclude in its opposition to that motion. The Court should also deny IS's present motion to strike.

Amazon's invalidity contentions identified and charted the HAL2000 prior art software—described in over thirty publicly available documents set out in the charts, including HAL2000 manuals and Internet Archive links explaining how the system operates—as prior art for three asserted patents. (Invalidity Contentions at 17, 348-365.) IS does not dispute this. Dr. Johnson mapped the HAL2000 prior art to the same three patents in his report. The Court should deny IS's motion to strike for this reason alone.

After serving the contentions, Amazon propounded a third-party subpoena to Home Automated Living ("HAL"), the manufacturer of the HAL2000 prior art. (Ex. 12 (HAL subpoena).) In response, HAL produced an operational version 3.6.9 of the HAL2000 software and documents describing it. Amazon produced those documents and made the software available for inspection to IS—at least seven weeks before expert opening reports were due and 13 weeks before IS's invalidity rebuttal report deadline. *Neither IS nor its expert has ever inspected it.* In response to the subpoena, HAL made its founder Tim Shriver available for deposition. IS deposed Mr. Shriver. That third-party deposition took place more than five weeks before the parties exchanged opening expert reports and 10 weeks before the rebuttal report deadline. (*Id.*)

After HAL produced its software, and while it was available to IS for inspection, Dr. Johnson ran the produced version of the HAL2000 software that Amazon received and tested its operation; he describes the tests and their results in his report. (Invalidity Report ¶¶ 790–894.) The

---

[5] IS impermissibly extends its *Daubert* argument from the pages of its motion at Dkt. 459. *Daubert* challenges are limited to 10 pages, but IS takes another one and a half pages in its motion to make the same arguments. That is improper and the Court should strike them. (*See* Dkt. 397 (Feb. 7 Scheduling Order).)

version of the HAL2000 software that HAL produced in response to the subpoena, like any software, required hardware (e.g., computer, keyboard, WiFi router, and so forth) to run and use it. The documents HAL produced in response to the subpoena identified the required system components for the produced software. (*See, e.g.*, Ex. 13 ("HAL 2000 Manual") at 21.) Using those documents, Dr. Johnson tested the software and its operation using the hardware components identified in the documents. (Invalidity Report ¶¶ 790–894.) He describes the configuration of the test system in his report. (*Id.*) IS and its expert had the same opportunity for three months before IS served its rebuttal invalidity report and even had a chance to inspect the very system that Dr. Johnson tested. They chose not to do so.

IS had ample notice of the HAL2000 prior art Amazon intended to rely on, had the opportunity to inspect it, received documents describing it, and deposed a third-party witness on the subject, all in time for its expert to synthesize the information months before his invalidity report was due. IS cannot claim surprise, confusion, or prejudice.

In its motion, IS contends that the tests with the HAL2000 software described in Dr. Johnson's report—the prior art IS did not review or test—is unlike what Amazon disclosed in its invalidity contentions because the report describes it as running with components (e.g., WiFi access point, PC, digital video camera, graphics controller, HD output interface), which Amazon purportedly did not identify in the contentions. (MTS at 15.) IS's argument fails for at least two reasons.

First, these hardware pieces are what a user *executes* the HAL2000 software *on*, like any other software. The documents defendants cited in the invalidity contentions explain that (not surprisingly) hardware is needed to operate the system. (*See, e.g.*, HAL 2000 Manual at 21 (listing system requirements, including "Windows® 98/Me/XP*/2000 (XP/2000 recommended), 266MHz or faster processor (500MHz recommended), 64MB RAM (128 MB recommended), 40MB free disk space for installation, 60MB for normal operation, HAL-compatible modem and phone line (required for some features), Connection to the Internet, Multimedia PC (sound card, microphone,

speakers).") Amazon properly disclosed this in its invalidity contentions.

Second, Amazon was not required to identify each hardware and software detail that operates with the third-party prior art system and to cite them in its invalidity contentions—all before the parties conduct any discovery concerning that system. (MTS at 14–15.) IS cites no authority for this position and there is none. To the contrary, "the purpose of invalidity contentions is to provide notice while discovery is intended to develop details so that legal theories become more concrete as the litigation progresses." *Realtime Data*, 2013 WL 12149180, at *3.

IS does not dispute that Amazon identified and charted the HAL2000 prior art in its invalidity contentions, produced documents about the system with its invalidity contentions, and identified the HAL2000 prior art in each election of prior art. (*See, e.g.*, Preliminary Election at 2; Final Election at 2; Invalidity Contentions at 17.) And consistent with those disclosures, Dr. Johnson's report maps the HAL2000 prior art to the asserted claims of the three patents in the '983 patent family. (*Compare* Invalidity Contentions at 17 *with* Invalidity Report at ¶¶ 790–894.)

