# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC.<br><br>v.<br><br>AMAZON.COM, INC., et al | Civil Action No. 4:18-cv-474<br>Judge Mazzant |
| INNOVATION SCIENCES, LLC<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC. | Civil Action No. 4:18-cv-475<br>Judge Mazzant |
| INNOVATION SCIENCES, INC.<br><br>v.<br><br>HTC CORPORATION | Civil Action No. 4:18-cv-476<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Innovations Sciences LLC's ("Plaintiff") Motion to Strike Defendants' P.R. 3-3 Preliminary Invalidity Contentions (Dkt. #180) and Motion for Leave to Amend Its P.R. 3-1(e) Infringement Contentions (Dkt. #234). Having reviewed the motions and the relevant pleadings, the Court finds that Plaintiff's Motion to Strike Defendants' P.R. 3-3 Preliminary Invalidity Contentions (Dkt. #180) should be denied, and Plaintiff's Motion for Leave to Amend Its P.R. 3-1(e) Infringement Contentions (Dkt. #234) should be granted.

## BACKGROUND

These three patent lawsuits have been consolidated for pre-trial purposes.[1] The patent infringement allegations include U.S. Patent No. 9,723,443 ("the '443 Patent") and the '798 Patent Family, including U.S. Patent Nos. 9,942,798 ("the '798 Patent"), 9,912,983 ("the '983 Patent"), and U.S. Patent No. 9,729,918 ("the '918 Patent") (collectively, "the patents-in-suit").

On July 31, 2019, Plaintiff filed its Motion to Strike Defendants' P.R. 3-3 Preliminary Invalidity Contentions (Dkt. #180). On August 14, 2019, Defendants responded (Dkt. #195). Plaintiff replied on August 21, 2019; Defendants filed a sur-reply on August 27, 2019 (Dkt. #202; Dkt. #206).

On September 11, 2019, Plaintiff filed its Motion for Leave to Amend Its P.R. 3-1(e) Infringement Contentions (Dkt. #234). On September 25, 2019, Defendant HTC responded (Dkt. #251). Plaintiff replied on October 3, 2019; Defendant HTC filed a sur-reply on October 10, 2019 (Dkt. #254; Dkt. #269).

## LEGAL STANDARDS

### I. Striking Invalidity Contentions

"The Local Patent Rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice of information with which to litigate their cases.'" *Fenner Invs., Ltd. v. Hewlett-Packard Co.*, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010). The Patent Rules are designed to force litigants to "crystalize their theories of the case early in the litigation" and to further the goal of full, timely discovery and provide all parties with adequate notice and

---

[1] A fourth suit against Defendant Vector Security, Inc. was dismissed with prejudice, and Defendant Vector Security, Inc.'s counterclaims of invalidity against Plaintiff have been dismissed without prejudice. *Vector*, 4:18-cv-477, (Dkt. #74). The Court refers to Amazon, Honeywell, and HTC collectively as Defendants.

information with which to litigate their cases." *MacroSolve, Inc. v. Antenna Software, Inc.*, No. 6:11-cv-287-MHS-JDL, 2013 WL 3833079, at *1 (E.D. Tex. July 23, 2013).

Under Local Patent Rule 3-3, a party charged with infringement must "identify each item of prior art that allegedly anticipates each asserted claim or renders it obvious." P.R.3-3(a). The invalidity contentions must also include a "chart identifying where specifically in each alleged item of prior art each element of each asserted claims is found." *Id.* at 3-3(c). Should a party fail to provide this necessary information, a court may impose any "just" sanction. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006).

That being said, striking invalidity contentions "is an extreme decision comparable to determining 'whether evidence should be excluded for discovery violations.'" *Eolas Technologies Inc. v. Amazon.com, Inc.*, 2016 WL 7666160, at *1 (E.D. Tex. Dec. 5, 2016) (citing *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. Aug. 24, 2007)). "Therefore, courts are hesitant to strike contentions absent evidence of unreasonable delay and prejudice." *Id.*

## II.    Leave to Amend Infringement Contentions

The Local Patent Rules provide for infringement contentions to be served at the outset of the case. P.R. 3-1. The rules generally allow the patent owner to amend its infringement contentions only by order of the court upon a showing of "good cause." P.R. 3-6(b); *see Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015). To determine whether the patent owner has shown good cause to amend its infringement contentions, courts in the Eastern District of Texas consider: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the court is excluding, (3) the potential prejudice if the court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *IDB*

*Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 549 (E.D. Tex. 2018) (Bryson, J.) (citing *Keranos*, 797 F.3d at 1035, and collecting cases).

