# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br>　　　　Plaintiff,<br>　v.<br><br>AMAZON.COM, INC., ET AL.,<br>　　　　Defendants. | Civil Action No.4:18-cv-00474-ALM<br>*Consolidated Lead Case* |
| INNOVATION SCIENCES, LLC,<br>　　　　Plaintiff,<br>　v.<br><br>RESIDEO TECHNOLOGIES, INC.,<br>　　　　Defendant. | Civil Action No.4:18-cv-00475-ALM<br>*Member Case* |

**INNOVATION SCIENCE, LLC'S MOTION FOR LEAVE TO FILE A SUMMARY JUDGMENT MOTION DIRECTED TO OWNERSHIP AND STANDING**

Plaintiff Innovation Sciences, LLC ("Innovation") moves for leave to file a summary judgment motion directed to the issue of whether it owns the patents-in-suit and has standing and the right to sue for infringement of those patents.

## I.  INTRODUCTION

Defendants Amazon.com, Inc., Amazon Digital Services, LLC, and Amazon Web Services, Inc. (collectively, "Amazon") and Defendant Resideo Technology, Inc. ("Resideo") (collectively, "Defendants") have asserted that Innovation does not own all right, title and interest in the patents-in-suit.  Defendants assert that one of the co-inventors, Tiejun ("Ronald") Wang, had an employment agreement with RF Micro Device, Inc. ("RFMD") that assigned his rights in the asserted patents to RFMD.  As a result, Amazon asserts that Innovation lacks standing to assert the patents-in-suit.  Resideo argues that because RFMD (or some other company) owns rights in the patents-in-suit, Innovation lacks standing to sue and that the patents are unenforceable because of the failure to maintain common ownership of the patents-in-suit which are subject to a terminal disclaimer filed at the U.S. Patent and Trademark Office ("PTO") which requires that the patents be commonly owned.[1]

The Court recently consolidated three related cases between Innovation and HTC Corporation in lead case number 4:18-cv-00476-ALM and entered a scheduling order that set December 21, 2020 as the deadline to file dispositive motions.  -476 case, Dkt. 63 at 3.  On May 19, 2020, Innovation filed a motion for summary judgment that it owns all right, title and interest in the patents asserted against HTC, and therefore has standing and the right to sue for infringement of those patents.  The patents asserted against HTC overlap with the patents asserted against Amazon and Resideo, and they are all part of the same patent family.  Thus, the ownership, standing, and right to sue issues present in the HTC case are present in the cases

---

[1] Resideo is vague as to whether it contends that only RFMD owns an interest in the asserted patents or whether it contends that Virginia E-Commerce Solutions, Inc. ("VECS"), China Entropy, and/or Sellerbid Technology (Beijing) Ltd. also (or alternatively) own an interest in the patents-in-suit.  Innovation's anticipated summary judgment motion would apply to any and all of Resideo's potential ownership allegations.

against Amazon and Resideo.

## II. ARGUMENT

Innovation seeks leave to file a summary judgment motion that it owns all right, title, and interest in the patents-in-suit, and thus has standing and the right to sue for infringement of those patents.[2] These ownership issues are common to the cases against HTC, Amazon, and Resideo. The Court will be deciding the summary judgment motion Innovation filed as a matter of right in the -476 case against HTC. Innovation seeks leave to file the same substantive motion in the cases against Amazon and Resideo.[3]

The motion for summary judgment is primarily a set of legal issues. In fact, there are at least four legal issues raised by Innovation's summary judgment motion that should not go to the jury in the cases against Amazon and Resideo – namely, (1) whether Amazon and Resideo have standing to assert the legal interests of a third party (*e.g.*, RFMD), (2) whether the RFMD employment agreement applies because the Dr. Ronald Wang's invention related to RFMD's business (*i.e.*, a contract interpretation issue), (3) whether the RFMD employment agreement is unenforceable because it is broader than that allowed by California law, and (4) whether 35 U.S.C. § 261 voids any potential ownership claim by RFMD or it successor. To the extent there are any underlying factual issues, those issues are so clearly in Innovation's favor that they should not be presented to the jury for consideration.

If the Court grants any portion of Innovation's motion, it will substantially reduce the issues at trial in the Amazon, Resideo, and HTC cases. As a result, allowing Innovation to file a summary judgment motion in the Amazon and Resideo cases may conserve substantial judicial resources in connection with trials of those cases.

---

[2] The deadline for filing dispositive motions in the present case was February 25, 2020, and thus, leave of Court is now required to file a summary judgment motion.

[3] Innovation anticipates that the motions will be substantively identical. But there may need to be minor changes to conform the motion to the context of the Amazon and Resideo cases.

### III. **CONCLUSION**

The conservation of judicial resources is of paramount importance. The motion Innovation seeks leave to file will be substantively identical to the motion the Court will decide in the -476 HTC case which has already been filed. Innovation respectfully requests that the Court grant Innovation leave to file a summary judgment motion that it owns all right, title and interest in the patents-in-suit, and thus has standing and the right to sue for infringement of those patents.

Dated: June 12, 2020

Respectfully submitted,

*/s/ Donald L. Jackson*
Donald L. Jackson
VA Bar No. 42,882 (Admitted E.D. Tex.)
James D. Berquist
VA Bar No. 42,150 (Admitted E.D. Tex.)
Gregory A. Krauss
VA Bar No. 84839 (Admitted E.D. Tex.)
Alan A. Wright
VA Bar No. 46506 (Admitted E.D. Tex.)
**DAVIDSON BERQUIST JACKSON & GOWDEY, LLP**
8300 Greensboro Dr., Suite 500
McLean, Virginia 22102
Tel.: (571) 765-7700 Fax: (571) 765-7200
djackson@davidsonberquist.com
jay.berquist@davidsonberquist.com
gkrauss@davidsonberquist.com
awright@davidsonberquist.com

Roger D. Sanders
J. Michael Young
**SANDERS, MOTLEY, YOUNG, AND GALLARDO, PLLC**
111 S. Travis Street
Sherman, Texas 75090
Tel.: (903) 892-9133
Fax: (903) 892-4302
rsanders@somlaw.net
myoung@somlaw.net

*Attorneys for Plaintiff Innovation Sciences, LLC*

## CERTIFICATE OF CONFERENCE

On June 9, 2020, counsel for Innovation asked counsel for Amazon and Resideo if they would oppose the present motion. That same day, Amazon asked for a copy of the summary judgment motion filed in the -476 HTC case before it would respond. Resideo's counsel indicated that she would check with Resideo and get back to us. I sent the HTC motion for summary judgment to Amazon's counsel on June 10, 2020. Today, Resideo indicated that it opposes the present motion. Having not heard from Amazon's counsel, today, I advised Amazon that Innovation would file the present motion as opposed.

DATED: June 12, 2020            */s/ Donald L. Jackson*
                                Donald L. Jackson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

DATED: June 12, 2020            */s/ Donald L. Jackson*
                                Donald L. Jackson