# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC<br><br>v.<br><br>AMAZON.COM, INC., et al | Civil Action No.  4:18-cv-474<br>Judge Mazzant<br><br>***CONSOLIDATED LEAD CASE*** |
| INNOVATION SCIENCES, LLC<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC. | Civil Action No.  4:18-cv-475<br>Judge Mazzant<br><br>*Member case* |

### **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Vector Security, Inc.'s Motion to Compel Production of Corporate and Financial Records (Dkt. #245).  Having reviewed the motion and the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

This is a patent infringement suit brought by Plaintiff Innovation Sciences, LLC.  Plaintiff brought suit against several defendants, including Defendant Vector Security.  On September 18, 2019, Defendant Vector Security filed its Motion to Compel Production of Corporate and Financial Records (Dkt. #245).  Plaintiff responded on October 3, 2019 (Dkt. #253).

On December 30, 2019, Defendants Resideo Technologies, Inc., HTC Corporation, Amazon.com, Inc., Amazon Digital Services LLC, and Amazon Web Services, Inc. (collectively, "Defendants"), filed a Notice of Joinder in Vector Security, Inc.'s Motion to Compel Production of Corporate and Financial Records (Dkt. #347).  On January 14, 2020, Plaintiff moved to strike

Defendants' Notice of Joinder (Dkt. #361). Defendants responded on January 28, 2020 (Dkt. #380), and Plaintiff filed a reply on February 5, 2020 (Dkt. #392).

On February 18, 2020, the Court dismissed Defendant Vector Security from this action as agreed to by both Plaintiff and Defendant Vector Security (Dkt. #402). In doing so, the Court denied as moot Vector Security's Motion to Compel Production of Corporate and Financial Records (Dkt. #402). But in light of the Defendants' Notice of Joinder, the Court reinstated Vector Security's Motion to Compel on February 19, 2020 (Dkt. #404).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1); *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #113 at p. 4). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the

proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

## ANALYSIS

Vector's Motion to Compel asks the Court to compel production of documents from 2006 to the present showing Plaintiff's: (1) board and management meetings documents; (2) U.S. tax records; (3) bank records; (4) payment disbursement and receipt records; (5) payroll records; and (6) property ownership records (Dkt. #245 at p. 4).[1] The Motion argues that these materials are relevant for several reasons, including:

> (1) The actual relationship between Mr. Wang and [Plaintiff], including whether, when, how, and why [Plaintiff] actually transferred "valuable consideration" to Mr. Wang, per [Plaintiff's 35 U.S.C.] § 261 Defense;
>
> (2) The bias, veracity, and impeachment of the testimony of the named inventors (at least one of whom is currently an officer of [Plaintiff]);
>
> (3) Whether [Plaintiff] and its predecessors respected the corporate form, or operated merely as an alter ego of one or more of the named inventors to evade judgment of the Court; and
>
> (4) Whether [Plaintiff] has been and is currently sufficiently capitalized to pay Vector's attorneys' fees.

---

[1] The Motion seems to ask that these records be produced for both Plaintiff Innovation Sciences and its predecessors, which the Motion identifies as SellerBid, Inc. and Virginia Innovation Sciences, Inc. (Dkt. #245 at p. 4 n.1).

(Dkt. #245 at p. 9). The Motion also argues that due to the "unreliable, incomplete, expedient (and shifting) [deposition] testimony of Mr. Wang and Ms. Wong," Plaintiff's argument that this testimony is an adequate substitute for the requested materials is erroneous (Dkt. #245 at pp. 6–9).

Plaintiff argues that the motion should be denied because the discovery sought is "irrelevant, vastly overbroad," and can be achieved through less-intrusive means (Dkt. #253 at p. 2). Plaintiff attacks the argument that the information is relevant to determine whether Plaintiff can pay attorney's fees as premature since there is no prevailing party yet (Dkt. #253 at p. 2). Plaintiff also claims that a party seeking production of tax returns must satisfy a higher burden—a burden Plaintiff claims that Vector does not even acknowledge, let alone meet (Dkt. #253 at p. 3). Plaintiff also argues that not trusting sworn deposition testimony is no reason to compel a large document production (Dkt. #253 at p. 7).

The Court agrees with Plaintiff. First, it is premature to conduct discovery relating to attorney's fees at this stage in the litigation. Next, to the extent that Vector requests materials and information that are relevant or will lead to the discovery of admissible evidence, the requests are vast and overbroad. Finally, with regard to Vector's request for tax returns, Vector does not show there is any compelling need for their production. So, the Motion to Compel should be denied.

As the Motion to Compel admits, two of the four rationales given by Vector—"(3) Whether [Plaintiff] and its predecessors respected the corporate form, or operated merely as an alter ego of one or more of the named inventors to evade judgment of the Court; and (4) Whether [Plaintiff] has been and is currently sufficiently capitalized to pay Vector's attorneys' fees"—are only relevant in order to provide admissible evidence "regarding how and whether [Plaintiff] could satisfy a § 285 fee award" (Dkt. #245 at pp. 9–10). But as Plaintiff correctly argues, discovery for this purpose is premature at this stage of the litigation (Dkt. #253 at p. 4). *See TQP Dev., LLC v.*

*1-800-Flowers.com, Inc.*, 2:11-CV-248-JRG-RSP, 2013 WL 7853448, at *1 (E.D. Tex. July 22, 2013).

Vector's other two bases to compel production fare no better. As Plaintiff notes, even if the documents are relevant, Vector's request for all documents from 2006 to present showing Plaintiff's: (1) board and management meetings documents; (2) U.S. tax records; (3) bank records; (4) payment disbursement and receipt records; (5) payroll records; and (6) property ownership records is overbroad (Dkt. #253 at p. 5). Vector argues that these documents are relevant to show "whether, when, how, and why [Plaintiff] actually transferred 'valuable consideration' to Mr. Wang, per [Plaintiff's 35 U.S.C.] § 261 Defense"—and yet, Vector's request is not narrowly tailored to documents actually reflecting consideration paid. Instead, Vector asks the Court to compel production of a plethora of documents spanning fourteen years. This request is vastly overbroad when compared to the rationale Vector provides. And as Plaintiff also notes, it has already produced—and will continue to produce—information to Vector on this topic (Dkt. #253 at p. 5).

Vector's last justification for compelling production fails for the same reason—rather than: (1) identifying specific instances where Vector believes Mr. Wang and Ms. Wong provided unreliable testimony; and then (2) providing a tailored request for documents that Vector believes will prove the inconsistency—Vector asks that Plaintiff produce an overbroad swath of documents with the hopes that some inconsistency will be discovered. But that borders on an impermissible fishing expedition. *See Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) (collecting cases) ("While the expression 'fishing expedition' has been generally denigrated as a reason for objecting to discovery, in some situations, such as the one at hand, it remains apt.").

Indeed, "[a] litigant may not engage in merely speculative inquiries in the guise of relevant discovery"—yet that is what Vectors asks the Court to allow here. *See id.* It will not.

Additionally, Vector asks the Court to compel production of Plaintiff's tax records. Even if relevant, "[f]or a court to order disclosure of tax returns, the court must find . . . that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Vine v. PLS Fin. Services, Inc.*, 4:18-CV-00450, 2020 WL 408983, at *7 (E.D. Tex. Jan. 24, 2020) (quoting *SEC v. Cymaticolor*, 106 F.R.D. 545, 547 (S.D. N.Y. 1985)) (internal quotations omitted). This is because tax returns "are highly sensitive documents, and courts are reluctant to order their routine disclosure as part of discovery." *RYH Properties, LLC v. West*, 5:08CV172, 2010 WL 11531154, at *2 (E.D. Tex. Dec. 15, 2010) (citing *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993)). Vector never acknowledges this heightened standard; and Vector certainly does not present evidence to allow the Court to find there is a compelling need to compel Plaintiff to produce its tax returns for the last fourteen years.

In sum: to the extent that Vector requests materials and information that are relevant or will lead to the discovery of admissible evidence, the requests are vast and overbroad. And with regard to Vector's request for tax returns, Vector does not show there is any compelling need for their production. Accordingly, the Motion to Compel should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Vector Security, Inc.'s Motion to Compel Production of Corporate and Financial Records (Dkt. #245) is hereby **DENIED**.

**SIGNED this 18th day of June, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE