# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC<br><br>v.<br><br>AMAZON.COM, INC., et al | Civil Action No.  4:18-cv-474<br>Judge Mazzant<br><br>***CONSOLIDATED LEAD CASE*** |
| INNOVATION SCIENCES, LLC<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC. | Civil Action No.  4:18-cv-475<br>Judge Mazzant<br><br>*Member case* |

### **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Innovation's Motion for Summary Judgment Against Amazon (Dkt. #409).  Having reviewed the motion and the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

This is a patent infringement suit brought by Plaintiff Innovation Sciences, LLC against Defendants Amazon.com, Inc., Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services, LLC, Amazon Web Services, Inc., and Amazon Fulfillment Services, Inc. (collectively, "Defendants") (Dkt. #79 at p. 1).  The patent infringement allegations include U.S. Patent No. 9,723,443 ("the '443 Patent") and the '798 Patent Family, including U.S. Patent Nos. 9,942,798 ("the '798 Patent"), 9,912,983 ("the '983 Patent"), and U.S. Patent No. 9,729,918 ("the '918 Patent") (Dkt. #79).

On February 25, 2020, Plaintiff filed its Motion for Summary Judgment Against Amazon (Dkt. #409).  Defendants responded on March 18, 2020 (Dkt. #525).  Plaintiff filed its reply on April 2, 2020; Defendants filed their sur-reply on April 16, 2020 (Dkt. #586; Dkt. #647).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  Substantive law identifies which facts are material.  *Id.*  The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment."  *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact.  FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323.  If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case.  *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning*

*News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Plaintiff moves for partial summary judgment on a narrow issue, asking the Court to determine as a matter of law that the Arling reference—which Defendants purportedly rely on as invalidating prior art in this case—does not incorporate by reference the *Intel Technology Journal* or the ZigBee Specification (Dkt. #409 at pp. 2, 4). Plaintiff provides four main arguments in support of its motion: first, Plaintiff argues that the Arling reference does not identify with particularity the *Intel Technology Journal* because the Arling reference cites to the (nonexistent) Intel *Technical* Journal instead; second, Plaintiff asserts that even if the Arling reference identified with particularity the *Intel Technology Journal*, incorporation by reference would still be inappropriate since it cites to a "voluminous 78-page publication"; third, Plaintiff claims that the *Intel Technology Journal* is too aspirational to be used as anything other than a separate reference;

and fourth, Plaintiff submits that because the ZigBee Specification is not effectively incorporated by reference into the *Intel Technology Journal*, it most certainly cannot be effectively incorporated into the Arling reference, despite Defendants' expert allegedly stating otherwise (Dkt. #409 at pp. 5–9).

Defendants disagree. Defendants concede to the Arling reference's "minor typographic error" when citing the name of the journal but assert that Arling also points to the volume, issue, and publish date of the journal—according to Defendants, this allows a person skilled in the art to easily find the journal (Dkt. #525 at p. 6). Defendants take exception to Plaintiff's argument that incorporation by reference of a "voluminous 78-page publication" is inappropriate, arguing that a seventy-eight page document is not categorically barred from being incorporated by reference (Dkt. #525 at p. 7). Defendants also push back against Plaintiff's assertion that the technologies described by the *Intel Technology Journal* are aspirational, arguing that the journal not only describes existing technologies but that the jury should decide the fact question of whether its content is aspirational (Dkt. #525 at p. 11). And finally, Defendants claim that Plaintiff's argument that the journal does not properly incorporate by reference ZigBee is not relevant to this motion for summary judgment (Dkt. #525 at pp. 11–12).

As the parties correctly identify, "[w]hether and to what extent material has been incorporated by reference is a question of law . . . ." *E.g.*, *Paice LLC v. Ford Motor Co.*, 881 F.3d 894, 907 (Fed. Cir. 2018). "To incorporate material by reference, the host document must identify with detailed particularity what specific material it incorporates and clearly indicate where that material is found in the various documents." *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1283 (Fed. Cir. 2000). And the "standard of one reasonably skilled in the art should be used to determine whether the host document describes the material to be incorporated by

reference with sufficient particularity." *Paice*, 881 F.3d at 907 (quoting *Advanced Display Sys.*, 212 F.3d at 1283). Here, the Court concludes as a matter of law that Arling incorporates by reference the *Intel Technology Journal*, Volume 6, Issue 4, published Nov. 15, 2002 entitled "Interoperable Home Infrastructure."

> As outlined in Plaintiff's motion, the Arling citation is as follows:
>
> A background and overview of home interoperability technologies and projected features may be found in the Intel Technical Journal, Volume 6, Issue 4, published Nov. 15, 2002 entitled "Interoperable Home Infrastructure" which is fully incorporated by reference herein.

(Dkt. #409 at p. 4). Plaintiff seizes on the typographical error, noting that the proper citation is to the *Intel Technology Journal*, not the Intel *Technical* Journal (Dkt. #409 at pp. 5–6). Plaintiff also claims that this attempted incorporation of a "voluminous 78-page publication" is inappropriate as a matter of law (Dkt. #409 at p. 5). Plaintiff's arguments are unpersuasive.

As Defendants correctly argue, the fact that Arling also points to the volume, issue, and publish date of the journal would allow a person skilled in the art to easily find the referenced journal (Dkt. #525 at p. 6). Plaintiff makes no showing that the minor error—substituting the incorrect Intel *Technical* Journal for the correct *Intel Technology Journal*—would prevent a person skilled in the art to easily find the referenced journal, particularly since Arling also cites the correct volume, issue, publish date, and title. And as Defendants' expert opined, one skilled in the art would easily find the journal by looking up this reference (Dkt. #525 at p. 6). Plaintiff points to no evidence to rebut this conclusion in its reply (Dkt. #586 at pp. 2–3).

Nor does Plaintiff explain how incorporation by reference to a seventy-eight page document is inappropriate as a matter of law. The Arling reference is unambiguous—it "fully" incorporates "the Intel Tech[nology] Journal, Volume 6, Issue 4, published Nov. 15, 2002 entitled 'Interoperable Home Infrastructure.'" In *Paice*, the Federal Circuit found proper incorporation by

5

reference to a document "in its entirety." 881 F.3d at 907. And as another court within the Eastern District of Texas has explained, "the Federal Circuit has found a blanket statement incorporating an entire document by reference sufficient." *Biscotti Inc. v. Microsoft Corp.*, 2:13-CV-01015-JRG-RSP, 2017 WL 2526231, at *3 (E.D. Tex. May 11, 2017). Plaintiff's argument to the contrary is unsupported. Accordingly, summary judgment for Plaintiff on this ground is denied.[1]

With regard to the ZigBee Specification, the Court finds that Plaintiff's concerns are not properly addressed in a motion for summary judgment. Plaintiff argues that because the ZigBee Specification is not effectively incorporated by reference into the *Intel Technology Journal*, it cannot be effectively incorporated into the Arling reference through the journal, despite Defendants' expert allegedly stating otherwise (Dkt. #409 at pp. 8–9). Defendants retort that Plaintiff's argument is not relevant since: (1) Defendants' expert never opines that the ZigBee Specification is incorporated by reference in the journal; and (2) Defendants "consistently and specifically identified the ZigBee Specification as the state of the art at the time of the asserted patents" in their invalidity contentions (Dkt. #525 at pp. 11–12). In its reply, Plaintiff clarifies its argument, asking the Court to "str[ike]" all references to the ZigBee Specification in Defendants' expert's report (Dkt. #586 at p. 7).

Regardless of how Plaintiff characterizes it, Plaintiff's motion and reply discuss the ZigBee Specification in almost exclusive relation to Defendants' expert's use of the ZigBee Specification.

---

[1] Plaintiff also argued that the *Intel Technology Journal* is too aspirational to be used as anything other than a separate reference (Dkt. #409 at pp. 6–7). Defendants reply by arguing that "[a]nticipation is a question of fact . . . ." *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008). But Plaintiff disputes that its argument is properly characterized as an anticipation argument—rather, Plaintiff claims that this argument "only emphasizes" the fact that Arling did not identify with detailed particularity the material it incorporates (Dkt. #586 at p. 6). So, to the extent that Plaintiff's argument is an anticipation argument or an argument concerning what the prior art teaches, that is a fact question for the jury. *Id.*; *see S. Clay Products, Inc. v. United Catalysts, Inc.*, 43 F. App'x. 379, 385 (Fed. Cir. 2002) (factual disputes about what the prior art teaches are presented to a jury). And to the extent that Plaintiff uses this argument only to bolster its already-rejected argument that Arling does not identify with detailed particularity the material it purports to incorporate by reference, the Court remains unpersuaded.

Whether or not Defendants' expert does or does not properly use the ZigBee Specification is more properly presented in a motion to strike or a motion in limine, not a motion for summary judgment (Dkt. #647 at pp. 5–6).[2] Summary judgment for Plaintiff on this ground is also denied.

## CONCLUSION

It is therefore **ORDERED** that Innovation's Motion for Summary Judgment Against Amazon (Dkt. #409) is hereby **DENIED**.

**SIGNED this 24th day of June, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] To be clear, the Court makes no findings here regarding Defendants' expert's use of the ZigBee Specification.