# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC | |
| v. | Civil Action No.  4:18-cv-474 |
| | Judge Mazzant |
| AMAZON.COM, INC., et al | ***CONSOLIDATED LEAD CASE*** |
| INNOVATION SCIENCES, LLC | |
| v. | Civil Action No.  4:18-cv-475 |
| | Judge Mazzant |
| RESIDEO TECHNOLOGIES, INC. | ***Member case*** |

## ORDER

Pending before the Court are three motions for summary judgment: (1) Amazon's Motion for Summary Judgment of No Direct Infringement of the '983, '798, and '918 Patents (Dkt. #429); (2) Amazon's Motion for Summary Judgment of No Direct Infringement of the '443 Patent (Dkt. #430); and (3) Amazon's Motion for Summary Judgment of No Indirect Infringement, No Infringement Under the Doctrine of Equivalents, and No Willful Infringement (Dkt. #433). Having reviewed the motions and the relevant pleadings, the Court finds that all three motions should be denied.

## BACKGROUND

This is a patent infringement suit brought by Plaintiff Innovation Sciences, LLC against Defendants Amazon.com, Inc., Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services, LLC, Amazon Web Services, Inc., and Amazon Fulfillment Services, Inc. (collectively, "Defendants") (Dkt. #79 at p. 1).  The patent infringement allegations include U.S.

Patent No. 9,723,443 ("the '443 Patent") and the '798 Patent Family, including U.S. Patent Nos. 9,942,798 ("the '798 Patent"), 9,912,983 ("the '983 Patent"), and U.S. Patent No. 9,729,918 ("the '918 Patent") (Dkt. #79).

On February 25, 2020, Defendants filed their Motion for Summary Judgment of No Direct Infringement of the '983, '798, and '918 Patents (Dkt. #429).  Plaintiff responded on March 18, 2020 (Dkt. #547).  Defendants filed their reply on April 2, 2020; Plaintiff filed its sur-reply on April 16, 2020 (Dkt. #579; Dkt. #655).

 On February 25, 2020, Defendants filed their Motion for Summary Judgment of No Direct Infringement of the '443 Patent (Dkt. #430).  Plaintiff responded on March 18, 2020 (Dkt. #530).  Defendants filed their reply on April 2, 2020; Plaintiff filed its sur-reply on April 16, 2020 (Dkt. #580; Dkt. #650).

On February 25, 2020, Defendants filed their Motion for Summary Judgment of No Indirect Infringement, No Infringement Under the Doctrine of Equivalents, and No Willful Infringement (Dkt. #433).  Plaintiff responded on March 18, 2020 (Dkt. #528).  Defendants filed their reply on April 2, 2020; Plaintiff filed its sur-reply on April 16, 2020 (Dkt. #592; Dkt. #649).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  Substantive law identifies which facts are material. *Id.*  The trial court

"must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or

weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the record and the arguments presented, the Court is not convinced that Defendants have met their burden demonstrating that there is no genuine issue of material fact as to Plaintiffs' patent infringement claims entitling Defendants to judgment as a matter of law. Accordingly, the Court finds that: (1) Amazon's Motion for Summary Judgment of No Direct Infringement of the '983, '798, and '918 Patents (Dkt. #429); (2) Amazon's Motion for Summary Judgment of No Direct Infringement of the '443 Patent (Dkt. #430); and (3) Amazon's Motion for Summary Judgment of No Indirect Infringement, No Infringement Under the Doctrine of Equivalents, and No Willful Infringement (Dkt. #433) should be denied.[1]

## CONCLUSION

It is therefore **ORDERED** that: (1) Amazon's Motion for Summary Judgment of No Direct Infringement of the '983, '798, and '918 Patents (Dkt. #429); (2) Amazon's Motion for Summary Judgment of No Direct Infringement of the '443 Patent (Dkt. #430); and (3) Amazon's Motion for Summary Judgment of No Indirect Infringement, No Infringement Under the Doctrine of Equivalents, and No Willful Infringement (Dkt. #433) are hereby **DENIED**.

[1] Defendants include a footnote in all three of their motions stating: "This motion is brought on behalf of all Amazon defendants.  However, Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services LLC, and Amazon Fulfillment Services, Inc., who have been named as defendants in this case, do not exist, are not proper defendants, and should be dismissed." *E.g.*, (Dkt. #429 at p. 4 n.1).  During an April 21, 2020 telephone hearing, the parties agreed to discuss this issue and remove any nonexistent entities from the pretrial order, which will control over the pleadings (Dkt. #690 at pp. 39–40).  Accordingly, the Court will not address Defendants' footnote at this time.

**IT IS SO ORDERED**.

**SIGNED this 24th day of June, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE