# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC<br><br>v.<br><br>AMAZON.COM, INC., et al | Civil Action No.  4:18-cv-474<br>Judge Mazzant<br><br>*CONSOLIDATED LEAD CASE* |
| INNOVATION SCIENCES, LLC<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC. | Civil Action No.  4:18-cv-475<br>Judge Mazzant<br><br>*Member case* |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Innovation Sciences, LLC's Motion to Strike Opening Expert Report of David B. Johnson, Ph.D. (Dkt. #412). Having reviewed the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

This is a patent infringement suit brought by Plaintiff Innovation Sciences, LLC against Defendants Amazon.com, Inc., Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services, LLC, Amazon Web Services, Inc., and Amazon Fulfillment Services, Inc. (collectively, "Defendants") (Dkt. #79 at p. 1). The patent infringement allegations include U.S. Patent No. 9,723,443 ("the '443 Patent") and the '798 Patent Family, including U.S. Patent Nos. 9,942,798 ("the '798 Patent"), 9,912,983 ("the '983 Patent"), and U.S. Patent No. 9,729,918 ("the '918 Patent") (Dkt. #79).

On February 25, 2020, Plaintiff filed its Motion to Strike Opening Expert Report of David B. Johnson, Ph.D. (Dkt. #412). Defendants responded on March 10, 2020 (Dkt. #491). Plaintiff filed its reply on March 18, 2020; Defendants filed their sur-reply on April 2, 2020 (Dkt. #532; Dkt. #584).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following,

non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Plaintiff invites the Court to strike Dr. Johnson's expert report for six reasons:

(a) the Johnson Report introduces invalidity arguments not elected in Amazon's December 4, 2019 Final Election of Asserted Prior Art; (b) the Johnson Report relies on the Chun reference as prior art against the [']983, [']918, and [']798 Patents, but Chun was not elected in Amazon's May 31, 2019 Preliminary Election of Asserted Prior Art, and was never identified as prior art against the [']918 and [']798 patents in Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions; (c) the Johnson Report relies on prior art combinations that were not *specifically* identified or charted in Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions; (d) the Johnson Report asserts motivations to combine references, but no such motivations were provided in Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions; (e) the Johnson Report relies on an Intel Technical Journal reference, but the reference itself and anything a person of ordinary skill in the art could learn from the reference are not identified in Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions nor elected in Amazon's December 4, 2019 Final Election of Asserted Prior Art; and (f) the HAL 2000 and HAL Digital Video Center combination identified in

>Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions and the "HAL System" identified and used in the Johnson Report are not the same.

(Dkt. #412 at p. 4) (footnote omitted). The Court declines.

Plaintiff's arguments all relate to nondisclosure or insufficient disclosures related to Dr. Johnson's expert report. Yet Plaintiff never asserts that it has suffered any prejudice from these alleged deficiencies in its motion to strike. *See generally* (Dkt. #412). After Defendants pointed out this deficiency, Plaintiff's reply simply assumed prejudice existed—indeed, Plaintiff claimed in its reply that the prejudice "is obvious" (Dkt. #532 at p. 7). But that is insufficient. Plaintiff cannot simply assume the existence of prejudice while simultaneously asking the Court to impose the harsh remedy of exclusion.

The Court "considers four factors to determine whether a Rule 26 violation is harmless: '(1) [the party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance.'" *Metaswitch Networks Ltd. v. Genband US LLC*, 2:14-CV-744-JRG-RSP, 2016 WL 874772, at *2 (E.D. Tex. Mar. 7, 2016) (alterations in original) (quoting *CQ, Inc. v. TXU Min. Co.*, 565 F.3d 268, 280 (5th Cir. 2009). Absent a "specific showing of prejudice," alleged disclosure violations will likely be harmless. *See, e.g.*, *id.*

Defendants correctly point out two facts: (1) Plaintiff did not allege any prejudice; and (2) Defendants would be "severely prejudiced" if the Court grants Plaintiff's motion to strike, preventing Defendants from presenting their invalidity defenses to the jury (Dkt. #491 at p. 6; Dkt. #584 at p. 3). Plaintiff does not offer any meaningful rebuttal. On this ground alone, the Court finds that Plaintiff's motion to strike Dr. Johnson should be denied—assuming all of the

deficiencies Plaintiff identifies are accurate, the violations would be harmless. *See CQ, Inc.*, 565 F.3d at 280.

The Court also finds that several of Plaintiff's arguments in its motion to strike have already been addressed and rejected by the Court. As Defendants noted, after Plaintiff filed its motion to strike, the Court denied Plaintiff's Motion to Strike Defendants' P.R. 3-3 Preliminary Invalidity Contentions (Dkt. #584 at pp. 3–4). *See Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*, 4:18-CV-474, 2020 WL 1275786, at *1 (E.D. Tex. Mar. 17, 2020). In Plaintiff's Motion to Strike Opening Expert Report of David B. Johnson, Ph.D., Plaintiff often regurgitates many of the arguments it made in its Motion to Strike Defendants' P.R. 3-3 Preliminary Invalidity Contentions (Dkt. #584 at pp. 3–4). And as Defendants explain, the Court already rejected those arguments in denying Plaintiff's Motion to Strike Defendants' P.R. 3-3 Preliminary Invalidity Contentions (Dkt. #584 at pp. 3–4). The Court agrees.[1]

Since Plaintiff filed its Motion to Strike Opening Expert Report of David B. Johnson, Ph.D., the Court also rejected Plaintiff's argument that that the Arling reference—which Defendants purportedly rely on as invalidating prior art in this case—does not incorporate by reference the *Intel Technology Journal*. *Compare* (Dkt. #412 at pp. 12–15) ("The Johnson Report cites to an 'Intel Technical Journal' that purportedly is incorporated by reference into Arling . . . . There are at least 4 reasons the Arling reference does not effectively incorporate the *Intel Technology Journal* . . . ."), *with Innovation Scis., LLC v. Amazon.com, Inc.*, 4:18-CV-474, 2020 WL 3453728, at *2 (E.D. Tex. June 24, 2020) ("Plaintiff moves for partial summary

---

[1] *Compare* (Dkt. #412 at p. 4) ("the Johnson Report relies on prior art combinations that were not *specifically* identified or charted in Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions[.] [T]he Johnson Report asserts motivations to combine references, but no such motivations were provided in Amazon's April 17, 2019 P.R. 3-3 Invalidity Contentions"), *with Virginia Innovation Scis.*, 2020 WL 1275786, at *4 ("Defendants' sufficiently identify each combination of items of prior art that allegedly render the claims obvious and the motivation to combine such items in accordance with P.R. 3-3. Plaintiff also argues that Defendants' failed to provide the 'required element-by-element disclosure for any actual combination' (Dkt. #180 at pp. 5–6). But that is 'not required by the Local Rules.'").

judgment on a narrow issue, asking the Court to determine as a matter of law that the Arling reference . . . does not incorporate by reference the *Intel Technology Journal* . . . . Plaintiff's arguments are unpersuasive.").[2]

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Strike Opening Expert Report of David B. Johnson, PH.D. (Dkt. #412) is hereby **DENIED**.

**SIGNED this 22nd day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] In denying Plaintiff's motion for summary judgment on the question of incorporation by reference, the Court noted that although Plaintiff also asked the Court to "'str[ike]' all references to the ZigBee Specification in Defendants' expert's report . . . [w]hether or not Defendants' expert does or does not properly use the ZigBee Specification is more properly presented in a motion to strike or a motion in limine, not a motion for summary judgment." *Id.* at *3 (alteration in original). So, the Court made no findings at the time "regarding Defendants' expert's use of the ZigBee Specification." *Id.* at *3 n.2.

In this motion to strike, Plaintiff argues that the "Johnson Report should be stricken for relying on the ZigBee Specification and the *Intel Technology Journal*, neither of which are effectively incorporated into Arling, and both of which are therefore prior art beyond Amazon's Final Election of Asserted Prior Art" (Dkt. #412 at p. 17). Not only does Plaintiff's motion to strike on this ground suffer from the same fatal defect (no showing of prejudice) as its other arguments, but Defendants disclosed the Zigbee standard as prior art in their invalidity contentions (Dkt. #525, Exhibit 11 at pp. 3–4). Plaintiff's argument to the contrary is unpersuasive.