# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC<br><br>v.<br><br>AMAZON.COM, INC., et al | Civil Action No.  4:18-cv-474<br>Judge Mazzant<br><br>***CONSOLIDATED LEAD CASE*** |
| INNOVATION SCIENCES, LLC<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC. | Civil Action No.  4:18-cv-475<br>Judge Mazzant<br><br>***Member case*** |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff Innovation Sciences, LLC's Motion to Exclude Opinions of David B. Johnson, Ph.D. Regarding "HAL System" (Dkt. #459).  Having reviewed the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

This is a patent infringement suit brought by Plaintiff Innovation Sciences, LLC against Defendants Amazon.com, Inc., Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services, LLC, Amazon Web Services, Inc., and Amazon Fulfillment Services, Inc. (collectively, "Defendants") (Dkt. #79 at p. 1).  The patent infringement allegations include U.S. Patent No. 9,723,443 ("the '443 Patent") and the '798 Patent Family, including U.S. Patent Nos. 9,942,798 ("the '798 Patent"), 9,912,983 ("the '983 Patent"), and U.S. Patent No. 9,729,918 ("the '918 Patent") (Dkt. #79).

On February 28, 2020, Plaintiff filed its Motion to Exclude Opinions of David B. Johnson,

Ph.D. Regarding "HAL System" (Dkt. #459).   Defendants responded on March 10, 2020

(Dkt. #488).  Plaintiff filed its reply on March 18, 2020; Defendants filed their sur-reply on April

2, 2020 (Dkt. #533; Dkt. #582).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists

the trier of fact to understand the evidence or to determine a fact in issue.  FED. R. EVID. 702.  In

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function

as gatekeepers, and determine whether expert testimony should be presented to the jury.  509 U.S.

579, 590–93 (1993).  Courts act as gatekeepers of expert testimony "to make certain that an expert,

whether basing testimony upon professional studies or personal experience, employs in the

courtroom the same level of intellectual rigor that characterizes the practice of an expert in the

relevant field."  *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is

qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable.

*Daubert*, 509 U.S. at 590–91.  A proffered expert witness is qualified to testify by virtue of his or

her "knowledge, skill, experience, training, or education."  FED. R. EVID. 702.  Moreover, to be

admissible, expert testimony must be "not only relevant but reliable."  *Daubert*, 509 U.S. at 589.

"This gate-keeping obligation applies to all types of expert testimony, not just scientific

testimony."  *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S.

at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider

numerous factors.  *Daubert*, 509 U.S. at 594.  In *Daubert*, the Supreme Court offered the following,

non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Plaintiff acknowledges that Defendants "elected the 'HAL System' as allegedly invalidating prior art against the asserted [']983, [']918, and [']798 Patents in its December 4, 2019 Final Election of Asserted Prior Art. Ex. 4, Final Election of Asserted Prior Art of Amazon" (Dkt. #459 at p. 3). But Plaintiff argues that "the 2019 HAL System is not itself reliable and does not present a reliable foundation for Johnson's expert opinions that the HAL System is an invalidating prior art system" (Dkt. #459 at p. 7). Plaintiff then specifies several times that

Defendants cannot use the "2019 HAL System" to meet the clear-and-convincing burden Defendants must establish to prove invalidity.[1]

Defendants correctly identify that Plaintiff's motion to strike is "not a proper *Daubert* challenge" (Dkt. #488 at p. 6).  As Defendants astutely argue, Plaintiff's challenge goes to the weight, not the admissibility, of Dr. Johnson's testimony (Dkt. #488 at p. 6).  And what is more, Plaintiff never controverts Defendants' argument that whether or not the HAL system Dr. Johnson tested predates the asserted patents is a factual question to be decided by the jury.  *See* (Dkt. #488 at p. 6; Dkt. #582 at p. 3) (collecting cases).

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).  Indeed, cross examination is preferred because "[i]t is the role of the adversarial system, not the court, to highlight weak evidence . . . ." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *see also Mobility Workx, LLC v. Cellco P'ship*, 4:17-CV-00872, 2019 WL 5721814, at *6 (E.D. Tex. Nov. 5, 2019).

Like the plaintiff in *CardioNet, LLC v. ScottCare Corporation*, CV 12-2516, 2017 WL 4742476 (E.D. Pa. Oct. 19, 2017), Plaintiff here "essentially challenges the sufficiency of [Defendants'] evidence in establishing the invalidity of the patent-at-issue."  2017 WL 4742476, at *6.  And just like the *CardioNet* court held, whether Defendants' "evidence is sufficient to

---

[1] *E.g.*, (Dkt. #459 at pp. 8–11) ("Mr. Shriver's uncorroborated testimony of events from 2006 cannot provide clear and convincing testimony required to establish § 102 prior art. . . . [Dr. Johnson's testimony] fails to meet the clear and convincing evidence standard necessary to trigger the on-sale bar or otherwise show that the 2019 HAL System is prior art under § 102. . . . no evidence proves that the 2019 HAL System existed prior to August 2006. . . . In light of Amazon's burden of proving invalidity by clear and convincing evidence, Johnson must cite to a single system that was publicly known prior to the critical date that in fact incorporated each and every limitation of the asserted claims. Johnson does not do so.") (citation omitted).

satisfy the clear and convincing evidence standard for proving invalidity is a question that must be answered after [Defendants have] had an opportunity to present [their] evidence." *See id.* "It is not proper to use Rule 702 as a vehicle to usurp the fact-finding role of the jury . . . ." *Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, 2:14-CV-911-JRG-RSP, 2016 WL 1090351, at *1 (E.D. Tex. Mar. 19, 2016).  Cross examination—not exclusion—is the proper way for Plaintiff to address its concerns with Dr. Johnson's testimony.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Exclude Opinions of David B. Johnson, Ph.D. Regarding "HAL System" (Dkt. #459) is hereby **DENIED**.

**SIGNED this 22nd day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE