# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC <br><br> v. <br><br> AMAZON.COM, INC., et al | Civil Action No.  4:18-cv-474 <br> Judge Mazzant <br><br> *CONSOLIDATED LEAD CASE* |
| INNOVATION SCIENCES, LLC <br><br> v. <br><br> RESIDEO TECHNOLOGIES, INC. | Civil Action No.  4:18-cv-475 <br> Judge Mazzant <br><br> *Member case* |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Innovation Sciences, LLC's *Daubert* Challenge of Expert Report on Damages of Ugone (Dkt. #460).  Having reviewed the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

This is a patent infringement suit brought by Plaintiff Innovation Sciences, LLC against Defendants Amazon.com, Inc., Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services, LLC, Amazon Web Services, Inc., and Amazon Fulfillment Services, Inc. (collectively, "Defendants") (Dkt. #79 at p. 1).  The patent infringement allegations include U.S. Patent No. 9,723,443 ("the '443 Patent") and the '798 Patent Family, including U.S. Patent Nos. 9,942,798 ("the '798 Patent"), 9,912,983 ("the '983 Patent"), and U.S. Patent No. 9,729,918 ("the '918 Patent") (Dkt. #79).

On February 28, 2020, Plaintiff filed its *Daubert* Challenge of Expert Report on Damages of Ugone (Dkt. #460). Defendants responded on March 10, 2020 (Dkt. #489). Plaintiff filed its reply on March 18, 2020; Defendants filed their sur-reply on April 2, 2020 (Dkt. #534; Dkt. #581).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert

testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Dr. Ugone is Defendants' damages expert (Dkt. #460 at p. 1). Plaintiff claims that the Court should strike Dr. Ugone's opinions on reasonable royalty because: "(1) he relies primarily upon two non-comparable license agreements Innovation entered to settlement of litigation, one with Samsung Electronics Co., Ltd. and one with LG Electronics, Inc., and (2) he fails to quantify Amazon's actual profits in consideration of a reasonable royalty" (Dkt. #460 at p. 1). Plaintiff accuses Dr. Ugone of using an "improper methodology" to come to his "results-driven" conclusion that Defendants should pay less than Samsung paid to settle litigation with Plaintiff on other patents (Dkt. #460 at pp. 1–2). Essentially, Plaintiff contends that because Dr. Ugone "has no knowledge as to the negotiations that took place in the creation of either the LG or the Samsung settlement agreements," his consideration of those agreements as comparable licenses is so

improper that it renders that portion of his report excludable under *Daubert* (Dkt. #460 at pp. 1–2). Indeed, Plaintiff charges Dr. Ugone with "fail[ing] to make even a minimum evaluation of the circumstances in existence between the LG/Samsung negotiations versus the Amazon hypothetical negotiations" (Dkt. #460 at p. 6). Plaintiff also argues that Dr. Ugone's royalty model "improperly used the book of wisdom" and that Dr. Ugone did not meaningfully consider the profitability of the accused patents to Defendants in his calculations (Dkt. #460 at pp. 7–9).

Defendants counter that—despite arguing that Dr. Ugone's analysis should be struck—Plaintiff "cannot establish that Dr. Ugone's analysis is unreliable—i.e., that it amounts to 'unsupported speculation or subjective belief.'" (Dkt. #489 at p. 5) (quoting *Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, No. 14-cv911-JRG-RSP, 2016 WL 1090351, at *1 (E.D. Tex. Mar. 19, 2016)). After explaining why Plaintiff's contentions "fail entirely," Defendants argue that at most, Plaintiff's criticisms go to the weight of Dr. Ugone's testimony rather than to the admissibility (Dkt. #489 at pp. 5–6). The Court agrees.

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). Indeed, cross examination is preferred because "[i]t is the role of the adversarial system, not the court, to highlight weak evidence . . . ." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *see also Mobility Workx, LLC v. Cellco P'ship*, 4:17-CV-00872, 2019 WL 5721814, at *6 (E.D. Tex. Nov. 5, 2019). And "[i]t is not proper to use Rule 702

4

as a vehicle to usurp the fact-finding role of the jury . . . ." *Core Wireless*, 2016 WL 1090351, at *1.

Plaintiff's core critiques with Dr. Ugone's testimony is that he "does not reflect how the hypothetical negotiators, including Amazon, would have viewed the issues" and he "knows nothing about the circumstances under which the LG or Samsung cases settled" (Dkt. #534 at pp. 1, 5). But as Defendants properly argued, these potential problems go to the weight that the jury should give Dr. Ugone's testimony (Dkt. #581 at pp. 4). "Put simply, a court 'is not concerned with whether the opinion is correct, but whether the preponderance of the evidence establishes that the opinion is reliable.'" *Mobility Workx, LLC v. Cellco P'ship*, 4:17-CV-00872, 2019 WL 5721814, at *6 (E.D. Tex. Nov. 5, 2019) (quoting *Wallis v. Hornbeck Offshore Operators*, CIV.A. 12-536, 2014 WL 3809743, at *1 (E.D. La. Aug. 1, 2014)). And "[i]f Dr. [Ugone's] claims are as unsupported or conclusory as [Plaintiff] claims, then 'vigorous cross examination' will reveal that." *Id.* (citing *Daubert*, 509 U.S. at 596).

Plaintiff does not provide the Court with a legal basis to exclude Dr. Ugone's testimony at trial. Cross examination—not exclusion—is the proper way for Plaintiff to address its concerns with Dr. Ugone's testimony.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's *Daubert* Challenge of Expert Report on Damages of Ugone (Dkt. #460) is hereby **DENIED**.

**SIGNED this 22nd day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE