# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC | |
| v. | Civil Action No.  4:18-cv-474 |
| | Judge Mazzant |
| AMAZON.COM, INC., et al | |
| | ***CONSOLIDATED LEAD CASE*** |

| | |
|---|---|
| INNOVATION SCIENCES, LLC | |
| v. | Civil Action No.  4:18-cv-475 |
| | Judge Mazzant |
| RESIDEO TECHNOLOGIES, INC. | |
| | ***Member case*** |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is the Motion of Amazon.com, Inc., Amazon Digital Services, LLC, and Amazon Web Services, Inc. to Strike Portions of Expert Report on Infringement of Joseph C. McAlexander III (Dkt. #357).  Having reviewed the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

This is a patent infringement suit brought by Plaintiff Innovation Sciences, LLC against Defendants Amazon.com, Inc., Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services, LLC, Amazon Web Services, Inc., and Amazon Fulfillment Services, Inc. (collectively, "Defendants") (Dkt. #79 at p. 1).  The patent infringement allegations include U.S. Patent No. 9,723,443 ("the '443 Patent") and the '798 Patent Family, including U.S. Patent Nos. 9,942,798 ("the '798 Patent"), 9,912,983 ("the '983 Patent"), and U.S. Patent No. 9,729,918 ("the '918 Patent") (Dkt. #79).

On January 13, 2020, Defendants filed their Motion to Strike Portions of Expert Report on Infringement of Joseph C. McAlexander III (Dkt. #357). Plaintiff responded on January 28, 2020 (Dkt. #377). Defendants filed their reply on February 4, 2020; Plaintiff filed its sur-reply on February 11, 2020 (Dkt. #390; Dkt. #400). The next day, Defendants filed a Notice of Supplemental Evidence (Dkt. #401).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594.  In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community.  *Id.* at 593–94; *Pipitone*, 288 F.3d at 244.  When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593.  As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594.  The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152.  Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Defendants assert that Mr. McAlexander's opinions regarding the doctrine of equivalents should be struck for two reasons: (1) Plaintiff did not assert any infringement under the doctrine of equivalents in its infringement contentions; and (2) Mr. McAlexander's opinions on the topic are conclusory (Dkt. #357).  The Court disagrees.

First: "A degree of generality is permitted because "[i]nfringement contentions are not intended to act as a forum for argument about the substantive issues but rather serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the

3

patent claim." *Mobility Workx, LLC v. Cellco P'ship*, 4:17-CV-00872, 2019 WL 5721814, at \*5 (E.D. Tex. Nov. 5, 2019) (alteration in original) (quoting *Motion Games, LLC v. Nintendo Co.*, 2015 WL 1774448, at \*4 (E.D. Tex. Apr. 16, 2015)).  And as the Court has already said in this very case, "[c]ontentions are not intended to require a party to set forth a *prima facie* case"— instead, they "need only provide fair notice."  *See Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*, 4:18-CV-474, 2020 WL 1275786, at \*4 (E.D. Tex. Mar. 17, 2020) (quoting *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 2:15-CV-37-RWS-RSP, 2016 WL 9307563, at \*3 (E.D. Tex. Sept. 27, 2016)).  Plaintiff met this standard.

Plaintiff's infringement contentions—as quoted by Defendants' motion—disclosed the following information:

> Based on Innovation's current understanding of the claim language and publicly available information regarding each Amazon Accused Instrumentality, Innovation asserts that Amazon literally infringes the Asserted Claims.  Any claim element not literally present in the Accused Instrumentality as set forth in the claim charts is found in those instrumentalities *under the doctrine of equivalents because any differences between such claim element and the Accused Instrumentality is insubstantial* and/or the Accused Instrumentality perform substantially the same function, in substantially the same way to achieve substantially the same result as the corresponding claim element(s).  *More specifically, the devices perform substantially the same function, in substantially the same way, to yield substantially the same result. Amazon would thus be liable for direct infringement under the doctrine of equivalents.*  In addition, Innovation reserves the right, pursuant to Local P.R. 3-6, to assert infringement solely under the doctrine of equivalents with respect to any particular claim element(s) if warranted by discovery received from Amazon, or a claim construction ruling from the Court, or both.

(Dkt. #357 at pp. 4–5) (emphasis added).  This plainly put Defendants on notice that Innovation intended to argue a doctrine-of-equivalents theory, which is all Plaintiff's infringement contentions are required to do.  Defendants' argument for striking Mr. McAlexander's testimony on this ground is denied.

Defendants' second argument for excluding Mr. McAlexander's opinion on the doctrine of equivalents—that Mr. McAlexander's opinions on the topic are conclusory—goes to the weight

of Mr. McAlexander's testimony, not the admissibility of his testimony.  Defendants claim that Mr. McAlexander's doctrine-of-equivalents opinions "consist of conclusions only, without any supporting analysis" (Dkt. #357 at p. 7).  Specifically, Defendants take issue with the fact that "Mr. McAlexander provides no supporting analysis for these conclusions" other than a "single sentence" of insufficient analysis (Dkt. #357 at p. 7).

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).  Indeed, cross examination is preferred because "[i]t is the role of the adversarial system, not the court, to highlight weak evidence . . . ." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *see also Mobility Workx, LLC*, 2019 WL 5721814, at *6.

Defendants do not show how Mr. McAlexander's statements are inadmissible under Rule 702.  And "[i]f [Mr. McAlexander's] claims are as unsupported or conclusory as [Defendants claim], then 'vigorous cross examination' will reveal that." *Mobility Workx, LLC*, 2019 WL 5721814, at *6 (citing *Daubert*, 509 U.S. at 596).  Cross examination—not exclusion—is the proper way for Defendants to address their concerns with Mr. McAlexander's testimony.[1]

## CONCLUSION

It is therefore **ORDERED** that the Motion of Amazon.com, Inc., Amazon Digital Services, LLC, and Amazon Web Services, Inc. to Strike Portions of Expert Report on Infringement of Joseph C. McAlexander III (Dkt. #357) is hereby **DENIED**.

---

[1] To the extent that Defendants are arguing that Mr. McAlexander's expert report was not properly disclosed in accordance with Rule 26 and should be struck on that ground—which they seem to in their reply (Dkt. #390 at p. 3)— Defendants did not show that the alleged disclosure violations caused Defendants any prejudice, nor did Defendants grapple with the four-factor test at all.  *See* (Dkt. #765 at p. 4).

**SIGNED this 22nd day of July, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE