<u>REDACTED PUBLIC VERSION</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br><br>        Plaintiff,<br>v.<br><br>AMAZON.COM, INC., et al.<br><br>        Defendants. | Civil Action No. 4:18-cv-00474-ALM<br>(LEAD CONSOLIDATED CASE)<br><br>JURY TRIAL DEMANDED |

**AMAZON'S OPPOSITION TO THE AMENDED AND
CORRECTED MOTIONS *IN LIMINE* OF INNOVATION SCIENCES, LLC**

**FILED UNDER SEAL**

## TABLE OF CONTENTS

1.      Response to Plaintiff's Motion *in Limine* No. 1................................................................1

2.      Response to Plaintiff's Motion *in Limine* No. 2................................................................1

3.      Response to Plaintiff's Motion *in Limine* No. 3................................................................2

4.      Response to Plaintiff's Motion *in Limine* No. 4................................................................2

5.      Response to Plaintiff's Motion *in Limine* No. 5................................................................3

6.      Response to Plaintiff's Motion *in Limine* No. 6................................................................3

7.      Response to Plaintiff's Motion *in Limine* No. 7................................................................3

8.      Response to Plaintiff's Motion *in Limine* No. 8................................................................4

9.      Response to Plaintiff's Motion *in Limine* No. 9................................................................5

10.     Response to Plaintiff's Motion *in Limine* No. 10..............................................................5

11.     Response to Plaintiff's Motion *in Limine* No. 11..............................................................6

12.     Response to Plaintiff's Motion *in Limine* No. 12..............................................................7

13.     Response to Plaintiff's Motion *in Limine* No. 13..............................................................8

14.     Response to Plaintiff's Motion *in Limine* No. 14..............................................................8

15.     Response to Plaintiff's Motion *in Limine* No. 15..............................................................9

16.     Response to Plaintiff's Motion *in Limine* No. 16............................................................10

17.     Response to Plaintiff's Motion *in Limine* No. 17............................................................10

18.     Response to Plaintiff's Motion *in Limine* No. 18............................................................11

19.     Response to Plaintiff's Motion *in Limine* No. 19............................................................12

20.     Response to Plaintiff's Motion *in Limine* No. 20............................................................12

22.     Response to Plaintiff's Motion *in Limine* No. 21............................................................13

22.     Response to Plaintiff's Motion *in Limine* No. 22............................................................13

23.     Response to Plaintiff's Motion *in Limine* No. 23............................................................13

24.     Response to Plaintiff's Motion *in Limine* No. 24............................................................13

**FILED UNDER SEAL**

25.    Response to Plaintiff's Motion *in Limine* No. 25............................................................14

26.    Response to Plaintiff's Motion *in Limine* No. 26............................................................14

27.    Response to Plaintiff's Motion *in Limine* No. 27............................................................15

28.    Response to Plaintiff's Motion *in Limine* No. 28............................................................16

29.    Response to Plaintiff's Motion *in Limine* No. 29............................................................17

**FILED UNDER SEAL**

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
   2009 WL 2460985 (E.D. Tex. Aug. 10, 2009) ..........................................................................7

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
   2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ........................................................................6

*Aqua Shield v. Inter Pool Cover Team*,
   774 F.3d 766 (Fed. Cir. 2014).................................................................................................4

*Avid Tech., Inc. v. Harmonic Inc.*,
   2014 WL 7206301 (D. Del. Dec. 17, 2014)............................................................................12

*Berkheimer v. HP Inc.*,
   881 F.3d 1360 (Fed. Cir. 2018)..............................................................................................17

*Comcast IP Holdings I LLC v. Sprint Commc'ns Co.*,
   850 F.3d 1302 (Fed. Cir. 2017)..............................................................................................12

*DNT, LLC v. Sprint Spectrum, LP*,
   2010 WL 582164 (E.D. Va. Feb. 12, 2010)............................................................................12

*DP Wagner Mfg. Inc. v. Pro Patch Sys., Inc.*,
   434 F. Supp. 2d 445 (S.D. Tex. 2006) ....................................................................................8

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
   2017 WL 2773944 (E.D. Tex. May 26, 2017).........................................................................10

*EVM Sys., LLC v. Rex Med., L.P.*,
   2015 WL 11089476 (E.D. Tex. June 10, 2015).......................................................................10

*Fontenot v. Republic Nat'l Distr.*,
   2018 WL 1137519 (E.D. La. Mar. 2, 2018) .............................................................................8

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970)......................................................................................5, 7

*Giles v. Gen. Elec. Co.*,
   245 F.3d 474 (5th Cir. 2001) ...................................................................................................8

*Graham v. All Am. Cargo Elevator*,
   2013 WL 5604373 (S.D. Miss. Oct. 11, 2013).......................................................................11

**FILED UNDER SEAL**

*Guillory v. Domtar Indus. Inc.*,
   95 F.3d F.3d 1320 (5th Cir. 1996) ....................................................................................17

*Harless v. Boyle-Midway Division, Am. Home Prods.*,
   594 F.2d 1051 (5th Cir. 1979) .........................................................................................11

*Hiscox Dedicated Corporate Member, Ltd. v. Matrix Grp. Ltd.*,
   2011 WL 4356201 (M.D. Fla. Sept. 19, 2011) ...............................................................3, 5

*Innovation Scis., LLC v. Amazon.com, Inc.*,
   No. 1:16-cv-00861, Dkt. 275 (E.D. Va. Feb. 18, 2020) ...................................................6

*Innovation Scis., LLC v. HTC Corp.*,
   No. 4:18-cv-00476-ALM, Dkt. 94 (E.D. Tex. June 24, 2020) .........................................17

*Maxell, Ltd. v. ZTE (USA) Inc.*,
   No. 16-cv-00179-RWS, Dkt. 228 (E.D. Tex. June 29, 2018)...........................................17

*Medecor Pharma LLC v. Fleming Pharm., Inc.*,
   2014 WL 3867548 (M.D. La. Aug. 6, 2014) ....................................................................8

*Metaswitch Networks Ltd. v. Genband US LLC*,
   2017 WL 3704760 (E.D. Tex. Aug. 28, 2017) .................................................................12

*Mixed Chicks LLC v. Sally Beauty Supply LLC*,
   879 F. Supp. 2d 1093 (C.D. Cal. 2012) .........................................................................1, 8

*Ogden v. Cozumel, Inc.*,
   2019 WL 5295495 (W.D. Tex. Oct. 18, 2019) .................................................................1

*Pac. Spring Eng'g Corp. v. Sloss & Britain*,
   1971 WL 16626 (C.D. Cal. June 16, 1971) .....................................................................16

*Personalized Media Commc'ns, LLC v. Zynga, Inc.*,
   No. 12-cv-68-JRG-RSP, Dkt. 213 (E.D. Tex. Oct. 30, 2013) .........................................6

*PPS Data, LLC v. Jack Henry & Assocs., Inc.*,
   No. 2:18-cv-07-JRG, Dkt. 165 (E.D. Tex. Sept. 12, 2019) .............................................17

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   853 F.3d 1370 (Fed. Cir. 2017).......................................................................................5

*Resideo Techs., Inc. v. Innovation Sciences, LLC*,
   IPR2019-01306 ..............................................................................................................12

*ResQNet.com, Inc. v. Lansa, Inc.*,
   594 F.3d 860 (Fed. Cir. 2010)..........................................................................................5

**FILED UNDER SEAL**

*Rivera v. Salazar*,
   2008 WL 2966006 (S.D. Tex. July 30, 2008)..........................................................................8

*Semcon IP Inc. v. Huawei Device USA Inc.*,
   No. 2:16-CV-437-JRG-RSP, Dkt. No. 490 (E.D. Tex. Dec. 15, 2017).....................................5

*SSL Servs., LLC v. Citrix Sys., Inc.*,
   2012 WL 12906091 (E.D. Tex. May 24, 2012)........................................................................10

*Toshiba Corp. v. Imation Corp.*,
   681 F.3d 1358 (Fed. Cir. 2012)..................................................................................................4

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
   2010 WL 11469880 (E.D. Tex. Feb. 26, 2010)........................................................................11

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011)................................................................................................14

*United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*,
   2019 WL 6896674 (E.D. Tex. Dec. 18, 2019).......................................................................3, 9

*Va. Innovation Scis., LLC v. Amazon.com, Inc.*,
   2017 WL 11500121 (E.D. Va. Dec. 22, 2017), *aff'd*, 778 F. App'x 859 (Fed.
   Cir. 2019) ...................................................................................................................................6

*Va. Innovation Scis., LLC v. Amazon.com, Inc.*,
   227 F. Supp. 3d 582 (E.D. Va. 2017), *aff'd sub nom.*, *Va. Innovation Scis. v.
   HTC Corp.*, 718 F. App'x 988 (Fed. Cir. 2018) .....................................................................6, 7

*Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*,
   839 F.3d 1251 (10th Cir. 2016) .................................................................................................3

*Wis. Alumni Research Found. v. Apple, Inc.*,
   135 F. Supp. 3d 865 (W.D. Wis. 2015) ...................................................................................12

## STATUTES & RULES

35 U.S.C. § 101.....................................................................................................................7, 17

35 U.S.C. § 102.........................................................................................................................16

Fed. R. Civ. P. 26......................................................................................................................12

Fed R. Civ. P. 30(b)(6)...........................................................................................................3, 9

Fed. R. Evid. 401 .......................................................................................................................8

Fed. R. Evid. 403 .......................................................................................................................2

**FILED UNDER SEAL**

Fed. R. Evid. 408 ...............................................................................................................6

Fed. R. Evid. 701 ...............................................................................................................1

Fed. R. Evid. 702 ...............................................................................................................1

Fed. R. Evid. 703 ...............................................................................................................1

Fed. R. Evid. 705 ...............................................................................................................1

**OTHER AUTHORITIES**

Wright & Miller, *Fed. Prac. & Proc.* § 5036.1 ...............................................................5

**FILED UNDER SEAL**

### INDEX OF EXHIBITS

A.  Excerpts from the May 2, 2019 Deposition of Tiejun "Ronald" Wang in this case

B.  Excerpts from the Non-Infringement Expert Report of David B. Johnson, Ph.D., served January 15, 2020, in this case

C.  Excerpts from the Rebuttal Report of Keith R. Ugone, Ph.D., served January 15, 2020, in this case

D.  Excerpts from the May 7, 2020 Deposition of Ning Wang in this case

E.  Excerpts of Sellerbid, Inc. Corporate Documents

F.  Excerpts from the February 20, 2020 Deposition of Anne Wong, *In re Certain Wireless Commc'n Devices & Related Components Thereof*, No. 337-TA-1180 (U.S. ITC)

G.  Excerpts of U.S. Patent No. 9,912,983

H.  Excerpts of U.S. Patent No. 9,942,798

I.  Defendants' P.R. Invalidity Contentions, served April 17, 2019, in this case

J.  Excerpts of U.S. Patent No. 9,729,918

K.  Excerpts from the Opening Expert Report of David B. Johnson, Ph.D., served December 4, 2019, in this case

**FILED UNDER SEAL**

The primary purpose of a motion *in limine* is "[t]o resolve highly sensitive issues before the 'bell is rung' in front of the jury in opening statements or questions to witnesses." *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1094 (C.D. Cal. 2012). IS does not identify any such issue. Its motion should be denied in its entirety.

1.    **Any opinion testimony by any witness who has not been designated as an expert or opinion witness**

The function of a motion *in limine* "is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potential prejudicial nature, are best addressed in the context of a motion *in limine*." *Ogden v. Cozumel, Inc.*, 2019 WL 5295495, at *1 (W.D. Tex. Oct. 18, 2019) (citation omitted). Federal Rule of Evidence 701 distinguishes expert from lay testimony and Rules 702, 703, and 705 require parties to disclose witnesses they may use at trial. Courts apply these rules routinely at trial and so will this Court. IS fails to identify any specific evidence to be excluded; it simply paraphrases the Federal Rules of Evidence. The Court should deny IS's motion and assess any related objections at trial.

2.    **Expert testimony or argument for which Defendants failed to provide an expert report**

IS does not identify any specific opinions or testimony it seeks to exclude and simply restates the general requirements of the Federal Rules. The Court need not enter an order memorializing the Federal Rule. *See Ogden*, 2019 WL 5295495, at *1. IS's motion also seeks to restrict only *Amazon*. Not only is this unfair, but, based on IS's arguments at summary judgment, it is IS that intends to introduce new expert testimony at trial. For example, in response to Amazon's argument that IS had not identified a direct infringer for purposes of its indirect infringement claims, IS argued that Amazon employees are direct infringers—a theory that neither IS nor its expert had advanced before. (Dkt. 528 at 6-8.) Similarly, in response to Amazon's motion for summary judgment of no infringement with respect to the '983 patent, IS identified numerous

**FILED UNDER SEAL**

infringement theories not discussed in its expert report, including theories based on ████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████████████████████████; *see also* Dkt.

579 (Amazon's Reply ISO MSJ) at 5-8 (discussing IS's new infringement theories).)  The Federal

Rules and any *in limine* order must apply equally to both parties.

**3.      References to the Chinese government, the Chinese Communist Party, a "trade war" with China, or references that are otherwise designed to prejudice the jury against Plaintiff or its principals.**

Amazon does not object to an order precluding references to a "trade war" with China.  The

remainder of IS's motion must be denied.  First, Amazon is entitled to explore Tiejun (Ron)

Wang's work history (relevant to his expertise and knowledge at the time of the patents) in its

entirety, and not only the pieces of it that serve IS's purpose.  Part of that technical experience

includes ██████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████.  (Ex. A at

114:17-116:21; 121:6-129:2.)  Second, Amazon is entitled to elicit relevant facts that show, for

example, lack of candor of IS and its witnesses; while such information may indeed prejudice the

jury against IS, it is relevant and not excludable under Rule 403.  *See, e.g.*, Fed. R. Civ. P. 403

(precluding relevant evidence only if it causes "unfair prejudice" that outweighs probative value

of the evidence).  IS's motion should be denied.

**4.      Any references to COVID-19 or to a "Chinese virus" or the equivalent**

IS's request to exclude all reference to COVID-19 is not feasible.  The pandemic is part of

everyone's lives, including both the likely witnesses and the jurors, who will be instructed by the

Court on proper safety procedures.  Amazon does not intend to refer to the virus as a "Chinese

virus" and does not intend to associate the pandemic with IS.  That is why Amazon proposed the

2

**FILED UNDER SEAL**

following motion *in limine*: "No party will associate the other party with COVID-19 as a cause or aggravating factor, or as deficient or negligent in response to the crisis." The Court should accept Amazon's proposal and deny IS's broad and impractical motion.

**5.  Any suggestion that Plaintiffs have engaged in discovery abuse, litigation misconduct, or other extraneous bad acts**

The parties already agreed that "[a]rgument or evidence regarding discovery disputes and motions to compel discovery" should not be presented to jury. (Dkt. 743 at 16.) It is unclear what other "bad acts" IS seeks to exclude. Its improperly one-sided motion is "too nebulous" and "better addressed as [issues] arise during trial." *Hiscox Dedicated Corporate Member, Ltd. v. Matrix Grp. Ltd.*, 2011 WL 4356201, at *1-3 (M.D. Fla. Sept. 19, 2011).

**6.  Evidence at trial from a Defendant that is contrary to 30(b)(6) testimony given by that Defendant in this matter**

"Testimony given in a Rule 30(b)(6) deposition is evidence . . . [that] can be contradicted" and "is not 'binding' on the entity for which the witness testifies in the sense of preclusion or judicial admission." *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, 2019 WL 6896674, at *1 (E.D. Tex. Dec. 18, 2019) (citation omitted); *see also Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251, 1260 (10th Cir. 2016) (testimony given by a 30(b)(6) deponent does not bind the corporation at trial) (citation omitted). IS's motion is contrary to the basic rules of evidence and must be denied.

**7.  No evidence or argument regarding non-infringing alternatives**

It is undisputed that Amazon's technical expert Dr. Johnson has identified non-infringing alternatives, and Amazon's damages expert Dr. Ugone relies on these alternatives in forming his damages opinion. (*See, e.g.*, Ex. B at ¶¶ 373-82 (identifying non-infringing alternatives); Ex. C at ¶¶ 104-05.) There is no basis to exclude this evidence and testimony. IS argues that non-infringing alternatives are irrelevant because IS does not seek lost profits. (Mot. at 3.) But, in a reasonable royalty analysis (at issue in this case), "the core economic question is what the [alleged] infringer,

3

**FILED UNDER SEAL**

in a hypothetical pre-infringement negotiation under hypothetical conditions, would have antici-pated the profit-making potential of use of the patented technology to be, *compared to using non-infringing alternatives*." *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 770 (Fed. Cir. 2014) (emphasis added). IS argues that Amazon has "only identified allegedly non-infringing *uses* of the accused products," which are not relevant because IS asserts non-method claims. (Mot. at 3 (emphasis added).) IS is wrong again. Dr. Johnson described ███████████████████

███████████████████████████████████ This is a design alternative, not a non-infringing use of the accused devices. Dr. Johnson also identified prior art *systems* found not to invalidate the asserted claims as potential non-infringing alternatives. (*Id.* at ¶ 382.) And, in any event, the existence of substantial non-infringing *uses* of the accused products is relevant to IS's claim for contributory infringement. *See, e.g.*, *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1362 (Fed. Cir. 2012) (to prove contributory infringement, plaintiff must establish "that there are no substantial *non-infringing uses*"). Because Amazon indisputably offered expert testi-mony on non-infringing alternatives, and the existence of such alternatives is relevant to both the damages and non-infringement issues in this case, the Court should deny IS's motion *in limine*.

8.   **Disparagement or commentary regarding the nationality or place of residence of a party or a witness**

Amazon agreed that it will not *disparage* any witness's or party's nationality or foreign residence. (*See* Dkt. 743 at 16.) Precluding any "commentary" regarding the same, however, would be improper. IS' witnesses' nationality and place of residence are relevant at least to the background and education of the inventors of the patents-in-suit, who were both educated, at least in part, in China. Moreover, one of the inventors (Ximing Wang) is a Chinese national who resides in China. IS is headquartered in Ms. Wong's home and thus her place of residence is relevant to the case. IS's key witnesses will likely testify regarding their ties and business connections in Texas and the United States generally; Amazon should be permitted to present argument refuting

4

**FILED UNDER SEAL**

this evidence.  Further, exclusion of an entire category of evidence is not a proper focus of a motion *in limine*, which should specifically indicate the evidence sought to be excluded, or be denied as over-broad.  *See, e.g.*, *Semcon IP Inc. v. Huawei Device USA Inc.*, No. 2:16-CV-437-JRG-RSP, Dkt. No. 490 at 3 (E.D. Tex. Dec. 15, 2017) (denying motion as "overly broad").

9.      **Any reference or suggestion that complying with the laws or customs of a particular nation in which a party is doing business is improper or justifies conduct on the part of another party that would itself be wrongful**

To the extent IS seeks to exclude derogatory attacks on a country or its laws, Amazon does not oppose an order directing both parties to refrain from such attacks.  But as written, IS's motion is incomprehensible.  *See Hiscox*, 2011 WL 4356201 at *1 ("nebulous" motions *in limine* should be denied).  Motions *in limine* should "specify the evidence to which the objection is directed," alert the Court to the proper course of action, and enable Amazon to obviate the objection, if possible.  *See* Wright & Miller, *Fed. Prac. & Proc.* § 5036.1 *et seq.*  This motion does none of that; and thus, should be denied.

10.     **Any settlement agreements, offers, negotiations, mediations, or the lack thereof**

IS has entered into two litigation-related license agreements (with LG and Samsung) in which ███████████████████████████████████████████.  Amazon's damages expert relies on these license agreements in his hypothetical negotiation analysis.  (Ex. C at ¶ 111.) These licenses are indisputably relevant because patentees' license agreements are one of *Georgia Pacific* factors; there is no basis to exclude them.  *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *see also, e.g.*, *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1381 (Fed. Cir. 2017) (licenses including the asserted patents are relevant); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010) (observing that in case below, "the most reliable license in th[e] record arose out of litigation").  Indeed, the Court already denied IS's motion to exclude Dr. Ugone's testimony regarding the LG and Samsung licenses, suggesting that the licenses are relevant and admissible.  (*See* Dkt. 768.)

5

**FILED UNDER SEAL**

Evidence of IS's prior licensing history with other accused infringers, including its decisions to assert or not assert the patents and any related offers and negotiations with these parties, is relevant to show IS's state of mind as of the date of the hypothetical negotiation, its motivation to enforce patents, and the nature of IS's business model. *See Personalized Media Commc'ns, LLC v. Zynga, Inc.*, No. 12-cv-68-JRG-RSP, Dkt. 213 at 2 (E.D. Tex. Oct. 30, 2013) (denying plaintiff's motion to exclude evidence of its "demands from other negotiations on these same patents"); *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 2010 WL 11451797, at *1-2 (E.D. Tex. Mar. 31, 2010) ("[Plaintiff] ATI's negotiations and agreements with other parties may be probative of a reasonable royalty."). Such evidence is not inadmissible under Fed. R. Evid. 408, because it is not for "prov[ing] or disprove[ing] the validity or amount of a disputed claim."

11. **Lawsuits against others, lack of lawsuits against others, decisions or judgments in lawsuits against others and prior lawsuits between the parties**

This motion should be denied for at least three reasons. First, IS has sued Amazon before, in the Eastern District of Virginia, on related patents, accusing the same and similar products, and lost. (*See* Dkt. 9 at 3-6; Dkt. 28 at 4-6). Its patents were found invalid and non-infringed there. *Va. Innovation Scis., LLC v. Amazon.com, Inc.*, 227 F. Supp. 3d 582 (E.D. Va. 2017), *aff'd sub nom.*, *Va. Innovation Scis. v. HTC Corp.*, 718 F. App'x 988 (Fed. Cir. 2018); *Va. Innovation Scis., LLC v. Amazon.com, Inc.*, 2017 WL 11500121 (E.D. Va. Dec. 22, 2017), *aff'd*, 778 F. App'x 859 (Fed. Cir. 2019). This is critical evidence to Amazon's case here, because IS alleges that Amazon's infringement was willful. (Dkt. 743 at 5.) This prior litigation between the parties, where Amazon prevailed and the Federal Circuit affirmed, shows that Amazon was reasonable in its belief that it does not infringe the asserted patents in this case and those patents are similarly invalid as the ones Judge O'Grady invalidated in Virginia. Indeed, Judge O'Grady granted Amazon its legal fees finding that IS's claims in Virginia were "baseless." *Innovation Scis., LLC v. Amazon.com, Inc.*, No. 1:16-cv-00861, Dkt. 275 at 3 (E.D. Va. Feb. 18, 2020).

6

**FILED UNDER SEAL**

Second, the prior lawsuit is highly relevant because Judge O'Grady found claims in patents relevant to those asserted here invalid under § 101. *See Va. Innovation Scis.,* 227 F. Supp. 3d at 586 (invalidating '492 patent family). He found that all the claim elements were existing and conventional. *Id.* at 601, 604. Many of those claim limitations appear in the asserted claims in this case. (Dkt. 131 at 8-9, 32.) Accordingly, IS is collaterally estopped from arguing that those claim elements are not conventional. Amazon's technical expert explained in his reports that he compared the asserted claims here to those invalidated under Section 101 by Judge O'Grady and identified identical or substantially similar claim elements that Judge O'Grady already found conventional. Amazon should be allowed to present this highly critical testimony to the jury.[1]

Third, the parties to the hypothetical negotiation would have considered IS's litigation history and license agreements. *See Georgia-Pacific*, 318 F. Supp. at 1120. Amazon's damages expert calculated the per unit royalties paid to IS by Samsung and LG for accused devices in those lawsuits as part of his analysis to arrive at a royalty in this case. (Ex. C at ¶¶ 113-14.) Also, a licensee would have understood the weakness of the claims given IS's failure to sue Apple over Siri, Google over Google Home, or Microsoft over Cortana, and thus would have demanded a lower royalty rate. The Court should deny IS's motion.

**12.     Unpleaded claims or defenses, and claims that have been dismissed**

It is impossible to discern what IS actually seeks to exclude by its motion. If IS intends to argue that Amazon has not raised, pleaded, or supported some defenses—e.g., deficiencies in ownership and inventorship or an affirmative defense of offset to damages—a motion *in limine* is not the proper vehicle. "Standing is a jurisdiction[al] issue and can be raised any time." *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 2009 WL 2460985, at *3 (E.D. Tex. Aug. 10, 2009) (citing Fed. R. Civ. P. 12(h)(3)). Amazon may still raise the affirmative defense of offset to damages

---

[1] The Court has already determined that there is a "a genuine question of material fact on *Alice* step two" and that must be resolved by the jury. *See*, *infra,* Amazon's opposition to MIL No. 29.

**FILED UNDER SEAL**

under Fifth Circuit law based on Judge O'Grady's recent fees judgment in Virginia. *See, e.g.*, *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 494 n.36 (5th Cir. 2001) (quoting *Rosenberg v. Trautwein*, 624 F.2d 666, 670 (5th Cir. 1980)); *see also DP Wagner Mfg. Inc. v. Pro Patch Sys., Inc.*, 434 F. Supp. 2d 445, 459 (S.D. Tex. 2006). Inventorship, ownership, and damages remain open issues for the jury, and related facts are plainly relevant. Fed. R. Evid. 401.

IS's motion is ambiguous regarding dismissed claims. IS recently chose not to pursue claims related to the '443 patent, Amazon's Dash Button, or Amazon's Dash Replenishment Service. (*See* Dkt. 743.) But IS may not now exclude evidence that is *also* relevant to the remaining claims and defenses. *See Medecor Pharma LLC v. Fleming Pharm., Inc.*, 2014 WL 3867548, at *1 (M.D. La. Aug. 6, 2014) ("evidence that, while connected to this previously-dismissed claim, is relevant to the remaining issues for trial" not prohibited); *Fontenot v. Republic Nat'l Distr.*, 2018 WL 1137519, at *4 (E.D. La. Mar. 2, 2018) (allowing evidence of dismissed allegations that also support existing claims are relevant). The Court should deny the motion and "defer[] ruling on the admissibility of such evidence until the trial . . . at which point the Court can better assess [its] admissibility." *Medecor*, 2014 WL 3867548, at *1.

**13.    Irrelevant financial information**

Without an identification of any specific financial information that IS deems irrelevant, this motion is incomprehensible and must be denied. *See Rivera v. Salazar*, 2008 WL 2966006, at *1-2 (S.D. Tex. July 30, 2008) ("overly broad" motions *in limine* "void of any specific context" must be denied).

**14.    Preclude Defendants from arguing that they do not store wifi network information nor store the unique identifiers recited in the asserted claims**

This is not a proper motion *in limine*; what IS seeks here is sanctions. *Mixed Chicks*, 879 F. Supp. 2d at 1095 (holding that "substitut[ions] for motions to compel discovery or for discovery sanctions" are "improper reasons for motions in limine"). Indeed, IS previously filed a motion for

8

**FILED UNDER SEAL**

sanctions requesting this same relief (Dkt. Nos. 335, 487), and its arguments are meritless for the reasons explained in Amazon's briefing (Dkt. Nos. 352, 383, 518).  Contrary to IS's arguments, Amazon produced the relevant technical documents during fact discovery (*see* Dkt. 383 at 2; Dkt. 518 at 2-3), and Amazon designated two engineers to testify on this topic in depositions (Dkt. 352 at 11; Dkt. 518 at 3-4.)  Amazon even made a *third* witness available on this topic, Mr. Fred Torok, whom IS deposed on May 19, 2020.  Finally, IS's assertion that Amazon should not "present tes-timony contrary to or in addition" to its Rule 30(b)(6) testimony is wrong as a matter of law.  *See United Servs. Auto. Ass'n*, 2019 WL 6896674, at *1; *supra,* Response to MIL No. 6.

**15.    Evidence produced after the April 17, 2019 due date and evidence produced after December 4, 2019 final election and expert reports due date**

This motion, like the previous one, is an improper motion *in limine*:  it seeks to strike expert testimony and preclude reference to evidence regardless of its relevance and admissibility.  Indeed, IS's request to exclude "all arguments or evidence not specifically elected in Amazon's December 4, 2019 Final Election of Asserted Prior Art" is a rehash of its motion to strike expert testimony on prior art that it contends Amazon did not properly elect.  (*See* Dkt. 412 at 1 (motion to strike portions of Johnson report discussing "invalidity arguments not elected in Amazon's December 4, 2019 Final Election of Asserted Prior Art").)  The Court denied that motion in its entirety because Amazon properly relied on prior art consistent with its final election (Dkt. 765) and the Court should deny this motion *in limine* for the same reasons.  IS's request to exclude evidence produced after April 17, 2019 must be denied for the reasons explained in Amazon's briefing in opposition to IS's motion for discovery sanctions (Dkt. Nos. 352, 383, 518.)  Indeed, as explained in that briefing, Amazon produced most of the documents IS identifies in the motion long before its expert reports were due, and IS deposed several Amazon witnesses about these documents.  (*See* Dkt. 352 at 2-5; Dkt. 383 at 1-3.)  For the few documents that were produced later—which were cumu-lative—Amazon offered additional depositions that IS took, and IS's damages experts issued a

9

**FILED UNDER SEAL**

supplemental report.  (*See* Dkt. 518 at 5-8.)  IS faced no prejudice.  Moreover, it was *IS*, not Amazon, that produced most of its documents after the deadlines it now relies on.  Between the April 17 deadline through the end of 2019, IS made 20 separate document productions, consisting over 50,000 pages.  (Dkt. 383 at 2.)  And so far in 2020, IS produced another 8,915 documents consisting of over 93,000 pages.  IS's motion is one-sided, unfair, and highly prejudicial to Amazon.  Moreover, IS does not identify any prejudice it would suffer from allowing such evidence at trial.  (Dkt. 765 at 4 ("Plaintiff cannot simply assume the existence of prejudice while simultaneously asking the Court to impose the harsh remedy of exclusion.").)  The motion should be denied.

16.    **Non-practicing entity or patent troll or other pejorative terms; disparaging business model**

Amazon agrees not to use the term "patent troll" or similar pejorative terms.  However, Amazon opposes this motion to the extent it seeks to preclude all evidence regarding IS's business model and methods.  The term "non-practicing entity" is a commonly-accepted, neutral term that describes what IS does and is.  Courts in this district have routinely denied motions to exclude use of this and similar terms.  *See, e.g.*, *Eidos Display, LLC v. Chi Mei Innolux Corp.*, 2017 WL 2773944, at *1 (E.D. Tex. May 26, 2017) ("the term 'patent assertion entity' or 'non-practicing entity' may be used"); *SSL Servs., LLC v. Citrix Sys., Inc.*, 2012 WL 12906091, at *2 (E.D. Tex. May 24, 2012) ("non-practicing entity" or "non-practicing plaintiff" permissible); *EVM Sys., LLC v. Rex Med., L.P.*, 2015 WL 11089476, at *2 (E.D. Tex. June 10, 2015).  IS's business model is highly relevant to its patent enforcement, litigation, and licensing activity and should not be excluded.

17.    **No argument or evidence re Chinese litigation or Chinese patents**

IS's business is patent procurement and enforcement in the U.S. and China.  IS cannot selectively omit aspects of its business model that it does not like from the jury.  Further, in China, IS's sister Chinese company SellerBid Technology (Beijing) Ltd. Co. asserted patents against

10

**FILED UNDER SEAL**

Amazon, which are related to those IS asserts in this case.  IS itself acknowledges that the asserted patents in China claim priority to the patents here.  A set of those Chinese patents has already been found invalid, providing Amazon with a reasonable belief that the patents asserted in this case are similarly invalid as Amazon contends and thus negating IS's willfulness claim.  *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, 2010 WL 11469880, at *3 (E.D. Tex. Feb. 26, 2010) (allowing evidence of prior litigation between parties and noting that "[a]ny potential prejudice to Tyco can be cured by an instruction").  While IS attempts to distance itself from SellerBid Technology (Beijing), ██████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████  There is no meaningful distinction between IS and its Chinese counterpart.  And to the extent IS will tell the jury that other companies (Samsung and LG) took a license to IS's patent portfolio while Amazon refused and thus is a willful infringer, Amazon should be able to explain that a license to IS's U.S. patents would not have been sufficient for IS to walk away in China, thus making little sense to do.

## 18.    IS offices, office size and real estate

IS's size, how many employees it has, what products it makes (if any), how many offices it has, the sizes and locations of those offices, and the number of employees that work at those offices is relevant information.  None of this information is prejudicial; these are facts about the plaintiff in this case.  IS's name suggests that it has sophisticated research and development facilities and operations.  Amazon should be allowed to rebut IS's characterizations of its own business with evidence that IS has no R&D facilities, and its principal and sole employee, Anne Wong, operates the company from her apartment.  *See Harless v. Boyle-Midway Division, Am. Home Prods.*, 594 F.2d 1051, 1054 (5th Cir. 1979) (trial court committed reversible error in excluding rebuttal evidence); *Graham v. All Am. Cargo Elevator*, 2013 WL 5604373, at *3 (S.D. Miss. Oct. 11, 2013) (excluding evidence "except to the extent that such evidence is proper for rebuttal or

11

**FILED UNDER SEAL**

impeachment"). The motion should be denied.

## 19. Incomplete IPR Proceedings

Another defendant filed an IPR petition for one of the asserted patents in this case. IS's expert in this case, Mr. McAlexander, submitted a declaration in that proceeding and was deposed in that matter regarding his opinions for the '983 patent. *See Resideo Techs., Inc. v. Innovation Sciences, LLC*, IPR2019-01306, Exhibit 2005 (PTAB May 1, 2020). To the extent Mr. McAlexander's testimony at trial is inconsistent with his IPR declaration, that declaration is a proper impeachment vehicle. *Wis. Alumni Research Found. v. Apple, Inc.*, 135 F. Supp. 3d 865, 881 (W.D. Wis. 2015) (holding that "a blanket ruling precluding any reference to the [other] litigation is unwarranted" where an expert testified in both proceedings). The Court should deny this motion.

## 20. Claim constructions not ordered by the Court

It's unclear what IS aims to achieve with this request. Amazon does not dispute that unconstrued claim terms are given their plain and ordinary meaning. *Comcast IP Holdings I LLC v. Sprint Commc'ns Co.*, 850 F.3d 1302, 1311-12 (Fed. Cir. 2017). But as many courts have found, this does not prevent Amazon from offering opinion testimony on how one of skill in the art would interpret the unconstrued terms. *Metaswitch Networks Ltd. v. Genband US LLC*, 2017 WL 3704760, at *4 (E.D. Tex. Aug. 28, 2017) (expert testimony about the plain and ordinary meaning of term allowed); *Avid Tech., Inc. v. Harmonic Inc.*, 2014 WL 7206301, at *4 (D. Del. Dec. 17, 2014) (same); *DNT, LLC v. Sprint Spectrum, LP*, 2010 WL 582164, at *4 (E.D. Va. Feb. 12, 2010) (same). The Court should deny this legally erroneous motion.

## 21. No evidence or argument that any entity other than Innovation owns the patents-in-suit

Nearly a year ago, Amazon put IS on notice that Amazon challenges its standing to assert the patents-in-suit; in its Rule 26 disclosures, served in September 2019, Amazon stated "IS lacks standing to assert the patents-in-suit at least because Tiejun [Ron] Wang assigned the rights in

12

**FILED UNDER SEAL**

inventions to his former employer RFMD." (Dkt. 737 at 3.)  The Court should deny the motion because it seeks to exclude all evidence relevant to IS's standing and ownership of the patents-in-suit, which is a contested issue in this trial.  (*See also* response to MIL No. 24.)

22.     **No argument or evidence of Anne Wong's law school attendance nor pursuit or a law degree**

There is little doubt that IS will talk up Anne Wong's qualifications at trial, including her education, work history, and areas of expertise.  To provide an accurate impression to the jury, Amazon must be able to discuss Wong's entire background.  IS cannot pick and choose which parts of Wong's story are revealed to the jury and which remain hidden.

23.     **No arguments or evidence regarding taxes and tax treatment of Plaintiff and its predecessors including which types of companies are taxed as flow through to individual tax returns**

Amazon expects IS to argue at trial that it is a "local" Texas company, and that it moved there because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. F at 65:21-24.)  However, to defeat Amazon's motion to transfer to EDVA and in the ITC case, Wong testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at 65:7-16; Dkt. 24-23, ¶ 9). This information is highly relevant to IS's business model and its motivations for becoming "a local to Texas company."  The Court should deny IS's motion.

24.     **No evidence regarding stock sales and transfers of SellerBid stock between family members**

IS's predecessor is Sellerbid.  Anne Wong was Sellerbid's principal and owner. ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. E at INNOV0113865-866.) ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ . (*Id.* at INNOV0113887-888.) This transaction not only speaks to the family nature of the company and its business model but is also highly relevant to the valuation of the company, its assets, and its intellectual property,

13

**FILED UNDER SEAL**

including patents asserted in this case.

**25.    No argument or evidence of any liens or collection actions against Plaintiff, debts owned by Plaintiff or any fee disputes with lawyers, experts and vendors or services for patent litigation**

IS will argue at trial that it is a successful company, as evidenced by at least its licenses to several large corporations.  Amazon should be able to present evidence rebutting this claim, including evidence that these licenses are results of litigation, IS lost several other lawsuits where it received nothing, and IS refused in those cases to pay money owed to its lawyers, experts, and vendors, forcing some of them to impose liens on IS and its assets.  Should IS claim at trial that it is a hard-working, law abiding, moral company, as it is expected to claim, Amazon should be allowed to put forth evidence establishing the true nature of the plaintiff in this case.

**26.    No argument or evidence regarding awards or accolades for Amazon, its CEO, or its products**

It is black letter law that IS must "carefully tie proof of damages to the claimed invention's footprint in the market," which requires apportionment between patented and unpatented features and looks at the bases for consumer demand. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317-21 (Fed. Cir. 2011) (citation omitted).  Thus, evidence of accolades—especially for features not covered by the asserted patents such as Alexa speech recognition or access to Amazon's award-winning offerings—is especially relevant to determining a reasonable royalty in the hypothetical negotiation.  Awards and accolades for Amazon and its products accused in this case also go directly to the reasons why customers purchase those products; it is because of Amazon's brand and its award-winning technology.  IS also accuses Amazon of willful infringement.  Amazon is entitled to respond by pointing to its established record of innovation and success—including awards and accolades.  As with its other motions, IS simply seeks to be able to portrait both itself and Amazon solely in the light that is best suited for its case.  No authority or reason supports the exclusion of Amazon's success and success of its products.  Finally, IS's assertion that "evidence

14

**FILED UNDER SEAL**

of awards or accolades" suggest non-infringement is a non-sequitur.  The jury is smart enough to

understand that a highly popular product with many features might infringe a patent covering one

of those features.  If IS's assertion is true, such information would be excluded in every case, yet

IS cites not a single case supporting its draconian and highly prejudicial motion.

**27.    The ZigBee Specification should be excluded as a prior art reference because it is not
a reference listed in Amazon's Final Election of Prior Art of December 4, 2019.**

The Court rejected this same argument in its order denying IS's Motion to Strike Opening

Expert Report of David B. Johnson, Ph.D.  (Dkt. 765).  The Court held that "[n]ot only does Plain-

tiff's motion to strike [the ZigBee Specification] on this ground suffer from the same fatal defect

(no showing of prejudice) as its other arguments, but Defendants disclosed the Zigbee standard as

prior art in their invalidity contentions."  *Id.* at 6 n.2 (citing Dkt. 525, Exhibit 11 at pp. 3–4).

Moreover, the asserted patents identify the ZigBee standard described in the ZigBee Spec-

ification as prior art.  (*See* Ex. G at 10:23–27.)  Some of the asserted claims recite Zigbee.  (*See,
e.g.*, Ex. H, claim 6 ("The management system of claim 1, wherein the short range wireless com-

munication is a Zigbee communication.").)  Amazon must be able to explain to the jury what

Zigbee is, the use of which IS accuses of infringement, and how Zigbee cannot be the point of

novelty of the asserted patents as the patents admit that it is prior art and the inventors conceded

in depositions that they did not invent it.

IS's argument that it did not have notice of Zigbee's relevance to invalidity issues in this

case is meritless.  The asserted patents themselves discuss and claim it.  Moreover, Amazon con-

sistently and specifically identified the ZigBee specification in its invalidity contentions as show-

ing the state of the art at the time of the asserted patents.  (Ex. I at 41–42 ("The specification of

the '983 Patent admits that various standards described in the specification were prior art," includ-

ing "the Zigbee standard."); *see also* Ex. J at 30:55–61; Ex. H at 30:47–53).)  And Dr. Johnson's

invalidity report discusses the ZigBee Specification at length—including a detailed description of

15

**FILED UNDER SEAL**

the ZigBee Specification's history and its smart home applications—in a section of his report titled "*General State of the Prior Art* Before the Asserted Patents." (*See, e.g.*, Ex. K at ¶¶ 236-39 (emphasis added).)   It is well-established that "[t]he validity of the patent in suit is to be judged in view of the state of the art as it existed at the time of the alleged invention." *Pac. Spring Eng'g Corp. v. Sloss & Britain*, 1971 WL 16626, at *4 (C.D. Cal. June 16, 1971).   IS cannot hide the state of the art from the jury.   Nor can IS direct what parts of the patent specification and claims can be explained to the jury and which parts cannot.   The motion should be denied.

**28.     Preclude use of the ZigBee specification by Amazon in its 35 USC § 102 anticipation argument based on the Arling patent**

Like the previous motion *in limine*, IS's motion simply repeats the same argument that the Court rejected in its order denying IS's Motion to Strike Opening Expert Report of David B. Johnson, Ph.D.   (Dkt. 765; *see also* Dkt. 412 at 12-14.)   It is undisputed that Zigbee is prior art and one skilled in the art would know about it at the time of the patents.   In his report, Amazon's expert Dr. Johnson opined that a person of ordinary skill in the art—using the disclosure of the Arling reference alone—would have found it obvious that the short range communication Arling describes could be the existing Zigbee communication:

> Based on [the Arling and Intel Journal it incorporate by reference] disclosure and the knowledge of a person of skill of the ZigBee Specification as discussed in detail in Section IX above, a person of ordinary skill would have recognized that ZigBee would be one option for the short range wireless communication system disclosed in Arling. *See generally* ZigBee Specification (publicly available prior to the effective filing date of the asserted patents); Tiejun Wang Dep. Tr. at 63:24-25 (named inventor of each asserted patent admitted he did not invent ZigBee).   (Ex. K at ¶ 329.)

Indeed, the Arling disclosure itself mentions Zigbee. [2]   There is no justification for precluding Dr. Johnson from offering this opinion at trial.   The Court should deny IS's motion.

---

[2] In denying IS's summary judgment motion, the Court held "as a matter of law that Arling incorporates by reference the *Intel Technology Journal*, Volume 6, Issue 4, published Nov. 15, 2002 entitled 'Interoperable Home Infrastructure'." (Dkt. 725 at 5.)   That journal specifically mentions Zigbee.   (*See* Dkt. 647-5 at 67 n.25.)   IS's attempt to distinguish ZigBee from the ZigBee specification is a distinction without a difference.

16

**FILED UNDER SEAL**

**29.    Preclude evidence or argument that the asserted claims of the asserted patents only involve activities that were well-understood, routine, and conventional as of August 10, 2006 from perspective of a person of ordinary skill in the art**

In this case, Amazon alleges that the asserted patents claim ineligible subject matter under 35 U.S.C. § 101 and are thus invalid under the Supreme Court's *Alice* test.  (Dkt. 87 (Answer to First Amended Complaint) at 23-24 (alleging that the patents-in-suit are "invalid for failure to meet one or more of the conditions for patentability . . . including, without limitation, 35 U.S.C. § 101"); *see also* Ex. K at ¶¶ 247-68 (opining that the asserted patents are ineligible under § 101).)  The Court thus far declined to find the patents invalid under § 101 because "a genuine question of material fact on *Alice* step two:  whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field" remains.  *Innovation Scis., LLC v. HTC Corp.*, No. 4:18-cv-00476-ALM, Dkt. 94 at 4 (E.D. Tex. June 24, 2020).  Accordingly, the resolution of *Alice* step two issues will require "weigh[ing] evidence" and "mak[ing] credibility judgments." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1370 (Fed. Cir. 2018).  Such factual determinations are "completely within the province of the jury."  *Guillory v. Domtar Indus. Inc.*, 95 F.3d F.3d 1320, 1334 (5th Cir. 1996); *see also PPS Data, LLC v. Jack Henry & Assocs., Inc.*, No. 2:18-cv-07-JRG, Dkt. 165 at 4 (E.D. Tex. Sept. 12, 2019) (jury verdict finding asserted claims "were well-understood, routine, and conventional"); *Maxell, Ltd. v. ZTE (USA) Inc.*, No. 16-cv-00179-RWS, Dkt. 228 at 7-8 (E.D. Tex. June 29, 2018) (same).  Accordingly, the factual § 101 issues should be presented to the jury at trial in this case.

IS does not dispute that *Alice* step two issues can be presented to the jury.  Its sole argument is that the Court has not "made the prerequisite finding that the asserted claims . . . were directed towards an abstract idea."  (Mot. at 14.)  But no authority requires that the Court must conclude that the asserted patents are directed to an abstract idea at *Alice* step one before presenting § 101 issues to a jury.  Indeed, in *Maxell*, Judge Schroeder declined to explicitly analyze the patents there under *Alice* step one, finding that issues of fact under *Alice* step two had to be first resolved and by a jury.  *Maxell*, Dkt. 181 at 9-10 (June 8, 2018).  The Court should deny IS's motion.

17

**FILED UNDER SEAL**

Dated:   July 23, 2020                    Respectfully submitted,


By: *Saina S. Shamilov*
          J. David Hadden
          CA Bar No. 176148 (Admitted E.D. Tex.)
          Email:  dhadden@fenwick.com
          Saina S. Shamilov
          CA Bar No. 215636 (Admitted E.D. Tex.)
          Email:  sshamilov@fenwick.com
          Ravi R. Ranganath
          CA Bar No. 272981 (Admitted E.D. Tex.)
          Email:  rranganath@fenwick.com
          **FENWICK & WEST LLP**
          Silicon Valley Center
          801 California Street
          Mountain View, California 94041
          Telephone: (650) 988-8500
          Facsimile: (650) 938-5200

          Todd R. Gregorian
          CA Bar No. 236096 (Admitted E.D. Tex.)
          Email:  tgregorian@fenwick.com
          Dargaye Churnet
          CA Bar No. 303659 (Admitted E.D. Tex.)
          Email:  dchurnet@fenwick.com
          Eric B. Young
          CA Bar No. 318754 (Admitted E.D. Tex.)
          Email:  eyoung@fenwick.com
          TJ Fox
          CA Bar No. 322938 (Admitted E.D. Tex.)
          Email: tfox@fenwick.com
          **FENWICK & WEST LLP**
          555 California Street, 12th Floor
          San Francisco, CA  94104
          Telephone: 415.875.2300
          Facsimile: 415.281.1350

          Jeffrey Ware
          CA Bar No. 271603 (Admitted E. D. Tex.)
          Email:  jware@fenwick.com
          **FENWICK & WEST LLP**
          1191 Second Avenue, 10th Floor
          Seattle, WA 98101
          Telephone: 206.389.4510
          facsimile: 206.389.4511

          *Counsel for Defendants*
          AMAZON.COM, INC.,
          AMAZON DIGITAL SERVICES LLC,
          and AMAZON WEB SERVICES, INC.

18

**FILED UNDER SEAL**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2020, a true and correct copy of the foregoing document

was served on each party through their counsel of record via email.

Donald L. Jackson
Email:  djackson@davidsonberquist.com
James D. Berquist
Email:  jay.berquist@davidsonberquist.com
Gregory A. Krauss
Email:  gkrauss@davidsonberquist.com
Alan A. Wright
Email:  awright@davidsonberquist.com
Aldo Noto
Email: anoto@davidsonberquist.com
Pete Gowdey
Email: pgowdey@davidsonberquist.com
Walter D. Davis
Email: wdavis@davidsonberquist.com
Rogers D. Sanders
Email:  rsanders@somlaw.net
J. Michael Young
Email:  myoung@somlaw.net

Counsel for Plaintiff,
Innovation Sciences, LLC.


*/s/ Jeffrey Ware*
Jeffrey Ware

19