# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC<br><br>v.<br><br>AMAZON.COM, INC., et al | Civil Action No.  4:18-cv-474<br>Judge Mazzant<br><br>*CONSOLIDATED LEAD CASE* |
| INNOVATION SCIENCES, LLC<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC. | Civil Action No.  4:18-cv-475<br>Judge Mazzant<br><br>*Member case* |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Innovation Sciences' Motion for Sanctions Against Amazon.com, Inc., Amazon Digital Services, LLC, and Amazon Web Services, Inc. (Dkt. #335). Having reviewed the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

This is a patent infringement suit brought by Plaintiff Innovation Sciences, LLC ("Plaintiff") against Defendants Amazon.com, Inc., Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services, LLC, Amazon Web Services, Inc., and Amazon Fulfillment Services, Inc. (collectively, "Defendants") (Dkt. #79 at p. 1). The patent infringement allegations include U.S. Patent No. 9,723,443 ("the '443 Patent") and the '798 Patent Family, including U.S. Patent Nos. 9,942,798 ("the '798 Patent"), 9,912,983 ("the '983 Patent"), and U.S. Patent No. 9,729,918 ("the '918 Patent") (Dkt. #79).

On December 23, 2019, Plaintiff filed its Motion for Sanctions Against Defendants (Dkt. #335). Defendants responded on January 10, 2020 (Dkt. #352). On January 21, 2020, Plaintiff filed its reply (Dkt. #367). Defendants filed their sur-reply on January 28, 2020 (Dkt. #383). Plaintiff also filed a supplemental brief on March 10, 2020; Defendants filed a response on March 24, 2020 (Dkt. #487; Dkt. #568).

Plaintiff moved for sanctions against Defendants as a result of Defendants' failure to timely produce documents throughout the course of this suit. Relevant to resolving this dispute are: (1) the Order Governing Proceedings (Dkt. #10), which outlines the parties' obligations for Mandatory Disclosures; (2) the original Scheduling Order (Dkt. #38), which lists the dates by which the parties were to complete substantial discovery; (3) the Order Regarding E-Discovery (Dkt. #188); (4) the Federal Rules of Civil Procedure; and (5) this District's Local and Patent Rules. Plaintiff argues that Defendants' willful failure to timely produce documents pursuant to these documents and rules has prejudiced Plaintiff and calls for the following sanctions:

> 1. [T]hat neither [Defendants] nor [their] experts may rely upon any document not produced by April 17, 2019;
> 2. [T]hat [Plaintiff] be granted leave to file supplemental opening expert reports once [Defendants] fulfill[] [their] discovery obligations;
> 3. [E]ntry of adverse inferences that (a) the unique identifiers for the accused products, user telephone, user WiFi networks and smart home devices are each associated with a user's Amazon account in a mapping table as claimed in the asserted patents, and (b) [Defendants'] revenue associated with the sale of the accused products is all profits; and
> 4. [A]ny other appropriate relief.

(Dkt. #335 at pp. 1–2)

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 authorizes the Court to issue sanctions for a party's failure to comply with discovery orders. *See* FED. R. CIV. P. 37(b)(2)(A), (C). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such

a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (alteration in original) (citation omitted). Further, "[the] decision to sanction a litigant pursuant to [Rule] 37 is one that is not unique to patent law," so regional circuit law applies to the dispute. *ClearValue, Inc. v. Pearl Polymers, Inc.*, 560 F.3d 1291, 1304 (Fed. Cir. 2009).

Under Fifth Circuit law, sanctions under Rule 37 must be just and fair. *See Chilcutt v. U.S.*, 4 F.3d 1313, 1321 (5th Cir. 1993). "The sanctions available under Rule 37 are flexible, and the Court has the authority to apply them in varied forms, depending on the facts of each case. 'Rule 37 only requires the sanction the Court imposes hold the scales of justice even.'" *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, 259 F. Supp. 3d 530, 552 (E.D. Tex. 2017) (quoting *Guidry v. Cont'l Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981)), *aff'd in part, rev'd in part on other grounds by* 757 F. App'x 974 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 242 (2019).

"To impose sanctions against a party, a court must make a specific finding that the party acted in bad faith." *Tech Pharmacy Servs., LLC v. Alixa RX LLC*, No. 4:15-CV-00766-ALM, 2017 WL 3394118 at *3 (E.D. Tex. Aug. 7, 2017) (citations omitted); *see also United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2001) (holding that the penalized party's discovery misconduct must be willful to support sanctions).

## ANALYSIS

### I. Plaintiff Has Not Sufficiently Shown That Defendants Acted in Bad Faith

Plaintiff accuses Defendants of impermissibly withholding information, offering three arguments in support of its position for sanctions: (1) Defendants produced useful discovery later than the Mandatory Disclosures deadline; (2) Defendants' litigation strategy was to withhold this information; and (3) Defendants failed to abide by the Court's Order Regarding E-Discovery

3

(Dkt. #188). But "[t]he imposition of sanctions using inherent powers must be accompanied by a specific finding of bad faith." *Goldin v. Barthlow*, 166 F.3d 710, 722 (5th Cir. 1999); *Tech Pharmacy*, 2017 WL 3394118 at *3. Plaintiff does not establish this necessary showing. Therefore, sanctions are improper.

This case's original Scheduling Order set April 11, 2019 as the day that all P. R. 3-4 document production and Mandatory Disclosures were to be served and disclosed (Dkt. #38). The parties agreed on extending this deadline to April 17, 2019—the Court granted the parties' request (Dkt. #103). Under these obligations, Defendants were required to produce or make available for inspection "[s]ource code . . . schematics . . . or other documentation sufficient to show the operation of any aspects or elements in the Accused Instrumentality" identified in Plaintiff's P. R. 3-1(c) chart. P. R. 3-3(a). Additionally, the Court made clear in its April 12, 2019 telephone conference with the parties that each party was expected to complete its Mandatory Disclosures by the April 17, 2019 deadline. The Court also clarified that a party would be "sanctioned if [they] wait[ed] [to disclose] until August 14th" (Dkt. #103 at p. 7).

Later in discovery, Plaintiff uncovered multiple documents that it argues should have been disclosed by the April 17 deadline. Specifically, Plaintiff argues that Defendants withheld three categories of discoverable material that "were relevant to Plaintiff's claims or defenses": (1) cost of goods sold data, separated from all other costs (Dkt. #335 at p. 6); (2) Downstream Impact Statements, which allegedly reveal the "follow on revenues generated through the sale of" certain Accused Instrumentalities (Dkt. #335 at p. 8); and (3) Consumer Home Registry tables, which allegedly employ a mapping functionality disclosed in Plaintiff's P. R. 3.1(c) chart (Dkt. #335 at

p. 12). Plaintiff argues that these late discoveries were no mistake; Defendants willfully failed to uphold their Mandatory Disclosure obligations (Dkt. #335 at p. 13).

Defendants refute by certifying that they complied with all local patent rules and produced the necessary documents by the April 17 deadline (Dkt. #352 at p. 4). Additionally, Defendants assert that they were unaware of any feature related to "account linking" and that the tables were timely produced once Defendants were made reasonably aware of them (Dkt. #352 at p. 11).

The Court finds *Tech Pharmacy* instructive. There, this Court found that the plaintiff's allegations fell short of proving that the defendant's failure to include a key element to an experiment during discovery amounted to bad faith. *Tech Pharmacy*, 2017 WL 3394118 at *3. At best, the Court concluded, the defendant was negligent. *Id.* Here, Plaintiff's allegations similarly do not persuade the Court that Defendants' conduct amounts to bad faith.

Plaintiff postulates that Defendants' litigation strategy includes bad-faith tactics designed to prejudice Plaintiff's diligent trial preparation and litigation strategy (Dkt. #335 at pp. 6–7). Yet Plaintiff produces no evidence to support this assertion. The Court declines to impose sanctions based on mere speculation. Plaintiff's accusations are serious—yet Plaintiff's conclusory conjecture cannot establish the validity of these allegations.

Defendants certify, and Plaintiff does not dispute, that the cost-of-goods-sold data for all Accused Instrumentalities was disclosed well before the Mandatory Disclosures deadline (Dkt. #352, Exhibit 2 at p. 3). Additionally, Defendants produced the Downstream Impact Statements when both parties became aware of the statements' usefulness in guiding Plaintiff's damages theories. While it is undisputed that these Downstream Impact Statements were produced after the April 17 deadline, Plaintiff has not shown how Defendants' late disclosure is a result of their bad faith. Lastly, Plaintiff claims—without support—that Defendants' late production of the

5

Consumer Home Registry Services tables are a result of Defendants' bad faith. That bald assertion cannot support the severe sanctions Plaintiff requests.

Similarly, while Plaintiff is correct in its interpretation of the Order Regarding E-Discovery language—Defendants were indeed obligated to produce the fifteen most significant email custodians in view of the pleaded claims—Plaintiff does not show how Defendants' failure to do so was in bad faith. All Plaintiff does is claim, without evidence, that Defendants must have acted in bad faith. That is not enough.

Nevertheless, while there may be some merit to Plaintiff's argument that Defendants could have, or should have, produced these documents and email custodians sooner,[1] Plaintiff has not explained why this necessarily warrants a finding of bad faith. At best, Plaintiff has proffered an argument that Defendants have been negligent in their discovery obligations. Evidence of an untimely disclosure does not, by itself, convince the Court of a party's bad faith. There must be something more.

## II.     Sanctions Are Not Appropriate in the Interest of Fairness and Justice

Having concluded that Plaintiff has not shown that any discovery violations were the result of Defendants' bad faith, the Court finds that sanctions are improper. But even had Plaintiff made a more convincing bad-faith argument, the Court finds that sanctions are also improper in the

---

[1] The Court reminds the parties that the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules were partly propagated to ensure the just and speedy resolution of disputes. Thus, it is incumbent upon the parties to cooperate with each other to advance this goal. *See Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 3d 664, 668 (E.D. Tex. 2007) (holding that one of the main purposes of this district's Local Patent Rules is to "speed up the litigation process and make it less expensive.") (citations omitted).


interest of fairness and justice. *See Chilcutt*, 4 F.3d at 1320–21 (citations omitted) (holding that the goals of Rule 37 are achieved when sanctions are considered in light of justice and fairness).

Absent its allegations of bad faith, Plaintiff grieves that Defendants' discovery conduct was improper (and therefore sanctionable) because Defendants either knew, or should have reasonably known, to produce the information at issue (Dkt. #335 at p. 10). In response, Defendants argue that their discovery shortcomings are not sanctionable given that expansive discovery is common to complex patent infringement suits like this one. Additionally, Defendants argue that the bases on which Plaintiff rests its arguments are unfounded because Plaintiffs engaged in practically the same conduct that they cite as a basis for sanctioning Defendants. After reviewing each party's arguments, the Court is not convinced by either party's claimed diligence throughout discovery. So, the interests of fairness and justice do not warrant granting Plaintiff's request for sanctions.

The Court is more inclined to impose sanctions when a movant can demonstrate how sanctions would balance the scales of justice. *See Imperium*, 259 F. Supp. 3d at 552. When a movant is itself at fault for the same or similar misconduct it charges against a non-movant, the movant's basis for sanctions is weakened. *See id.*; *see also Packet Intelligence, LLC v. Netscout Sys. Inc.*, No. 2:16-CV-00230-JRG (Dkt. #98 at p. 59) (finding that sanctions are improper where "neither side has completely clean hands in th[e] situation."). To impose sanctions against one party while another opposing party may be at fault for the same misconduct would tip the scales of justice in favor of the party who accuses the other first. Therefore, the Court finds it unfair and unjust to entertain Plaintiff's first sanction request: that neither Defendants nor their experts should be allowed to rely upon any document produced on or after April 17, 2019.

Next, Plaintiff has failed to persuade the Court that it continues to suffer from outstanding prejudice. In its briefing, Plaintiff mentions the parties' telephonic hearings with the Court but

fails to set forth any further action it took with the Court to compel the discovery of the information it claims was untimely produced.[2] Additionally, Plaintiff does not persuade the Court of the dispositive value of the unearthed information to formulating their case. Plaintiff was still able to formulate its damages theories and to represent its theory of the case to the Court.

Lastly, the Court finds that Plaintiff's proposed sanctions are unnecessary in light of Rule 37's purpose to resolve outstanding prejudices and to deter future similarly situated parties. For example, while it is certainly within the authority of the Court to enter adverse inferences against a party as a sanction, Plaintiff gives the Court no argument supported by evidence that would warrant this harsh sanction. Likewise, the Court is unpersuaded that granting Plaintiff more time to file supplemental opening reports, thereby inflating this case's already expansive discovery with a looming trial date, would correct any outstanding prejudice against Plaintiff. And while Plaintiff is correct in asserting that its own shortcomings do not absolve Defendants of their poor conduct

---

[2] As a practical matter, the Court is also more inclined to find sanctions proper in the interest of fairness and justice when a party has exhausted its resources with the Court in an effort to resolve a discovery dispute.

and discovery failures, the sanctions that Plaintiff suggests are uncalled for here. *C.f. Packet Intelligence*, No. 2:16-CV-00230-JRG (Dkt. #98 at p. 59).

Having concluded that: (1) Defendants' failure to timely produce the relevant documents was not a result of Defendants' bad faith; and (2) sanctions would be improper in the interests of fairness and justice, Plaintiff's request for sanctions is denied.[3]

## CONCLUSION

It is therefore **ORDERED** that Innovation Sciences' Motion for Sanctions Against Amazon.com, Inc., Amazon Digital Services, LLC, and Amazon Web Services, Inc. (Dkt. #335) is hereby **DENIED**.

**SIGNED this 31st day of July, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[3] Both parties requested that the Court impose costs on the other side for the time and effort each has taken in briefing this issue (Dkt. #335 at p. 15; Dkt. #352 at p. 15 n.7). But neither party explained why the Court should do so under the facts of this case and under the law. The Court will not consider this insufficiently briefed argument. *See Mendoza v. A&A Landscape & Irrigation, LP*, No. 4:12-CV-562, 2013 WL 12403556, at *2 (E.D. Tex. Nov. 26, 2013) ("It is not the obligation of the Court to make arguments on [the parties'] behalf, and find legal precedent to support those arguments, especially in light of the fact that [the parties] had ample time to brief the Court.").