# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| INNOVATION SCIENCES, LLC | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-00476 |
| | § | Judge Mazzant |
| HTC CORPORATION | § | |
| | § | *LEAD CASE* |
| | § | |

| | | |
|---|---|---|
| INNOVATION SCIENCES, LLC | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-00752 |
| | § | Judge Mazzant |
| HTC CORPORATION | § | |
| | § | *CONSOLIDATED* |
| | § | |

| | | |
|---|---|---|
| HTC CORPORATION,  HTC AMERICA INC | § | |
| | § | |
| | § | Civil Action No. 4:20-CV-00180 |
| v. | § | Judge Mazzant |
| | § | |
| INNOVATION SCIENCES, LLC | § | *CONSOLIDATED* |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Innovation Sciences, LLC's Motion to Sanction HTC Corporation (Dkt. #405).[1]  Having reviewed the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

This is a patent infringement suit brought by Plaintiff Innovation Sciences, LLC against Defendant HTC (Dkt. #1 at p. 1).  The patent infringement allegations include the '798 Patent

---

[1] Though this case has since been consolidated as indicated in the case caption, docket citations in this Order relating to Plaintiff's Motion to Sanction HTC Corporation (Dkt. #405) refer to the original docket for this case, *Innovation Sciences, LLC v. Amazon, INC., et al.*, 4:18-CV-00474-ALM.

Family, including U.S. Patent Nos. 9,942,798 ("the '798 Patent"), 9,912,983 ("the '983 Patent"), and U.S. Patent No. 9,729,918 ("the '918 Patent") (Dkt. #1).

On February 21, 2020, Plaintiff filed its Motion to Sanction HTC Corporation (Dkt. #405). Defendant responded on March 16, 2020 (Dkt. #518).  Plaintiff filed its reply on April 3, 2020; Defendant filed its sur-reply on April 10, 2020 (Dkt. #607; Dkt. #639).

Plaintiff alleges that Defendant's failure to timely produce documents throughout the discovery phase of this lawsuit warrants sanctions.  Relevant to resolving this dispute are: (1) the Order Governing Proceedings (Dkt. #10), which outlines the parties' obligations for Mandatory Disclosures; (2) the case's original Scheduling Order (Dkt. #38), which lists the deadline for the parties' discovery obligations; (3) the Federal Rules of Civil Procedure; and (4) this District's Local and Patent Rules.  Plaintiff argues that Defendant's willful failure to timely conduct discovery pursuant to these documents and rules has prejudiced Plaintiff, so Plaintiff asks for the following sanctions:

> 1. [T]hat neither [Defendant] nor its experts may rely upon any document not produced by April 17, 2019;
> 2. [T]hat neither [Defendant] nor its experts may rely upon the five license agreements or the financial schedule [Defendant] produced in January 2020; and
> 3. [T]o the extent that the Court rules that the Pixel 2, Exodus 1 and 5G Hub are part of the current action, that the HTC U11 products be treated as representative of the Pixel 2, Exodus 1, and 5G Hub products for purposes of infringement.

(Dkt. #405 at p. 2)

Plaintiff also requests that the Court issue an order compensating Plaintiff for the costs incurred in preparing and filing this motion (Dkt. #405 p. 2).

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 authorizes the Court to issue sanctions for a party's failure to comply with discovery orders. *See* Fed. R. Civ. P. 37(b)(2)(A), (C).  "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such

a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (alteration in original) (citation omitted).  Further, "[the] decision to sanction a litigant pursuant to [Rule] 37 is one that is not unique to patent law"; regional circuit law applies to the dispute.  *ClearValue, Inc. v. Pearl Polymers, Inc.*, 560 F.3d 1291, 1304 (Fed. Cir. 2009).

Under Fifth Circuit law, sanctions under Rule 37 must be just and fair.  *See Chilcutt v. U.S.*, 4 F.3d 1313, 1321 (5th Cir. 1993).  "The sanctions available under Rule 37 are flexible, and the Court has the authority to apply them in varied forms, depending on the facts of each case.  'Rule 37 only requires the sanction the Court imposes hold the scales of justice even.'"  *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, 259 F. Supp. 3d 530, 552 (E.D. Tex. 2017) (quoting *Guidry v. Cont'l Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981)), *aff'd in part, rev'd in part on other grounds by* 757 F. App'x 974 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 242 (2019).

"To impose sanctions against a party, a court must make a specific finding that the party acted in bad faith." *Tech Pharmacy Servs., LLC v. Alixa RX LLC*, No. 4:15-CV-00766-ALM, 2017 WL 3394118 at *3 (E.D. Tex. Aug. 7, 2017) (citations omitted); *see also United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2001) (holding that the penalized party's discovery misconduct must be willful to support sanctions).

## ANALYSIS

### I.   Plaintiff Has Not Sufficiently Shown That Defendant Acted in Bad Faith

Plaintiff accuses Defendant of impermissibly withholding information, offering three arguments in support of its position for sanctions: (1) Defendant willfully violated its mandatory disclosure obligations; (2) Defendant intentionally withheld requested discoverable documents; and (3) Defendant's litigation strategy was designed to disturb Plaintiff's trial-preparation efforts

by intentionally withholding relevant and discoverable information.  But "[t]he imposition of sanctions using inherent powers must be accompanied by a specific finding of bad faith."  *Goldin v. Barthlow*, 166 F.3d 710, 722 (5th Cir. 1999); *Tech Pharmacy*, 2017 WL 3394118 at *3.  Plaintiff does not establish this necessary showing.  Therefore, sanctions are improper.

This case's original Scheduling Order set April 11, 2019 as the day that all P. R. 3-4 document production and Mandatory Disclosures were to be served and disclosed (Dkt. #38).  The parties agreed to extend this deadline to April 17, 2019—the Court granted the parties' request (Dkt. #103).  Under these obligations, Defendant was required to produce or make available for inspection "[s]ource code . . . schematics . . . or other documentation sufficient to show the operation of any aspects or elements in the Accused Instrumentality" identified in Plaintiff's P. R. 3-1(c) chart.  P. R. 3-3(a).  These obligations also required the parties to serve damages-related disclosures (Dkt. #103 at p. 7).  The Court made clear in its April 12, 2019 telephone conference with the parties that each party was expected to complete its Mandatory Disclosures by the April 17, 2019 deadline.  The Court also clarified that the parties would be "sanctioned if [they] wait[ed] [to disclose] until August 14th" (Dkt. #103 at p. 7).

The Fifth Circuit has upheld findings of bad faith for vexatious conduct that consciously, deliberately, and willfully disobeyed a district court's discovery orders.  *See e.g. F.D.I.C. v. Conner*, 20 F.3d 1376, 1382–83 (5th Cir. 1994).  Absent evidence of a non-movant's willfulness or deliberately vexatious misconduct, the Court is less inclined to impose sanctions.  *See Tech Pharmacy*, 2017 WL 3394118 at *3.  For example: This Court has found that evidence of a defendant–expert's failure to include a key element to an experiment during discovery fell short of meeting establishing bad faith.  *Id.* at *3.  Essentially, a party's negligence does not warrant

sanctions; a showing that the party acted in bad faith does.  *See id.*  Here, Plaintiff's allegations do not persuade the Court that Defendant's discovery misconduct amounts to bad faith.

Plaintiff received multiple documents that it argues should have been disclosed by the April 17 deadline but were untimely produced.  Specifically, Plaintiff argues that it untimely discovered: (1) Defendant's Qualcomm specifications and FCC technical documents; (2) the existence of devices which incorporate technology substantially similar to the Accused Instrumentalities; and (3) documents relevant to Plaintiff's damages, including five license agreements that Defendant made with third parties.  Plaintiff argues that these late disclosures were no mistake; Defendant deliberately and willfully failed to timely honor its discovery obligations.[2]  Defendant refutes, proffering that it complied with all local patent rules and timely produced the requested documents when made reasonably aware.  Additionally, Defendant argues that Plaintiff's arguments are unfounded and mischaracterize the case's discovery history.

Plaintiff's argument that Defendant acted in bad faith with respect to disclosing its Qualcomm specifications and FCC technical filings rests on two grounds.  First, Plaintiff presents the hardship it suffered while obtaining the documents, sometimes receiving them after months of repeated requests.  Second, Plaintiff asserts that Defendant should have reasonably known about the relevant documents because they were appropriately requested with adequate specificity.  Neither ground, however, convinces the Court that Defendant acted in bad faith.

With regard to Plaintiff's first argument, Plaintiff represents that Defendant produced the documents only after Plaintiff identified them with exacting specificity, which took over five

---

[2] In arguing that Defendant should have substantially completed its *document production*, Plaintiff misinterprets the Scheduling Order.  As the Court made clear, April 17, 2019 was the deadline for each of the parties to substantially fulfill their *Mandatory Disclosures* obligations.  The Scheduling Order lists August 14, 2019 as a "catchall deadline for provision of all remaining [disclosures]," by which the parties were expected to fully complete or to supplement their Mandatory Disclosures (Dkt. #38 at p. 2).  It was if the parties withheld their *Mandatory Disclosures* until August 14 that the Court noted sanctions would be appropriate (Dkt. #103 at p. 7).

5

months.  Waiting over five months for Defendant to produce these documents, Plaintiff argues, prejudiced its preparation for trial.  Yet Plaintiff does not offer additional evidence that would show Defendant's resistance to Plaintiff's requests was the result of bad faith.  Absent further showing, Plaintiff cannot meet its burden of proving that Defendant's failure to produce the Qualcomm specifications and FCC filings amounted to bad faith.  The same reasoning rings true with the Defendant's late disclosure of substantially similar products and license agreements.[3]

Plaintiff's second point is similarly unhelpful.  Rather than provide evidence of Defendant's deliberate, willful, or vexatious violation of the Court's orders, Plaintiff argues that Defendant's conduct amounted to a deviation from a reasonable standard of diligence, an argument more attuned to a finding of negligence than bad faith.  *See Tech Pharmacy*, 2017 WL 3394118 at *3.  Simply, Plaintiff has not convinced the Court of how Defendant's failure to disclose documents amounts to Defendant's bad faith.

Next, Plaintiff postulates that Defendant's discovery strategy includes manipulative tactics orchestrated to prejudice Plaintiff's diligent trial preparation.  Plaintiff's accusations are serious—

---

[3] Plaintiff asks the Court to treat the HTC U11 device as representative of the later-discovered Pixel 2, Exodus 1, and 5G Hub products (collectively, "Second Accused Products"), to the extent that they were part of the current action as a sanction for Defendant's misconduct.  Relatedly, the Court denied Defendant's Rule 12(b)(6) Motion to Dismiss for Improper Claim Splitting and Circumvention of Local Patent Rules, which preserved a second patent infringement action regarding the Second Accused Products.  *Innovation Sciences, LLC v. HTC Corp.*, 2020 WL 2320056 (E.D. Tex. May 11, 2020) ("*HTC II*").  In denying Defendant's motion in *HTC II*, the Court found that Defendant did not adequately show how the Second Accused Products were "essentially the same" as the Accused Products in the current action for claim-splitting purposes.  *Id.* at *2.

Here, the essence of Plaintiff's argument assumes that, regardless of how the Court ruled on Defendant's Rule 12(b)(6) motion in *HTC II*, Defendant acted in bad faith *simply because* it did not produce documentation related to the Second Accused Products as part of its mandatory disclosures.  This argument is misguided.  The parties do not dispute that Plaintiff specifically requested the information and that the information could broadly be construed as "relevant to a party's claims or defenses."  LOCAL RULE CV-26(d).  But in allowing *HTC II* to continue, the Court found that "Defendant [had] not carried its burden of showing that Plaintiff has impermissibly split its claims," dooming Defendant's claim-preclusion argument.  It stands to reason that Defendant's late production of documents related to the Second Accused Products—standing alone—does not amount to bad faith when the Court found that Plaintiffs could bring an entirely separate lawsuit against the Second Accused Products without running afoul of the doctrine of res judicata.

the Court certainly does not condone poorly timed, uncooperative discovery.  Yet Plaintiff's conclusory conjecture cannot by itself establish the validity of its allegations.  The Court declines to accept Plaintiff's conjecture and finds that Plaintiff has not made the necessary showing of bad faith to warrant sanctions.

## II.     Sanctions Are Not Appropriate in the Interest of Fairness and Justice

Having concluded that Plaintiff has not shown that any discovery violations were the result of Defendant's bad faith, the Court finds that sanctions are improper.  But even had Plaintiff made a more convincing bad-faith argument, the Court finds that sanctions are also improper in the interest of fairness and justice.  *Chilcutt*, 4 F.3d at 1319–21 (citations omitted) (holding that the goals of Rule 37 are achieved when sanctions are considered in light of justice and fairness).

Plaintiff asserts that Defendant's discovery conduct warrants sanctions because Defendant should have reasonably known to produce the information that Plaintiff untimely received.  In response, Defendant argues that Plaintiff's arguments are unfounded because Plaintiff engaged in practically the same misconduct.  Additionally, Defendant argues that its discovery shortcomings are not sanctionable, especially since expansive discovery is commonplace in complex patent infringement suits like this one.  After reviewing each party's arguments, the Court is not convinced by either party's claimed diligence throughout discovery.  So, the interests of fairness and justice do not warrant granting Plaintiff's request for sanctions.

First, Plaintiff has not demonstrated its diligence throughout the discovery process.  Second, Plaintiff has not shown how it has suffered substantial prejudice as a result of Defendant's late disclosure.  Third, Plaintiff has not met its burden of convincing the Court how the sanctions

it requests are just and would deter similarly-situated parties from engaging in the same discovery misconduct.

The Court is more likely to impose sanctions when a movant can demonstrate how sanctions would balance the scales of justice. *See Imperium*, 259 F. Supp. 3d at 552.  When a movant is itself at fault for the same or similar misconduct it charges against a non-movant, the movant's basis for sanctions is weakened.  *See id.*; *see also Packet Intel., LLC v. Netscout Sys. Inc.*, No. 2:16-CV-00230-JRG (Dkt. #98 at p. 59) (declining to impose sanctions where "neither side has completely clean hands in th[e] situation.").  Plaintiff is certainly correct in alleging that its own discovery failures do not absolve Defendant's.  However, sanctions against one party while another opposing party is likely at fault for the same misconduct would tip the scales of justice in favor of the party who accuses the other first.  Therefore, the Court finds it unfair and unjust to entertain Plaintiff's sanctions request.

Second, Plaintiff has not shown the Court that it continues to suffer from prejudice as a result of Defendant's conduct.  In its briefing, Plaintiff mentions its continually unsuccessful correspondences with opposing counsel regarding Defendant Qualcomm's specifications documents and FCC filings, yet Plaintiff fails to present any action that it took with the Court to successfully receive the sought-after information; and in fact, Plaintiff ultimately received the information with enough time to supplement its case to the Court.[4]  Plaintiff also argues that Defendant's late disclosure of license agreements and damages-related documents barred Plaintiff from formulating accurate damages estimates.  Plaintiff requested the information at the case's outset and did not receive the material until after Plaintiff served its expert report on damages.  Such an egregious failure, Plaintiff argues, caused Plaintiff to suffer immense prejudice, especially

---

[4] As a practical matter, the Court is more inclined to find sanctions fair and just when a party has exhausted its resources with the Court in an effort to resolve a discovery dispute.

8

since Defendant's damages report cited to one of the five late-produced license agreements. Plaintiff does not offer any further evidence as to how it continues to suffer from Defendant's untimely disclosure.   Instead, Plaintiff establishes Defendant's wrongdoing and proceeds to recommend retributive sanctions against Defendant.   In sum, Plaintiff has not sufficiently met its burden of showing how it continues to suffer from prejudice as a result of Defendant's discovery misconduct.

Lastly, the Court finds that Plaintiff's proposed sanctions are inappropriate in light of Rule 37's purpose to resolve outstanding prejudices and to deter future similarly situated parties. Plaintiff correctly points out that the Court should consider sanctions, in part, as a means of deterring future similarly situated parties.   Still, other considerations may outweigh the deterrent purpose that sanction would serve.   *C.f. $49,000 Currency*, 330 F.3d at 376 (citations omitted). Rule 37 calls upon Courts to impose sanctions to the extent that the scales of justice are kept even. *See Guidry*, 640 F.2d at 533.   For example, while precluding parties from relying on certain evidence would have a deterrent effect on future similarly-situated parties, the Court is not persuaded that precluding Defendant from relying on documents produced after April 17, 2019 is narrowly tailored to deter future misconduct while balancing any existing prejudices.[5]   Sanctioning one party's conduct while an opposing party likely committed similar misconduct, such as not

---

[5] As mentioned above, see *supra* note 3, Plaintiff has requested that the Court consider treating the HTC U11 as representative of the Accused Products in *HTC II* as a sanction.   The Court declines to do so.   Adverse treatment of potentially case-dispositive issues is unwarranted where prejudice is unfounded.   *See Topalian v. Ehrman*, 3 F.3d 931, 937 (holding that any sanction should be the least severe necessary to carry out the purpose of the rule under which the sanction was imposed); *see also Personal Audio, LLC v. Apple, Inc.*, 2011 WL 6148587 at *2 (E.D. Tex. 2011).

fulfilling all its disclosures obligations, perpetuates prejudices and frustrates Rule 37's deterrent purpose.  *C.f. Packet Intel.*, No. 2:16-CV-00230-JRG (Dkt. #98 at p. 59).

Having concluded that: (1) Plaintiff has not established that Defendant's conduct amounted to bad faith; and (2) sanctions would be improper in the interests of fairness and justice, Plaintiff's request for sanctions is denied.[6]

### CONCLUSION

It is therefore **ORDERED** that Innovation Sciences' Motion to Sanction HTC Corporation (Dkt. #405) is hereby **DENIED**.

**SIGNED this 6th day of August, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[6] Both parties requested that the Court impose costs on the other side for the time and effort each has taken in briefing this issue.  But neither party explained why the Court should do so under the facts of this case and under the law.  The Court will not consider this insufficiently briefed argument.  *See Mendoza v. A&A Landscape & Irrigation, LP*, No. 4:12-CV-562, 2013 WL 12403556, at *2 (E.D. Tex. Nov. 26, 2013) ("It is not the obligation of the Court to make arguments on [the parties'] behalf, and find legal precedent to support those arguments, especially in light of the fact that [the parties] had ample time to brief the Court.").