**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br>Plaintiff,<br>v.<br><br>AMAZON.COM, INC., ET AL.,<br>Defendants. | Civil Action No.4:18-cv-00474-ALM<br>***Consolidated Lead Case*** |

**JOINT FINAL PRETRIAL ORDER**

This cause came before the Court at a pre-trial conference held on August 13, 2020,

pursuant to Federal Rule of Civil Procedure 16.  Any disputed provisions below were addressed

and resolved at the Pretrial Conference.

**A.  COUNSEL FOR THE PARTIES**

Plaintiff:

Donald L. Jackson
James D. Berquist
Aldo Noto
Gregory A. Krauss
Peter W. Gowdey
Alan A. Wright
Walter D. Davis
J. Scott Davidson
**DAVIDSON BERQUIST JACKSON & GOWDEY, LLP**
8300 Greensboro Dr., Suite 500
McLean, Virginia 22102
Tel: 571-765-7700
Fax: 571-765-7200

Roger D. Sanders
J. Michael Young
**SANDERS, MOTLEY, YOUNG, AND GALLARDO, PLLC**
111 S. Travis Street
Sherman, Texas 75090
Tel.: (903) 892-9133
Fax: (903) 892-4302
rsanders@somlaw.net
myoung@somlaw.net

1

Defendants:   J. David Hadden
Saina S. Shamilov
Ravi R. Ranganath
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Todd R. Gregorian
Dargaye Churnet
TJ Fox
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Jeffrey Ware
**FENWICK & WEST LLP**
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: (206) 389-4510
Facsimile: (206) 389-4511

Melissa R. Smith
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

## B.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) because this action arises under the patent laws of the United States.  The parties do not contest jurisdiction or venue with respect to Innovation Science's infringement claims and Amazon's defenses thereto.

## C.  NATURE OF ACTION

This is an action for patent infringement in which Innovation Sciences, LLC ("Innovation

Sciences") accuses Amazon.com, Inc., Amazon Digital Services LLC, and Amazon Web Services, Inc. (collectively, "Amazon") of infringing claims 22, 24, 39, 62, 64, 67, 80, 105, and 108 of U.S. Patent No. 9,912,983 ("the '983 Patent"); claims 28, 112, and 113 of U.S. Patent No. 9,729,918 ("the '918 Patent"); and claims 5, 6, and 52 of U.S. Patent No. 9,942,798 ("the '798 Patent") (collectively, the "Asserted Patents" and the "Asserted Claims").  Innovation Sciences seeks monetary damages in the form of a reasonable royalty, pre- and post-judgment interest, costs, and injunctive relief.

Amazon denies that it infringed or infringes any of the Asserted Claims of the patents-in-suit, or that any of its infringement is willful.  Amazon further contends that the Asserted Claims are invalid.  Amazon denies that Innovation Sciences is entitled to any relief whatsoever.

## D.  CONTENTIONS OF THE PARTIES

### 1.  Innovation Sciences' Contentions

By providing these contentions, Innovation does not concede that all these issues are appropriate for trial; nor do the contentions below include every detail underlying each contention. Innovation does not waive any of its pending motions, including any motions *in limine*, motions for summary judgment, *Daubert* motions, and motions to strike, and any other already pending and future motions it may file.

Innovation is the owner of the '983 Patent entitled "Method and System for Efficient Communication."  Amazon has been and is now infringing the '983 Patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing systems or devices covered by one or more claims of the '983 Patent within the United States.  Since learning of the '983 Patent, Amazon has induced or contributed to infringement of the asserted Claims by continuing to supply the accused products to its customers and by instructing such customers how to use these products in the ordinary, customary, and intended way, which infringes the Asserted Claims.

Innovation accuses Amazon's products and services of infringing claims 22, 24, 39, 62, 64, 67, 80, 105, and 108 of the '983 Patent.

Innovation is the owner of the '918 Patent entitled "Method and System for Efficient

Communication."  Amazon has been and is now infringing the '918 Patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing systems or devices covered by claims 28, 112, and 113 of the '918 Patent within the United States.  Since learning of the '918 Patent, Amazon has induced or contributed to infringement of claims 28, 112, and 113 of the '918 Patent by continuing to supply the accused products to its customers and by instructing such customers how to use these products in the ordinary, customary, and intended way, which infringes claims 28, 112, and 113 of the '918 Patent.

Innovation accuses Amazon's products of infringing claims 28, 112, and 113 of the '918 Patent.

Innovation is the owner of the '798 Patent entitled "Method and System for Efficient Communication."  Amazon has been and is now infringing the '798 Patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing systems or devices covered by claims 5, 6, and 52 of the '798 Patent within the United States.  Since learning of the '798 Patent, Amazon has induced or contributed to infringement of claims 5, 6, and 52 by continuing to supply the accused products to its customers and by instructing such customers how to use these products in the ordinary, customary, and intended way, which infringes claims 5, 6, and 52 of the '798 Patent.

Innovation accuses Amazon's products and services of infringing claims 5, 6, and 52 of the '798 Patent.

Innovation seeks the following relief:

a. A judgment that Amazon has infringed the '983 Patent;

b. A judgment that Amazon has infringed the '918 Patent;

c. A judgment that Amazon has infringed the '798 Patent;

d. An order for permanent injunctive relief prohibiting Amazon, its officers, agents, servants, employees, successors, assigns, or all other persons or entities in active concert, participation, or privity with any of the foregoing, from any further acts of infringement of the '983, '918, and '798 Patents;

e.  A judgment and order requiring Amazon to pay Innovation damages under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

f.  A judgment and order requiring Amazon to pay Innovation the costs of this action;

g.  A judgment and order awarding enhanced damages to Innovation under 35 U.S.C. § 284;

h.  A judgment and order declaring this case to be exceptional based on Amazon's in-fringement and/or litigation conduct;

i.  A judgment and order awarding attorneys' fees to Innovation under 35 U.S.C. § 285;

Innovation contends that the Asserted Patents are valid and enforceable, and that its claims are not barred or otherwise limited as a result of any of the affirmative defenses raised by Amazon.

## 2.  Amazon's Contentions

Amazon does not infringe any asserted claim of the '918, '798, and '983 patents and each asserted claim is invalid.  Innovation Science is not entitled to any relief it seeks.  By providing these contentions, Amazon does not concede that all these issues are appropriate for trial; nor do the contentions below include every detail underlying each contention.  Amazon does not waive any of its pending motions, including any motions *in limine*, motions for summary judgment, *Daubert* motions, and motions to strike, and any other already pending and future motions it may file:

a.  The accused Amazon Fire TV devices—Fire TV Gen 3, Fire TV Stick Gen 2, Fire TV Stick 4K, and Fire TV Cube—do not infringe any asserted claim of the asserted patents.

b.  The accused Amazon Fire Tablet devices—Fire HD 8 (2016), Fire HD 8 (2017), Fire (2017), Fire HD 10 (2017), Fire HD 8 (2018), Fire HDX 8.9 (2014), Fire HD 7 (2014), Fire HD 6 (2014), Fire HD 10 (2015), Fire HD 8 (2015), and Fire (2015)—do not infringe any asserted claim of the asserted patents.

c.  The accused Amazon Echo devices—Echo Gen 1, Echo Gen 2, Echo Dot Gen 1, Echo Dot Gen 2, Echo Dot Gen 3, Echo Kids, Echo Plus Gen 1, Echo Plus Gen 2, Echo Spot, Echo Show Gen 1, Echo Show Gen 2, and Echo Tap—do not infringe any asserted claim of the asserted patents.

d.  The accused Amazon Dash Buttons—Dash Button Gen 1 and Dash Button Gen 2—

do not infringe any asserted claim of the asserted patents.

e.   The Dash Replenishment Service does not infringe any asserted claim of the asserted patents.

f.   The accused Amazon Alexa Voice Service and Amazon Cloud do not infringe any asserted claim of the asserted patents.

g.   Each of the asserted claims of the asserted patents is directed to patent-ineligible subject matter under 35 U.S.C. § 101 and is therefore invalid.

h.   Each asserted claim of each asserted patent is invalid because it is either anticipated by the prior art and/or is obvious in view of the prior art.

i.   Each asserted claim of each asserted patent is invalid for failing to comply with the written description and/or enablement requirement in 35 U.S.C. § 112.

j.   Amazon is not liable to Innovation Sciences under any cause of action or legal theory asserted by Innovation Science.

k.   Innovation Sciences is not entitled to any of the recovery it seeks.

l.   Innovation Sciences is not entitled to any other costs, interests, or further relief.

m.   Innovation Sciences is not entitled to any damages, including, but not limited to, a reasonable royalty.

n.   Innovation Sciences is not entitled to any injunction.

o.   Innovation Sciences is not entitled to a finding of any infringement.

p.   Innovation Sciences is not entitled to a finding of willful infringement.

q.   This case is exceptional.

r.   Amazon is entitled to an order requiring Innovation Sciences to pay its costs and attorneys' fees in defending against this action.

s.   Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services LLC, and Amazon Fulfillment Services, Inc. do not exist and must be formally dismissed.

## E.  STIPULATIONS AND UNCONTESTED FACTS

### 1.  Uncontested Facts

#### a.  The Parties

  i.   Innovation Sciences is a Texas limited liability company having its

principal place of business in Plano, Texas.

ii.    Virginia Innovation Sciences, Inc. was a corporation organized under the laws of the State of Virginia with a place of business at 6301 Edsall Road #517, Alexandria, Virginia 22312.

iii.    Effective November 9, 2018, Virginia Innovation Sciences merged into Innovation Science.

iv.    The Court substituted Innovation Sciences for Virginia Innovation Sciences in this case.

v.    The current plaintiff, Innovation Sciences, is a Texas company with an office at 5800 Legacy Circle, Suite 311, Plano, Texas 75024.

vi.    Anne Wong is the CEO and sole owner of Innovation Sciences.

vii.    Virginia Innovation Sciences filed a complaint in this case (Civil Action No. 4:18-cv-00474-ALM) against Amazon.com, Inc. on July 5, 2018.

viii.    Innovation Sciences filed an amended complaint on March 22, 2019 adding new defendants.

ix.    Defendants Amazon.com, Inc. and Amazon Web Services, Inc. are each Delaware corporations having their principal places of business in Seattle, Washington.

**b.  The Asserted Patents**

xiii.    The patents-in-suit are U.S. Patent Nos. 9,912,983 ("the '983 patent"), 9,729,918 ("the'918 patent"), and 9,942,798 (the'798 patent").

xiv.    U.S. Patent No. 9,912,983 was filed on June 19, 2017 and issued on March 6, 2018.  It names Tiejun ("Ronald") Wang and Tiehong Wang (i.e., Anne Wong) as co-inventors.

xv.    U.S. Patent No. 9,729,918 was filed on January 26, 2017 and issued on August 8, 2017.  It names Tiejun ("Ronald") Wang and Tiehong Wang (i.e., Anne Wong) as co-inventors.

xvi.    U.S. Patent No. 9,942,798 was filed on March 15, 2016 and issued on April 10, 2018.  It names Tiejun ("Ronald") Wang and Tiehong Wang (i.e., Anne Wong) as co-inventors.

xvii.    Tiejun (a.k.a. Ronald) Wang is a brother of Anne Wong.

xviii.    The '983 patent, '798 patent, and '918 patent are related and share the same specification.

xix.   The '983 patent is a continuation of the '918 patent that is a continuation of the '798 patent.

xx.   The '983 patent, '798 patent, and '918 patent are identically titled "Method and System for Efficient Communication."

### c.   The Accused Products

xxii.   The Accused Amazon Echo products in this case are the Echo Gen 1, Echo Gen 2, Echo Dot Gen 1, Echo Dot Gen 2, Echo Dot Gen 3, Echo Kids, Echo Plus Gen 1, Echo Plus Gen 2, Echo Spot, Echo Show Gen 1, Echo Show Gen 2, and Echo Tap.

xxiii.   The Accused Amazon Fire TV products in this case are the Fire TV Gen 3, Fire TV Stick Gen 2, Fire TV Stick 4K, and Fire TV Cube.

xxiv.   The Accused Amazon Fire Tablet products in this case are the Fire HD 8 (2016), Fire HD 8 (2017), Fire (2017), Fire HD 10 (2017), Fire HD 8 (2018), Fire HDX 8.9 (2014), Fire HD 7 (2014), Fire HD 6 (2014), Fire HD 10 (2015), Fire HD 8 (2015), and Fire (2015).

xxv.   Innovation Sciences also accuses the Alexa Voice Service/Amazon Cloud in this case.

## 2.   Stipulated Trial Procedure

### a.   Motions

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing.

Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the motion.  All replies in support of the motions must be filed within 21 days of service of any oppositions.

### b.   Exhibits

[**Amazon**: The maximum universe of exhibits to be used in any party's case-in-chief and all objections to the admission of such exhibits shall be identified in each party's Final Exhibit List filed with the Court, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown.  Exhibits not listed will not be admitted unless good cause is shown.

No exhibit will be admitted unless offered into evidence through a witness, who must at

least be shown the exhibit.  At some point before the completion of the witness's testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence by exhibit number.  Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.  Once admitted, counsel may publish exhibits to the jury without requesting to do so].[1, 2]

Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony [**Amazon**: , provided they are shown to a witness].[3, 4]

The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

Legible copies of United States and foreign patents, the file prosecution histories of United States patents, published foreign patent applications, and certified translations thereof (if in English or translated into English) may be offered and received in evidence in lieu of certified copies

---

[1] The parties should not be allowed to introduce trial exhibits that were not identified on a trial exhibit list or exchanged pursuant to the ordered pre-trial exchange schedule; trials by ambush are not allowed.  The record should also only reflect trial exhibits that were actually shown or testified about by trial witnesses.  And until an exhibit is admitted into evidence, the jury should not view the exhibit, because if an exhibit is not evidence after all and is not admitted, a party should not use that exhibit to improperly influence the jury.  Again, impeachment exhibits are covered elsewhere hereto and are not subject to this provision.

[2] **Innovation:**  Amazon's proposal is overly restrictive.  It is not uncommon for exhibit lists to be amended just prior to and during trial.  The parties should be allowed to modify exhibit lists if necessary.  Amazon's proposal to require that an exhibit be shown to a witness before admitting it into evidence is also unduly restrictive.  Exhibits for which there are no objections should be admitted at the beginning of trial without need for a sponsoring witness.  This is commonly done.  For example, under Amazon's proposal, neither party can display the patents-in-suit to the jury until those patents have been sponsored by a witness.  Amazon's proposal is unnecessary and unduly restrictive.

[3] For the reasons articulated in Amazon's prior footnote, exhibits should be shown to a witness before they can be admitted.

[4] **Innovation:** There is no good reason to require all exhibits to be shown to a witness before they are received into evidence.

thereof, subject to all other objections which might be made to the admissibility of certified copies.

The parties may use each other's exhibits listed on the parties' respective exhibit lists attached hereto to the same effect as though it were on its own exhibit list, subject to all evidentiary objections.  Any exhibit, once admitted at trial, may be used equally by either party for any proper purpose in accordance with the Federal Rules of Evidence.  [**Amazon**: The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to enter the document into evidence].[5, 6]  This agreement does not waive any party's objection to the admissibility of that exhibit.

No party will remove a document from its exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

Subject to all foundational requirements and other objections that might be made to the admissibility of the original, a legible copy of any exhibit may be offered into evidence in lieu of the original.  The parties may use electronic versions of exhibits that are spreadsheets or slide presentations.  A party may replace poor print or digital quality copies of exhibits with improved or higher print or digital quality copies.

The parties agree that any exhibit listed on a party's own exhibit list as to which no

---

[5] It is a canon of rules of evidence that the same document may be admissible when offered by one party but not by another.  *See, e.g.,* Fed. R. Evid. 801(d)(2) (hearsay exception for party admissions); *Thomas v. Chambers*, No. CV 18-4373, 2019 WL 1989236, at *11 (E.D. La. May 6, 2019), <u>motion for relief from judgment denied,</u> No. CV 18-4373, 2019 WL 2289495 (E.D. La. May 28, 2019) (whether out of court statements are "potentially admissible under Rule 801(d)(2), depend[s] upon which party offers [it] into evidence."); *see also* 21A Fed. Prac. & Proc. Evid. § 5062 (2d ed.) ("most evidence rules make evidence admissible for some purposes but not for other purposes").  Accordingly, an inclusion of an exhibit on a party's list cannot be an admission that the exhibit can be properly used by the other party.  This should not be controversial, but Innovation Sciences refuses to agree.

[6] ***Innovation:***  Amazon's proposal is inconsistent.  If a party lists an exhibit as potential evidence, it should not be able to object to the other party's use of that exhibit on relevance or other admissibility grounds.  One exception is the hearsay rule which may prevent an exhibit from being admitted into evidence by one party but not the other.  The Court should not adopt a blanket rule in the abstract.  These issues can be handled as they arise at trial.

objection remains pending at the time of opening statements may be shown to the jury by that party during opening statements [**Amazon**:   if the exhibit will be the subject of testimony and explained to the jury by a witness at trial].[7, 8]

Legible photocopies of printed publications (with agreed upon English translations thereof where relevant) may be offered and received in evidence in lieu of originals thereof.

None of the foregoing stipulations shall serve as a waiver of any other objections a party may have to any trial exhibits, or abrogate the requirement that the party offering an exhibit into evidence satisfy any other rules governing the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's practices, or any other applicable rule or regulation.   The parties agree to meet and confer in good faith to resolve objections to trial exhibits prior to their introduction at trial.

### c.  Demonstrative Exhibits

Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists.

Any demonstratives to be used during opening statements are to be exchanged by 4:00 p.m. two days before the opening statements.   If a party intends to create a demonstrative during the opening statement itself, a mock-up of such demonstrative conveying all the details and substance of the demonstrative to be created during the opening statement must be disclosed at the same time as the other opening statement demonstratives.   Any physical demonstratives, including any poster boards, must be made available for inspection at the same time and photos or electronic images of the physical demonstratives must be disclosed at the same time along with the other demonstratives.   Any objections to the opening statement demonstratives must be provided by 10:00 a.m. the day after the demonstratives are received (one day before the opening statements).   The parties

---

[7] As described above in Amazon's comments, no exhibits should be admitted to the record and shown to a jury without first being shown to a witness or testified to by a witness at trial.

[8] **Innovation:**   Requiring testimony and explanation before admission of an exhibit is unduly restrictive and unnecessary.

shall meet and confer telephonically in an attempt to resolve any objections to these demonstratives at 2:00 p.m.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the demonstratives are to be presented to the jury.  Any opening statement demonstratives modified to overcome the other party's objections must be disclosed as soon as possible and no later than 6 pm the day before the opening statements.  Deposition testimony displayed or played by video during an opening statement is treated as a demonstrative and the procedure for disclosing and objecting to demonstratives in this paragraph apply.  Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.

The parties shall exchange copies of all documentary, graphic, slide, animation, and any other form of demonstratives, including mock ups of demonstratives intended to be created live during witness presentations with all the details and substance of the to-be-created demonstratives, that they plan to use at trial during direct examination, but not for cross-examinations, by 7:00 p.m. the day before their anticipated use.  Any physical demonstratives must be made available for inspection at that time and photos or electronic copies of those physical demonstratives must also be disclosed at that time.  Any objections to the demonstrative exhibits shall be provided by 9:00 p.m.  The parties shall meet and confer telephonically in an attempt to resolve any objections to the demonstrative at 10:00 p.m.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the exhibits are to be used in front of the jury.  Any changes to the demonstratives made after the parties confer must be disclosed immediately and no later than three (3) hours before Court session starts for the day.  Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.  This provision does not apply to the demonstratives to be used for cross-examination, which need not be provided to the other side in advance of their use.

All demonstratives used in Court (other than those used during cross-examination and closing arguments) must be disclosed according to the schedules above; no hand-written or other demonstratives created or presented during openings, or during witness examinations will be

allowed without such scheduled, prior disclosure, except for those permitted by the Court [**Amazon:**  upon a showing of good cause][9, 10].  The parties do not need to disclose demonstratives they intend to use during their respective closing arguments.

### d.  Witnesses

The parties shall notify the other side in good faith of their intention to move a witness from the "may call" list to the "will call" list and vice versa no later than seven (7) days before commencement of trial.

No later than 7:00 p.m. two (2) days before their introduction (*i.e.,* Monday evening for a witness to be called on Wednesday), counsel shall provide to opposing counsel: (1) the names and order of witnesses to be called (both live and by deposition); and (2) an identification of trial exhibits to be used on direct examination of each witness (both live and by deposition).  No later than 7:00 p.m. two (2) days before their introduction, counsel shall also make available for inspection any non-documentary trial exhibits that they plan to use at the trial during direct examination of each witness.  The parties shall make their best efforts to follow the specified order of presentation; however, they recognize that the order of presentation may change based on timing or other circumstances.

If counsel intends to change the order of witnesses, they shall notify the other side immediately.  The parties also recognize that the COVID-19 pandemic may affect the manner of presentation of witness testimony.

Any objections to the identified exhibits shall be provided by 9:00 p.m.  The parties shall

---

[9] The parties agreed on a disclosure schedule for demonstratives, which Innovation Sciences is trying to circumvent.  Amazon of course respects the Court's discretion to rule on any impromptu demonstrations and objections if the need arises. But Innovation Sciences should have to show good cause why it could not disclose its demonstratives to Amazon according to the schedule described here.

[10] ***Innovation:***  Innovation is not trying to circumvent any agreement.  Innovation is, however, trying to ensure that witnesses, even on direct examination, have the liberty to make demonstratives should the testimony call for such a demonstrative.  Amazon's proposal would eliminate a witnesses' ability to spontaneously draw on a white board, for example, to illustrate a point.  Prohibiting that spontaneous response is unduly restrictive and unnecessary.  The Court is in a position to cure any perceived abuse of the demonstrative exchange procedure.

meet and confer telephonically or in person in an attempt to resolve any objections to the exhibits at 10:00 p.m.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the exhibits are to be used in front of the jury.

For any exhibits identified in the 7:00 p.m. exchange that require physical inspection, such inspection shall occur no later than 10:00 p.m. the evening the exhibit is identified.  The exhibits subject to the physical inspection must also be made available for inspection at 7:00 pm the day before a party intends to introduce them in Court and any inspection should take place no later than 10:00 pm that same evening.  Parties do not need to identify exhibits they intend to use during cross-examination.

For any witnesses whose testimony the parties intend to present at trial by deposition, the parties shall identify a list of deposition designations to be played or read to the jury by 7:00 p.m. two (2) days before the designations are to be played or read to the jury.  In other words, if deposition testimony is intended to be played on Wednesday, the corresponding deposition designations must be provided by 7:00 p.m. on the previous Monday.  Any objections and counter-designations shall be provided by 10:00 a.m. the following morning.  The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, and remove any attorney objections, and provide a final version of the video to the other party by 7:00 p.m. the day before it is to be shown to the jury or state in writing that the deposition testimony will be instead read into the record.  The parties shall meet and confer in an attempt to resolve any additional objections to the deposition testimony at 10:00 p.m.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the testimony is to be presented to the jury.  This procedure does not apply to any previously admitted witness deposition testimony the parties intend to present during the closing statements.

To the extent permitted by the Federal Rules of Evidence and rulings from the Court, the parties agree that depositions may be used at trial whether or not the transcripts of such depositions have been signed and filed as set forth in Federal Rule of Civil Procedure 30(b).

Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purposes of impeachment, if otherwise competent for that purpose. When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or to read the deposition testimony live, unless the Court orders otherwise.

All designated deposition testimony may be played by video or may be read live in court. [**Innovation Sciences:**  Unless the parties agree otherwise, the introducing party will first read or play its designated testimony, and the other party will immediately thereafter read or play its counter-designations (except where one party has an objection to the completeness of a particular passage to be played or read by the other party, in which case the Court will rule on this objection and order accordingly).] [**Amazon**:  The designations and counter-designations must be presented in the order they appear in the transcript.][11, 12] All colloquy between counsel and objections will be eliminated when deposition testimony is presented at trial.  To the extent that the trial is subject to specific time limitations, the time available for each party's trial presentation shall be reduced by the length of its designated and counter-designated testimony read or played.

### e.   Agreed Motions in Limine

The parties agree that the following subject matter should not be presented to the jury:

1.   Argument or evidence contrary to the Court's claim construction.

---

[11] Innovation Sciences proposes to present deposition testimony to the jury *not* in the order that it appears in the deposition transcript and not how it was given by a witness at the deposition.  Such a presentation of the testimony will be confusing, unclear, and potentially misleading.  Indeed, there is no reason to play or read deposition testimony out of order unless the intent is to confuse or mislead the jury.  *See* F.R.E. 403.

[12] ***Innovation:***  Other than counter-designations for context, Innovation should not be required to present Amazon's counter-designations with Innovation's where those counter-designations may have little to do with Innovation's designations or may have been designated by Amazon to bury the point Innovation is trying to make with its designations.  The "order" of testimony is not critical.  Instead, Innovation should be able to make its points through its designations, and then Amazon's can make its points.  There is no requirement that all points be presented in order where that order may be arbitrary.

2. Argument or evidence regarding discovery disputes and motions to compel discovery.

3. Argument or evidence regarding the position(s) of other defendants.

4. Argument or evidence regarding Plaintiff's, its owner'(s), or inventors' race, ethnicity, national origin, or the holding of study or other forms of visas.

5. Argument, evidence or suggestion that testimony in English is superior to testimony in another language.

## F. CONTESTED ISSUES OF FACT AND LAW

### 1. Innovation's Contested Issues

a. Whether Amazon's has literally and/or under the doctrine of equivalents infringed any Asserted Claims of the '983, '918 and '798 Patents under 35 U.S.C. 271 by making, using, offering to sell, selling, and/or importing products, devices and/or services, including the Amazon Alexa Voice Service and other Alexa Cloud systems and services, covered by the Asserted Claims.

b. Whether Amazon has induced infringement of and/or contributorily infringed any Asserted Claims of the '983, '918 and '798 Patents by supplying the accused products to its customers, by instructing such customers how to use these products in the ordinary, customary, and intended way, and/or by providing services, including Amazon Alexa Voice Service and other Alexa Cloud services.

c. Whether Innovation is entitled to enhanced damages pursuant to 35 U.S.C. § 284 and if so, the dollar amount of the enhancement.

d. The amount of any damages, including at least a reasonable royalty, necessary to compensate Innovation for the alleged infringement pursuant to 35 U.S.C. § 284.

e. Whether Amazon has shown by clear and convincing evidence that each of the Asserted Claims are invalid under 35 U.S.C. § 101, 102, and/or 103.

f. Whether Innovation is entitled to injunctive relief based on Amazon's alleged infringement of the '983, '918 and '798 Patents.

g. Whether Innovation is entitled to attorneys' fees under 35 U.S.C. § 285 and, if so, in what amount.

h. Whether Innovation is entitled to pre-judgment and post-judgment interest, and, if so, the dollar amount of pre-judgment and post-judgment interest.

i. Whether Innovation is entitled to costs, and, if so, the dollar amount of costs.

### 2. Amazon's Contested Issues

a.  Whether Amazon directly infringes the asserted claims of the '983, '798, and '918 patents, given that Innovation Sciences asserts only system claims and maps elements of those claims to third-party devices and functionality that Amazon neither puts into service nor combines with its own devices.

b.  Whether the accused Amazon Fire TV devices—Fire TV Gen 3, Fire TV Stick Gen 2, Fire TV Stick 4K, and Fire TV Cube—directly or indirectly infringe the asserted claims of the asserted patents, either literally or under the doctrine of equivalents, to the extent any such theory is allowed by the Court.

c.  Whether the accused Amazon Fire Tablet devices—Fire HD 8 (2016), Fire HD 8 (2017), Fire (2017), Fire HD 10 (2017), Fire HD 8 (2018), Fire HDX 8.9 (2014), Fire HD 7 (2014), Fire HD 6 (2014), Fire HD 10 (2015), Fire HD 8 (2015), and Fire (2015)—directly or indirectly infringe /the asserted claims of the asserted patents, either literally or under the doctrine of equivalents, to the extent any such theory is allowed by the Court.

d.  Whether the accused Amazon Echo devices—Echo Gen 1, Echo Gen 2, Echo Dot Gen 1, Echo Dot Gen 2, Echo Dot Gen 3, Echo Kids, Echo Plus Gen 1, Echo Plus Gen 2, Echo Spot, Echo Show Gen 1, Echo Show Gen 2, and Echo Tap—directly or indirectly infringe the asserted claims of the asserted patents, either literally or under the doctrine of equivalents, to the extent any such theory is allowed by the Court.

e.  Whether the accused Amazon Alexa Voice Service and Amazon Cloud directly or indirectly infringe  the asserted claims of the asserted patents, either literally or under the doctrine of equivalents, to the extent any such theory is allowed by the Court.

f.  Whether the asserted claims of each of the asserted patents are invalid because they are not directed to patent-eligible subject matter as required by 35 U.S.C. § 101.

g.  Whether the elements of the asserted claims, when taken individually or when taken as an ordered combination, involve only activities which a person of ordinary skill in the art would have considered to be well-understood, routine, and conventional as of August 10, 2006.

h.  Whether the asserted claims of each of the asserted patents are invalid under 35 U.S.C. §§ 102 (anticipation), 103 (obviousness), and/or 112 (written description and enablement).

i.  whether Innovation Sciences can prove that any infringement of any of the asserted patents by Amazon was willful.

j.  Whether Innovation Sciences waived any claim for infringement under the doctrine of equivalents.

k.  Whether Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon

Web Services LLC, and Amazon Fulfillment Services, Inc. should be dismissed as defendants because they do not exist.

l. Whether in accordance with *Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376 (Fed. Cir. 2011), the asserted claims reciting "configured to [. . .]" require actual configuration rather than a capability to be configured later.

m. Whether any damages stemming from alleged infringement by the accused Amazon Fire TV devices, the accused Amazon Dash Buttons, and the accused products using Dash Replenishment Service begins on August 1, 2017, as Innovation Sciences contends, or August 8, 2017, as Amazon contends.

n. Whether any damages stemming from alleged infringement by the accused Amazon Echo devices begins on March 6, 2018, as Innovation Sciences contends, or July 5, 2018, as Amazon contends.

o. Whether Innovation Sciences is entitled to any injunctive relief.

p. Whether Innovation Sciences is entitled to any damages, including, but not limited to, a reasonable royalty.

q. Whether Innovation Sciences is entitled to pre-judgment interest, and, if so, the dollar amount.

r. Whether Innovation Sciences is entitled to post-judgment interest, and, if so, the dollar amount.

s. Whether Innovation Sciences is entitled to any enhanced damages.

t. Whether this case is exceptional.

u. Whether Amazon is entitled to an order requiring Innovation Sciences to pay its costs and attorneys' fees in defending against this action.

3. **Undisputable Facts to Which Innovation Sciences Refuses to Stipulate[13, 14]**

    a.  Virginia Innovation Sciences sued Amazon.com, Inc. twice before in the Eastern District of Virginia.

    b.  Virginia Innovation Sciences first sued Amazon.com, Inc. in Virginia in 2016.

    c.  The patents asserted in the first case, VIS I, were U.S. Patent Nos. 7,899,492, 8,050,711, 8,135,398, 8,712,471, 8,903,451, 8,948,814, 9,118,794, 9,286,853, 9,355,611, 9,369,844, and U.S. Reissue Patent No. RE46,140.

    d.  Tiehong Wang (a.k.a. Ann Wang or Anne Wong), Tiejun ("Ronald") Wang, and Ximing Wang are named inventors of all eleven patents asserted in VIS I.

    e.  Ximing Wang is the father of Tiehong Wang (a.k.a. Ann Wang or Anne Wong) and Tiejun ("Ronald") Wang.

    f.  All eleven patents asserted in VIS I are related to and in the same patent family as the patents asserted in this case.

    g.  Of the eleven patents asserted in VIS I, nine patents—U.S. Patent Nos. 7,899,492, 8,050,711, 8,135,398, 8,712,471, 8,903,451, 8,948,814, 9,118,794, 9,286,853, 9,355,611—claim priority to U.S. Provisional Patent Application No. 60/588,358, filed Jul. 16, 2004.

    h.  All three asserted patents in this case claim priority to U.S. Provisional Patent Application No. 60/588,358, filed Jul. 16, 2004.

    i.  One of the remaining two patents asserted in VIS I, U.S. Patent No. 9,369,844, claims priority to U.S. Provisional Patent Application No. 60/707,561, filed Aug. 12, 2005.

    j.  In VIS I, Virginia Innovation Sciences accused Amazon's Fire TV devices including Fire TV 1st Gen, Fire TV 2nd Gen, Fire TV Gaming Edition, and Fire TV Stick.

    k.  In VIS I, the court found eight of the asserted patents invalid for being directed to

---

[13] The facts in this category are a matter of public record by way of filings before the United States District Court for the Eastern District of Virginia and the Federal Circuit Court of Appeals, yet Innovation Sciences refuses to include them in the parties' uncontested facts. These are adjudicative facts beyond reasonable dispute, directly relate to elements of the claims and defenses in this case—including damages and invalidity—and, as such, should be presented to the jury.

[14] ***Innovation:*** These "undisputable facts" are (1) wholly irrelevant, (2) plainly designed to unfairly prejudice Innovation, (3) have no bearing on the substantive issues in this case (*i.e.*, infringement, invalidity, and damages), and (4) are the subject of motions *in limine* filed by Innovation. Amazon plainly wants to engage in dredge up the past instead of focusing on the actual issues in this case because it had success in the Virginia court. But none of that is relevant here.

abstract ideas.

l.   In VIS I, the Court of Appeals for the Federal Circuit affirmed that eight of VIS's patents were invalid.

m.   In VIS I, the court also granted Amazon's motion for summary judgment, finding one of the remaining three patents invalid for being directed to an abstract idea and one of the patents not infringed by Amazon.

n.   In VIS I, the Court of Appeals for the Federal Circuit affirmed the finding of invalidity and noninfringement.

o.   In VIS I, Virginia Innovation Sciences stipulated to noninfringement of the last remaining patent—U.S. Patent No. 9,369,844.

p.   In VIS I, Virginia Innovation Sciences dismissed its last remaining patent following the appeal.

q.   On February 18, 2020, the court in VIS I found that Virginia Innovation Sciences' claims were "baseless."

r.   On February 18, 2020, the court in VIS I court granted Amazon $722,740.50 in attorneys' fees spent defending against Virginia Innovation Science' claims.

s.   In 2017, while the VIS I case was still pending, Virginia Innovation Sciences again sued Amazon.com, Inc.

t.   The patents asserted in the second case, VIS II, were U.S. Patent Nos. 8,135,398, 9,369,844, 9,723,443, and 9,729,918.

u.   Tiehong Wang (a.k.a. Ann Wang or Anne Wong), Tiejun ("Ronald") Wang, and Ximing Wang are named inventors of three of the four patents asserted in VIS II.

v.   Tiehong Wang (a.k.a. Ann Wang or Anne Wong) and Tiejun ("Ronald") Wang are the named inventors of the fourth patent asserted in VIS II.

w.   All four patents asserted in VIS II are related to and in the same patent family as the patents asserted in this case.

x.   The '918 patent was asserted in VIS II and is asserted in this case.

y.   The two other patents asserted in VIS II, U.S. Patent Nos. 9,369,844 and 8,135,398, were also asserted in VIS I.

z.   U.S. Patent No. 9,369,844, asserted in VIS I and VIS II, claims priority to U.S. Provisional Patent Application No. 60/707,561, filed August 12, 2005.

aa.   U.S. Patent No. 8,135,398, asserted in VIS I and VIS II, claims priority to U.S. Provisional Patent Application No. 60/588,358, filed July 16, 2004.

bb. The asserted patents in this case claim priority to U.S. Provisional Patent Application No. 60/588,358, filed July 16, 2004.

cc. In VIS II, Virginia Innovation Sciences voluntarily dismissed its complaint two-and-a-half months after initiating the lawsuit.

dd. In VIS II, Virginia Innovation Sciences accused Amazon's Fire TV devices including Fire TV 1st Gen, Fire TV 2nd Gen, Fire TV Gaming Edition, and Fire Stick.

ee. In VIS II, Virginia Innovation Sciences accused Amazon's Fire Tablet devices including Kindle Fire HD 8.9, Fire HDX 8.9, Fire HD 10, Fire HDX 8.9, Fire HD Kids Edition, Fire HD6, Fire HD 7, and Fire HD 6.

ff. In VIS II, Virginia Innovation Sciences accused Amazon's Echo devices including the Echo base model, Echo Dot, Echo Show, Echo Look, and Amazon Tap.

## G.  LIST OF WITNESSES

The trial witness list for Innovation Sciences is attached as Appendix A.

The trial witness list for Amazon is attached as Appendix B.

## H.  LIST OF EXHIBITS

Pursuant to the Eighth Amended Scheduling Order (Dkt. 729), the parties will file their exhibit lists on July 16, 2020.

## I.  LIST OF ANY PENDING MOTIONS

| Date Filed | Dkt. No. | Description |
|------------|----------|-------------|
| 6/12/2020 | 719 | *Motion for Leave to File a Summary Judgment Motion Directed to Ownership and Standing* by Innovation Sciences, LLC. |

## J.  PROBABLE LENGTH OF TRIAL

Innovation estimates the length of trial to be 1 week.  Amazon estimates the length of trial to be up to 2 weeks.

## K.  MANAGEMENT CONFERENCE LIMITATIONS

None.

## L.  CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Subject to the outstanding motions, full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:

(a)  is in existence;

(b) is numbered;

(c) will be disclosed and shown to opposing counsel.


Approved as to form and substance:

Dated: June 29, 2020                          Respectfully submitted,

                                              */s/ Donald L. Jackson*
                                              Donald L. Jackson
                                              VA Bar No. 42,882 (Admitted E.D. Tex.)
                                              James D. Berquist
                                              VA Bar No. 42,150 (Admitted E.D. Tex.)
                                              Gregory A. Krauss
                                              VA Bar No. 84839 (Admitted E.D. Tex.)
                                              Alan A. Wright
                                              VA Bar No. 46506 (Admitted E.D. Tex.)
                                              **DAVIDSON BERQUIST JACKSON &
                                              GOWDEY, LLP**
                                              8300 Greensboro Dr., Suite 500
                                              McLean, Virginia 22102
                                              Tel.: (571) 765-7700
                                              Fax: (571) 765-7200
                                              djackson@davidsonberquist.com
                                              jay.berquist@davidsonberquist.com
                                              gkrauss@davidsonberquist.com
                                              awright@davidsonberquist.com

                                              Roger D. Sanders
                                              J. Michael Young
                                              **SANDERS, MOTLEY, YOUNG, AND GAL-
                                              LARDO, PLLC**
                                              111 S. Travis Street
                                              Sherman, Texas 75090
                                              Tel.: (903) 892-9133
                                              Fax: (903) 892-4302
                                              rsanders@somlaw.net
                                              myoung@somlaw.net

                                              *Attorneys for Plaintiff Innovation Sciences, LLC*

Dated: June 29, 2020                          By: */s/ Saina S. Shamilov*
                                                  J. David Hadden
                                                  CA Bar No. 176148 (Admitted E.D. Tex.)
                                                  Email:  dhadden@fenwick.com

Saina S. Shamilov
CA Bar No. 215636 (Admitted E.D. Tex.)
Email:  sshamilov@fenwick.com
Ravi R. Ranganath
CA Bar No. 272981 (Admitted E.D. Tex.)
Email:  rranganath@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Todd R. Gregorian
CA Bar No. 236096 (Admitted E.D. Tex.)
Email:  tgregorian@fenwick.com
Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Tex.)
Email:  dchurnet@fenwick.com
Sapna Mehta
CA Bar No. 288238 (Admitted E.D. Texas)
Email:  smehta@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Jeffrey Ware
CA Bar No. 271603 (Admitted E. D. Tex.)
Email:  jware@fenwick.com
**FENWICK & WEST LLP**
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511

*Counsel for Defendants*
AMAZON.COM, INC.,
AMAZON DIGITAL SERVICES LLC,
and AMAZON WEB SERVICES, INC.

**IT IS SO ORDERED**.

**SIGNED this 14th day of August, 2020.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE