# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| INNOVATION SCIENCES, LLC, | § | |
| | § | |
| v. | § | Civil Action No.  4:18-CV-000474 |
| | § | Judge Mazzant |
| AMAZON.COM, INC., et al. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion in Limine (Dkt. #735).  Having considered the relevant pleadings and argument at the pretrial hearing on August 13, 2020, the Court rules on the motions in limine as follows:

1. Plaintiff's Motion in Limine #7: **DENIED**.  Evidence of non-infringing alternatives is relevant for reasonable royalty calculations, specifically for demonstrating the parties' relative bargaining positions.  *In re Ecast, Inc.*, 96 F. App'x 710, 711 (Fed. Cir. 2004).  Non-infringing uses are relevant for contributory infringement.  *Toshiba Corp v. Imation Corp*, 681 F.3d 1358, 1362 (Fed. Cir. 2012).

2. Plaintiff's Motion in Limine #10: **DENIED**.  Plaintiff is correct that Rule 408 bars settlement agreements or negotiations for the purpose of proving validity or amount of a disputed claim.  FED. R. EVID. 408.  Still, licensing agreements arising out of litigation may be admissible for the reasonable royalty analysis.  *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010).  The Federal Circuit noted that a settlement license may sometimes be "the most reliable evidence in the record" for the reasonable royalty analysis.  *Id.*  The critical issue is whether the settlement agreement has a "discernible link to the claimed technology."  *Id.* at 870.  In the context of prior litigation, Plaintiff separately licensed its patent portfolio—including the asserted patents—to LG and Samsung.  Like the license in *ResQNet*, the LG and Samsung licenses are

discernibly linked to the asserted patents because the licenses include the asserted patents. *See id.* The settlement licenses are therefore relevant to the reasonable royalty analysis.

The circumstances giving rise to the licenses, "such as similarities and differences in technologies and market conditions and the state of the earlier litigation when settled," are also relevant. *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292, 1299 (Fed. Cir. 2019). Plaintiff may argue as to the weight of the evidence at trial.

3. Plaintiff's Motion in Limine #20: **DENIED.** In supplemental briefing, Plaintiff identified four phrases used by Defendants' expert, Dr. Johnson, as being subject to inappropriate claim construction: "mapping table"; "interfaces"; "wireless HUB"; "in connection with" or "in conjunction with." In response, Defendants contend that Dr. Johnson's testimony is a permissible non-infringement opinion.

Expert opinions that contradict a court's claim constructions should be excluded. *See, e.g.*, *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 913 (Fed. Cir. 2012). For terms "given their plain and ordinary meaning, the jury is free to apply an expert's description of the claims if it is consistent with the jury's understanding." *Hitachi Consumer Elecs. Co. v. Top Victory Elecs. (Taiwan) Co.*, 2013 WL 5273326, at *10 (E.D. Tex. Sept. 18, 2013) (citing *Haberman v. Gerber Products Co.*, 236 F. App'x 592, 600 (Fed.Cir.2007)). In contrast, "[a]n opinion that a person of ordinary skill in the art ('POSITA') would find the accused product does not meet a claim limitation "constitutes a non-infringement opinion, does not amount to claim construction, and is properly presentable to the jury." *GREE, Inc. v. Supercell Oy*, 2020 WL 3893697, at *1 (E.D. Tex. July 9, 2020) (citing *PPG Indus. v. Guardian Indus. Corp.*, 156 F.3d 1351, 1355 (Fed. Cir. 1998)).

Neither "mapping table" nor "interfaces" were construed by the Court (Dkt. #229). As such, there is no claim construction to contradict. *See MarcTec*, 664 F.3d at 913. Thus, both sides

are permitted to introduce expert testimony on how a person of ordinary skill in the art would understand the terms. *See Hitachi*, WL 5273326, at *10; *GREE*, WL 3893697, at *1.

Both "wireless HUB" and "in conjunction with" are phrases the Court construed as to be their plain meaning (Dkt. #229 at pp. 19, 46). Similarly, both sides are permitted to introduce expert testimony on how a person of ordinary skill in the art would understand plain and ordinary meanings. *See Hitachi*, WL 5273326, at *10; *GREE*, WL 3893697, at *1. Dr. Jackson's report discusses how a person of ordinary skill would understand these terms and are therefore admissible non-infringement opinions. Parties may cross-examine experts if they disagree with the experts' opinion of a phrase's plain meaning.

4.     Plaintiff's Motion in Limine #27: **DENIED.** Plaintiff argues that the ZigBee specification should be excluded as a prior art reference because it is not listed in Defendant's Final Election of Prior Art, served on December 4, 2019. But the Court previously determined that Defendants disclosed the ZigBee standard as prior art in Defendants' invalidity contentions (Dkt. #765 at p. 6 n.2 ("Defendants disclosed the Zigbee standard as prior art in their invalidity contentions")); (Dkt. #180, Exhibit 4 at pp. 41-42 ("The specification of the '983 Patent admits that various standards described in the specification were prior art," including "the Zigbee standard.").  The Court previously determined that Defendants' contentions provided Plaintiff with fair notice as required under the Local Rules (Dkt. #520 at pp. 8-9).

5.     Plaintiff's Motion in Limine #28: **DENIED.** Similarly, Plaintiff argues that Defendants should be precluded from making an anticipation argument using the ZigBee specification based on the Arling patent. At the hearing, Plaintiff clarified that this motion is particularly concerned with "whether Arling can stand on its own as a 102(a) reference with ZigBee included in it" (Dkt. #806 at pp. 128-29).

A patent claim is invalid due to anticipation if every element of the claimed invention is expressly or inherently contained within a single prior art document. *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed.Cir.2000). "Material not explicitly contained in the single, prior art document may still be considered for purposes of anticipation if that material is incorporated by reference into the document." *Id.*

As both sides recognize, the Court determined that Arling incorporates the Intel Journal by reference (Dkt. #765 at p. 6 n.2). Intel Journal references ZigBee, the organization that promulgated the standard. As such, Defendants may rely on Arling for an anticipation argument.

6.     Plaintiff's Motion in Limine #29: **DENIED.** The Court is not required to rule on questions of law inherent in the *Alice/Mayo* framework before the matter is presented to the jury for questions of fact. *See Maxell, Ltd. v. ZTE (USA) Inc.*, No. 16-cv-00179-RWS, Dkt. #181 at pp. 9-10 (Judge Schroeder declining to answer questions of law under *Alice/Mayo* before the jury resolves questions of fact).

**IT IS SO ORDERED.**
**SIGNED this 20th day of August, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE