**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC, | |
| Plaintiff, | |
| v. | Civil Action No.4:18-cv-00474-ALM |
| AMAZON.COM, INC., ET AL., | |
| Defendants. | |

**INNOVATION SCIENCES, LLC'S OPPOSITION**
**TO AMAZON'S MOTION TO STRIKE**
**UNTIMELY SUPPLEMENTAL VALIDITY REPORT**

Plaintiff Innovation Sciences, LLC ("Innovation") hereby opposes Defendants

Amazon.com, Inc. and Amazon Web Services, Inc. ("Amazon") Motion to Strike Untimely

Supplemental Validity Report.  Because the delay in submitting Mr. McAlexander's

Supplemental Validity Report is harmless, Innovation submits that Amazon's Motion to Strike

should be denied.

## I.    ARGUMENT

### A.  The Timing of Mr. McAlexander's Supplemental Validity Opinions is Substantially Justified or Harmless

Although Mr. McAlexander's supplemental validity report was served after the time

period set forth in the Federal Rules of Civil Procedure, any failure to timely serve the report is

substantially justified or harmless.  Therefore, Innovation should be permitted to use the

supplemental report.

A party can use information provided after the time required by Rule 26(a) or (e) when

the tardiness was substantially justified or is harmless.  Torres v. City of San Antonio, No.

SA:14-CV-555-DAE, 2014 WL 7339122 at *1 (W.D. Tex. Dec. 23, 2014).  When evaluating

whether a violation of Rule 26 is harmless, the Court looks to four factors:  (1) the explanation

for the failure to disclose; (2) the importance of the testimony or evidence; (3) prejudice to the

opposing party; and (4) the possibility of a continuance.  *Hamburger v. State Farm Mut. Auto*

*Ins. Co.*, 361 F. 3d 875, 883 (5th Cir. 2004).  On balance, the factors here weigh in favor of

allowing Innovation to use Mr. McAlexander's supplemental opinions.

### 1.  Mr. McAlexander Has Good Reasons for Failing to Earlier Disclose

Mr. McAlexander's supplemental opinions fall into three distinct buckets:  1) opinions

regarding the Arling reference; 2) written description opinions; and 3) opinions regarding the

Chun and Kryzanowski references.  Innovation contends that its explanation for not submitting

an earlier supplemental validity report weighs in favor of allowing Innovation to use it.

For Mr. McAlexander's opinions on the Arling reference, the delay is largely attributable

to his original belief that the so-called Intel Journal was improperly incorporated by reference

into Arling.  This belief caused Mr. McAlexander to limit the extent to which he explained the

differences between the Intel Journal and the claims at issue in the present case.  After the Court

ruled that the Intel Journal was properly incorporated by reference, Mr. McAlexander realized

that his opinions regarding Arling were incomplete and decided to supplement his report in order

to emphasize his opinion that the Intel Journal does not cure the deficiencies of Arling.

Regarding Mr. McAlexander's written description opinions, the delay was largely caused

by a prior dispute regarding the proper priority date.  Upon learning that Amazon was no longer

contesting the priority date, Mr. McAlexander decided to indicate that he would like to use

citations from the '983 patent instead of the '747 application to show specification support for

claim 22 of the '983 patent.  Because the priority date is no longer an issue, such a substitution

would help simplify the issues for the jury.

Regarding Mr. McAlexander's opinions on Chun and Kryzanowski, upon further review of the opinions of Amazon's expert, Dr. Johnson, in preparation for trial, Mr. McAlexander realized that his opinions regarding Chun and Kryzanowski were incomplete and several additional grounds for validity based on Dr. Johnson's opinions exist. Innovation (and by extension Mr. McAlexander) has a duty to supplement its report if it learns that the information Innovation has provided to Amazon is incomplete. Fed. R. Civ. P. 26 (e)(1). That is precisely what Innovation and Mr. McAlexander are doing here.

### 2. Mr. McAlexander's Supplemental Opinions are Important

The importance of the supplemental opinions weigh in favor of allowing Innovation to use them. Mr. McAlexander's supplemental opinions further explain why the asserted claims are valid. Now that Mr. McAlexander has formed supplemental opinions, inclusion in the case would aid in the development of a complete record. That complete record, in turn, will help the jury make a more informed decision on validity.

### 3. The Benefit of the Supplemental Opinions Outweighs Any Prejudice

Amazon argues that Mr. McAlexander's supplemental opinions are severely prejudicial and disruptive of Amazon's trial preparation. But Mr. McAlexander's supplemental report is a mere 5 pages. It would take Amazon minimal time to fully consider and deal with these limited opinions. Moreover, Amazon has the burden of proof on invalidity, meaning its expert will not need to prepare a rebuttal report to Mr. McAlexander's supplemental report. Amazon will need to meet its high burden of invalidity regardless of the scope Mr. McAlexander's opinions. Lastly, even though Innovation believes that Amazon should be able to fully address and explore Mr. McAlexander's supplemental opinion during his trial cross-examination, as an accommodation, Innovation is willing to make Mr. McAlexander available for a short deposition at a mutually

agreeable time before his trial testimony.[1]  On balance, Amazon is not unduly prejudiced.

### 4.  Possibility of a Continuance

Given that trial has started, there is no possibility of a continuance.

## II.  CONCLUSION

Because three out of four factors weigh in favor of allowing Innovation to use Mr. McAlexander's supplemental validity report, Amazon's Motion to Strike Untimely Supplemental Validity Report should be denied.

Dated:   August 26, 2020

/s/ Walter D. Davis, Jr.
Donald L. Jackson
VA Bar No. 42,882 (Admitted E.D. Tex.)
Email:  djackson@davidsonberquist.com
James D. Berquist
VA Bar No. 42,150 (Admitted E.D. Tex.)
Email:  jay.berquist@davidsonberquist.com
Gregory A. Krauss
VA Bar No. 84,839 (Admitted E.D. Tex.)
Email:  gkrauss@davidsonberquist.com
Alan A. Wright
VA Bar No. 46,506 (Admitted E.D. Tex.)
Email:  awright@davidsonberquist.com
Walter D. Davis, Jr.
VA Bar No. 48127 (Admitted E.D. Tex.)
wdavis@davidsonberquist.com
**DAVIDSON BERQUIST JACKSON & GOWDEY, LLP**
8300 Greensboro Drive, Suite 500
McLean, VA  22012
Telephone: (571) 765-7700
Facsimile: (571) 765-7200

Rogers D. Sanders
Email:  rsanders@somlaw.net
J. Michael Young
Email:  myoung@somlaw.net
**SANDERS, MOTLEY, YOUNG, AND GALLARDO, PLLC**

---

[1] Innovation notes that Amazon has not at this point requested Mr. McAlexander's deposition.

111 S. Travis Street
Sherman, TX  75090
Telephone:  (903) 892-9133
Facsimile:  (903) 892-4302

*Attorneys for Plaintiff*
INNOVATION SCIENCES, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 26, 2020.

/s/ Walter D. Davis, Jr.
Walter D. Davis, Jr.