IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., ET AL.,<br><br>      Defendants. | Civil Action No.4:18-cv-00474-ALM |

**INNOVATION SCIENCES, LLC'S TRIAL BRIEF IN OPPOSITION TO AMAZON'S MOTION TO PRECLUDE INNOVATION FROM PRESENTING ARGUMENT REGARDING A PRIORITY DATE OTHER THAN AUGUST 10, 2006**

Innovation Sciences, LLC ("Innovation") files this Opposition to the Trial Brief submitted by Amazon.com, Inc. ("Amazon") to limit Innovation to the claimed August 10, 2006 priority date. [Dkt. 832]

Turning first to the question of the interrelationship between written description and priority, Amazon's analysis turns the law and logic on its head. To be valid, the patent specification must support the claims of the patent. 35 U.S.C. § 112, ¶ 1. That validity can be established by the specification of even the application giving rise to the challenged patent. By contrast, the question of priority addresses the earliest date to which the application is entitled. The later inquiry requires the consideration of the support found in any earlier application from which priority is claimed. The lack of support in that claimed priority application does not invalidate the patent, it simply renders the priority claim ineffective.

This very issue was addressed in Waddington North American, Inc. v. Sabert Corp., 2011 WL 1098996, *4–*5 (D.N.J. 2011). In *Waddington*, the court rejected the very argument Amazon appears to be making:

> Before beginning its analysis, the Court must point out a legal error made by Sabert in many of its legal arguments.  Sabert seems to argue that the claims are invalid if the Court finds that they are not supported by the written description of the original Provisional application.  This is simply not the case.  The Court must invalidate the claims only if the specification of the latest filing does not support the claims. The question of whether the written description in the Provisional supports the claims is only relevant to whether the claims are entitled to the Provisional's priority date. That consideration may affect the prior art available to prove that the patent was obvious or anticipated, but does not affect the validity of the claims. This is a motion to invalidate the patent for lack of written description, not to move the priority date and find the patent obvious or anticipated. As such, the Court will only consider whether the disclosures in the specification of the issued patent support the thickness limitations in the claims.

In that case, the patent owner was claiming priority to the provisional application and the defendant was challenging the validity of the asserted patent on the grounds that the provisional application did not support the asserted claims.  The *Waddington* court correctly rejected that analysis as this Court should.

Nor should Amazon be able to have it both ways.  A week ago, at the beginning of this trial, Amazon sought to back out of a stipulation that the priority date for the asserted patents was August 10, 2006.  Amazon sought to renege because Innovation pointed out that if Amazon agreed that the priority date was correct, then there could be no further dispute regarding the underlying issue of whether the asserted patents had adequate written description support.  Amazon promptly filed a letter brief seeking to back out of that stipulation because they maintained that they never intended to waive their written description defense.

Now, faced with the indisputable fact that Figure 16 of the asserted patents was disclosed to the U.S. Patent and Trademark Office on February 2, 2007 (as Provisional Application No. 60/899,037), and again in the next application in the line of priority, filed May 22, 2007 (as U.S. Patent Application No. 11/802,418), Amazon now wishes to hold Innovation to the earlier priority date claiming that they would have developed intervening art between the two dates.  That is nonsense for the reason explained by the *Waddington* court.  Moreover, Amazon's submission conveniently overlooks the key fact that Innovation long ago provided notice of a February 2, 2007 back up for its August 10, 2006 priority claim.  More specifically, on February

7, 2019, Innovation served its Rule 3-1 Patent Disclosure stating:

> e. The claimed technology was described in non-provisional application 11/501,747 filed on August 10, 2006. Each of the asserted claims of the '983 patent are entitled to a priority date not later than August 10, 2006. *The claimed technology was also described in provisional application number 60/899,037 filed on February 2, 2007.* The invention of the claimed technology occurred prior to the filing of these applications and Innovation's investigation into the precise dates of conception and reduction to practice continues. Innovation reserves the right to amend these dates if additional information becomes available.

February 2, 2007 Disclosure (emphasis added), attached as Tab A.[1] Had Amazon been diligent in finding intervening prior art, it could have challenged Innovation's 2006 priority date and asserted that art. But it did not do so. Instead, Amazon pursued a defense of inadequate written description based on the 2006 priority date, while ignoring the February 2007 filing date. And while Innovation maintains that the August 10, 2006 filing date adequately supports the claims of the asserted patents, the fact remains that Figure 16 and additional written description support was disclosed in February of 2007, and the asserted claims would certainly be entitled to that priority date as a back up, just as Innovation disclosed in its Rule 3-1 disclosures.

Generally, compliance with the written description requirement is judged as of an application's filing date. *See Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555, 1566 (Fed. Cir. 1991). "A claim will not be invalidated on section 112 grounds simply because the embodiments of the specification do not contain examples explicitly covering the full scope of the claim language." *Id.* "That is because the patent specification is written for a person of skill in the art, and such a person comes to the patent with the knowledge of what has come before." *Id.; see also Ariad Pharms., Inc. v. Eli Lilly & Co.,* 598 F.3d 1336, 1351 (Fed.Cir.2010) (*en banc*). Thus, "it is unnecessary to spell out every detail of the invention in the specification; only enough must be included to convince a person of skill in the art that the inventor possessed the invention." *See LizardTech,* 424 F.3d 1336, 1345 (Fed. Cir. 2005). Indeed, because the view is of a person of ordinary skill in the art, "the level of detail required to satisfy the written description requirement

---

[1] Innovation moved to amend that disclosure on September 11, 2019 to reference all of the patents-in-suit, not just the '983 patent. *See* Dkt. 234. That motion was subsequently granted.

varies depending on the nature and scope of the claims and on the *complexity and predictability* of the relevant technology." *Ariad,* 598 F.3d at 1351 (emphasis added). Violation of the written description requirement must be proved by clear and convincing evidence. *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.,* 225 F.3d 1349, 1355 (Fed.Cir.2000). The issue of priority date under 35 U.S.C. § 120 is a separate inquiry that determines the prior art available to prove whether a patent is obvious or anticipated. *See Vas–Cath,* 935 F.2d at 1557; *Ariad Pharms. Inc. v. Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010) (*en banc*); *Waddington North American, Inc. v. Sabert Corp.*, 2011 WL 1098996, *4–*5 (D.N.J. 2011).

  Importantly, this situation is not at all analogous to the case cited by Amazon where a patentee "sandbagged" the accused infringer by claiming an ***earlier*** priority date in order to avoid prior art relied upon by the accused infringer throughout the litigation. Here, Innovation is not claiming an earlier priority date to pull the rug out from under Amazon's alleged prior art. Amazon claims that the alleged prior art HAL system is prior art to both the August 2006 and the February 2007 priority dates and, therefore, there is no prejudice whatsoever to Amazon's invalidity position *vis a vis* the alleged HAL prior art by Innovation's reliance on the February 2007 priority date. Contrary to Amazon's argument in open court on August 31, it was fully aware of Innovation's February 2007 back up priority date and, had they wished to assert intervening art, could have done so and challenged Innovation's priority date during this litigation. Amazon did not do so, and there is absolutely no prejudice to Amazon. Amazon's attempt to have the Court hold Innovation to the August 2006 priority date and, in effect, pretend that the February 2007 and later filings never happened is devoid of merit.

  Moreover, Amazon provides no authority, because it cannot, to support its requested relief that the Court hold Innovation to the August 10, 2006 priority date and ignore the later February 2007 and May 2007 filings. If Amazon did not want to be held to the stipulated priority date of August 2006, and its consequential waiver of the written description defense, then it should not now be allowed to hold Innovation to that stipulated date when Innovation's later filings, including the February 2007 filing, also clearly support the asserted claims and there


is no prejudice with respect to any prior art defense.[2]

| | |
|---|---|
| Dated: September 1, 2020 | By: /s/ *Donald L. Jackson* |
| | Donald L. Jackson |
| | VA Bar No. 42,882 (Admitted E.D. Tex.) |
| | Email: djackson@davidsonberquist.com |
| | James D. Berquist |
| | VA Bar No. 42,150 (Admitted E.D. Tex.) |
| | Email: jay.berquist@davidsonberquist.com |
| | Gregory A. Krauss |
| | VA Bar No. 84,839 (Admitted E.D. Tex.) |
| | Email: gkrauss@davidsonberquist.com |
| | Alan A. Wright |
| | VA Bar No. 46,506 (Admitted E.D. Tex.) |
| | Email: awright@davidsonberquist.com |
| | **DAVIDSON BERQUIST JACKSON & GOWDEY, LLP** |
| | 8300 Greensboro Drive, Suite 500 |
| | McLean, VA 22012 |
| | Telephone: (571) 765-7700 |
| | Facsimile: (571) 765-7200 |
| | |
| | Rogers D. Sanders |
| | Email: rsanders@somlaw.net |
| | J. Michael Young |
| | Email: myoung@somlaw.net |
| | **SANDERS, MOTLEY, YOUNG, AND GALLARDO, PLLC** |
| | 111 S. Travis Street |
| | Sherman, TX 75090 |
| | Telephone: (903) 892-9133 |
| | Facsimile: (903) 892-4302 |
| | |
| | *Attorneys for Plaintiff* |
| | INNOVATION SCIENCES, LLC |

---

[2] Innovation also notes that its technical expert, Mr. McAlexander, relied on the applications filed in February and May 2007 as alternatives to the August 2006 application in opining on written description and (separately) priority date.

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

DATED: September 1, 2020            */s/ Donald L. Jackson*
                                                                 Donald L. Jackson