IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC.., <br><br> Defendant. | Civil Action No.4:18-cv-00474-ALM <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' DISCLOSURES PURSUANT TO LOCAL P.R. 3-1 AND 3-2**

Pursuant to Local P.R. 3-1 and 3-2, Plaintiff Innovation Sciences LLC ("Innovation") submits this disclosure of asserted claims and infringement contentions to defendant Amazon.com, Inc. ("Amazon" or "Defendant").

Innovation makes this disclosure based on the information presently available to it. Discovery in this case has just begun, and Innovation reserves its right to amend or supplement these Disclosures as permitted by the Federal Rules of Civil Procedure, by the Local Rules of the Eastern District of Texas (including the EDTX Local Patent Rules), and by order of the Court.

**I.     P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions**

a.     Based upon current publicly available information, Innovation asserts that Amazon has infringed and/or continues to infringe United States Patent Number. 9,912,983 ("the '983 patent"), United States Patent Number 9,723,443 ("the '443 patent"), United States Patent Number 9,729,918 ("the '918 patent") and United States Patent Number 9,942,798 ("the '798 patent") (collectively the "Patents-in-Suit") as follows:

| | '983 Patent | '918 Patent | '443 Patent | '798 Patent |
|---|---|---|---|---|
| Echo Dot 1st, 2nd, 3rd And Kids Edition | 22, 23, 24, 31, 32, 37, 38, 42, 43, 45, | x | x | x |

|  | '983 Patent | '918 Patent | '443 Patent | '798 Patent |
|---|---|---|---|---|
|  | 47, 49, 62, 63, 64, 66, 78, 79, 80, 81, 82 |  |  |  |
| Echo 1st | 22, 23, 24, 31, 32, 37, 38, 42, 43, 45, 47, 49, 62, 63, 64, 66, 78, 79, 80, 81, 82 | x | x | x |
| Echo 2nd | 22, 23, 24, 31, 32, 37, 38, 42, 43, 45, 47, 49, 62, 63, 64, 66, 78, 79, 80, 81, 82 | x | x | x |
| Eco Plus 1st ZIGBEE | 22, 23, 24, 31, 32, 33, 34, 36, 37, 38, 39, 42, 43, 45, 47, 49, 62, 63, 64, 66, 77, 78, 79, 80, 81, 82 117, 118, 119, 121, 123, 124, 125, 126, 127 | x | x | x |
| Echo Plus 2nd ZIGBEE | 22, 23, 24, 31, 32, 33, 34, 36, 37, 38, 39, 42, 43, 45, 47, 49, 62, 63, 64, 66, 77, 78, 79, 80, 81, 82 117, 118, 119, 121, 123, 124, 125, 126, 127 | x | x | x |
| Echo Show 1st NON-ZIGBEE | 22, 23, 24, 25, 31, 32, 37, 38, 42, 43, 45, 47, 49, 62, 63, 64, 65, 66, 78, 79, 80, 81, 82 | x | x | x |
| Echo Show 2nd ZIGBEE | 22, 23, 24, 25, 31, 32, 33, 34, 36, 37, 38, 39, 42, 43, 45, 47, 49, 62, 63, 64, 65, 66, 77, 78, 79, 80, 81, 82, 117, 118, 119, 121, 122, 123, 124, 125, 126, 127 | x | x | x |
| Echo Spot Video Non-ZIGBEE | 22, 23, 24, 25, 31, 32, 37, 38, 42, 43, 45, 47, 49, 62, 63, 64, 65, 66, 78, 79, 80, 81, 82 | x | x | x |
| Amazon TAP | 22, 23, 24, 31, 32, | x | x | x |

|  | '983 Patent | '918 Patent | '443 Patent | '798 Patent |
|---|---|---|---|---|
| Fire TV Gen 3 | 37, 38, 62, 63, 64, 66 22, 24, 26, 27, 28, 39, 62, 63, 67, 68, 71, 139, 142, 143 | 9, 26, 27, 28, 29, 30, 99, 111, 112, 113, 114, 115 | x | 1, 2, 3, 5, 6, 17, 18, 19, 47, 65, 81, 98 |
| Fire TV Stick Gen 2 | 22, 24, 26, 27, 28, 39, 62, 63, 67, 68, 71, 139, 142, 143 | 9, 26, 27, 28, 29, 30, 99, 111, 112, 113, 114, 115 | x | 1, 2, 3, 5, 6, 17, 18, 19, 20-21, 28, 47, 65, 81, 98 |
| Fire TV Stick 4K | 22, 24, 26, 27, 28, 39, 62, 63, 67, 68, 71, 139, 142, 143 | 9, 26, 27, 28, 29, 30, 99, 111, 112, 113, 114, 115 | x | 1, 2, 3, 5, 6, 17, 18, 19, 20-21, 28, 47, 65, 81, 98 |
| Fire TV Cube | 22, 24, 26, 27, 28, 39, 62, 63, 67, 68, 71, 139, 142, 143 | 9, 26, 27, 28, 29, 30, 99, 111, 112, 113, 114, 115 | x | 1, 2, 3, 5, 6, 17, 18, 19, 47, 65, 81, 98 |
| Fire Tablet | 22, 23, 24, 25, 26, 27, 29, 31, 32, 39, 41, 42, 43, 45, 62, 63, 65, 67, 73, 74, 75, 79, 82 | 9, 26, 27, 28, 29, 30, 99, 111, 112, 113, 114, 115 | x | 1, 2, 6, 17, 18, 22, 23, 29, 30, 33, 34, 38, 47, 50, 52, 54, 55, 60, 62, 63 |
| Amazon Cloud (alone and in combination with Alexa-enabled device) | 22-27, 29, 31, 32, 39, 41-43, 45, 62, 63, 65, 67, 73-75, 79, 82, 86-93, 97-100, 103, 105-109 | 9, 26-30, 33-40, 42-49, 51-60, 64-66, 68-75, 77-81, 84-92, 95-98, 99, 111-115, 116-128, 131-136 | x | 1, 2, 4, 5, 6, 14-17, 18, 22, 29, 30, 33, 34, 38, 47, 49-52, 56-60, 62, 63, 64 |
| Dash/Replenishment | 110-112, 116, 128, 130, 131, 133-135, 138 | x | 1, 3-7, 9, 11, 12, 14-16, 26, 29-35, 38-41, 43, 44, 46, 49 | x |

Innovation presents infringement claim charts for claims 9 and 99 of the '918 patent because they are the independent claims upon which asserted claims 26-28, 30 and 111-115 depend, not because Innovation is asserting either claim 9 or 99 alone.

   b. The "Accused Instrumentality" for the Asserted Claims, based on publicly available information currently available to Innovation, is Amazon's Echo, Fire TV, Fire TV Stick, Fire TV Cube, Fire Tablet, TAP, Dash Button, Dash Replenishment Service, and the Amazon Alexa Voice Services/Amazon Alexa Cloud, alone and in combination with the Alexa-

enabled products including those identified here and at least HTC's U11, U11 Life and U12+ products. The specific models of each Accused Instrumentality are addressed in the referenced infringement contentions. Innovation reserves the right, pursuant to Local P.R. 3-6, to supplement and/or amend the "Accused Instrumentality" for the asserted claims as new and/or updated information becomes available to Innovation. Additionally, Innovation reserves the right to supplement the listing and add additional Accused Instrumentalities as they are discovered.

        c.      Infringement claim charts evidencing the correspondence between (i) the elements of the Asserted Claims, and (ii) the corresponding features of the Accused Instrumentality are attached hereto. The claim charts are based on public information Innovation has uncovered. Much of the detail concerning the operation of each Amazon Accused Instrumentality is not publicly available. Innovation reserves the right, pursuant to Local P.R. 3-6, to supplement and/or amend these infringement contentions as information is obtained from Amazon through the course of discovery, including but not limited to discovery of source code and other confidential information that is not publicly available. *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) ("Software cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself. From this manifestation, plaintiffs must somehow divine whether the defendants' code infringes. Although defendants vigorously and rightly guard their source code, until plaintiffs have access to it, plaintiffs are typically unable to give highly specified infringement contentions.")

Innovation has provided claim charts outlining its infringement theory for each Amazon Accused Instrumentality. While Innovation's claim charts may select documentation or screen captures from aspects of the Amazon Accused Instrumentalities, Innovation may not be providing a claim chart for every aspect. *See Juxtacomm Techs., Inc. v. Ascential Software Corp.*, 548 F. Supp. 2d 379, 381 (E.D. Tex. 2008) ("this Court has allowed plaintiffs to use a single chart applicable to multiple products where separate charts would be identical for each product."). Innovation reserves the right to supplement or amend its contentions upon completing a full review of Amazon's source code or upon learning of reasonably similar systems. *See Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, Nos. 2:05-CV-163-DF-CMC, 2:05-CV-356-DF-CMC, 2007 WL 2480969, at *3 (E.D. Tex. Aug. 27, 2007) ("discovery in a patent infringement suit 'includes discovery relating to the technical operation of the accused products, as well as the identity of and technical operation of any products reasonably similar to any accused product.'"); *DDR Holdings, LLC v. Hotels.com, L.P.*, No. 2:06-CV-42-JRG, 2012 WL 2935172, at *10-11 (E.D. Tex. July 18, 2012) ("It is well settled in the Eastern District that 'there is no brightline rule that discovery is permanently limited to the products specifically accused in a party's [infringement contentions].' Such a limitation would be 'inconsistent with the broad discovery regime created by the Federal Rules and the notion that a party may be able to amend its [infringement contentions.]' Therefore, discovery may be properly extended to products 'reasonably similar' to those accused in [infringement contentions].") (internal citations omitted).

    d.    Based on Innovation's current understanding of the claim language and publicly available information regarding each Amazon Accused Instrumentality, Innovation asserts that Amazon literally infringes the Asserted Claims. Any claim element not literally

present in the Accused Instrumentality as set forth in the claim charts is found in those instrumentalities under the doctrine of equivalents because any differences between such claim element and the Accused Instrumentality is insubstantial and/or the Accused Instrumentality perform substantially the same function, in substantially the same way to achieve substantially the same result as the corresponding claim element(s).  More specifically, the devices perform substantially the same function, in substantially the same way, to yield substantially the same result.  Amazon would thus be liable for direct infringement under the doctrine of equivalents.  In addition, Innovation reserves the right, pursuant to Local P.R. 3-6, to assert infringement solely under the doctrine of equivalents with respect to any particular claim element(s) if warranted by discovery received from Amazon, or a claim construction ruling from the Court, or both.

    e.  The claimed technology was described in non-provisional application 11/501,747 filed on August 10, 2006.  Each of the asserted claims of the '983 patent are entitled to a priority date not later than August 10, 2006.  The claimed technology was also described in provisional application number 60/899,037 filed on February 2, 2007.  The invention of the claimed technology occurred prior to the filing of these applications and Innovation's investigation into the precise dates of conception and reduction to practice continues.  Innovation reserves the right to amend these dates if additional information becomes available.

    f.  Innovation does not assert that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention.

    g.  In the attached claim charts, Innovation has demonstrated from publicly available information how each claim element of the Asserted Claims is satisfied.  Non-publicly available information, including, but not limited to source code, documentation on source code,

and architectural diagrams and descriptions thereof may better demonstrate how each claim element is satisfied. As indicated above, Innovation reserves its right to amend or supplement these disclosures as permitted by the Federal Rules of Civil Procedure, by the Local Rules of the Eastern District of Texas (including the EDTX Local Patent Rules), and by order of the Court.

## II. P.R. 3-2 Document Production Accompanying Disclosure

a. Innovation is unaware of any documents sufficient to evidence any discussions with, disclosures to, or other manner of providing to a third party, or sale of offer to sell, the claimed invention prior to the priority date of the Patents-in-Suit.

b. Other than what may be contained in the file histories and documents produced during this litigation, Innovation refers Amazon to the documents being produced contemporaneously herewith, IS-A00000001 through IS-A0000665 and IS-A0005131 through IS-A0007483. Innovation is continuing its investigation and will supplement if additional documents are discovered.

c. A copy of the file history of the Patents-in-Suit is being produced as IS-A0000666 through IS-A0005130.

Dated:  February 7, 2019

Respectfully submitted,

*/s/ Donald L. Jackson*
Donald L. Jackson VA Bar No. 42,882
(Admitted E.D. Tex.)
James D. Berquist VA Bar No. 42,150
(Admitted E.D. Tex.)
Davidson Berquist Jackson & Gowdey LLP
8300 Greensboro Dr., Suite 500
McLean, Virginia  22102
571-765-7700 (p)
571-765-7200 (f)

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this February 7, 2019, with a copy of this document via email.

/s/ *Donald L. Jackson*
Donald L. Jackson