# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC, | |
| Plaintiff, | Civil Action No.4:18-cv-00474-ALM |
| | *Consolidated Lead Case* |
| v. | |
| AMAZON.COM, INC., ET AL., | JURY TRIAL DEMANDED |
| Defendants. | |

**INNOVATION'S 50(A) MOTION NO. 1 FOR JUDGMENT AS A MATTER OF LAW THAT AMAZON OFFERED NO EVIDENCE THAT THE ASSERTED CLAIMS OF THE '983, '798 OR '918 ARE PATENT INELIGIBLE UNDER 35 U.S.C. §101**

Plaintiff Innovation Sciences, LLC ("Innovation") respectfully moves under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law that the asserted claims are not ineligible subject matter under 35 U.S.C. § 101. Defendants Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon") have not submitted sufficient evidence that a reasonable juror could conclude that the patents are directed to an abstract idea under the clear and convincing evidence standard.

Innovation bases its motion on the following grounds, any one of which is grounds enough on its own to rule for Innovation as a matter of law:

1. *Alice Corp. v. CLS Bank Int'l,* 573 U.S. 208, 216 (2014) requires that a two-part test be performed to determine ineligibility under 35 U.S.C. §101.

2. The two step *Alice* test must be performed in order, step 1 before step 2

3. Amazon failed to identify or even allege an abstract idea representing the claims, let alone perform a claim-by-claim analysis.

4. Amazon presented no evidence for reasonable jury to find that each individual element let alone the ordered combination of elements are well-known for each claim.

5. Amazon presented no evidence for a reasonable jury to find that each individual element let alone the ordered combination of elements are routine for each claim.

6. Amazon presented no evidence for a reasonable Jury to find that each individual element let alone the ordered combination of elements are conventional for each claim.

7. Amazon presented no evidence of a lack of inventive concept or something "significantly more" than an abstract idea for each claim.

## I. LEGAL STANDARD

Judgment as a matter of law is appropriate when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). In other words, the moving party is entitled to judgment as a matter of law if "no reasonable juror could return a contrary verdict." *Int'l Ins. Co. v. RSR Corp.*, 426 F. 3d 281, 296 (5th Cir. 2005). "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Finisar Corp. v. DirectTV Grp., Inc.*, 523 F. 3d 1323, 1332 (Fed. Cir. 2008).

The Court should grant Innovation's motion unless there is "substantial evidence" in support of each essential element of Amazon's claim. "Substantial evidence requires more than a mere scintilla . . . and [the court] must review the record as a whole, taking into consideration evidence that both justifies and detracts from the jury's decision." *Cordis Corp. v. Boston Scientific Corp.*, 658 F. 3d 1347, 1357 (Fed. Cir. 2011); *Anthony v. Chevron USA, Inc.*, 284 F. 3d 578, 583 (5th Cir. 2002). In other words, the evidence must be sufficient so that a jury will not ultimately rest its verdict on mere speculation and conjecture. *Anthony*, 284 F. 3d at 583 (citing *Gulf Coast Real Estate Auction Co. v. Chevron Indus., Inc.*, 665 F. 2d 574, 577 (5th Cir. 1982)).

## II. ARGUMENT

### A. *ALICE* REQUIRES THAT A TWO PART STEP BE PERFORMED TO DETERMINE INELIGIBILITY UNDER 35 U.S.C. §101[1]

Since patent protection does not extend to claims that monopolize the "building blocks of human ingenuity," claims directed to laws of nature, natural phenomena, and abstract ideas are not

---

[1] Innovation preserves its objection to Question 3 being submitted to the jury on the Jury Verdict Form.

2

patent eligible. *Alice Corp. v. CLS Bank Int'l,* 573 U.S. 208, 216 (2014). The Supreme Court instructs courts to distinguish between claims that set forth patent-ineligible subject matter and those that "integrate the building blocks into something more." *Id*. at 217. In doing so, courts apply a two-step test.

First, the court "determine[s] whether the claims at issue are directed to a patent ineligible concept." *Id*. at 218. This "step of the inquiry calls upon us to look at the 'focus of the claimed advance over the prior art' to determine if the claim's 'character as a whole' is directed to excluded subject matter." *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016). The court must "tread carefully in construing this exclusionary principle" because "[a]t some level, 'all inventions...embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas.'" *Alice*, 573 U.S. at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.,* 566 U.S. 66, 71 (2012)). The court must distinguish "ineligible abstract-idea-based solutions implemented with generic technical components in a conventional way from the eligible technology-based solution and software based invention that improves the performance of the computer system itself." *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.,* 841 F.3d 1288, 1299 (Fed. Cir. 2016) (internal quotations omitted). In doing so, the Court's analysis must be "directly tethered to the claim language" and should avoid recasting specific limitations "at a high level of abstraction." *Solutran, Inc. v. Elavon, Inc.,* 931 F.3d 1161, 1168 (Fed. Cir. 2019).

Second, if the challenged claims are directed towards a patent-ineligible concept, the court then "consider[s] the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent eligible application." *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. 66, 78–79 (2012)). This step is satisfied when the claim limitations contain an inventive concept that "involve[s] more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014) (quoting *Alice,* 573 U.S. at 225). The Federal Circuit has explained that "[w]hile the ultimate determination of eligibility under §101 is a question of law, like many

3

legal questions, there can be subsidiary fact questions which must be resolved en route to the ultimate legal determination." *Aatrix Software, Inc. v. Green Shades Software, Inc*., 882 F.3d 1121, 1128 (Fed. Cir. 2018). "While patent eligibility is ultimately a question of law . . . [w]hether something is well-understood, routine, and conventional to a skill artisan at the time of the patent is a factual determination" is a "question of fact" that must be "proven by clear and convincing evidence." *Berkheimer v. HP Inc., 881 F.3d 1360, 1368- 69 (Fed. Cir. 2018); see also Aatrix Software, Inc. v. Green Shades Software, Inc.,* 882 F.3d 1121, 1128 (Fed. Cir. 2018) ("Whether the claim elements or the claimed combination are well-understood, routine, [and] conventional is a question of fact.").

Something is not necessarily well-understood, routine, and conventional simply because it is disclosed in a prior art reference. *Exergen Corp. v. KAZ USA, Inc.,* 725 F. App'x 959, 965– 66 (Fed. Cir. 2018). There are many obscure references that may qualify as prior art but are insufficient to establish something is a "well-understood, routine, and conventional activity previously engaged in by scientists who work in the field." *Mayo*, 566 U.S. at 79, 132 S.Ct. 1289. Accordingly, determining "[w]hether a particular technology is well-understood, routine, and conventional goes beyond" simply examining "what was simply known in the prior art." *Berkheimer*, 881 F.3d at 1369.

Additionally, specific improvements described in a patent specification, "to the extent they are captured in the claims, create a factual dispute regarding whether the invention describes well-understood, routine, and conventional activities." *Berkheimer*, 881 F.3d at 1369. The showing necessary to establish that a concept was well-understood, routine, and conventional "goes beyond what was simply known in the prior art" and may not rest on "[t]he mere fact that something is disclosed in a piece of prior art." *Berkheimer*, 881 F.3d at 1369. There are many obscure references that may qualify as prior art but are insufficient to establish something is "well-understood, routine, and conventional activit[ies] previously engaged in by scientists who work in the field." *Mayo*, 566 U.S. at 79.

4

A patent claim need not invent an entirely new piece of technology. While generic computers used to perform generic computer functions are ineligible, the "non-conventional and non-generic arrangement of known, conventional pieces" can add a sufficiently inventive concept. *Bascom Global Internet Services, Inc. v. AT & T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).

### B. THE TWO STEP *ALICE* TEST MUST BE PERFORMED IN ORDER, STEP 1 BEFORE STEP 2

*Alice* requires a two-step process for analysis of patent eligibility. It is not proper to proceed to step 2 of the *Alice* test without a determination of step 1. Proceeding to step 2 analysis presumes that step 1 has been performed. In fact, it presumes that step 1 was performed and that an abstract idea was found because step 1 is a predicate to performing the *Alice* step 2 analysis. In order to proceed with the an *Alice* step 2 analysis, there must be a determination of what the abstract idea is in order to consider what is "something more" -- what part of the claim is something more that the abstract idea. Thus, the jury must know what the abstract idea is before attempting an analysis of *Alice* step 2 because, in order to perform the complete analysis of step 2, there must be an analysis of whether there is "something more." An understanding of the abstract idea is required in order to perform the Step 2 requirement of determining whether the claim limitations contain an inventive concept that "involve[s] more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.' " *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225).

### C. AMAZON FAILED TO IDENTIFY OR EVEN ALLEGE AN ABSTRACT IDEA REPRESENTING THE CLAIMS, LET ALONE PERFORM A CLAIM-BY-CLAIM ANALYSIS

Amazon never identified any abstract idea for the jury to consider for the Jury's *Alice* Step 2 analysis. Amazon presented no evidence on what the idea is that may be abstract, nor any evidence on whether the idea is abstract. This failure caused the evidence of record to be insufficient evidence for a reasonable Jury to decide step 2. Amazon was required to perform a claim-by-claim analysis for each of the asserted claims and identify an abstract idea covered by each of the claims.

5

No evidence of an abstract idea for each claim has been entered in the record by Amazon. In fact, because Amazon's expert Dr. Johnson, never presented such a claim-by-claim analysis in his expert report, the Court precluded such testimony at trial. Trial Tr. August 31, 2020 Morning Session at 17:13-18:9.

### D. AMAZON PRESENTED NO EVIDENCE FOR REASONABLE JURY TO FIND THAT EACH INDIVIDUAL ELEMENT LET ALONE THE ORDERED COMBINATION OF ELEMENTS ARE WELL-KNOWN FOR EACH CLAIM

*Alice* step 2 requires a determination of whether each and every element and also the ordered combination of elements meets all three requirements of *Alice* step 2 -- well-known, routine and conventional.

Amazon had the burden of proving that each and every element alone, or as an ordered combination of each claim are well-known. There was insufficient evidence introduced for a reasonable jury to find that the elements and the ordered combination of elements are well-known. Amazon failed to enter sufficient evidence enabling a jury to find any one claim "well-known." With regard to a finding of a claim as "well-known," no element by element analysis was performed by Amazon's expert and entered in the record and no ordered combination analysis was performed by Amazon's expert and entered in the record. The trial record demonstrates that the only evidence on the patent claims were directed to "well known" subject matter was Dr. Johnson's testimony on August 31, 2020 and none of this was presented on a claim-by-claim, element-by element basis as required. Transcript August, 31, 2020 Morning Session at 64:5-8; 81:18-117:24. Thus, there is insufficient evidence for a reasonable jury to find each of the claims are directed to merely "well known" subject matter.

### E. AMAZON PRESENTED NO EVIDENCE FOR A REASONABLE JURY TO FIND THAT EACH INDIVIDUAL ELEMENT LET ALONE THE ORDERED COMBINATION OF ELEMENTS ARE ROUTINE FOR EACH CLAIM

Amazon had the burden of proving that each and every element and as well as the ordered combination of each claim are routine. There was insufficient evidence introduced for a reasonable

6

jury to find that the elements and the ordered combination of elements are routine.  Amazon failed to submit sufficient evidence enabling a jury to find any one claim "routine."  With regard to a finding of a "routine" claim, no element by element analysis nor ordered combination analysis was performed by Amazon's expert.  The trial record demonstrates that the only evidence on the patent claims were directed to "routine" subject matter was Dr. Johnson's testimony on August 31, 2020 and none of this was presented on a claim-by-claim, element-by element basis as required.  Transcript August, 31, 2020 Morning Session at 64:5-12; 83:12; 99:12-21; 113:23-114:7; 116:15-117:10. Thus, there is insufficient evidence for a reasonable jury to find each of the claims are directed to merely "routine" subject matter.

      **F.**    **AMAZON PRESENTED NO EVIDENCE FOR REASONABLE JURY TO FIND THAT EACH INDIVIDUAL ELEMENT LET ALONE THE ORDERED COMBINATION OF ELEMENTS ARE CONVENTIONAL FOR EACH CLAIM**

Amazon had the burden of proving that each and every element as well as the ordered combination of each claim are conventional.  Amazon presented no evidence for a reasonable jury to find that the elements and the ordered combination of elements are conventional.   Amazon failed to enter sufficient evidence enabling a jury to find any one claim "conventional."  With regard to a finding of conventionality, no element by element analysis and no ordered combination analysis was performed by Amazon's expert.  With no such evidence, no reasonable jury could find that each individual element, let alone the ordered combination of elements, are directed to merely "conventional" subject matter.  The trial record demonstrates that the only evidence on the patent claims were directed to "conventional" subject matter was Dr. Johnson's testimony on August 31, 2020 and none of this was presented on a claim-by-claim, element-by element basis as required.  Transcript August, 31, 2020 Morning Session at 64:5-8; 81:18-117:24.  Thus, there is insufficient evidence for a reasonable jury to find each of the claims are directed to merely "conventional" subject matter.

### G. AMAZON PRESENTED NO EVIDENCE OF A LACK OF INVENTIVE CONCEPT OR SOMETHING "SIGNIFICANTLY MORE" THAN AN ABSTRACT IDEA FOR EACH CLAIM

Amazon failed to introduce evidence showing the lack of an "inventive concept" or something "significantly more" than the unarticulated abstract idea in each claim. This evidence is necessary for the jury to properly perform an *Alice* step two analysis. For each claim, step 2 of the *Alice* test requires an analysis of whether something "significantly more" exists in each claim. It was Amazon's burden to introduce evidence for each claim to show that there is not an "inventive concept" or something "significantly more" beyond the abstract idea and beyond merely well-known, routine, and conventional subject matter for those portions of each claim. Amazon had the burden and must introduce evidence that there was not an inventive concept or something "significantly more" in each claim, beyond what was well-known, routine and conventional beyond the abstract idea. At a minimum, Amazon should have articulated, and the Court should have found what the abstract idea was so that Innovation could have presented evidence of the inventive concept beyond that unarticulated and unfound abstract idea. As such, the trial record is devoid of evidence for a reasonable jury to find that each claim was directed to well known, routine, and conventional subject matter lacking an "inventive concept" or something "significantly more" than an abstract idea.

### III. CONCLUSION

The Court should grant Innovation judgment as a matter of law against Amazon on the issue of patent ineligibility given the lack of evidence on that issue.

Dated: September 3, 2020                                Respectfully submitted,

                                                             */s/ Donald L. Jackson*
Donald L. Jackson
VA Bar No. 42,882 (Admitted E.D. Tex.)
James D. Berquist
VA Bar No. 42,150 (Admitted E.D. Tex.)
Gregory A. Krauss
VA Bar No. 84839 (Admitted E.D. Tex.)

Alan A. Wright
VA Bar No. 46506 (Admitted E.D. Tex.)
Walter D. Davis, Jr.
VA Bar No. 48127 (Admitted E.D. Tex.)
**DAVIDSON BERQUIST JACKSON & GOWDEY, LLP**
8300 Greensboro Dr., Suite 500
McLean, Virginia 22102
Tel.: (571) 765-7700
Fax: (571) 765-7200
djackson@davidsonberquist.com
jay.berquist@davidsonberquist.com
gkrauss@davidsonberquist.com
awright@davidsonberquist.com
wdavis@davidsonberquist.com

Roger D. Sanders
J. Michael Young
**SANDERS, MOTLEY, YOUNG, AND GALLARDO, PLLC**
111 S. Travis Street
Sherman, Texas 75090
Tel.: (903) 892-9133
Fax: (903) 892-4302
rsanders@somlaw.net
myoung@somlaw.net

*Attorneys for Plaintiff Innovation Sciences, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


DATED: September 3, 2020              */s/ Donald L. Jackson*
                                                                   Donald L. Jackson