# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC, § | |
| § | |
| v. § | Civil Action No.  4:18-cv-474 |
| § | Judge Mazzant |
| AMAZON.COM, INC., et al § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Amazon.com, Inc. and Amazon Web Services, Inc.'s Motion for Entry of Final Judgment (Dkt. #889).  Having considered the Motion and the relevant pleadings, the Court finds the Motion should be **GRANTED in part and DENIED in part**.

## BACKGROUND

This is a patent infringement suit brought by Innovation Sciences, LLC ("Innovation") against Amazon.com, Inc., Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services, LLC, Amazon Web Services, Inc., and Amazon Fulfillment Services, Inc. (collectively, "Amazon") (Dkt. #79 at p. 1).  The patent infringement allegations include the '798 Patent Family, including U.S. Patent Nos. 9,942,798 ("the '798 Patent"), 9,912,983 ("the '983 Patent"), and U.S. Patent No. 9,729,918 ("the '918 Patent") (collectively, the "Asserted Patents") (Dkt. #79).

It was a long journey to bring this case to trial.  Along the way, several of the original Amazon entities merged into other entities.  Specifically, Amazon Digital Services, Inc. merged into Amazon Digital Services LLC, which merged into Amazon.com Services, LLC (Dkt. #890, Exhibit 3).  Likewise, Amazon Fulfillment Services, Inc. changed its name to Amazon.com Services, Inc., which changed its name to Amazon.com Services, LLC, which then merged into

Amazon Web Services, Inc. (Dkt. #890, Exhibit 3). Although the Amended Complaint named six Amazon entities, the Pretrial Order only named Amazon.com, Inc. and Amazon Web Services, Inc. (Dkt. #803).

Throughout this litigation, the parties disputed whether the Asserted Patents were directed at patent eligible subject matter. Patent eligibility is a question of law which may contain underlying factual questions. *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340–41 (Fed. Cir. 2013). At the summary judgment stage, the Court declined to rule on the questions of law inherent in patent eligibility before the jury determined underlying questions of fact (Dkt. #812 at p. 4).

The trial began on August 24, 2020. At the beginning of trial, the Court stated "[t]he Defendants in this case are Amazon.com, Inc. and Amazon Web Services, Inc. who from time to time may be referred to simply as Defendants or Amazon." (Dkt. #867 at 70:14-17). In the final jury instructions, the Court again identified the Defendants as "Amazon.com, Inc. and Amazon Web Services, Inc., also referred to as just Amazon" (Dkt. #886 at 160:1-2). The verdict form identified the Defendants as "Amazon.com Inc., et al." and collectively referred to them as "Amazon." (Dkt. #853).

On September 2, 2020, the jury returned a defense verdict. The jury found there was no patent infringement; the asserted claims are invalid; and the asserted claims involved only technology which a person of ordinary skill in the art would have considered to be well-understood, routine, and conventional as of August 10, 2006.

After this verdict, the Court asked the parties to submit a joint final judgment. After several months, the parties continued to disagree about how, if at all, the Court should enter judgment on patent eligibility, which defendants should be named, and court costs.

On November 5, 2020, Amazon filed its Motion for Entry of Final Judgment (Dkt. #889). On November 19, 2020, Innovation responded (Dkt. #890). On November 30, 2020, Amazon replied (Dkt. #892). And on December 4, 2020, Innovation filed its Sur-Reply (Dkt. #893).

## LEGAL STANDARD

### I. Final Judgment

"A party may request that judgment be set out in a separate document as otherwise required[.]" FED. R. CIV. P. 58(d). Generally, "trial courts should decide all litigated issues, in the interest of finality." *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1481 (Fed. Cir. 1998).

### II. Patent Eligibility

"Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court has established a two-step test for patent eligibility under this section. *Alice Corp. Pty. Ltd. v. CLS Bank Intern.*, 573 U.S. 208, 217 (2014). Patent eligibility is an issue of law, but the legal conclusion may contain underlying factual issues. *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340–41 (Fed. Cir. 2013).

The first step of *Alice* requires the Court to "determine whether the claims at issue are directed to a patent-ineligible concept." *Alice*, 573 U.S. at 217. The Supreme Court has "long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Id.* at 216 (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013)). Monopolizing these "basic tools of scientific and technological work" with a patent "might tend to impede innovation more than it

would tend to promote it," thereby thwarting the primary object of patent law. *Id.* (quoting *Myriad*, 569 U.S. at 589; *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 566 U.S. 66, 71 (2012)).

If the claims are directed at ineligible subject matter, the Court turns to step two. The second step requires the Court to determine whether the claims contain an "inventive concept" that transforms the abstract idea into a patent-eligible application. *Alice*, 573 U.S. at 217. An inventive concept exists when the claim limitations involve more than performance of "well-understood, routine, conventional activit[ies] previously known to the industry." *Alice*, 573 U.S. at 225. If a claim is directed at ineligible subject matter and does not contain an inventive concept, then it is ineligible for patenting under § 101.

### III.     Which Defendants Should Be Named In The Final Judgment

The Federal Rules of Civil Procedure contemplate when a party changes its name or merges with another entity. "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25. In other words, the transferee will be joined with the original party only on motion to the Court.

Parties must appear in the joint pretrial order, which "supersedes all pleadings and governs the issues and evidence to be presented at trial." *McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir. 1996). "[I]f a claim or issue is omitted from the order, it is waived, even if it appeared in the complaint." *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).

### IV. Court Costs

Rule 54(d)(1) provides that "costs, other than attorneys' fees shall be allowed as of course to the prevailing party unless the district court otherwise directs[.]" FED. R. CIV. P. 54(d)(1).

## ANALYSIS

The Court addresses the three disputes. First, the Court declines to determine patent eligibility under § 101, as it is unnecessary given the jury's verdict. Second, the final judgment should only identify the defendants named in the Final Pretrial Order and presented to the jury: Amazon.com, Inc. and Amazon Web Services, Inc. And finally, the Court awards costs to Amazon, in keeping with the strong presumption of awarding costs to the prevailing party. For these reasons, the Court grants in part and denies in part the Motion.

### I. Patent Eligibility

The Court declines to determine patent eligibility under 35 U.S.C. § 101. The jury separately held the asserted claims invalid and so a ruling on eligibility is unnecessary. Determining patent eligibility would have no practical effect on the invalidated claims. The Court is not required to determine eligibility "when the dispute has been finally disposed of on other grounds." *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1481 (Fed. Cir. 1998) (affirming a district court's decision to not reach the issue of validity, where the jury separately determined there was no infringement). In its discretion, the Court declines to reach the issue of eligibility. *See id.*; Fed. R. Civ. P. 8(c) (affirmative defenses).

### II. Which Defendants Should Be Named In The Final Judgment

Innovation sued six Amazon entities in its Amended Complaint (Dkt. #79). During litigation, two of those entities changed corporate identities through name changes and/or mergers. Innovation asks this Court to enter judgment in favor of the four original entities and the two that

acquired original parties.[1]  Amazon disagrees and asks for judgment to be entered in favor of just the two entities that were presented to the jury.[2]  The Court agrees with Amazon.  Final judgment should be entered in favor of Amazon.com, Inc. and Amazon Web Services, Inc. because they were the only defendants identified in the Final Pretrial Order and presented to the jury.

The Court held its Final Pretrial Conference on August 13, 2020 (Dkt. #806).  Amazon raised the issue that there are "several entities that are defendants in the case that do not exist [which] should be dropped." (Dkt. #806 at 139:24-25).  In response, Innovation acknowledged that "the Final Pretrial Order will supersede the pleadings" (Dkt. #806 at 140:14-15).  After listening to both sides, the Court stated:

> Well, I'll let y'all -- when we finish today, y'all talk about that and see if there's a way to resolve that. That one I'm not going to necessarily assert myself into.
> [. . .]
> The lawsuit right now is proceeding against the entities that are there that have been named and that's what will go to the jury.
> [. . . ]
> That's up to the Plaintiff to deal with the consequences of that.

(Dkt. #806 at 144:17-145:2).

The Final Pretrial Order only named Amazon.com, Inc. and Amazon Web Services, Inc. (Dkt. #803).  This joint pretrial order "supersedes all pleadings and governs the issues and evidence to be presented at trial." *McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir. 1996).  As the Court stated in the Final Pretrial Conference, it was up to the parties to name the entities in the Final Pretrial Order.  As Innovation recognized, the Final Pretrial Order supersedes the pleadings, which named numerous Amazon entities.  And as the Court warned, it is up to Innovation to handle the repercussions of naming defendants in the joint order.

---

[1] These six entities are: Amazon.com, Inc., Amazon Digital Services, LLC, Amazon Digital Services, Inc., Amazon Web Services LLC, Amazon Fulfillment Services, Inc., and Amazon Web Services, Inc.
[2] The two entities are: Amazon.com, Inc. and Amazon Web Services, Inc.

Innovation argues that the Federal Rules of Civil Procedure permit joining entities that acquire parties.  This is correct, but inapplicable because Innovation never moved to amend the parties.  When Amazon Digital Services, Inc. merged and then merged again into Amazon.com Services LLC, its interest in the litigation transferred to the new entity as well.  Similarly, when Amazon Fulfillment Services Inc. changed its name twice and then merged into Amazon Web Services, Inc., its interest transferred, too.  Under Rule 25, "[i]f an interest is transferred, the action may be continued . . . against the original party *unless* the court, on motion, orders the transferee to be . . . joined with the original party" FED. R. CIV. P. 25 (emphasis added).  It follows that the transferee may be joined with the original party *only* if the Court, on motion, orders it.  Indeed, Innovation moved to substitute Innovation Sciences, LLC for Virginia Innovation Sciences, Inc. under Rule 25 (Dkt. #22). But Innovation never moved to join Amazon.com Services LLC and Amazon Web Services Inc.  Because Innovation did not move, it did not satisfy the procedural requirements outlined in Rule 25 and so Amazon.com Services LLC and Amazon Web Services, Inc. are not joined as defendants.

Consistent with the Final Pretrial Order, the Court instructed the jury on just two defendants. At trial, the Court stated "[t]he Defendants in this case are Amazon.com, Inc. and Amazon Web Services, Inc. who from time to time may be referred to simply as Defendants or Amazon."  (Dkt. #867 at 70:14-17).  In the final jury instructions, the Court again identified the Defendants as "Amazon.com, Inc. and Amazon Web Services, Inc., also referred to as just Amazon" (Dkt. #886 at 160:1-2).  The verdict form identified the Defendants as "Amazon.com Inc., et al." and collectively referred to them as "Amazon." (Dkt. #853).  It follows that the jury's verdict only applies to the entities introduced to the jury.

7

The Court finds that judgment should be entered for Amazon.com, Inc. and Amazon Web Services, Inc.

## III. Court Costs

Rule 54(d)(1) contains a presumption that the prevailing party will be awarded costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006); *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). The Fifth Circuit has held that "the prevailing party is prima facie entitled to costs," and has described the denial of costs as "in the nature of a penalty." *Pacheco*, 448 F.3d at 794. Therefore, the Court's general discretion provided by Rule 54(d)(1) has been qualified "by the judicially-created condition that a court 'may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so.'" *Pacheco*, 448 F.3d at 794 (quoting *Schwarz*, 767 F.2d at 131).

Innovation acknowledges that Amazon is the prevailing party but asks the Court to deny costs. The Fifth Circuit has explained that a court may deny a prevailing party costs where the "suit was brought in good faith and denial is based on at least one of the following factors: '(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794 (5th Cir. 2006)).

Innovation's arguments are premature. For entry of judgment, the Court must only determine if Amazon is the prevailing party entitled to costs. FED. R. CIV. P. 54(d)(1). Innovation does not dispute that Amazon is the prevailing party. As such, the Court enters judgment that Amazon is the prevailing party entitled to costs. Amazon must still move to recover those costs. FED. R. CIV. P. 54(d)(2). At that point, Innovation may object to the amount requested.

## CONCLUSION

It is therefore **ORDERED** that Defendants Amazon.com, Inc. and Amazon Web Services, Inc.'s Motion for Entry of Final Judgment (Dkt. #889) is **GRANTED in part and DENIED in part.** A Final Judgment will be entered separately.

**SIGNED this 26th day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE