**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br><br>               Plaintiff,<br>   v.<br><br>AMAZON.COM, INC., et al.<br><br>               Defendants. | Civil Action No. 4:18-cv-00474-ALM<br>(LEAD CONSOLIDATED CASE) |

**DEFENDANTS' MOTION TO TAX COSTS**

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .........................................................................................................1

II.     AMAZON'S REQUESTED COSTS WERE NECESSARY AND REASONABLE.........1

    A.      FEES FOR PRINTED OR ELECTRONICALLY RECORDED
        TRANSCRIPTS NECESSARILY OBTAINED FOR USE IN THE
        CASE UNDER 28 U.S.C. § 1920(2) ....................................................................2

        1.      Amazon is entitled to deposition costs for both written
              transcripts and video recordings. ...............................................................2

        2.      Amazon's trial transcription costs were necessary and
              reasonable. ...................................................................................................3

        3.      The claim construction hearing transcript was necessary in this
              case...............................................................................................................4

    B.      FEES FOR EXEMPLIFICATION NECESSARILY OBTAINED FOR
        USE IN THE CASE UNDER 28 U.S.C. § 1920(4)................................................5

        1.      Amazon is entitled to costs for printing sets of trial exhibits. ....................5

        2.      Amazon's trial graphics and presentation costs are taxable,
              reasonable, and were necessary to present a defense..................................6

        3.      Amazon can recover amounts it spent on graphics and printing
              for mandatory tutorials and *Markman* hearing presentations. ....................7

    C.      STATUTORY WITNESS FEES UNDER 28 U.S.C. § 1821................................8

III.    CONCLUSION............................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ali v. Stephens*,
    No. 9:09-cv-52, 2015 WL 2061981 (E.D. Tex. Apr. 29, 2015) ................................5

*Blackboard Inc. v. Desire2Learn Inc.*,
    No. 9:06-cv-155, 2008 WL 11344755 (E.D. Tex. Jul. 17, 2008)..........................3, 4

*Competitive Tech. v. Fujitsu Ltd.*,
    No. C-02-1673-JCS, 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006) .................7, 8

*Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*,
    No. 2:14-cv-00912-JRG, 2020 WL 1557492 (E.D. Tex. Apr. 1, 2020) ..............6, 7

*Crevier-Gerukos v. Eisai, Inc.*,
    No. H-11-434, 2014 WL 108730 (S.D. Tex. Jan. 9, 2014)......................................4

*Eolas Techs. Inc. v. Adobe Sys., Inc.*,
    891 F. Supp. 2d 803 (E.D Tex. 2016)............................................................2, 3, 6, 7

*Fast Memory Erase, LLC v. Spansion, Inc.*,
    No. 3-10-CV-0481, 2010 WL 5093945 (N.D. Tex. Nov. 10, 2010) ...................7, 8

*Holmes v. Cessna Aircraft Co.*,
    11 F.3d 63 (5th Cir. 1994) ......................................................................................5

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*,
    No. 4:14-cv-371, 2017 WL 4038886 (E.D. Tex. Sept. 13, 2017) (Mazzant, J.).......................2

*Keeton v. Wal-Mart Stores, Inc.*,
    21 F. Supp. 2d 653 (E.D. Tex. 1998)......................................................................8

*Kroy IP Holdings, LLC v. Safeway, Inc.*,
    No. 2:12-cv-00800-WCB, 2015 WL 4776501 (E.D. Tex. Aug. 13, 2015) ...........4

*Kryptek Outdoor Group, LLC v. Salt Armour, Inc.*,
    2016 WL 7757267 (E.D. Tex. Mar. 28, 2016) .......................................................9

*Mota v. The Univ. of Tex. Hous. Health Sci. Ctr.*,
    261 F.3d 512 (5th Cir. 2001) ..................................................................................3

*Motio, Inc. v. BSP Software LLC*,
    No. 4:12-cv-647, 2016 WL 4430452 (E.D. Tex. Aug. 22, 2016) (Mazzant, J.)....................2, 6

## TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*,
    729 F.2d 1530 (5th Cir. 1984) ..................................................................................9

*Pacheco v. Mineta*,
    448 F.3d 783 (5th Cir. 2006) ...................................................................................1

*Schwarz v. Folloder*,
    767 F.2d 125 (5th Cir. 1985) ....................................................................................1

*Smartflash LLC v. Apple Inc.*,
    No. 6:13-cv-447-JRG, Dkt. 668 (E.D. Tex. Dec. 20, 2018) .....................................6

*Two-Way Media, LLC v. AT&T Servs., Inc.*,
    No. SA-09-CA-476-OLG, 2013 WL 12090356 (W.D. Tex. Nov. 22, 2013)...................4, 6, 8

*United Teachers Assoc. Ins. Co. v. Union Labor Life Ins. Co.*,
    414 F.3d 558 (5th Cir. 2005) ....................................................................................8

*Versata Software, Inc. v. SAP am., Inc.*,
    No. 2:07-cv-153 CE, 2011 WL 4436283 (E.D. Tex. Sept. 23, 2011) ........................6

**STATUTES**

28 U.S.C. § 1821 .............................................................................................................1, 8, 9

28 U.S.C. § 1821(b) .................................................................................................................8

28 U.S.C. § 1821(c)(4) ............................................................................................................8

28 U.S.C. § 1821(d)(2) ............................................................................................................8

28 U.S.C. § 1920 .............................................................................................................1, 3, 9

28 U.S.C. § 1920(2) .......................................................................................................1, 2, 3, 4

28 U.S.C. § 1920(4) .......................................................................................................5, 6, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 54 .....................................................................................................................1

Fed. R. Civ. P. 54(d)(1).............................................................................................................1

Defendants Amazon.com, Inc. and Amazon Web Services, Inc. ("Amazon") move the Court under 28 U.S.C. §§ 1920 and 1821, Rule 54 of the Federal Rules of Civil Procedure, and Local Rule 54, for an order awarding Amazon its statutory costs.

## I. INTRODUCTION

After a nearly two-week trial, the jury entered a verdict finding for Amazon on all claims of infringement and invalidating IS's patents. (Dkts. 853, 854 at 2–5.) The Court has now entered judgment and awarded costs to Amazon as the prevailing party. (Dkt. 897.) Amazon seeks an award of **$220,860.22** in taxable costs for amounts it spent on court reporting, deposition transcription and video, printing, trial graphics, and the Court's mandatory technology tutorial and *Markman* presentation. *See* 28 U.S.C. § 1920(2)–(3). The requested amount also includes statutory witness fees for three Amazon witnesses under 28 U.S.C. § 1821.

In its attached Bill of Costs, Amazon requests only those amounts that the law of this Circuit and district support. The amounts are reasonable and were necessary to defend against IS's claims of infringement.[1]

## II. AMAZON'S REQUESTED COSTS WERE NECESSARY AND REASONABLE.

Rule 54(d)(1) presumes that the prevailing party will receive its costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006); *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). The Fifth Circuit has held that "the prevailing party is prima facie entitled to costs," and has described the denial of costs as "in the nature of a penalty." *Pacheco*, 448 F.3d at 794. Put another way, the Fifth Circuit has limited the Court's discretion under Rule 54(d)(1) with a "judicially-created condition that a court 'may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.'" *Id.* (quoting *Schwarz*, 767 F.2d at 131); *see*

---

[1] The parties met and conferred on all categories of costs Amazon seeks. IS disputes that Amazon is entitled to any costs award. *See* Young Decl. ¶ 7, Ex. G.

1

*also Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-cv-371, 2017 WL 4038886, at *1 (E.D. Tex. Sept. 13, 2017) (Mazzant, J.).  The amounts Amazon seeks are narrowly tailored, reasonable, and recoverable under Fifth Circuit law.

### A.    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case under 28 U.S.C. § 1920(2)

Amazon seeks $42,328.51 in deposition costs and $21,017.00 for court reporter costs it incurred for a total of **$63,345.51** under 28 U.S.C. § 1920(2).

### 1.    Amazon is entitled to deposition costs for both written transcripts and video recordings.

Amazon seeks **$42,328.51** it spent on deposition transcripts and videos.  (*See* Young Decl. ¶ 2, Ex. A.)  Section 1920(2) permits recovery of costs for deposition transcripts as well as for "video depositions 'necessarily obtained for use in the case.'"  *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 805–06 (E.D Tex. 2016).  "In a large patent case . . . it is common for parties to capture depositions electronically so that they may be used as part of the trial presentation."  *Id*. at 806.  This is because "[t]hese cases involve complex technical issues and the needs at trial are often not fully known until the eve of trial."  *Id.*  And while "[a]ctual use at trial may provide clear evidence that the items were necessar[y]," the fact that parties do not use a transcript at trial does not make it unnecessary.  *Motio, Inc. v. BSP Software LLC*, No. 4:12-cv-647, 2016 WL 4430452, at *11 (E.D. Tex. Aug. 22, 2016) (Mazzant, J.).  As this Court has described it, whether to award the costs turns "on the necessity of obtaining the items, not the actual use."  *Id.*

Both parties ordered deposition videos, designated the depositions of multiple witnesses for use at trial, and then used some of those designated transcripts and videos instead of live testimony.   (Dkts. 775-6 (IS Deposition Designations), 775-3 (Amazon's Deposition Designations); 872 at 24:2 (Arlen Dean), 39:10 (Mark Aiken); 874 at 153:4 (Dave Matsumoto),

879 at 21:17 (Timothy Shriver).)   As such, "[t]he printed and electronically recorded transcripts were necessarily obtained for use in this case, and [d]efendants are entitled to costs of both printed and electronically recorded depositions."  *Eolas Tech.*, 891 F. Supp. 2d at 806.

Amazon has omitted $22,957.33 in deposition charges from its request, for items that are either not recoverable under the law of this Circuit or simply not typically awarded.  These include expedited turnaround, real-time transcription, shipping, extra copies, rough drafts, processing fees, and ASCII disks.  *See Mota v. The Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (denying "incidental" deposition costs); *Blackboard Inc. v. Desire2Learn Inc.*, No. 9:06-cv-155, 2008 WL 11344755, at *2 (E.D. Tex. Jul. 17, 2008); Young Decl. ¶ 2, Ex. A. Amazon is entitled to have its remaining costs taxed in the requested amount.

### 2.   Amazon's trial transcription costs were necessary and reasonable.

The Court should tax **$20,772** for daily court reporter transcription services during trial. (Young Decl. Ex. B (summary) and B2, B3.)  Section 1920 allows the prevailing party to recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  The Federal Circuit "acknowledges that patent litigation is complex." *Blackboard*, 2008 WL 11344755, at *2 (quoting *Summit Tech. Inc. v. Nidek Co. Ltd.*, 435 F.3d 1371, 1378 (Fed. Cir. 2006)).  And Courts therefore routinely find a "specific need" for daily trial transcripts in such "complex litigation . . . to ensure that the case runs efficiently."  *Id.* (citing *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 878 F. Supp. 1417 (D. Kan. 1995)).

This case was no different.   Like *Blackboard*, the issues here "included specialized [technological] material and data."  *Id.*  Plaintiffs asserted thirteen computer-oriented patent claims from three patents against a host of accused products.  The parties also agreed in the Joint Pretrial Order to a daily disclosure and objection schedule for exhibits, demonstratives, and deposition designations they intended to use at trial.  (*See* Dkt. 803 at 11–15.)  Interposing the proper

3

objections, preparing for cross-examination, and organizing rebuttal and impeachment evidence required counsel to consult the transcript of the day's proceedings. *See, e.g.*, *Blackboard*, 2008 WL 11344755, at *2. IS's own orders for daily transcripts during trial demonstrate both the necessity of those transcripts and reasonableness of Amazon's request. *See, e.g.*, *Blackboard*, 2008 WL 11344755, at *2 (overruling objections to daily trial transcription costs, noting "[d]aily transcripts were used by both sides"); *see also* Young Decl. Ex. H. The Court should award Amazon's costs in this category.

> ### 3.     The claim construction hearing transcript was necessary in this case.

Amazon is entitled to **$245** for its share of the cost of the *Markman* hearing transcript. (Young Decl. Ex. B (summary) and B1.) A prevailing party may recover the costs of "printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

The Court held a claim construction hearing on August 28, 2019, after which it ordered the constructions governing the rest of the case including trial. (Dkt. 207.) It was thus "reasonable [for Amazon] to expect that what transpires at a claim construction hearing would continue shaping the parties' positions on infringement and validity." *Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-cv-00800-WCB, 2015 WL 4776501, at *7 (E.D. Tex. Aug. 13, 2015). A transcript was necessary to prepare the remainder of Amazon's defense and to determine whether to seek reconsideration or other further review of adverse rulings. *Id.*; *see also Two-Way Media , LLC v. AT&T Servs., Inc.*, No. SA-09-CA-476-OLG, 2013 WL 12090356, at *1–2, 5–6 (W.D. Tex. Nov. 22, 2013); *Crevier-Gerukos v. Eisai, Inc.*, No. H-11-434, 2014 WL 108730, at *3 (S.D. Tex. Jan. 9, 2014) (*Markman* transcripts taxable).

**B.**     **Fees for exemplification necessarily obtained for use in the case under 28 U.S.C. § 1920(4)**

**1.**     **Amazon is entitled to costs for printing sets of trial exhibits.**

Amazon is entitled to **$29,710.62** for printing trial exhibits.  (*See* Young Decl. ¶ 5, Ex. D (summary).)  A prevailing party may recover printing costs necessary to litigate the case.  *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).

Amazon seeks the cost for the following trial exhibits it printed for use in the courtroom:

- The Court required Amazon to provide a set of defendants' exhibits for the jury to use during its deliberations.  Because Amazon did not know in advance how many of its exhibits the Court would admit, it opted to save costs by printing most of this set in black-and-white and using cheaper binding and manilla folders in place of binders.  (Young Decl. Ex. D.)  That set of 70,307 pages cost $9,055.10.  (*Id*.)

- Amazon printed a set of defendant's exhibits for its own use and to have available in the courtroom to hand to witnesses should the need arise.  (*See, e.g.*, Dkt. 717 at 6.)  Because Amazon intended to use this set with witnesses in court, it printed them in color and collected in fifty-three four-inch binders per the Court's instructions.  That set cost $16,643.75.  (Young Decl. Ex. D.)

- Amazon printed a set of plaintiff's 663 exhibits, totaling 10,113 pages, for its use at counsel table.  (*See* Dkt. 808.)  That set cost $4,011.77 to produce.  (Young Decl. Ex. D.)

The three sets for which Amazon requests reimbursement were either mandatory under the Court's scheduling orders or indispensable for the conduct of an efficient trial.  *Ali v. Stephens*, No. 9:09-cv-52, 2015 WL 2061981, at *3 (E.D. Tex. Apr. 29, 2015) (awarding costs for "copies of the exhibits for counsel, the court, and the witnesses to use at trial").  It would have been difficult

if not infeasible to prepare for cross-examination or organize rebuttal and impeachment evidence—especially for witnesses whose testimony was of a technical nature—without hard copies of exhibits at hand while the parties presented evidence.  The Court should award Amazon the costs of reproducing trial exhibits.

### 2.  Amazon's trial graphics and presentation costs are taxable, reasonable, and were necessary to present a defense.

Amazon is entitled to at least **$76,137.08** for the amounts it spent on graphics and presentations at trial.  Courts tax trial and presentation graphics costs as "exemplary costs" under section 1920(4) when they are "anticipated, useful, and necessary tool to assist in the efficient presentation of cases," and "particularly in complicated cases such as this one."  *Motio*, 2016 WL 4430452, at *11; *see also Eolas Techs.*, 891 F. Supp. 2d at 808.  "[M]any courts have considered that in highly technical cases, as the case at hand, trial technology is not only reasonable but necessary."  *Two-Way Media*, 2013 WL 12090356, at *5–6.

Amazon's demonstrative costs were necessary because "[t]his Court requires parties to present their evidence at trial in a streamlined, orderly, and efficient manner."  *Smartflash LLC v. Apple Inc.*, No. 6:13-cv-447-JRG, Dkt. 668 at 9 (E.D. Tex. Dec. 20, 2018); *see also Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, No. 2:14-cv-00912-JRG, 2020 WL 1557492, at *4 (E.D. Tex. Apr. 1, 2020) (awarding graphics and exemplification costs as reasonable "in light of the complex issues presented in [that] case that concerned multiple patents"); *Versata Software, Inc. v. SAP am., Inc.*, No. 2:07-cv-153 CE, 2011 WL 4436283, at *2 (E.D. Tex. Sept. 23, 2011) (graphics costs taxable for efficient presentation of case).  Indeed, both sides prepared and presented lengthy slide presentations at trial to explain the technical aspects of the patents, infringement and non-infringement theories, damages calculations, and opening and closing presentations.

The amount Amazon seeks is also reasonable and commensurate with other awards in this district.  For example, the *Eolas Tech.* court awarded $32,000 in graphics and professional support costs for a four-day trial.  *See Core Wireless*, 2020 WL 1557492, at *4 n.1 (discussing *Eolas*).  The *Core Wireless* court stated that "$64,000 in graphics professional support should be within the realm of reasonableness for eight days of trial work."  *Id.*  The trial here also took eight days excluding weekends (August 24–September 2, 2020).  The requested amount already includes a 75% reduction in the costs that Amazon actually incurred in this category, in order to bring the request in line with these past awards.  (*See* Young Decl. ¶ 6, Ex. E (summary) and E1-E7.)  The Court should grant Amazon's request for graphics and exemplification costs.

### 3.    Amazon can recover amounts it spent on graphics and printing for mandatory tutorials and *Markman* hearing presentations.

Amazon also retained graphics personnel to assist with court-ordered technical tutorial and *Markman* hearing and printed bench-books for the Court's use during and after Amazon's presentation.  (Young Decl. Ex. E (summary) and E8-E12).  Amazon is entitled to the **$50,262.11** it incurred for those projects.

Costs for preparing visual aids for technology and *Markman* hearings are available if reasonably necessary to help the court understand the issues.  *See Competitive Tech. v. Fujitsu Ltd.*, No. C-02-1673-JCS, 2006 WL 6338914, at *9 (N.D. Cal. Aug. 23, 2006).  In the Fifth Circuit, "expenses for the production of various types of non-testimonial evidence—such as photographs, maps, charts, graphs, and other demonstrative aids—are taxable as costs provided the prevailing party obtained court approval before incurring the expense."  *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3-10-CV-0481, 2010 WL 5093945, at *6 (N.D. Tex. Nov. 10, 2010) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir.).  When a district court invites both parties to submit tutorials before the *Markman* hearing, "such an invitation is tantamount to

pretrial approval" of the associated cost. *Id.* (citing *J.T. Gibbons Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985)).   Courts properly grant graphics fees when, as here, the party opposing cannot "dispute that the district court invited the submission of tutorials in connection with the *Markman* hearing . . . through an order" and do "not contend the powerpoint or tutorials were not considered or relied upon by the court in ruling on claim construction issues." *Two-Way Media*, 2013 12090356, at *5–6.

The Court instructed the parties here to submit technology tutorials before the proposed claim construction hearing.  (Dkt. 10 at 13; 100 at 2, 142 at 2.)  The Court should grant Amazon's request for $50,262.11 as both necessary to understand the technical issues in the case and reasonable given relevant authority.  *See Competitive Techs.*, 2006 WL 6338914, at *9 (awarding over $78,800 for court-requested tutorial).

## C.     Statutory witness fees under 28 U.S.C. § 1821

Amazon is entitled to **$1,404.90** in statutory fees for three of its trial witnesses: its damages expert Dr. Keith Ugone, its technical expert Dr. David Johnson, and Amazon's fact witness and corporate representative Mr. Fred Torok. 28 U.S.C. § 1821.  "A witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b).  "A subsistence allowance for a witness shall be paid" of $96.00 per day for lodging and $41.25 per day for meals and incidental expenses for a witness's first and last days of travel, consummate with the per diem allowance for federal government employees. 28 U.S.C. § 1821(d)(2).  And "[a]ll normal travel expenses within and outside the judicial district shall be taxable as costs," including mileage at $0.575 per day at the time of trial in this case. 28 U.S.C. § 1821(c)(4).  Statutory witness fees are available for expert witnesses as well as for employees serving as corporate representatives.  *See Keeton v. Wal-Mart Stores, Inc.*, 21 F. Supp. 2d 653, 662 (E.D. Tex. 1998) (experts entitled to witness fees); *United Teachers Assoc. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574–75 (5th Cir. 2005)

(employees entitled to witness fees); *see also Nissho-Iwai Co. v. Occidental Crude Sales*, 729 F.2d 1530, 1551–53 (5th Cir. 1984); *Kryptek Outdoor Grp., LLC v. Salt Armour, Inc.,* No. 1:15-cv-348, 2016 WL 7757267, at *10 (E.D. Tex. Mar. 28, 2016).

Dr. Ugone attended trial to give testimony for one day and Dr. Johnson for two. (*See* Dkts. 881 at 42:20, 879 at 58:15, 881 at 3:8.) At $40 per day, Amazon is entitled to $120 in attendance fees for its experts. At $137.25 per day, Amazon is entitled to $411.75 in subsistence fees for its experts. Dr. Ugone traveled 244 miles to and from his home in Grand Saline, Texas. (Young Decl. ¶ 4, Ex. C.) Dr. Johnson traveled 658 miles round-trip to and from his home in Austin, Texas. (*Id.*) At $0.575 per mile, Amazon is entitled to $518.65 in statutory mileage fees for its experts. (*Id.*)

Fred Torok is a principal software development engineer at Amazon and IS called him as an adverse witness in its case-in-chief. (*See* Dkt. 872 at 69:18–70:3.) Mr. Torok attended two days of trial to give testimony. (*See* Dkts. 872 at 69:18; 878 at 45:17.) Amazon is thus entitled to $80 in statutory attendance fees and $274.50 in subsistence fees for its corporate representative. 28 U.S.C. § 1920. Amazon is not requesting reimbursement for his mileage because Mr. Torok flew with other Amazon legal and corporate personnel from Seattle.

In total, the Court should tax costs for witness fees under section 1821 in the amount of $1,404.90.

## III.   CONCLUSION

For these reasons, Amazon respectfully asks that the Court grant its motion and allow Amazon to file its Bill of Costs for disputed costs in the amount of **$220,860.22**:

a. $42,328.51 for deposition transcripts and video;

b. $21,017.00 for daily trial transcripts;

c. $29,710.62 for printing exhibits for trial;

d. $76,137.08 for trial graphics and technical courtroom assistance;

e. $50,262.11 for costs associated with preparing mandatory *Markman* technical tutorials and presentations; and

f. $1,404.90 in statutory witness fees for Dr. Johnson, Dr. Ugone, and Fred Torok to attend trial in person and provide testimony.

Amazon also requests any further relief the Court deems appropriate.

March 9, 2021

Respectfully submitted,

By: */s/ Eric B. Young*

    J. David Hadden
    CA Bar No. 176148 (Admitted E.D. Tex.)
    Email: dhadden@fenwick.com
    Saina S. Shamilov
    CA Bar No. 215636 (Admitted E.D. Tex.)
    Email: sshamilov@fenwick.com
    Ravi R. Ranganath
    CA Bar No. 272981 (Admitted E.D. Tex.)
    Email: rranganath@fenwick.com
    **FENWICK & WEST LLP**
    801 California Street
    Mountain View, CA 94041
    Telephone: (650) 988-8500
    Facsimile: (650) 938-5200

    Todd R. Gregorian
    CA Bar No. 236096 (Admitted E.D. Tex.)
    Email: tgregorian@fenwick.com
    Dargaye Churnet
    CA Bar No. 303659 (Admitted E.D. Tex.)
    Email: dchurnet@fenwick.com
    Thomas J. Fox
    CA Bar No. 322938 (Admitted E.D. Tex.)
    Email:  tfox@fenwick.com
    **FENWICK & WEST LLP**
    555 California Street, 12th Floor
    San Francisco, CA 94104
    Telephone: 415.875.2300
    Facsimile:  415.281.1350

Jeffrey Ware
CA Bar No. 271603 (Admitted E.D. Tex.)
Email: jware@fenwick.com
**FENWICK & WEST LLP**
1191 Second Avenue, 10h Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile:  206.389.4511

*Counsel for Defendants*
AMAZON.COM, INC.,
AND AMAZON WEB SERVICES, INC.

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Amazon conferred with counsel for Plaintiff regarding this motion on November 17, 2020, and Plaintiff stated that it opposes this motion.

/s/ Eric B. Young
Eric B. Young

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 9, 2021.

/s/ Eric B. Young
Eric B. Young

12