**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC, | |
| Plaintiff, | Civil Action No.4:18-cv-00474-ALM |
| v. | |
| AMAZON.COM, INC., ET AL., | JURY TRIAL DEMANDED |
| Defendants. | |

**INNOVATION'S OPPOSITION TO AMAZON'S MOTION TO TAX COSTS**

## <u>TABLE OF CONTENTS</u>

I.      Introduction ................................................................................................................ 1

II.     Amazon is Not Entitled to Any Amount of Costs ..................................................... 2

III.    Amazon's Alleged Exemplification Costs Are Not Taxable ...................................... 4

        A.      Printing Trial Exhibits .................................................................................... 4

        B.      Trial Graphics ................................................................................................. 7

        C.      Graphics for *Markman* Hearing and Tutorial ....................................... 12

IV.     Transcripts ................................................................................................................ 14

        A.      Amazon Has Not Demonstrated That Any of Its Depositions Were
                Necessarily Obtained for Use In the Case ........................................... 14

        B.      Amazon Has Not Demonstrated that the Daily Trial Transcripts Were
                Necessary ................................................................................................. 18

        C.      Amazon Has Not Demonstrated that the Claim Construction Hearing
                Transcript Was Necessary ...................................................................... 19

V.      Witness Fees ............................................................................................................ 19

VI.     Conclusion ............................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Automation Middleware Solutions, Inc. v. Invensys Systems, Inc.*,
 2018 WL 11229935 (E.D. Tex. Mar. 19, 2018) ...................................................... passim

*Baisden v. I'm Ready Productions, Inc.*,
 793 F. Supp. 2d 970 (S.D. Tex. 2011) ............................................................................ 8

*Coats v. Penrod Drilling Corp.*,
 5 F.3d 877 (5th Cir. 1993) .......................................................................................... 7, 9

*Competitive Techs. v. Fujitsu Ltd.*,
 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006) .............................................................. 14

*Core Wireless Licensing S.a.r.l. v. LG Electronics, Inc.*,
 2020 WL 1557492 (E.D. Tex. Apr. 1, 2020) ................................................................... 9

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*,
 482 U.S. 437 (1987) ............................................................................... 1, 7, 11, 13

*Debord v. Mercy Health Sys. of Kansas, Inc.*,
 737 F.3d 642 (10th Cir. 2013) ....................................................................................... 2

*Eastman Chemical Co. v. PlastiPure, Inc.*,
 2013 WL 5555373 (W.D. Tex. Oct. 4, 2013) ........................................................... 1, 17

*Electro Scientific Industries, Inc. v. General Scanning Inc.*,
 247 F.3d 1341 (Fed. Cir. 2001) ..................................................................................... 1

*Eolas Techs. Inc. v. Adobe Systems, Inc.*,
 891 F. Supp. 2d 803 (E.D. Tex. 2012) ............................................................................ 8

*Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*,
 2017 WL 3044594 (E.D. Tex. Jul. 18, 2017) ......................................................... passim

*Escriba v. Foster Poultry Farms, Inc.*,
 743 F.3d 1236 (9th Cir. 2014) ....................................................................................... 4

*Farmer v. Arabian American Oil Co.*,
 379 U.S. 227 (1964) ..................................................................................................... 11

*Fast Memory Erase, LLC v. Spansion, Inc.*,
 2010 WL 5093945 (N.D. Tex. Nov. 10, 2010) ........................................................ 10, 14

*Finisar Corp. v. DirecTV Group, Inc.*,
 2006 WL 2699732 (E.D. Tex. Aug. 4, 2006) ................................................................ 10

*Fogleman v. ARAMCO*,
　　920 F.2d 278 (5th Cir. 1991) ....................................................... 6, 15, 16

*Freeny v. Apple Inc.*,
　　2014 WL 6847808 (E.D. Tex. Dec. 4, 2014) .................................... 15

*Halliburton Energy Services, Inc. v. M-I, LLC*,
　　244 F.R.D. 369 (E.D. Tex. 2007) ................................................ 14, 15

*J.T. Gibbons, Inc. v. Crawford Fitting Co.*,
　　760 F.2d 613 (5th Cir. 1985) .................................................. 7, 8, 11, 13

*Johns-Manville Corp. v. Cement Asbestos Prods., Co.*,
　　428 F.2d 1381 (5th Cir. 1970) ........................................................ 4

*Kohus v. Toys 'R' Us, Inc.*,
　　282 F.3d 1355 (Fed. Cir. 2002) ................................................... 7, 9

*Louisiana Power & Light Co. v. Kellstrom*,
　　50 F.3d 319 (5th Cir. 1995) ......................................................... 4

*Marx v. General Revenue Corp.*,
　　568 U.S. 371 (2013) ................................................................... 2

*Mobile Telecomm. Techs., LLC v. Samsung Telecomm. America, LLC*,
　　2015 WL 5719123 (E.D. Tex. Sept. 28, 2015) ............................... 12

*Motio, Inc. v. BSP Software LLC*,
　　2016 WL 4430452 (E.D. Tex. 2016) .............................................. 8

*Pacheco v. Mineta*,
　　448 F.3d 783 (5th Cir. 2006) ....................................................... 2

*Smartflash LLC v. Apple Inc.*,
　　No. 6:13-cv-447-JRG, Dkt. 668 (E.D. Tex. Dec. 20, 2018) ................ 8

*Summit Tech., Inc. v. Nidek Co., Ltd.*,
　　435 F.3d 1371 (Fed. Cir. 2006) ............................................... 1, 7, 9

*Two-Way Media, LLC v. AT&T Services, Inc.*,
　　2013 WL 12090356 (W.D. Tex. Nov. 22, 2013) ............................ 9, 14

*Versata Software, Inc. v. SAP America, Inc.*,
　　2011 WL 4436283 (E.D. Tex. Sept. 23, 2011) ................................ 10

**Statutes**

28 U.S.C. § 1821(b) ........................................................................... 11

28 U.S.C. § 1920 ................................................................................................................. 14

28 U.S.C. § 1920(2) ........................................................................................................... 18

28 U.S.C. § 1920(4) ............................................................................................................. 5

Plaintiff Innovation Sciences, LLC ("Innovation") opposes Defendants Amazon.com, Inc. and Amazon Web Services, Inc.'s (collectively, "Amazon") Motion to Tax Costs.

## I.    INTRODUCTION

Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 define the universe of costs that a district court may tax.  *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).  It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."). The authority to tax costs is discretionary.  A district court can elect to not award any and all costs that are otherwise permitted under § 1920.  *See id*.

Issues relating to the taxation of costs in a patent case are assessed under the law of the regional circuit – the Fifth Circuit in this case.  *See Electro Scientific Industries, Inc. v. General Scanning Inc.*, 247 F.3d 1341, 1349 (Fed. Cir. 2001); *Summit Tech., Inc. v. Nidek Co., Ltd*., 435 F.3d 1371, 1374 (Fed. Cir. 2006).

"Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent, and the prevailing party should not burden the Court with costs that are clearly not recoverable under the law." *Automation Middleware Solutions, Inc. v. Invensys Systems, Inc*., 2018 WL 11229935, *1 (E.D. Tex. Mar. 19, 2018).  "The party seeking to recover costs bears the burden of proving the amount of the costs and their necessity."  *Eastman Chemical Co. v. PlastiPure, Inc*., 2013 WL 5555373, *5 (W.D. Tex. Oct. 4, 2013).

"The Fifth Circuit has followed the Supreme Court's lead, noting that '[t]he Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary," and that the Supreme Court has admonished "that we strictly construe this provision.'"  *Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co*., 2017 WL 3044594, *1 (E.D. Tex. Jul. 18, 2017); *see Crawford Fitting*, 482 U.S. at 445.

Amazon's Motion to Tax Costs seeks costs outside the confines of costs articulated in section 1920 and provides no explicit statutory or contractual authorization that allows an award of such costs.  Further, not only has Amazon failed to meet its burden of proving the costs it seeks are properly taxable, but Amazon has also failed to show the necessity of the world's largest corporation taxing costs against Innovation Sciences, a single member limited liability company.  Amazon already was awarded $722,000 in attorney's fees arising from litigation in the Eastern District of Virginia, continues to seek more than $187,000 in supplemental attorney's fees in that district, and seeks $6 million in attorney's fees here in a separate motion.  Amazon has already recovered hundreds of thousands of dollars from Innovation and seeks millions more. Amazon's Motion to Tax Costs is not about recovering money it expended.  It is about abusing a litigant and sending a message to others.  The Court has the discretion to say "enough is enough" and the taxation of costs here is unnecessary.

## II.    AMAZON IS NOT ENTITLED TO ANY AMOUNT OF COSTS

Multiple factors weigh against Amazon being awarded any amount of costs.  While costs are typically awarded to the prevailing party, an award of costs is discretionary.  *See Marx v. General Revenue Corp*., 568 U.S. 371, 377 (2013) ("the word " should" [in Rule 54(d)(1)] makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court.").  Courts recognize many situations where an award of costs are not justified. *See, e.g., Debord v. Mercy Health Sys. of Kansas, Inc.*, 737 F.3d 642, 659–60 (10th Cir. 2013) ("The circumstances in which a district court may properly deny costs to a prevailing party include when (1) the prevailing party is 'only partially successful,' (2) the prevailing party was 'obstructive and acted in bad faith during the course of the litigation,' (3) damages are 'only nominal,' (4) the nonprevailing party is indigent, (5) costs are 'unreasonably high or unnecessary,' or (6) the issues are 'close and difficult.'").  Indeed, the Fifth Circuit has recognized that "in other circuits, '[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party."  *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §

2668, at 234 (1998)).  Those circumstances include: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."  *Id.*

Multiple factors are present in this case.  For example, two prominent factors are Innovation's limited financial resources and Amazon's enormous financial resources.  Innovation is a small company with one principal – Dr. Anne Wong.  It has very limited financial resources and does not currently sell any products.  *See* Ex. 1 [Filed Under Seal].  Amazon, on the other hand, is one of the world's largest corporations with over $280 billion in net sales reported for the fiscal year ending on December 31, 2019, and over $14.5 billion in operating income for the same period.

The case also presented "close and difficult legal issues" requiring resolution by a jury, as opposed to resolution by a motion to dismiss or summary judgment.  Amazon suggests that the results of the case were strongly skewed in its favor when it states that the jury found in its favor on infringement and invalidity.  *See* Dkt. 901 at 1.  But much of Amazon's case was premised on an aggressive approach to claim construction – an issue on which Innovation prevailed almost entirely.  *See* Dkt. 229.  Moreover, Innovation has explained that the jury's verdict is not supported by sufficient and proper evidence.  *See* Dkt. 908 (Innovation's Rule 50(b) Motion for Judgment as a Matter of Law, or Alternatively, Rule 59(a) Motion for a New Trial).  Innovation's Rule 50(b)/59(a) Motion reveals that the disputed issues were much more in Innovation's favor than the jury's verdict suggests, and therefore the legal issues were closer and more difficult than Amazon's motion suggests.  Amazon presented such a dearth of evidence in support of its case that the jury verdict should be reversed as a matter of law.

Innovation also submits that Amazon engaged in misconduct as outlined in Innovation's motion for sanctions and other misconduct.  *See* Dkt. 335.  While the Court did not grant that motion, the Court's denial was because Innovation failed to show that Amazon's misconduct was in bad faith.  *See* Dkt. 790 at 6.  The Court did not find that Amazon's conduct was proper.

Amazon's misconduct during discovery is relevant to whether it should recover any costs.

Other factors courts have relied upon to deny costs include a significant financial disparity between the parties and the future chilling effect an award of costs would have on future litigation.  *See Escriba v. Foster Poultry Farms, Inc*., 743 F.3d 1236, 1247 (9th Cir. 2014). Those factors are also present here.  It is beyond dispute that there is a significant financial disparity between Innovation and Amazon.  Further, an award of costs when there is such a disparity in financial resources will have a chilling effect on future parties that believe they have a claim against Amazon.  Innovation believes that that is one reason why Amazon intends to seek such a large amount of costs.

The Court should exercise its discretion and decline to award any amount of costs to Amazon.

## III.   AMAZON'S ALLEGED EXEMPLIFICATION COSTS ARE NOT TAXABLE

Amazon is not entitled to any costs for exemplification.  Amazon seeks to tax costs for printing trial exhibits, trial graphics and presentation costs for trial, and graphics and printing for "mandatory" tutorials and Markman hearing presentation.

### A.  Printing Trial Exhibits

Amazon's printing costs associated with Amazon's exhibits and Innovation's exhibits are not taxable in this case.  "Absent pretrial approval of the exhibits, however, a party may not later request taxation of the production costs to its opponent."  *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995) (*citing Johns-Manville Corp. v. Cement Asbestos Prods., Co*., 428 F.2d 1381, 1385 (5th Cir. 1970).  In *Kellstrom*, the prevailing party argued that the pretrial order authorized the production of its exhibits by requiring exhibits to be "exchanged prior to trial in accordance with this order."  *Id*.  But the Fifth Circuit held that "[r]equiring the exchange of exhibits prior to trial does not imply authorization of production of those exhibits. Accordingly, the district court did not err in denying recovery by [the prevailing party] of the costs of its exhibits."  *Id*.  In this case, the Court did not authorize production of trial exhibits. Thus, Amazon's request to tax the costs of the parties' exhibits must be denied.

Moreover, a party is only entitled to costs for copying charges if the copies were "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4).  Merely stating that copies were necessary is not enough.  A party must provide additional information to demonstrate that the charges are for necessary items.  *See Automation Middleware*, 2018 WL 11229935 at \*2 ("Short of merely stating that it was necessary for the patent litigation to obtain copies of 'non-patent prior art literature' Defendants do not offer any additional information or argument to demonstrate that these charges are appropriate copy or exemplification charges.  Defendants have also made no showing of necessity for obtaining these articles.").

There are at least two other reasons why the exhibit sets printed by Amazon do not meet the required standard.  First, Amazon vastly *over-designated* exhibits on its exhibit list.  Amazon listed 1,317 exhibits on its Amended Exhibit List.  *See* Dkt. 809.  No reasonable litigant would expect to use anywhere close to 20% of those exhibits at trial.  Amazon's approach to its exhibit list appears to have been one of simply listing all possible exhibits regardless of relevance or admissibility.  For example, Amazon listed expert reports (*e.g.*, D98-100, D980-981, D985-999, D1003-1017, D1040-1041, D1147), documents related to other litigation (*e.g.*, D105, D109, D111, D118, D377, D574-576, D580-585, D587-588, D628-633, D635-642, D1094-1095, D1127-1130, D1137-1139), and a Facebook advertisement for a part time work for a patent law student (D129).  *See* Dkt. 809.  Amazon also listed some documents on its exhibit list that it never produced to Innovation before the parties exchanged trial exhibits.  *See* Dkt. 809, Exhibits D373-377.  Amazon admits that its exhibit set had 70,307 pages.  *See* Dkt. 901 at 5.  Ultimately, Amazon only successfully moved 35 of its 1,317 listed exhibits into evidence.  *See* Dkt. 887.  Amazon needlessly over-designated the number of exhibits, and thus, the number of copies and pages in its set of trial exhibits.  Amazon now seeks to transfer the cost associated with its over-designation of exhibits to Innovation.  That is unfair and improper, especially in light of the parties' respective financial positions.

Second, the three sets of exhibits for which Amazon seeks costs were purely for the convenience of Amazon and the Court.  Amazon argues that the Court required Amazon to print

a set of exhibits for the jury to use during deliberations.  Dkt. 901 at 5.  But that requirement only extended to the exhibits that were admitted into evidence (*i.e.*, 35 of the 1,317 exhibits on Amazon's exhibit list).  Amazon did not quantify how many pages of its exhibits were admitted into evidence.  Thus, it is not possible for the Court to determine which part of that set of exhibits could be taxed.  *See Automation Middleware*, 2018 WL 11229935 at *5.

As for the second and third set of trial exhibits Amazon seeks to tax, Amazon admits that those sets for were Amazon's counsel's convenience.  *See* Dkt. 901 at 5 ("Amazon printed a set of defendant's exhibits for its own use and to have available in the courtroom to hand to witnesses should the need arise" and "Amazon printed a set of plaintiff's 663 exhibits, totaling 10,113 pages, for its use at counsel table.").  Amazon also argues that the copy sets were necessary because it would have been "difficult if not infeasible to prepare for cross-examination or organize rebuttal and impeachment evidence" without those hard copy exhibit sets.  *See* Dkt. 901 at 5-6.  But that argument is speculative, and even if true, is just another way of saying that the copy sets were made for the convenience of counsel.  Copies made for the convenience of counsel are not taxable.  *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991).  As the Court recalls, both parties presented exhibits using the monitors in the courtroom.  There was no need for printing entire sets of exhibits except for the convenience of counsel.

Amazon argues that the exhibits sets were "indispensable for the conduct of an efficient trial."  Dkt. 901 at 5.  But that argument is entirely conclusory and speculative.  Amazon presents no evidence that having those exhibits sets printed made trial more efficient.  In fact, the trial was efficient because the parties presented exhibits *electronically* using the video monitors in the courtroom.

Amazon's request to tax the cost of trial exhibits should be denied because the Fifth Circuit requires *pretrial authorization*, and no such authorization was requested or provided in this case.  Moreover, Amazon failed to itemize the specific exhibits from its over-designated trial exhibits that were successfully admitted into evidence, and thus, were sent back to the jury room during deliberations.  *See Automation Middleware*, 2018 WL 11229935 at *5 ("Because

6

Defendants provide no further itemized information to help the Court limit or sever the costs of the Bates labeling from the purported TIFF conversion charges, the Court DENIES Defendants' recovery of $4,071.48 for the Husch Blackwell costs.").  Finally, the multiple sets of exhibits were merely for the *convenience of counsel* and the Court because the parties primarily relied on electronic copies of the trial exhibits.

### B.  Trial Graphics

Fees for trial graphics are not a cost listed in § 1920 that can be taxed.  *See Coats v. Penrod Drilling Corp*., 5 F.3d 877, 891 (5th Cir. 1993) (affirming denial of costs for demonstratives used at trial because such costs are not included in § 1920).  The Federal Circuit has routinely denied an award of costs for trial or hearing graphics.  *See Summit Tech.*, 435 F.3d at 1374-78 (denying an award of costs for the fee of a consultant who assisted counsel in preparing trial exhibits, including computer animations, videos, PowerPoint presentations and graphic illustrations); *Kohus v. Toys 'R' Us, Inc.*, 282 F.3d 1355, 1359 (Fed. Cir. 2002) (denying an award of costs for a video animation used at trial).  The Fifth Circuit narrowly construes the term "exemplification" to its literal meaning.  "Consistent with the 'strict construction' given to section 1920 by the Supreme Court and the Fifth Circuit, the Federal Circuit has construed the term 'exemplification' narrowly to be limited to 'an official transcript of a public record, authenticated as a true copy for use as evidence.'"  *UroPep*, 2017 WL 3044594 at *2 (citations omitted); *see also Automation Middleware*, 2018 WL 11229935 at *2 ("Exemplification means '[a]n official transcript of a public record, authenticated as a true copy for use as evidence.'") (quoting *Black's Law Dictionary* (10th ed. 2014)).

Under Fifth Circuit law, costs not listed in § 1920 can be taxed if the party seeking such costs obtained prior approval from the court.  *See J.T. Gibbons, Inc. v. Crawford Fitting Co*., 760 F.2d 613, 615 (5th Cir. 1985).  As explained below, the *J.T. Gibbons* decision is at least questionable if not overruled in light of the Supreme Court's later decision in *Crawford Fitting Co., v. J.T. Gibbons, Inc*., 482 U.S. 437 (1987).  But putting that issue to the side for now, Amazon cannot recover its trial graphics fees because it did not obtain prior approval from the

7

Court.  *See Baisden v. I'm Ready Productions, Inc*., 793 F. Supp. 2d 970, 986 (S.D. Tex. 2011) ("Because defendants did not obtain pretrial approval for their demonstratives, and because defendants have not cited any authority for the court's ability to award such costs to prevailing parties, the court concludes that defendants are not entitled to tax the production costs of their demonstrative exhibits to Baisden.").

Amazon cites several cases allegedly supporting its request to tax trial graphics fees.  But reliance on those cases is misplaced.  *See* Dkt. 901-7 at 6-7.  In *Motio, Inc. v. BSP Software LLC*, 2016 WL 4430452 (E.D. Tex. 2016), this Court taxed a portion of the trial technician's fee while not taxing fees for new graphics, putting together slides, and similar fees associated with generating the graphics.  *Id*. at *12.  Perhaps more important was the fact that the defendants in *Motio* conceded that some technical support costs were appropriate and proposed to pay for the trial technician's on-site support.  These are significant differences from the present case.  Here, Innovation does contest that the trial graphics fees should be taxable costs.  Also, *Amazon does not seek fees associated with in-court technology assistance*.  At best, Amazon seeks costs for demonstrative preparation and editing.

In *Eolas Techs. Inc. v. Adobe Systems, Inc*., 891 F. Supp. 2d 803 (E.D. Tex. 2012), the court only taxed fees for in-court technical support.  *Id*. at 808.  The *Eolas* court was not asked to determine whether general trial graphics fees or fees for generating or editing the trial graphics were permissible.  Significantly, however, the *Eolas* court did not explain how it could award costs for technology support when technology support is not provided for by § 1920.  Thus, *Eolas* does not support Amazon's request for trial graphics fees.

In *Smartflash LLC v. Apple Inc*., No. 6:13-cv-447-JRG, Dkt. 668 (E.D. Tex. Dec. 20, 2018), the court taxed the costs of Apple's graphics consulting expenses.  *Id*. at 9.  While the court stated that it required parties to present their evidence at trial in a streamlined, orderly, and efficient manner, the court provided no citation or support that such authorization was provided before Apple incurred the expenses.  But such prior authorization is required under the Fifth Circuit's *J.T. Gibbons* decision.  *See J.T. Gibbons*, 760 F.2d at 615.  Under the controlling

precedent, the court should not have awarded those costs to Apple.

In *Core Wireless Licensing S.a.r.l. v. LG Electronics, Inc.*, 2020 WL 1557492 (E.D. Tex. Apr. 1, 2020), the court taxed trial graphics expenses. *Id*. at \*4. While the court found that those expenses were necessary and reasonable, the court did not explain why those categories of costs were taxable in view of the Fifth Circuit's decision in *Coats*, the Federal Circuit's decisions in *Summit Tech*. and *Kohus*, and this district's prior decisions in *UroPep* and *Automation Middleware*. *See Coats*, 5 F.3d at 891 (affirming denial of costs for demonstratives used at trial because such costs are not included in § 1920); *Summit Tech.*, 435 F.3d at 1374-78 (denying an award of costs for the fee of a consultant who assisted counsel in preparing trial exhibits, including computer animations, videos, PowerPoint presentations and graphic illustrations); *Kohus*, 282 F.3d at 1359 (denying an award of costs for a video animation used at trial); *UroPep*, 2017 WL 3044594 at \*2 ("Consistent with the 'strict construction' given to section 1920 by the Supreme Court and the Fifth Circuit, the Federal Circuit has construed the term 'exemplification' narrowly to be limited to 'an official transcript of a public record, authenticated as a true copy for use as evidence.'"); *Automation Middleware*, 2018 WL 11229935 at \*2 ("Exemplification means '[a]n official transcript of a public record, authenticated as a true copy for use as evidence.'") (quoting *Black's Law Dictionary* (10th ed. 2014)). It appears that LG did not argue that this category of costs is not taxable under the controlling precedent, and the court also did not explain whether it authorized trial graphics costs in advance. Thus, *Core Wireless* provides little guidance on the issue in the present case.

In *Two-Way Media, LLC v. AT&T Services, Inc.*, 2013 WL 12090356 (W.D. Tex. Nov. 22, 2013), the court taxed the costs of graphics design for a *Markman* hearing and audio/visual consultants for trial. *Id*. at \*6. The court acknowledged that those costs are not enumerated in § 1920. But under Fifth Circuit law, the court held that it could tax those costs if the prevailing party obtained court approval before incurring the expense. *Id*. at \*5. The defendants did not dispute that the court had invited both parties to submit a *Markman* tutorial, and thus, the graphics for the *Markman* presentation were taxable in that case. *Id*. The court's only rationale

for taxing trial graphics costs was that other courts had done it.  *Id*. at *6.

The *Two-Way Media* court cited *Fast Memory Erase, LLC v. Spansion, Inc*., 2010 WL 5093945 (N.D. Tex. Nov. 10, 2010), to support its taxation of trial graphics fees.  But *Fast Memory* only considered whether fees for *Markman* tutorials could be taxable.  The court concluded they were taxable because the court had invited the parties to submit tutorials.  *Id*. at *6.

The *Two-Way Media* court also cited *Versata Software, Inc. v. SAP America, Inc*., 2011 WL 4436283 (E.D. Tex. Sept. 23, 2011).  The *Versata* court taxed technology support during trial.  The court did not tax costs associated with generating or editing graphics presentations at either trial or for a *Markman* tutorial.  The court made no determination that it had given the parties prior authorization to use trial technology support, thus rendering those costs taxable.  Nevertheless, the court taxed those costs because the court required the parties to present their evidence in a streamlined, orderly, and efficient manner.  *Id*. at *2.  *Versata* is distinguishable.  First, there was no order in the present case requiring the use of sophisticated trial graphics.  Instead, the parties were given a limited amount of time to present their case.  How they chose to use their time was up to the parties.  Second, *Versata* did not relate to taxation of fees for preparation and editing of trial graphics.  It only related to in-court trial technology support.  None of Amazon's invoices are for in-court trial technology support.  At best, all of them relate to the preparation, or editing of slides, demonstratives, video edits, and the like.  *See* Dkt. 901-7, Invoices E1-E7.

Finally, the *Two-Way Media* court cited *Finisar Corp. v. DirecTV Group, Inc*., 2006 WL 2699732 (E.D. Tex. Aug. 4, 2006).  But the *Finisar* court only taxed fees for trial technology support specifically disallowing other "media and audio/visual professional fees."  *Id*. at *2.  Here, Amazon seeks the very fees that the *Finisar* court refused to tax.

Second, the *Finisar* court (like many other courts in the Fifth Circuit) relied on the Fifth Circuit's decision in *J.T. Gibbons, Inc. v. Crawford Fitting Co*., 760 F.2d 613 (5th Cir. 1984), as the basis for awarding costs not listed in § 1920 but that were specifically authorized prior to the

parties incurring those costs.  *See J.T. Gibbons*, 760 F.2d at 615.  But, as noted, the Fifth

Circuit's *J.T. Gibbons* decision is at least questionable if not overruled in light of the Supreme

Court's later decision in *Crawford Fitting*.  The Supreme Court's *Crawford Fitting* decision did

not specifically analyze whether categories of costs not listed in § 1920 can be taxed.  But the

Supreme Court did analyze whether the district court could tax expert witness costs beyond the

amount set forth in 28 U.S.C. § 1821(b).  The Supreme Court held that § 1821(b) set the limit for

the amount of expert witness fees that can be taxed under § 1920 and that Federal Rule of Civil

Procedure 54(d) does not provide an independent basis to award costs.  *See Crawford Fitting*,

482 U.S. at 441-42.  The Supreme Court rejected the petitioners' argument that a sentence from a

prior Supreme Court decision meant that Rule 54(d) provided an independent basis to tax costs.

In *Farmer v. Arabian American Oil Co*., 379 U.S. 227 (1964), the court stated "the discretion

given district judges [by Rule 54(d)] to tax costs should be sparingly exercised with reference to

expenses not specifically allowed by statute."  *Id*. at 235.  The *Crawford Fitting* court called that

sentence "classic obiter" and specifically stated that "we disapprove it."  *See Crawford Fitting*,

482 U.S. at 442-43.  Later, the *Crawford Fitting* court held that:

> Any argument that a federal court is empowered to exceed the
> limitations explicitly set out in §§ 1920 and 1821 without plain
> evidence of congressional intent to supersede those sections ignores
> our longstanding practice of construing statutes *in pari materia.*
>
> We hold that absent explicit statutory or contractual authorization
> for the taxation of the expenses of a litigant's witness as costs,
> federal courts are bound by the limitations set out in 28 U.S.C. §
> 1821 and § 1920.

*Crawford Fitting*, 482 U.S. at 445 (citations omitted).  Read literally, *Crawford Fitting* stands for

the proposition that a district court does not have authority to tax costs not listed in § 1920

without explicit statutory or contractual authorization to the contrary.  The practice of courts in

certain cases authorizing the taxation of fees for graphics presentations for *Markman* tutorials or

at trial lacks the "explicit or contractual authorization" required by *Crawford Fitting*.  Thus, the

practice of awarding those costs runs afoul of the Supreme Court's *Crawford Fitting* decision.

Even if a district court can tax fees for trial technical support with prior authorization, no such fees properly can be taxed here.  None of the trial graphics fees Amazon seeks are for on-site, courtroom technical support.  Instead, every invoiced amount is for preparation or revision of the slides or graphics themselves.  Amazon's invoices E1-E7 are replete with time entries for "draft slides," "presentation draft," "slide production," "slide presentation production," "presentation production," direct or cross "examination slides," "video edits," "slide revisions," "demonstrative edits," "presentation cleanup," and other similar descriptors.  *See* Dkt. 901-7, Invoices E1-E7.  Unlike *Motio* and other cases cited by Amazon, none of these fees are for in-court trial support.  Amazon even seeks to tax the costs associated with its trial graphics team's Covid tests and time spent meeting with counsel.  *See* Dkt. 901-7, Invoice E4.  There are other descriptors in the invoices, but none of them relate to in-court trial technical support of the type permitted in *Motio* or other cases cited by Amazon.

Finally, while Amazon has agreed to reduce its alleged actual trial graphics expenses by an arbitrary 75%, that reduction does not remedy the deficiencies identified above – namely that trial graphics (as opposed to pre-authorized courtroom technology support) are not properly taxable, and that there was no prior authorization for those expenses.

### C.  Graphics for *Markman* Hearing and Tutorial

There is no subsection of § 1920 that permits the taxation of hearing or tutorial graphics. *UroPep*, 2017 WL 3044594 at *3 ("Under no plausible interpretation does a video technology tutorial qualify as an 'exemplification' within the meaning of section 1920(4)."); *Mobile Telecomm. Techs., LLC v. Samsung Telecomm. America, LLC*, 2015 WL 5719123, *2 (E.D. Tex. Sept. 28, 2015) ("The Court finds that costs for Samsung's claim construction presentation and technical tutorial cannot be recovered under § 1920.").  Amazon's tutorial and/or *Markman* hearing graphics costs are not taxable.

While cases like *Mobile Telecomm* draw a bright-line rule against the taxation of tutorial/*Markman* graphics expenses, other cases suggest that costs outside those listed in § 1920 can be taxed only if they were required by the Court and prior authorization was provided by the

12

Court.  *See J.T. Gibbons*, 760 F.2d at 615.[1]  In *UroPep*, UroPep asserted that it was entitled to costs associated with its technology tutorial because the court asked the parties to prepare and submit such tutorials.  *UroPep*, 2017 WL 3044594 at *2.  The court noted that the only support UroPep cited for its assertion that the court "solicited" and "invited" the parties to submit tutorials was the docket control orders which provided a deadline to submit tutorials.  *Id.*  The court held that those docket control orders were not "an 'invitation' or a 'solicitation' for technology tutorials."  *Id.*  Instead, they allowed the parties to file tutorials if they wished and gave them a deadline for doing so.  *Id.*

Here, Amazon argues that the Court "invited" the parties to submit technology tutorials. *See* Dkt. 901 at 8.  Amazon cites to three documents supporting its argument that the Court "invited" tutorials."  *See* Dkt. 901 at 8.  Amazon cites to the Order Governing Proceedings.  Dkt. 10 at 13.  But that order merely provided a set of "proposed deadlines" that included a proposed date for submitting tutorials.  It did not require the submission of a tutorial.  As in this District's *UroPep* case, a deadline in a docket control order is not an "invitation" or a requirement to submit a tutorial.  *See UroPep*, 2017 WL 3044594 at *2.

Amazon also cites to the Amended Scheduling Order (Dkt. 100 at 2).  But again, that order set a deadline for submitting tutorials.  It did not "invite" or require the submission of a tutorial.

Finally, Amazon cites to the Order Appointing Technical Advisor (Dkt. 142 at 2) as allegedly requiring the submission of a tutorial.  But that order states that the parties are instructed to provide courtesy copies of their claim construction briefing "as well as technology tutorial materials, ***if any***" to the technical advisor.  Dkt. 142 at 2 (emphasis added).  The plain language of the order makes it clear that the tutorials were permitted – not required or invited.

Contrast this case with the cases cited by Amazon.  In *Fast Memory Erase*, 2010 WL

---

[1]  As explained above, the Fifth Circuit's *J.T. Gibbons* decision is questionable if not overruled in light of the Supreme Court's later decision in *Crawford Fitting*.  The same argument applies to the *Markman* tutorial as applies to Amazon's trial graphics.  A tutorial is not a type of cost listed in § 1920 and thus is it not taxable at all.  *See Crawford Fitting*, 482 U.S. at 445.

5093945, the court stated that it had "invited" technology tutorials.  *Id*. at *6.  When the *Fast Memory* court used the term "invited" to justify costs for a tutorial, it cited to its scheduling order in that case which __*required*__ submission of tutorials.  *See* Ex. 2 at 4.  Unlike the permissive orders in the present case, the *Fast Memory* order stated that "[t]echnology tutorials __*shall be due*__ from both sides seven days prior to the *Markman* hearing date."  *Id*. (emphasis added).  That order __*required*__ the submission of tutorials, and thus, the court was permitted to tax the costs of the tutorial under Fifth Circuit precedent.  This Court's orders did not require the submission of technology tutorials, and thus, this Court did not "invite" submission of tutorials.

Amazon also cites to *Two-Way Media, LLC v. AT&T Services, Inc*., 2013 WL 12090356 (W.D. Tex. Nov. 22, 2013).  But in *Two-Way Media*, unlike here, the non-prevailing party did not dispute that the court had invited tutorials.  *Id*. at *5.  Thus, the court taxed the costs of the tutorial.

*Competitive Techs. v. Fujitsu Ltd*., 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006), is the third case cited by Amazon.  *Competitive Techs*. is a Northern District of California case that is required to follow Ninth Circuit law, not Fifth Circuit law.  But aside from that difference, the court in *Competitive Techs*. stated that the tutorial was "Court-requested."  The term "Court-requested" necessarily implies that the court asked the parties to submit tutorials.  That differs from the present case where there was never a request for tutorials.

Amazon is not entitled to costs for its technology tutorial.

## IV.    TRANSCRIPTS

### A.  Amazon Has Not Demonstrated That Any of Its Depositions Were Necessarily Obtained for Use In the Case

The only deposition costs that are taxable are those that are for printed or electronically recorded transcripts necessarily obtained for use in the case.  See 28 U.S.C. § 1920.  "The costs of a deposition are allowed 'if the taking of the deposition is shown to have been reasonably necessary in the light of the facts known to counsel at the time it was taken.'"  *Halliburton Energy Services, Inc. v. M-I, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. 2007).  If the deposition

merely was used for *discovery*, the costs of the transcript is not taxable.  *See Fogleman*, 920 F.2d at 285 ("If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party.").  Incidental expenses related to the deposition are not taxable.  *See Halliburton*, 244 F.R.D. at 372 ("All incidental expenses related to taking the depositions including, *inter alia,* parking, real time reporting, rough drafts, condensed transcripts, ASCII, expedited delivery, and FEDEX charges are not recoverable.").

The burden is on the party seeking the costs to demonstrate which depositions were necessarily obtained for use in the case rather than for discovery purposes.  *See Fogleman*, 920 F.2d at 286 (denying request to tax deposition costs where prevailing party failed to provide information verifying which depositions "were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel.").  The possibility that a deposition transcript may become necessary later in the case is not sufficient justification for taxing costs of the transcript.  *See Freeny v. Apple Inc*., 2014 WL 6847808, *4 (E.D. Tex. Dec. 4, 2014) ("To be sure, a cautious attorney would no doubt want to have a copy of the Brinkman deposition in the file in the event that it somehow became important at some point in the proceedings.  But an award of costs is not triggered by what a cautious attorney would wish to have in the case file.").  Where there are multiple items included in an invoice, the party seeking costs bears the burden of demonstrating what portion is taxable.  *See Halliburton*, 244 F.R.D. at 372-73 ("The burden is on the party seeking recovery of costs to show what portion of a particular invoice is recoverable.  M-I did not meet that burden with respect to those invoices that are not itemized.  Therefore, the Court will only allow recovery for the basic transcript charge of $3.50 per page for those invoices that are itemized.").

Essentially, Amazon argues that because deposition costs have been recovered in other patent cases, because both parties designated deposition excerpts at the pretrial phase, and because the parties played limited excerpts of a handful of witnesses, Amazon should be entitled to recover the costs of <u>all</u> printed and video transcripts for <u>every</u> witness whose deposition was

taken in the case.  *See* Dkt. 901 at 2-3.  Such a sweeping request is not supported by precedent. The party seeking to recover the costs of transcripts bears the burden of showing which of those were necessarily obtained for use in the case as opposed to those obtained for counsel's convenience or for discovery.  *See Fogleman*, 920 F.2d at 285-286.  Whether the parties designated deposition transcripts, or played or read video excerpts to the jury, is irrelevant to whether the deposition costs were "necessarily obtained for use in the case" because that determination has to be made <u>at the time the deposition was taken</u>.  *Id*. at 285.

Amazon has made no effort to justify why the costs of each of the transcripts was "necessarily obtained for use in the case" at the time the deposition was taken.  *See* Dkt. 901 at 2-3; Dkt. 901-2 at ¶ 2.  There is no justification or explanation whatsoever as to necessity at the time of the deposition.  Yet, such a demonstration is an essential element of taxing those costs. Without that justification, the Court cannot properly tax any of the deposition costs.

Many of the deposition transcript costs Amazon seeks to tax are for transcripts of its own employees.  None of these transcript costs were necessary because Amazon knew at the time those depositions were taken that it could require its employees to appear at trial.  These depositions include those for the following witnesses:  Dean, Zarka, Laevsky, Clark, Matsumoto, Fresko, Blasquez, Aiken, Keith, Yang, Brletich, Allen, and Torok.  The fact that Amazon only brought Mr. Torok to trial does not diminish the fact that, at the time the depositions were taken, Amazon knew it could require each of these witnesses to appear at trial.  Indeed, of all the depositions taken in the case, Amazon only played excerpts from the Tiejun Wang and Timothy Shriver depositions at trial, neither of which were Amazon employees.

The costs of the depositions of its expert witnesses were also not necessarily obtained for use in the case because Amazon intended to bring those witnesses to trial at the time those depositions were taken.  Thus, the costs for the depositions of Ugone, Simonson, and Johnson should not be taxed.

Moreover, Amazon seeks to recover the cost of both the written transcript and the video transcript of depositions where video was used.  This Court has discretion as to how much to tax.

16

Should the Court decide to tax costs of deposition transcripts, there is authority from the Fifth Circuit to decline to tax the cost of both the video and the paper transcripts. *See Eastman Chemical*, 2013 WL 5555373 at *6 ("First, the Court declines to allow Eastman to tax as costs both paper transcripts and video recordings of the same depositions where the videos were not used at trial."). If the Court taxes any deposition transcript costs, the Court should similarly use its discretion to disallow video transcript costs or written transcript costs, whichever is greater.

Additionally, Amazon provides no explanation why certain deposition videos are a fraction of the cost of the printed transcript, whereas other deposition video costs are significantly higher than the printed transcript. For example, the May 2, 2019 Dr. Tiejun Wang printed transcript was $866.70 and the video cost was $2,376.00. Similarly, the January 25, 2020 Stephen Magee printed transcript was $900 and the video cost was $1,905.00. But for the September 18, 2019 deposition of Arlen Dean, the written transcript was $740.35 and the video was $385.00. For the Wang deposition, the video was 2.7 times the cost of the written transcript. For the Magee deposition, the video was 2.1 times the cost of the written transcript. But for the Dean deposition, the video was 0.52 times the written transcript cost, or about one-half the written transcript cost. These wild fluctuations in video costs artificially drive up the amount that Amazon seeks to tax. Also, while at least the Tiejun Wang, Timothy Shriver, Anne Wong, Guang Zheng, Ronald Wang, and Ning Wang depositions were taken jointly by the consolidated defendant group, Amazon provides no explanation as to whether and to what extent it was reimbursed for any of these costs from any of the joint defense group members including, HTC Corporation, Resideo Technologies, Inc. and/or Vector Security, Inc.

Finally, Amazon seeks to tax the costs of the deposition <u>exhibits</u>. Amazon provided a table showing which deposition costs Amazon seeks to tax. *See* Dkt. 901-3 at 2. In that table, Amazon has included three columns that add up to the amount it seeks to tax. Those columns are labeled "Transcript," "Deposition Exhibits," and "Video Fees." *Id*. But Amazon provided no evidence or argument why deposition exhibits are taxable. Indeed, such costs are not taxable. Section 1920(2) explicitly states that "[f]ees for printed or electronically recorded ***transcripts***

necessarily obtained for use in the case" are taxable.  28 U.S.C. § 1920(2) (emphasis added).

Exhibits are not transcripts.  Thus, the exhibits are not taxable and Amazon provides no authority

otherwise.  Moreover, copies of the exhibits are optional and strictly for the convenience of

counsel.  The transcript describes the exhibits so that counsel can locate them later, if desired.

Additionally, for depositions of Amazon's witnesses or third-party witnesses, courtesy copies of

the exhibits were provided to opposing counsel at the deposition.  For depositions Amazon took,

it selected the exhibits, and thus did not need additional copies from the court reporter.

### B.  Amazon Has Not Demonstrated that the Daily Trial Transcripts Were Necessary

Amazon's arguments for taxing daily trial transcripts are that patent cases can be

complex, other courts allow for the recovery of those costs, the parties exchanged objections (for

demonstratives, exhibits, and deposition designations) on a nightly basis, the parties prepared for

cross-examination, and the parties organized rebuttal and impeachment evidence.  But the fact

that patent cases can be complex and that other courts have taxed daily transcript costs does not

provide a basis for taxing those costs *in this case*.  Each case has to be assessed on its own facts.

The fact that the parties exchanged objections on a daily basis does not support taxing the daily

transcript costs. Those objections were for demonstratives or evidence to be presented the next

day.  Those objections were not based on the testimony that had already occurred that day or

earlier in trial.  The daily transcripts were not necessary for the objections.  Only in very limited

circumstances could preparation of cross-examination even plausibly justify the use of daily

transcripts.  Only when a witness is held over from one day to the next could the daily transcripts

be used to prepare cross-examination.  Otherwise, counsel would not have the daily transcript in

hand to use in preparation of cross-examination.  Similarly, Amazon has made no showing of

how "organizing rebuttal and impeachment evidence" would require counsel to order the daily

transcripts for the entire trial.  Innovation does not dispute that counsel frequently order daily

trial transcripts, particularly in patent cases or where there may be a significant amount of

damages at issue.  But that alone does not justify the taxation of those transcript costs.  Amazon

has failed to meet its burden and daily trial transcript costs should not be taxed here.

### C.  Amazon Has Not Demonstrated that the Claim Construction Hearing Transcript Was Necessary

Although Amazon's portion of the claim construction hearing transcript is not large, Amazon did not demonstrate that the transcript was necessarily obtained for use in the case. Amazon and the other consolidated defendants each had multiple lawyers at the claim construction hearing.  The other attorneys were available to make notes to the extent desired.  No party presented witnesses at the claim construction hearing.  The parties only presented attorney argument.  Attorney argument is not evidence and thus *there was no evidentiary value to the claim construction hearing transcript*.  Moreover, the Court issued an 85-page claim construction memorandum opinion and order explaining in detail the Court's analysis of the issues and their resolution.  *See* Dkt. 229.  Other than citations to cases where the cost of the claim construction transcript was taxed, Amazon offers no evidence of why that cost should be taxed in this case.  The Court should decline to tax the hearing transcript cost because Amazon has failed to meet its burden of showing that it is taxable in this case.

## V.    WITNESS FEES

To narrow the issues, Innovation does not dispute that the $1,404.90 in witness fees sought by Amazon can be taxed.

## VI.    CONCLUSION

For the foregoing reasons, and especially considering Innovation's limited financial resources, the discovery misconduct by Amazon, the close and difficult legal issues presented in this case, and Amazon's enormous financial resources, Innovation respectfully requests that the Court use its discretion to decline to tax any amount of costs against Innovation.  Should the Court elect to tax any costs, the Court should tax no more than the witness fees in the amount of $1,404.90.  Amazon has not demonstrated that it is entitled to any of the other categories of costs.  Indeed, many of those categories are not taxable under § 1920 and the cited precedent.

Dated:  April 6, 2021                          Respectfully submitted,

                                               */s/ Donald L. Jackson*
                                               Donald L. Jackson
                                               VA Bar No. 42,882 (Admitted E.D. Tex.)
                                               James D. Berquist
                                               VA Bar No. 42,150 (Admitted E.D. Tex.)
                                               Gregory A. Krauss,
                                               VA Bar No. 84839 (Admitted E.D. Tex.)
                                               Alan A. Wright,
                                               VA Bar No. 46506 (Admitted E.D. Tex.)
                                               Walter D. Davis, Jr.
                                               VA Bar No. 48127 (Admitted E.D. Tex.)
                                               **DAVIDSON BERQUIST JACKSON &**
                                               **GOWDEY LLP**
                                               8300 Greensboro Dr., Suite 500
                                               McLean, Virginia 22102
                                               Tel.: (571) 765-7700
                                               Fax: (571) 765-7200
                                               djackson@davidsonberquist.com
                                               jay.berquist@davidsonberquist.com
                                               gkrauss@davidsonberquist.com
                                               awright@davidsonberquist.com
                                               wdavis@davidsonberquist.com

                                               Roger D. Sanders
                                               J. Michael Young
                                               **SANDERS, MOTLEY, YOUNG, AND**
                                               **GALLARDO, PLLC**
                                               111 S. Travis Street
                                               Sherman, Texas 75090
                                               Tel.: (903) 892-9133
                                               Fax: (903) 892-4302
                                               rsanders@somlaw.net
                                               myoung@somlaw.net

                                               Lisa B. Blue
                                               **BARON & BLUE**
                                               3300 Oak Lawn Ave., 3rd Floor
                                               Dallas, TX 75219
                                               Tel. 214-532-3102
                                               lblue@baronandblue.com

                                               *Attorneys for Plaintiff Innovation Sciences, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


DATED: April 6, 2021                              */s/ Donald L. Jackson*
                                                  Donald L. Jackson