# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br><br>                        Plaintiff,<br>v.<br><br>AMAZON.COM, INC., et al.<br><br>                        Defendants. | Civil Action No. 4:18-cv-00474-ALM<br>(LEAD CONSOLIDATED CASE) |

**AMAZON'S REPLY IN SUPPORT OF MOTION TO TAX COSTS**

Amazon is entitled to recovery of its costs and has discounted its request far below what it incurred to defend this case. Because IS's arguments to the contrary have no merit, as discussed below, Amazon respectfully asks the Court to grant the motion and award the full request.

I. **IS CANNOT OVERCOME THE PRESUMPTION IN FAVOR OF THE PREVAILING PARTY**

Rule 54(d)(1) manifests a strong presumption in favor of awarding costs to the prevailing party. *See Stubblefield v. Suzuki Motor Corp.*, 826 F. App'x 309, 324 (5th Cir. 2020). While the Fifth Circuit has identified several factors for district courts to consider, it has done so "only for the purpose of exposition" and has declined to "decide whether any of these is a sufficient reason to deny costs." *Moore v. CITGO Refining & Chems. Co., L.P.*, 735 F.3d 309, 319 (5th Cir. 2013) (citation and quotations omitted). Indeed, the "prevailing party is *prima facie* entitled to costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). While IS here asks the Court to deny costs recovery entirely, it cannot meet its burden to overcome this presumption in favor of an award. *See id.*; *see also* 10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2668 (4th ed. 2021).

First, IS contends that the Court should deny costs because of the wealth disparity between IS and Amazon. (Opp. at 2, 4.) But this argument invites the Court to commit reversible error. In *Moore*, the Fifth Circuit considered a costs award that the district court had reduced for this same reason—the prevailing defendant had "enormous wealth," and the plaintiff had "limited resources." *Moore*, 735 F.3d at 320. The Circuit held that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Id*. Congress did not intend to create a relative wealth exception to costs recovery; such an exception would be "impermissibly punitive" and would prevent profitable corporations from recovering costs whenever they litigated against smaller corporations or individuals. *Id.* The Cir-

cuit therefore ruled that "the district court erred as a matter of law in relying on CITGO's 'enormous wealth'—or the comparative wealth of the parties—as a basis for reducing the cost award." *Id.* at 319–20.[1]

While the Court may reduce a costs award on a showing of undue hardship, here IS made no such showing. IS provided no financial records, and no witness attested that IS cannot pay an award or even that an award would pose a hardship to IS. IS never sold any products, yet it funded and maintained lawsuits against Amazon and others for over four years, seeking over $100 million from Amazon alone. IS also continues to pay its attorneys, including a costly Texas trial attorney, to pursue this case. IS did submit a declaration from Ms. Wong stating that ████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████, IS failed to substantiate the claim that it cannot pay an award.

Next, IS argues that the Court should deny costs because the case presented "close and difficult legal issues." (Opp. at 3.) IS argues that this is so because the Court conducted a trial

---

[1] IS also insinuates that the Court should consider other judgments and motions pending against IS in deciding whether to award costs here. (*See* Opp. at 3.) Amazon is aware of no authority supporting that proposition and IS cites none. (*Id*.) The fee award against IS in Virginia rests on a finding, affirmed by the Federal Circuit, that IS pursued baseless claims against Amazon. *Innovation Scis., LLC v. Amazon.com, Inc.*, 2021 WL 28216, at *1 (Fed. Cir. Jan. 5, 2021).

rather than rule against IS at summary judgment, and because Amazon presented "aggressive" claim construction positions. But the fact that the case resolved at trial has no bearing on whether to award costs—recovery of trial costs is routine. Moreover, although the Court ruled almost entirely in IS's favor at claim construction, the jury still found that Amazon did not infringe, and both invalidated the asserted patents and found them patent-ineligible. (Dkts. 229 (Claim Constr. Order); 853 (Jury Verdict).) A party's interim success at claim construction is simply insufficient to show a "close and difficult legal issue" to overcome the presumption in favor of awarding costs. *See, e.g.*, *Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12-cv-878-RWS-JDL, 2016 WL 9136171, at *2–3 (E.D. Tex. Oct. 24, 2016).[2]

    Finally, IS contends that the Court should deny costs because Amazon purportedly committed misconduct during fact discovery. (Opp. at 3.) But IS made its case to the Court on this subject in a motion for discovery sanctions and the Court rejected it. (Dkt. 790.) IS bore the burden to show that Amazon acted in bad faith, and the Court held that IS could "not establish this necessary showing." (*Id.* at 4.) IS cites no new evidence. Because IS cannot "credibly allege[] misconduct by [d]efendants," a costs award is proper. *Williams v. Waste Mgmt., Inc.*, No. 3:16-cv-2943-L-BN, 2019 WL 3240751, at *2 (N.D. Tex. May 31, 2019)(awarding costs); *see also Kroy v. IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-cv-00800-WCB, 2015 WL 4776501, at *4 (E.D. Tex. Aug. 13, 2015) (failed motion for sanctions during the case was insufficient grounds to deny costs).

---

[2] IS also argues that its pending motion under Rules 50(b) and 59 should persuade the Court to deny statutory costs to Amazon. (*See* Opp. at 3.) Again, IS provides no authority for this novel argument.

## II. AMAZON IS ENTITLED TO DEPOSITION VIDEO AND TRANSCRIPTION COSTS.

Amazon seeks reimbursement for the cost of only necessary deposition transcripts and video. "[I]t is not required that a deposition actually be introduced in evidence for it to be necessary for a case—as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Stubblefield*, 826 F. App'x at 326 (citing *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999)). Indeed, this Court has observed that arguing deposition costs should be disallowed because the depositions were not used during trial "makes little sense" and encourages parties to "waste . . . the Court's time." *Motio, Inc. v. BSP Software LLC*, No. 4:12-cv-647, 2016 WL 4430452, at *11 (E.D. Tex. Aug. 22, 2016) (Mazzant, J.); *accord SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497-TJW-CE, 2011 WL 4591893, at *2 (E.D. Tex. Sept. 30, 2011) (rejecting related argument that a party may recover the cost of deposition transcripts or electronic video recording, but not both).

Here, IS argues that the requested costs include discovery depositions that could not reasonably be expected to be used during trial. (Opp. at 14-15.) But all the deponents either testified as witnesses at trial, were designated as witnesses that the parties "may call" live at trial, or were designated to testify by deposition. (Compare Dkts. 743-1 & 743-2, 775-3 & 775-6 to Dkt. 901-3.) Indeed, of the thirteen Amazon witnesses, IS *itself* identified twelve in its pretrial disclosures. Of these, IS called one witness live (Torok), six by video deposition (Aiken, Allen, Dean, Keith, Matsumoto, Zarka), and one by reading portions of the deposition transcript (Fresko). Moreover, Amazon's experts relied on the fact witness deposition transcripts to prepare for trial, and both parties used the expert deposition transcripts in briefing and opposing *Daubert* and summary judgment motions. (*See, e.g.*, Dkts. 412, 491, 532, 584 (IS's motion to strike Johnson report); Dkts. 460, 489, 534, 581 (Ugone *Daubert* briefing); Dkts. 459, 488, 533, 582 (Johnson *Daubert* briefing).) Both video and written transcripts were necessary for the same reasons, namely that Amazon

4

reasonably anticipated such transcripts and videos for trial preparations. "The costs are thus taxable." *Cadle Co. v. Keyser*, No. 5:15-cv-217-RP, 2016 WL 5947417, at *3 (W.D. Tex. June 29, 2016) (awarding both video and transcription costs). Amazon has shown that the depositions were necessary, and none of them were solely for discovery.[3]

IS also argues that "incidental expenses" are not recoverable. But Amazon submitted detailed invoices in support of its request, taking care to remove the deposition costs for which recovery is not allowed in this Circuit. (*Compare* Dkt. 901-3 at 2 (eliminating realtime, processing/handling, shipping, expedition, miscellaneous, and ASCII/rough draft fees for each deposition) *with* Opp. at 15.) Finally, IS argues that there are discrepancies among the depositions in the costs per page for transcripts or per hour for video. But the parties used different vendors for depositions during the case, and those vendors in turn charge different rates for the services they offer and may vary those rates depending on the day, or time of day (if a deposition goes late, for example), among other variables. All costs Amazon requested are costs that it legitimately incurred.

### III. AMAZON IS ENTITLED TO ITS COURT TRANSCRIPTION COSTS

#### A. DAILY TRIAL TRANSCRIPTS

IS makes no genuine effort to dispute that daily trial transcripts were necessary to the parties' conduct of the trial, and thus the associated costs are recoverable. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). The trial lasted eight days and the evidence involved complex hardware and software. The parties disagreed about the admissibility of witness testimony, exhibits, and demonstratives. Each trial session began with argument concerning these

---

[3] IS's cited case is inapposite. In *Freeny*, the court denied deposition costs because the deposition was aimed at "assisting the plaintiffs in formulating their discovery requests." *Freeny v. Apple Inc.*, Nos. 2:13–cv–00361–WCB, 2014 WL 6847808, at *4 (E.D. Tex. Dec. 4, 2014).

disputes and other procedural matters. (*See, e.g.*, Dkt. 876, Aug. 28, 2020 A.M. Tr. at 3:4–18:22 (Shriver testimony); Dkt. 867, Aug. 24, 2020 P.M. Tr. at 81:23–120:11; Dkt. 868, Aug. 25, 2020 A.M. Tr. at 3:3–23:16; Dkt. 869, Aug. 25, 2020 P.M. Tr. at 143:21–149:5; Dkt. 870, Aug. 26, 2020 A.M. Tr. at 3:5–5:2; Dkt. 871, Aug. 26, 2020 P.M. Tr. at 3:4–:25, 70:15–77:12, 102:5–110:9; 164:17–168:14).) The Court's rulings on these issues were often recorded only in the transcript (*see, e.g.*, Dkt. 868, Aug. 25, 2020 A.M. Tr. at 104:12–17; Dkt. 871, Aug. 26, 2020 P.M. Tr. at 126:19–127:12). While IS argues that the parties nightly discussed evidence for the *next* day, rather than what had already occurred, the Court's earlier rulings and comments informed those discussions. *See Stubblefield*, 826 F. App'x at 326 (granting daily transcription costs for this reason). Amazon has made the requisite showing and is entitled to these costs.

      **B.**     **Claim Construction Hearing Transcript**

IS does not dispute that courts routinely tax the cost of *Markman* hearing transcripts; it argues that the transcript in this case had no "evidentiary value." (*See* Opp. at 19.) But "necessity" is the test for recovering this cost, not "evidentiary value," and the *Markman* transcript was necessary here. As in other cases in which the district court awarded this cost, this was a complex patent infringement case, with heavy motion practice and almost two weeks of jury trial, *see Two-Way Media, LLC v. AT&T Servs., Inc.*, No. 9-CA-476-OLG, 2013 WL 12090356, at *2 (W.D. Tex. Nov. 22, 2013), and the transcript was necessary for counsel have a full account of the *Markman* proceedings and ultimately to determine whether to seek review of adverse rulings, *see Harris Corp. v. Sanyo N.A. Corp.*, No. 3-98-cv-2712-M, 2002 WL 356755, at *3 (N.D. Tex. Mar. 4, 2002). While IS contends that the Court's claim construction order also serves these purposes, the order does not reflect the full argument presented at the *Markman* hearing. And IS has presented no case in which the district court denied recovery of the transcript cost merely because a claim construction order was also available.

## IV. AMAZON IS ENTITLED TO ITS REQUESTED EXEMPLIFICATION COSTS UNDER FIFTH CIRCUIT LAW.

### A. Trial Exhibits

IS's arguments against excluding all costs for printing trial exhibits fail. First, IS contends that Amazon cannot recover its costs for printing because Amazon lacked advance authorization from the Court. IS relies on *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995), where the court found that an order to exchange exhibits before trial was not a pretrial authorization to print them for trial. *Id*. at 335. Here, the Court expressly directed the parties to print at least two sets of exhibits for the trial. (See, e.g., Dkt. 717 at 6 ("Copies of exhibits which will be handed to witnesses should be placed in a three-ring binder, with an additional copy for the Court.") Amazon requests reimbursement for these sets, as well as a set of IS's designated exhibits used at counsel table. Should the Court disagree that this set was necessary or authorized, it should reduce the award by $4,011.77 to account for this set.

Second, IS argues that the request is excessive because Amazon over-designated its exhibits. But both parties designated more exhibits for trial than they used—IS itself designated more than 600 exhibits. "No party is required to be clairvoyant for its costs to be necessary and reasonable." *Core Wireless*, 2020 WL 1557492 at *4 (citing *Smartflash LLC v. Apple, Inc.*, No. 6:13-cv-477-JRG, Dkt. 668 at 8–9 (E.D. Tex. Dec. 20, 2018)). Amazon faced a demand of over $100 million and took care to list the exhibits it might need during trial. Third, IS argues that the paper copies were unnecessary because only a subset went into the jury room and because the parties presented exhibits to the jury electronically. But the Court, attorneys, and witnesses, all used the paper copies during trial. Finally, IS complains that Amazon did not "quantify" the number of pages the Court admitted into evidence. But recoverable costs are not limited to just the admitted exhibits, and a party need not "identify every xerox copy made for use in the course of legal proceedings" to obtain an award. *Fogleman*, 920 F.2d at 286. Amazon provided invoices supporting

the costs it incurred for each exhibit set. (See Dkt. 901-6.) Amazon has met its burden.

### B. Trial and *Markman* Graphics

IS objects to Amazon's exemplification costs related to its trial and *Markman* graphics on two primary grounds: (1) that such costs are not set out by name as recoverable in section 1920; and (2) that Amazon did not obtain prior authorization from the Court. Both arguments fail.

First, graphics costs are recoverable under section 1920(4). The Fifth Circuit has acknowledged that courts may interpret the phrases used in the costs statute in light of modern trial practices. *See W. Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1237–38 (5th Cir. 1988). While courts are admittedly split on the issue, courts in this district, including this Court, have continued to interpret "exemplification" as including the graphics costs that Amazon has requested. *See, e.g.*, *Morales v. Safeway, Inc.*, No. 4:17-cv-825, 2020 WL 1190126, at *3 (E.D. Tex. Mar. 12, 2020) (Mazzant, J.) (awarding "video editing fees . . . incurred in preparation for trial" under § 1920(4)); *Core Wireless*, 2020 WL 1557492, at *4 (granting "graphics and exemplification costs" including "demonstrative slides" in a case with "complex legal issues . . . concern[ing] multiple patents"); *SynQor*, 2011 WL 4591893, at *3 (awarding costs for "audio and visual professional services," and rejecting request to exclude from the award "time spent preparing for trial"); *see also Motio*, 2016 WL 4430452 (E.D. Tex. Aug. 22, 2016) (Mazzant, J.); *Two-Way Media*, 2013 WL 120903356, at *5–6; *Eolas Techs., Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 808 (E.D. Tex. 2012).

Second, IS's argument that Amazon did not receive advance authorization to use graphics presentations also fails, as to both the trial and *Markman* presentations. The Court entered the parties' agreed pretrial order that called for the use and exchange of demonstratives. (*See* Dkt. 803 ("JFPO") at 11.) Given the complex subject matter, both parties used powerpoint presentations at trial, particularly as an aid to the jury to understand expert testimony, but also for opening and

closing statements, and direct examination of fact witnesses. This is sufficient. *See Core Wireless*, 2020 WL 1557492, at *4; *Motio*, 2016 WL 4430452.

As for the *Markman* presentation, the Court's scheduling order directed the parties to "Submit technology synopsis (both hard copy and disk)." The *Two-Way Media* court held on similar facts that it had invited both parties to submit tutorials in advance of the *Markman* hearing and that was "tantamount to pretrial approval." *Two-Way Media*, 2013 WL 12090356 at *6 (awarding graphics consultant costs). *Id.* at 5. Moreover, in *Fast Memory Erase*, the court rejected any argument that the costs related to tutorials were "extravagant" or "unnecessary" given that the court found them helpful in understanding the technology at issue. *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *6 (N.D. Tex. Nov. 10, 2010). This Court is clearly in the best position to decide its own intent in directing the parties to submit tutorials and whether it found those tutorials useful. But Amazon respectfully submits that it understood them to be required, and the record indicates they were indeed helpful. *See, e.g.*, Dkt. 248, Aug. 28, 2019 Hrg. Tr. at 40:17–21; 117:3–118:21.[4]

## V. CONCLUSION

For these reasons, Amazon requests that the Court grant Amazon's motion and tax the amounts in Amazon's bill of costs against IS.

---

[4] In the case IS cites, the docket control order provided a date by which the parties *could* submit tutorials "(if any)." *Erfindergemeinschaft UroPep GbR v. Lilly & Co.*, No. 2:15-cv-1202-WCB, 2017 WL 3044594, at *2 (E.D. Tex. July 18, 2017.) That was not the case here, where the Court's scheduling order instructed the parties to "Submit technology synopsis (both hard copy and disk)."

April 20, 2021                                        Respectfully submitted,

                                                                       By: */s/ Eric B. Young*

    J. David Hadden
    CA Bar No. 176148 (Admitted E.D. Tex.)
    Email: dhadden@fenwick.com
    Saina S. Shamilov
    CA Bar No. 215636 (Admitted E.D. Tex.)
    Email: sshamilov@fenwick.com
    Ravi R. Ranganath
    CA Bar No. 272981 (Admitted E.D. Tex.)
    Email: rranganath@fenwick.com
    FENWICK & WEST LLP
    801 California Street
    Mountain View, CA 94041
    Telephone: (650) 988-8500
    Facsimile: (650) 938-5200

    Todd R. Gregorian
    CA Bar No. 236096 (Admitted E.D. Tex.)
    Email: tgregorian@fenwick.com
    Dargaye Churnet
    CA Bar No. 303659 (Admitted E.D. Tex.)
    Email: dchurnet@fenwick.com
    Eric B. Young
    CA Bar No. (318754) (Admitted E.D. Tex.)
    eyoung@fenwick.com
    FENWICK & WEST LLP
    555 California Street, 12th Floor
    San Francisco, CA 94104
    Telephone: 415.875.2300
    Facsimile:  415.281.1350

    Jeffrey Ware
    CA Bar No. 271603 (Admitted E.D. Tex.)
    Email: jware@fenwick.com
    FENWICK & WEST LLP
    1191 Second Avenue, 10h Floor
    Seattle, WA 98101
    Telephone: 206.389.4510
    Facsimile:  206.389.4511

    *Counsel for Defendants*
    AMAZON.COM, INC.,
    AND AMAZON WEB SERVICES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 20, 2021.

*/s/ Eric B. Young*
Eric B. Young