**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC, | |
| Plaintiff, | Civil Action No.4:18-cv-00474-ALM |
| v. | |
| AMAZON.COM, INC., ET AL., | JURY TRIAL DEMANDED |
| Defendants. | |

**INNOVATION'S SURREPLY TO AMAZON'S MOTION TO TAX COSTS**

## <u>TABLE OF CONTENTS</u>

I.      Introduction ................................................................................................................... 1

II.     Amazon is Not Entitled to Any Amount of Costs ......................................................... 1

III.    Amazon's Alleged Exemplification Costs Are Not Taxable .......................................... 2

        A.      Printing Trial Exhibits .................................................................................... 2

        B.      Trial and *Markman* Graphics ......................................................................... 3

IV.     Transcripts ..................................................................................................................... 4

        A.      Amazon Has Not Demonstrated That The Depositions Were Necessary ............... 4

        B.      Amazon Has Not Demonstrated that the Daily Trial Transcripts Were
                Necessary ....................................................................................................... 5

        C.      Amazon Has Not Demonstrated that the *Markman* Transcript Was
                Necessary ....................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Automation Middleware Solutions, Inc. v. Invensys Systems, Inc.*,
2018 WL 11229935 (E.D. Tex. Mar. 19, 2018) ................................................................ 2

*Coats v. Penrod Drilling Corp.*,
5 F.3d 877 (5th Cir. 1993) ................................................................................................ 3

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*,
482 U.S. 437 (1987) ......................................................................................................... 1

*Efrindergemeinschaft UroPep GbR v. Eli Lilly and Co.*,
2017 WL 3044594 (E.D. Tex. Jul. 18, 2017) ................................................................... 3

*Finisar Corp. v. DirecTV Group, Inc.*,
2006 WL 2699732 (E.D. Tex. Aug. 4, 2006) ................................................................... 4

*Fogleman v. ARAMCO*,
920 F.2d 278 (5th Cir. 1991) ........................................................................................... 4

*Freeny v. Apple Inc.*,
2014 WL 6847808 (E.D. Tex. Dec. 4, 2014) ................................................................... 4

*Halliburton Energy Services, Inc. v. M-I, LLC*,
244 F.R.D. 369 (E.D. Tex. 2007) .................................................................................. 4, 5

*Harris Corp. v. Sanyo N.A. Corp.*,
2002 WL 356755 (N.D. Tex. Mar. 4, 2002) ..................................................................... 5

*Kohus v. Toys 'R' Us, Inc.*,
282 F.3d 1355 (Fed. Cir. 2002) ....................................................................................... 4

*Louisiana Power & Light Co. v. Kellstrom*,
50 F.3d 319 (5th Cir. 1995) ............................................................................................. 2

*Mobile Telecomms Techs, LLC v. Samsung Telecomms America, LLC*,
2015 WL 5719123 (E.D. Tex. Sep. 28, 2015) ................................................................. 3

*Morales v. Safeway, Inc.*,
2020 WL 1190126 (E.D. Tex. Mar. 12, 2020) ................................................................. 3

*Pacheco v. Mineta*,
448 F.3d 783 (5th Cir. 2006) ........................................................................................... 1

*Rimini Street, Inc. v. Oracle USA, Inc.*,
139 S. Ct. 873 (2019) ............................................................................................... 1, 3, 4

*Summit Tech., Inc. v. Nidek Co.*,
435 F.3d 1371 (Fed. Cir. 2006) ....................................................................................... 4

*Syncor, Inc. v. Artesyn Techs., Inc.*,
2011 WL 4591893 (E.D. Tex. Sep. 30, 2011) ................................................................. 4

*W. Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*,

834 F.2d 1232 (5th Cir. 1988) ............................................................................ 3

**Statutes**

28 U.S.C. § 1920(4) ........................................................................................... 2

28 U.S.C. §§ 1821, 1920 .................................................................................... 1

**Other Authorities**

10 James Wm. Moore, *Moore's Federal Practice* ¶ 54.103[3][d] (3d ed. 2017) .......................... 3

## I.   INTRODUCTION

Absent express statutory authorization to the contrary, a court has no authority to award costs that are not explicitly included in the six categories identified in the general costs statute, *i.e*., 28 U.S.C. §§ 1821, 1920.  *See Rimini Street, Inc. v. Oracle USA, Inc*., 139 S. Ct. 873, 877 (2019) ("But absent such express [Congressional] authority, courts may not award litigation expenses that are not specified in §§ 1821 and 1920.").  Congress has not enlarged the scope of awardable costs in patent cases.  Thus, Amazon, who bears the burden of demonstrating that its costs are recoverable under controlling precedent, cannot be awarded costs beyond the six categories enumerated in § 1920.  Moreover, as to even the statutorily authorized costs, an award of costs is discretionary.  *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) ("[Section 1920] is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.").

## II.   AMAZON IS NOT ENTITLED TO ANY AMOUNT OF COSTS

Two separate factors for a complete denial of costs under *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006), are (1) the losing party's limited financial resources; and (2) the prevailing party's enormous financial resources."  *Id*.  Innovation submitted evidence that it has limited, present-day financial resources and Amazon has not rebutted that evidence.  *See* Dkt. 915.  Separately, Amazon could not and did not contest the fact that it has enormous financial resources.  *See* Dkt. 924 at 1-2.  Innovation did not argue "wealth disparity," but instead separately argued Innovation's limited resources, and secondly, Amazon's enormous resources.

Innovation argued that the case presented "close and difficult legal issues" not just because the trial occurred, but also because the underlying evidence shows that many, if not all, issues should be resolved in Innovation's favor pursuant to Federal Rule of Civil Procedure 50(b).  Amazon continues to falsely assert that the jury found Innovation's asserted claims patent ineligible.  *See* Dkt. 924 at 3.  The jury was only asked to determine if elements of the claims were well-known, routine, and conventional.  Amazon presented no evidence regarding whether the claims were directed to an abstract idea, what the abstract idea was, and if the claims

1

transformed into a patent eligible application.  *See* Dkt. 908 at 21-25.

No costs should be awarded due to Amazon's litigation misconduct.  Amazon does not dispute the facts contained in Innovation's Motion for Sanctions (Dkt. 335).  Yet, Amazon's conduct described in that motion is what constitutes the litigation misconduct relied upon here. Amazon argues that since the Court did not grant that motion, Amazon is absolved from its misconduct.  The Court merely found that Innovation had failed to establish Amazon's bad faith. Dkt. 790 at 3.  The Court did not find that Amazon's conduct was appropriate.

## III.    AMAZON'S ALLEGED EXEMPLIFICATION COSTS ARE NOT TAXABLE

### A.  Printing Trial Exhibits

"Absent pretrial approval of the exhibits, however, a party may not later request taxation of the production costs to its opponent."  *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995).  Requiring exhibits to be "exchanged prior to trial in accordance with this order" is not prior permission.  *Id*.  This Court did not authorize production of trial exhibits.

Amazon argues that the Court did authorize production of exhibit copies.  Dkt. 924 at 7. Amazon relies on a portion of the Seventh Amended Scheduling Order which states that "[c]opies of exhibits that will be handed to witnesses should be placed in a three-ring binder, with an additional copy for the court."  Dkt. 717 at 6.  By its literal terms, that order only applied to the exhibits that "will be handed to witnesses."  It did not authorize wholesale production of full exhibit sets.  Even assuming that Amazon should be awarded costs of the exhibits "handed to witnesses," very few of Amazon's exhibits were used at trial.  Amazon made no attempt to quantify that subset of copies.  Thus, no costs should be awarded for trial exhibits.

Amazon's opening and reply briefs make no attempt to demonstrate that the copies were "necessarily obtained for use in the case."  *See* 28 U.S.C. § 1920(4).  Merely stating that copies were necessary is not enough.  A party must provide additional information to demonstrate that the charges are for necessary items.  *See Automation Middleware*, 2018 WL 11229935 at *2. Amazon merely makes the entirely unsupported statement that the Court, attorneys, and witnesses all used paper copies during trial.  Dkt. 924 at 7.  But if the use of copies is for

convenience and not necessity, the copies were not "necessarily obtained for use in the case."

### B.  Trial and *Markman* Graphics

A district court has no discretion to award costs not expressly listed in § 1920.  *See Rimini Street*, 139 S. Ct. at 877.  Consistent with Fifth Circuit precedent, courts in this district define "exemplification" narrowly as "[a]n official transcript of a public record, authenticated as a true copy for use as evidence."  *Mobile Telecomms Techs, LLC v. Samsung Telecomms America, LLC*, 2015 WL 5719123, *2 (E.D. Tex. Sep. 28, 2015) (*citing* Black's Law Dictionary at 653 (9th ed. 2009)).  Fees for trial graphics are not a cost listed in § 1920 that can be taxed. *See Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (affirming denial of costs for demonstratives used at trial because such costs are not included in § 1920); *UroPep*, 2017 WL 3044594 at *3 ("Under no plausible interpretation does a video technology tutorial qualify as an 'exemplification' within the meaning of section 1920(4).").

Amazon's reliance on *W. Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1237-38 (5th Cir. 1988) as support for the proposition that courts may interpret phrases in the cost statute in light of modern trial practice (Dkt. 924 at 8) is misplaced.  The cited portion merely stands for the proposition that deposition transcripts necessarily obtained for use in the case can be taxed.  *W. Wind*, 834 F.3d at 1237-38.  Moreover, to the extent that *West Wind* could be interpreted in the manner suggested by Amazon, it has been overruled by the Supreme Court's decision in *Rimini Street*.  *See Rimini Street*, 139 S. Ct. at 877.

Amazon cites *Morales v. Safeway, Inc.*, 2020 WL 1190126 (E.D. Tex. Mar. 12, 2020) (J. Mazzant), for the proposition that graphics costs are recoverable.  But respectfully, the definition of "exemplification" does not include trial or hearing graphics.  *See Mobile Telecomms*, 2015 WL 5719123 at *2; *Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*, 2017 WL 3044594, *2 (E.D. Tex. Jul. 18, 2017) ("a video exhibit or a physical model may not qualify as an 'exemplification' if it is essentially explanatory and argumentative, serving merely as an aid to the argument of counsel and the explanations of expert witnesses.") (quoting 10 James Wm. Moore, *Moore's Federal Practice* ¶ 54.103[3][d], at 54-203 (3d ed. 2017); *Summit Tech., Inc. v.*

3

*Nidek Co*., 435 F.3d 1371, 1374-78 (Fed. Cir. 2006) (denying an award of costs for the fee of a consultant who assisted counsel in preparing trial exhibits, including computer animations, videos, PowerPoint presentations and graphic illustrations); *Kohus v. Toys 'R' Us, Inc*., 282 F.3d 1355, 1359 (Fed. Cir. 2002) (denying an award of costs for a video animation used at trial).

Amazon also cites *Syncor, Inc. v. Artesyn Techs., Inc*., 2011 WL 4591893, * (E.D. Tex. Sep. 30, 2011), for the proposition that audio and visual professional services are taxable.  Dkt. 924 at 8.  But *Syncor* relied on the decision in *Finisar Corp. v. DirecTV Group, Inc*., 2006 WL 2699732 (E.D. Tex. Aug. 4, 2006), for that proposition.  *Finisar* was distinguished in Innovation's Opposition Brief.  *See* Dkt. 914 at 10-11.  Moreover, *Finisar* is now definitively overruled by the Supreme Court's decision in *Rimini Street*.  *See Rimini Street*, 139 S. Ct. at 877.

Innovation's Opposition distinguished the other cases relied upon by Amazon and for brevity will not be repeated here.  *See* Dkt. 914 at 8-12.

## IV.   TRANSCRIPTS

### A.  Amazon Has Not Demonstrated That The Depositions Were Necessary

Amazon has not demonstrated that any of the deposition costs were necessarily obtained for use in the case.  *See* 28 U.S.C. § 1920.  "The costs of a deposition are allowed 'if the taking of the deposition is shown to have been reasonably necessary in the light of the facts known to counsel at the time it was taken.'"  *Halliburton Energy Services, Inc. v. M-I, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. 2007).  If the deposition merely was used for *discovery*, the costs of the transcript is <u>not</u> taxable.  *See Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).  The possibility that a deposition transcript may become necessary later in the case is not sufficient justification for taxing costs of the transcript.  *See Freeny v. Apple Inc*., 2014 WL 6847808, *4 (E.D. Tex. Dec. 4, 2014).

Amazon has not shown that the deposition costs were deemed to be necessarily obtained for use in the case *<u>at the time the expenses were incurred</u>*.  *See Halliburton*, 244 F.R.D. at 371. Instead, Amazon focuses on what happened leading up to, and during, trial.  *See* Dkt. 924 at 4-5. Whether transcripts were designated in the final pretrial order or played during trial is irrelevant

4

to whether the depositions were "reasonably necessary in the light of the facts known to counsel *at the time it was taken*." *See Halliburton*, 244 F.R.D. at 371 (emphasis added).  Moreover, Amazon cannot meet the required standard because many of the deposition transcript costs seeks are for transcripts of its own employees and experts.  Amazon's ability to call these witnesses at trial precludes taxing these deposition expenses.[1]

### B.  Amazon Has Not Demonstrated that the Daily Trial Transcripts Were Necessary

Amazon makes no real attempt to justify the need for ordering daily transcripts.  Instead, it waves its hands and refers to the fact that trial lasted eight days, and the technology was complex.  But those conclusory generalities do not supplant the need to demonstrate the need for the transcripts.  At most, the daily transcripts were for the convenience of counsel in case they were needed.  Amazon provides no specific example where an earlier trial transcript was necessary for a later event.  Instead, Amazon provides cites to argument concerning the admissibility of evidence.  But Amazon identified none where the earlier transcript was necessary.  *See* Dkt. 924 at 5-6.

### C.  Amazon Has Not Demonstrated that the *Markman* Transcript Was Necessary

Again, Amazon identifies no example of where the claim construction hearing transcript was necessary for use in the case.  *See* Dkt. 924 at 6.  Amazon contends that the attorney argument at the hearing was relevant but presents not one single example of how that transcript was actually used at trial.  Amazon argues only that the transcript was necessary to the evaluation of a possible appeal, but *Markman* orders are not subject to interlocutory appeal and any post-trial appeal would be based on the claim constructions adopted, not hearing arguments. In *Harris Corp. v. Sanyo N.A. Corp.*, 2002 WL 356755, *3 (N.D. Tex. Mar. 4, 2002), cited by Amazon, the court taxed the *Markman* transcript without explaining why that transcript, and not the claim construction order, were necessary for counsel to determine if review was necessary. *Id*.  Here, the claim construction order is the only thing that can be reviewed on appeal.

---

[1]   Amazon makes no mention of why it is trying to tax the costs of deposition exhibits.

Dated:  April 28, 2021                           Respectfully submitted,

                                                 */s/ Donald L. Jackson*
                                                 Donald L. Jackson
                                                 VA Bar No. 42,882 (Admitted E.D. Tex.)
                                                 James D. Berquist
                                                 VA Bar No. 42,150 (Admitted E.D. Tex.)
                                                 Gregory A. Krauss,
                                                 VA Bar No. 84839 (Admitted E.D. Tex.)
                                                 Alan A. Wright,
                                                 VA Bar No. 46506 (Admitted E.D. Tex.)
                                                 Walter D. Davis, Jr.
                                                 VA Bar No. 48127 (Admitted E.D. Tex.)
                                                 **DAVIDSON BERQUIST JACKSON &
                                                 GOWDEY LLP**
                                                 8300 Greensboro Dr., Suite 500
                                                 McLean, Virginia 22102
                                                 Tel.: (571) 765-7700
                                                 Fax: (571) 765-7200
                                                 djackson@davidsonberquist.com
                                                 jay.berquist@davidsonberquist.com
                                                 gkrauss@davidsonberquist.com
                                                 awright@davidsonberquist.com
                                                 wdavis@davidsonberquist.com

                                                 Roger D. Sanders
                                                 J. Michael Young
                                                 **SANDERS, MOTLEY, YOUNG, AND
                                                 GALLARDO, PLLC**
                                                 111 S. Travis Street
                                                 Sherman, Texas 75090
                                                 Tel.: (903) 892-9133
                                                 Fax: (903) 892-4302
                                                 rsanders@somlaw.net
                                                 myoung@somlaw.net

                                                 Lisa B. Blue
                                                 **BARON & BLUE**
                                                 3300 Oak Lawn Ave., 3rd Floor
                                                 Dallas, TX 75219
                                                 Tel. 214-532-3102
                                                 lblue@baronandblue.com

                                                 *Attorneys for Plaintiff Innovation Sciences, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


DATED: April 28, 2021                    */s/ Donald L. Jackson*
                                          Donald L. Jackson