### F.   Amazon Identified the Chun Reference in Its Preliminary and Final Elections for the Three Patents Dr. Johnson Mapped It to in the Invalidity Report.

IS argues that Amazon did not include the Chun reference in its preliminary election. (MTS at 5–6.) Amazon did. In its invalidity contentions, Amazon mapped Chun to the asserted claims of the '983 patent. (*See, e.g.*, Invalidity Contentions at 10, 196–344.) Amazon then elected Chun as prior art for the '983 patent and for the '918 and '798 patents in its June 22, 2019 amended preliminary election served per IS's request. (Amended Preliminary Election at 2.) Amazon elected Chun again in its final election as prior art for the three patents. (Final Election at 2.)

Not once before the parties' December 23, 2019 conference of counsel did IS object or raise any issue with Amazon's reliance on Chun for the '918 and '798 patents. Nor could it identify then or now any prejudice from Amazon's (and Dr. Johnson's) mapping of Chun to those two patents. There is none. The '918 and '798 patents share the same specification with the '983

patent and recite similar decompression/compression claim limitations.  Indeed, the limitation in the '983 patent that Amazon mapped to Chun in its invalidity contentions, and which Dr. Johnson maps to Chun in his report, is nearly identical in the asserted claims from the other two patents. (*See, e.g.*, '983 patent, cl. 22; '918 patent, cl. 28; '798 patent, cl. 5.)  Neither Amazon nor Dr. Johnson advanced any new mapping of Chun to any new claim limitation that was not identified in Amazon's invalidity contentions.  (*See* Invalidity Contentions at 196–344; Invalidity Report.) And IS's expert analyzed Chun and rebutted Dr. Johnson's opinions for all three patents.  (Ex. 14 (McAlexander Reb. R.) at ¶¶ 179–190.)  While IS thus is not prejudiced by Amazon's reliance on Chun for the '798 and '918 patents, Amazon would be significantly prejudiced if it could not present it at trial.  *See Iovate*, 2008 WL 7489321, at *3–4.

Moreover, IS's final election of asserted claims exceeded the limit permitted in the Court's Model Focusing Order for one of the asserted patents.  In response to Amazon's agreement not to oppose IS's request to modify the Model Order, IS agreed "not [to] oppose a reasonable request by Amazon to modify the requirements for the final election of asserted prior art in the Model Order Focusing Patent Claims and Prior Art (should Amazon make such a request in the future)." (Dkt. 276.)  Consistent with this agreement, Amazon's election of Chun for the '798 and '918 patents in its elections (for the identical claim limitations as in the '983 patent) was therefore proper.  The Court should deny the motion.

March 10, 2020

Respectfully submitted,

By: */s/ Saina S. Shamilov*
    J. David Hadden
    CA Bar No. 176148 (Admitted E.D. Tex.)
    Email: dhadden@fenwick.com
    Saina S. Shamilov
    CA Bar No. 215636 (Admitted E.D. Tex.)
    Email: sshamilov@fenwick.com
    Ravi R. Ranganath
    CA Bar No. 272981 (Admitted E.D. Tex.)
    Email: rranganath@fenwick.com

**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Todd R. Gregorian
CA Bar No. 236096 (Admitted E.D. Tex.)
Email: tgregorian@fenwick.com
Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Tex.)
Email: dchurnet@fenwick.com
TJ Fox
CA Bar No. 322938 (Admitted E.D. Tex)
Email:  tfox@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile:  415.281.1350

Jeffrey Ware
CA Bar No. 271603 (Admitted E.D. Tex.)
Email: jware@fenwick.com
**FENWICK & WEST LLP**
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile:  206.389.4511

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Defendants*
AMAZON.COM, INC.,
AMAZON DIGITAL SERVICES LLC,
AND AMAZON WEB SERVICES, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 10, 2020.

*/s/ Saina S. Shamilov*
Saina S. Shamilov

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2020, a true and correct copy of the foregoing document

was served on each party through their counsel of record via email.

Donald Lee Jackson
Email: djackson@davidsonberquist.com
Alan Arthur Wright
Email: awright@davidsonberquist.com
Gregory Albert Krauss
Email: gkrauss@davidsonberquist.com
James Daniel Berquist
Email: jay.berquist@davidsonberquist.com
Aldo Noto
Email: anoto@davidsonberquist.com
Pete Gowdey
Email: pgowdey@davidsonberquist.com
Walter D. Davis
Email: wdavis@davidsonberquist.com
Ethan Song
Email: esong@davidsonberquist.com

Davidson Berquist Jackson & Gowdey LLP
8300 Greensboro Drive Suite 500
McLean, VA 22102

*Counsel for Plaintiff*
**Innovation Sciences, LLC**

*/s/ Saina S. Shamilov*
Saina S. Shamilov

18