## ANALYSIS

I. **Defendants' Invalidity Contentions Are Sufficient**

The Court's Scheduling Order provides that a party opposing a claim of patent infringement shall comply with Local Patent Rule 3-3. Relevant to this dispute, P.R. 3-3 mandates that a defendant serve invalidity contentions that contain the following information:

> (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. . . .
> (b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified.

Local Rule, Appendix B, Patent Rule 3-3.

A party's invalidity contentions are deemed that party's final contentions. P.R. 3-6. However, the Model Focusing Order in the Eastern District of Texas provides that "[n]o later than 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 1 claims" and conversely, "by the date set for the service of expert reports by the party with the burden of proof of an issue, the patent defendant shall serve Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references." Model Focusing Order at p. 2.

Plaintiff claims that Defendants' preliminary invalidity contention disclosure did not identify actual prior art combinations for each asserted claim and the specific reason for making

4

those combinations (Dkt. #180 at p. 2). Specifically, Plaintiff claims that "Defendants' collective submission fails to identify any one specific primary reference and explain how one or more secondary references could be combined, on an element-by-element basis, to render an asserted claim invalid as obvious" (Dkt. #180 at pp. 2–3). Plaintiff highlights United States Patent No. 7,136,709 to Arling ("Arling '709") as one of Defendants' preliminarily elected references where Defendants provide a slew of potential combinations without disclosing one actual combination (Dkt. #180 at pp. 4–5). Plaintiff asserts that Defendants' Arling '709 reference fails to provide the "element-by-element disclosure for any actual combination or to explain why those of skill in the art would make any one of the millions of possible combinations" as required by P.R. 3-3 (Dkt. #180 at p. 6).

Plaintiff also claims that Defendants have impermissibly identified an "an unquantifiable number of *potential combinations*" without disclosing "*one actual combination*" (Dkt. #180 at p. 5) (emphasis in original). Plaintiff concludes that the appropriate remedy for Defendants' "attempt to end run the rules" is striking their invalidity contentions (Dkt. #180 at pp. 8–10).

Defendants first respond by arguing that Plaintiff did not actually identify any deficiencies with their contentions (Dkt. #195 at p. 4). Their invalidity contentions, Defendants say, "describes, over the course of nearly 30 pages, specific combinations of prior art that render the voluminous number of asserted claims obvious, and provides reasons why one of ordinary skill in the art would have been motivated to combine them" (Dkt. #195 at p. 6). Retorting by using their Arling '709 reference as an exemplar like Plaintiff did, Defendants provide nearly a page-long summary from their disclosure identifying specific combinations and a description of the motivation to combine, as well as the full set of possible combinations they disclosed for this reference (Dkt. #195 at pp.

5

6–7). Defendants state that their disclosures were sufficient to put Plaintiff on notice of Defendants' invalidity theories (Dkt. #195 at p. 6).

Defendants submit that Plaintiff's actual complaint is that Defendants' invalidity contentions are too long and identify too many combinations of prior art—but Defendants say that this is a result of Plaintiff's decision to assert hundreds of claims and is not indicative of any deficiency with their invalidity contentions (Dkt. #195 at p. 4). And Defendants also assert that Plaintiff's motion is unnecessary since the Court's Model Focusing Order already requires the parties to reduce their claims and prior art (Dkt. #195 at p. 4).[2]

Also relevant to Plaintiff's Motion to Strike Defendants' P.R. 3-3 Preliminary Invalidity Contentions is a line of argument from its Motion for Leave to Amend Its P.R. 3-1(e) Infringement Contentions (Dkt. #234). In that later-filed motion, Plaintiff seeks leave to amend its infringement contentions to clear up what it describes as an ambiguity related to the priority date on the patents-in-suit (Dkt. #234 at pp. 2–3). Plaintiff claims that it did not realize this ambiguity until August 22, 2019 (Dkt. #234 at p. 3). But Plaintiff alludes to the fact that Defendants' preliminary invalidity contentions—served on April 17, 2019, and the subject of Plaintiff's Motion to Strike—discussed the priority date for the patents (Dkt. #234 at p. 3).

---

[2] Defendants make three other arguments why Plaintiff's motion should be denied:

> (1) it comes over three months after IS received Defendants' invalidity contentions, two months after IS elected a reduced set of asserted claims, and one month after the Court denied IS's request to limit the Defendants to a common set of elected prior art references, all without ever raising any concern with sufficiency of Defendants' invalidity contentions; (2) IS failed to substantively meet and confer on the issues raised in its motion, where the parties could have attempted to reach a resolution; and (3) it addresses only a *single* prior art patent in Defendants' contentions, ignoring the other prior art (including other patent/publication references and product prior art) and combinations, despite seeking the drastic and unjustified remedy of striking *all* of Defendants' invalidity contentions.

(Dkt. #195 at p. 5) (emphasis in original). Because the Court denies Plaintiff's motion on other grounds, it will not address Defendants' three alternative arguments.

Defendant HTC's response to Plaintiff's Motion for Leave to Amend elaborates, discussing that Plaintiff's argument that it did not realize this ambiguity until August 22, 2019, undermines Plaintiff's argument that Defendants' invalidity contentions—which identified and discussed the priority date discrepancy within the first twenty pages—should be struck (Dkt. #251 at pp. 5–6). Defendant HTC argues that Plaintiff cannot credibly claim that Defendants' invalidity contentions should be struck when Plaintiff clearly did not diligently review them (Dkt. #251 at pp. 5–6).

Plaintiff replies by claiming it "simply missed the statement that HTC cites from page 20 of Defendants' P.R. 3-3 Invalidity Contentions" (Dkt. #254 at p. 3), to which Defendant HTC reiterates that this is an admission that Plaintiff did not carefully read and analyze Defendants' invalidity contentions prior to filing a motion to strike them—had Plaintiff done so, it would have known about the error sooner (Dkt. #269 at p. 4).

Defendants' preliminary invalidity contentions should not be struck for failure to comply with P.R. 3-3 as Plaintiff urges the Court to do. First, Defendants' invalidity contentions are not deficient: as required by P.R. 3-3, Defendants have identified each item of prior art that allegedly anticipates each asserted claim or renders it obvious and explained why those of skill in the art would be motivated to combine that art. Second, the breadth of Defendants' invalidity contentions is not a proxy for deficiency, but a function of the hundreds of preliminary infringement contentions made by Plaintiff. And finally, the Court agrees with Defendant HTC that Plaintiff's Motion for Leave to Amend undermines Plaintiff's arguments in relation to Plaintiff's Motion to Strike.

Using Defendants' preliminarily elected reference of Arling '709 as representative for the issues Plaintiff claims plague all of Defendants' contentions, Plaintiff asserts that Defendants provide nothing more than innumerable potential combinations without disclosing any actual

7

combinations or an explanation of what would motivate those combinations (Dkt. #180 at pp. 4–5). In response, Defendants quote at length from their contentions (Dkt. #195 at pp. 6–8). The Court finds that Defendants' contention for the Arling '709 not only identifies specific combinations, but it provides the description of the motivation to combine by one of ordinary skill in the art that Plaintiff claims is lacking. *See* (Dkt. #195 at pp. 6–8). Defendants' sufficiently identify each combination of items of prior art that allegedly render the claims obvious and the motivation to combine such items in accordance with P.R. 3-3.

Plaintiff also argues that Defendants' failed to provide the "required element-by-element disclosure for any actual combination" (Dkt. #180 at pp. 5–6). But that is "not required by the Local Rules." *See Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 2:15-CV-37-RWS-RSP, 2016 WL 9307563, at *3 (E.D. Tex. Sept. 27, 2016). Indeed, "'[c]ontentions are not intended to require a party to set forth a *prima facie* case,' they need only provide fair notice." *Id.* (quoting *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, 6:09-CV-116, 2010 WL 346218, at *2 (E.D. Tex. Jan. 21, 2010)). And that is what Defendants' contentions do—they provide Plaintiff with fair notice.

It seems to the Court that Plaintiff's main complaint with Defendants' contentions is that they are voluminous. *See* (Dkt. #185 at pp. 1–2, 4, 5 n.1, 8–9). Not only is this criticism "somewhat at odds with its own assertion of [hundreds of] claims against Defendants," but as is "often the case, as the case progresses to trial, and as Plaintiff narrows its asserted claims, Defendant will narrow its asserted prior art as well." *See Ultravision Techs., LLC v. Lamar Advert. Co.*, 2:16-CV-374-JRG-RSP, 2017 WL 3836139, at *1 (E.D. Tex. Apr. 18, 2017) (citation omitted). That narrowing of claims and contentions is and will continue to happen here as both parties comply with the Model Focusing Order. So long as Plaintiff was given adequate notice of

8

Defendants' invalidity contentions under the Local Rules—which the Court finds it was—"[t]here is nothing improper about including too many references or asserted claims in contentions . . . ." *Id.*

Additionally, the Court agrees with Defendants—Plaintiff's argument in its Motion for Leave to Amend Its P.R. 3-1(e) Infringement Contentions (Dkt. #234) suggests to the Court that Plaintiff may not have thoroughly considered Defendants' contentions. Plaintiff's argument that it did not realize an ambiguity contained in its initial infringement contentions until August 22, 2019, undermines Plaintiff's argument that Defendants' invalidity contentions—which *identified and discussed* the priority date discrepancy within the first twenty pages—should be struck (Dkt. #251 at pp. 5–6). The Court has difficulty finding Plaintiff's attacks on Defendants' invalidity contentions credible when Plaintiff did not diligently review them.

As explained above, the Court finds that Defendants' preliminary invalidity contentions comply with P.R. 3-3, so there is no occasion for the Court to strike them as Plaintiff requests.

## II. Plaintiff May Amend Its Infringement Contentions

Turning now to Plaintiff's Motion for Leave to Amend Its P.R. 3-1(e) Infringement Contentions (Dkt. #234), the Court finds that good cause exists to grant the motion. While factor one weighs slightly in favor of denying leave to amend, factors two and three weigh in favor of granting leave, while factor four is neutral. On the whole, good cause exists to grant leave to amend.

Plaintiff seeks leave to amend its infringement contentions to correct what it describes as an "unforeseen ambiguity" (Dkt. #234 at p. 1). Plaintiff's original disclosure is as follows:

> The claimed technology was described in non-provisional application 11/501,747 filed on August 10, 2006. Each of the asserted claims of the *[']983 patent* are entitled to a priority date not later than August 10, 2006. The claimed technology

was also described in provisional application number 60/899,037 filed on February 2, 2007.

(Dkt. #234 at p. 2) (emphasis added). Plaintiff seeks to amend the disclosure to read:

The claimed technology was described in non-provisional application 11/501,747 filed on August 10, 2006. Each of the asserted claims of the *patents-in-suit* are entitled to a priority date not later than August 10, 2006. The claimed technology was also described in provisional application number 60/899,037 filed on February 2, 2007.

(Dkt. #234 at p. 3) (emphasis added).

Plaintiff asserts that its infringement contentions were timely served, but that its initial reference to the '983 patent was an "unintended ambiguity" (Dkt. #234 at p. 4). Plaintiff claims that this error did not prejudice Defendants in any way since Defendants treated Plaintiff's priority date for all four asserted patents as August 10, 2006, anyways, and all of Defendants' prior art pre-dates August 10, 2006 (Dkt. #234 at pp. 3–4).

Only Defendant HTC responded; Defendant Amazon did not file a response in opposition or join Defendant HTC's response. First, Defendant HTC points out the issue the Court addressed in its analysis of Plaintiff's Motion to Strike: Defendant HTC argues that the fact Defendants' invalidity contentions pointed out the fact that Plaintiff did not assert a priority date with respect to any patent other than the '983 patent shows that Plaintiff was on notice of this issue four months before filing its Motion to Amend (Dkt. #251 at p. 5). Defendant HTC also argues that the initial disclosure was not "ambiguous," but a deliberate choice by Plaintiff that it now seeks to change without good case (Dkt. #251 at p. 8). Defendant HTC asserts that allowing Plaintiff to amend its disclosure would result in prejudice because "the invalidity of the '918, '798, and '443 patents, when viewed from 2016, is all the more clear," even though Defendant HTC also acknowledges that it already "search[ed] for, analyz[ed], and chart[ed] prior art for the over two hundred claims asserted by Plaintiff by using the [August 10, 2006] priority date" (Dkt. #251 at p. 12). Defendant

HTC then asserts that Plaintiff did not argue, and thus waived, factors two and four of the good-cause analysis (Dkt. #251 at pp. 9, 12).

Plaintiff replies by arguing that HTC's prejudice argument rings hollow since Plaintiff is not changing its position, but correcting an error creating an ambiguity in its disclosure (Dkt. #254 at p. 2). It makes no sense, Plaintiff claims, for it to have deliberately picked an earlier priority date for the '983 patent considering the surrounding sentences and the rest of Plaintiff's disclosure broadly refers to the "claimed technology" and that all four of the patents-in-suit claim on their face a priority date of August 10, 2006 (Dkt. #254 at p. 2). Plaintiff reiterates that this is not a change, but a clarification (Dkt. #254 at p. 2). And Plaintiff counters Defendant HTC's argument that it did not address, and thus waived, factor two of the good-cause analysis and states that factor four need not be considered since Defendant HTC will not suffer any prejudice (Dkt. #254 at pp. 5, 7).

In its sur-reply, Defendant HTC states that "claimed technology" could just as easily refer to all the patents-in-suit or just the '983 patent (Dkt. #269 at p. 2). Thus, Defendant HTC claims that it is "illogical" that the more specific and precise disclosure could result in an ambiguity (Dkt. #254 at pp. 2–3). Defendant HTC then claims that this was not a clerical "scrivener's error" and mentions that simple inadvertence does not constitute good cause in other contexts (Dkt. #254 at p. 3).

The Court finds that factor one of the good-cause analysis—diligence, or Plaintiff's explanation for its failure to meet the deadline—weighs slightly against granting leave to amend. Factors two and three, though—the importance of what the Court would be excluding and the potential prejudice to Defendant HTC if the Court grants Plaintiff leave to amend—weighs in favor of allowing amendment. And factor four—the availability of a continuance to cure such

prejudice—is neutral. As such, the Court finds good cause exists to allow Plaintiff to amend its infringement contentions.

First, the Court finds that Plaintiff should have been on notice in April of 2019, when Defendants identified this issue in their preliminary invalidity contentions. *See supra* Part I. The Court agrees, and it finds that this factor accordingly weighs slightly against granting Plaintiff leave to amend.

As for factors two and three, the Court finds that they favor allowing Plaintiff to amend its invalidity contentions. Defendant HTC claims that Plaintiff waived any argument on the second good-cause factor by not addressing it in Plaintiff's opening motion, but Plaintiff identified in its Motion for Leave that its intention was to claim priority back to August 10, 2006, for all of the patents-in-suit (Dkt. #234 at pp. 3–4). Should the Court not grant Plaintiff leave to amend, it is implicit that Plaintiff would not be able to make this important argument (Dkt. #254 at p. 5). And Defendant HTC does not meaningfully push back in its sur-reply. Thus, the second factor weighs in favor of allowing amendment.

As does factor three: as Defendant HTC admits, it already "search[ed] for, analyz[ed], and chart[ed] prior art for the over two hundred claims asserted by Plaintiff by using the [August 10, 2006] priority date" (Dkt. #251 at p. 12). And though it may be the case that "the invalidity of the '918, '798, and '443 patents, when viewed from 2016, is all the more clear," it can hardly be said that Defendant HTC is prejudiced by an amendment to Plaintiff's infringement contentions that does not alter Defendant HTC's invalidity arguments. Factor three weighs in favor of allowing amendment.

Factor four is neutral, largely because the prejudice to Defendant HTC is so minimal. The Court does not see how the availability of a continuance to cure prejudice should have any bearing

on the analysis here, where Defendant HTC has already analyzed and charted prior art using the August 10, 2006, priority date for all the patents-in-suit. Accordingly, this factor is neutral.

After weighing the four good-cause factors, the Court finds that good cause exists to allow Plaintiff to amend its infringement contentions.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Strike Defendants' P.R. 3-3 Preliminary Invalidity Contentions (Dkt. #180) is hereby **DENIED**, and Plaintiff's Motion for Leave to Amend Its P.R. 3-1(e) Infringement Contentions (Dkt. #234) is hereby **GRANTED**.

**SIGNED this 17th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE