# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| INNOVATION SCIENCES, LLC, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-474 |
| | § | Judge Mazzant |
| AMAZON.COM, INC., et al | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Tax Costs (Dkt. #901). Having considered the Motion, the Court finds it should be **GRANTED in part**.

## BACKGROUND

This is a patent infringement suit brought by Innovation Sciences, LLC ("Innovation") against Amazon.com, Inc., Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services, LLC, Amazon Web Services, Inc., and Amazon Fulfillment Services, Inc. (collectively, "Amazon") (Dkt. #79 at p. 1). The patent infringement allegations include the '798 Patent Family, including U.S. Patent Nos. 9,942,798 ("the '798 Patent"), 9,912,983 ("the '983 Patent"), and U.S. Patent No. 9,729,918 ("the '918 Patent") (collectively, the "Asserted Patents") (Dkt. #79).

It was a long journey to bring this case to trial. On September 2, 2020, after an eight-day trial, the jury returned a defense verdict. The jury found no patent infringement; the asserted claims invalid; and the asserted claims involved only technology which a person of ordinary skill in the art would have considered to be well-understood, routine, and conventional as of August 10, 2006.

After this verdict, the Court asked the parties to submit a joint final judgment. After several months, the parties continued to disagree about how, if at all, the Court should enter judgment on patent eligibility, which defendants should be named, and court costs. After receiving full briefing,

the Court entered final judgment on February 26, 2021 (Dkt. #897). The Order stated, "Amazon is the prevailing party in this case and shall recover its costs from Innovation Sciences according to Federal Rule of Civil Procedure 54(d)(1), Local Rule CV-54, and 28 U.S.C. § 1920." (Dkt. #897 at p. 2).

On March 9, 2021, Amazon filed its Motion to Tax Costs and requested $220,860.22 in taxable costs (Dkt. #901). On April 6, 2021, Innovation responded and argued that Amazon is not entitled to any costs (Dkt. #914). On April 20, 2021, Amazon replied (Dkt. #924). On April 28, 2021, Innovation filed its Sur-Reply (Dkt. #934).

## LEGAL STANDARD

"Unless a federal statute, the [Federal Rules], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Rule 54(d)(1) contains a presumption that the prevailing party will be awarded costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006); *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). The Fifth Circuit has held that "the prevailing party is prima facie entitled to costs," and has described the denial of costs as "in the nature of a penalty." *Pacheco*, 448 F.3d at 794. Therefore, the Court's general discretion provided by Rule 54(d)(1) has been qualified "by the judicially-created condition that a court 'may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so.'" *Pacheco*, 448 F.3d at 794 (quoting *Schwarz*, 767 F.2d at 131).

The Fifth Circuit provided examples, "only for the purpose of exposition," of when a court may deny a prevailing party costs. *Id.* at 794 n.18. These include "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues

2

presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* at 794.

However, the Fifth Circuit has since clarified that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013).

## ANALYSIS

As the prevailing party, Amazon is prima facie entitled to costs under Rule 54(d)(1). *Pacheco*, 448 F.3d at 793. Innovation argues Amazon is not entitled to any costs because the case involves several of the examples listed in *Pacheco*. *See id.* at 794. Alternatively, Innovation argues that Amazon is not entitled to exemplification or transcript costs. After considering each argument, the Court finds that Amazon is entitled to $216,848.45 in costs.

**I.     Amazon's Entitlement to Any Costs**

Amazon seeks $220,860.22 in taxable costs. Innovation argues Amazon is not entitled to any costs at all because of *Pacheco*. *See id.* Upon review, the Court is unpersuaded by Innovation's arguments.

First, Innovation argues costs should be denied because of the parties' disparate financial resources, as suggested in *Pacheco*. *See id* (explaining that a "wide range of reasons have been invoked to justify withholding costs from the prevailing party," like "the losing party's limited financial resources," and "the prevailing party's enormous financial resources"). In *Pacheco*, the Fifth Circuit indicated "[t]hese reasons are enumerated only for the purpose of exposition. We do not decide whether any of these is a sufficient reason to deny costs." *Id.* at n.18.

The Fifth Circuit has since expressly rejected Innovation's argument. *Moore*, 735 F.3d at 320. In *Moore*, the Fifth Circuit reversed a district court's denial of costs where the district court

determined that the plaintiffs had good faith and limited resources, in contrast to the defendant's "enormous wealth." *Id.* The district court relied only on *Pacheco*'s descriptive list, just as Innovation urges the Court to do now. *See id.* (citing *Pacheco*, 448 F.3d at 794). The Fifth Circuit reversed and awarded costs because "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Id.* Now, Innovation asks the Court to commit this same error and reduce Amazon's cost award based on its "enormous resources." (Dkt. #934 at p. 5). Innovation does not distinguish *Moore* in its Sur-Reply (*See* Dkt. #934). Applying *Moore*, the Court finds it would be improper to reduce Amazon's cost award based on its enormous wealth.

Second, Innovation argues costs should be denied because the case presented "close and difficult legal issues." In support, Innovation argues the case was not resolved pretrial, but by that logic, costs should never be awarded if a case goes to trial. Even so, the jury found against Innovation on every asserted claim, on at least three independent grounds, within four hours of deliberation (*See* Dkt. #886 at 207:20-209:25). Innovation also points to Amazon's "aggressive approach to claim construction," to show that the case was close (Dkt. #914 at p. 8). It is true that Innovation primarily prevailed at claim construction. But it is not enough that the Court adopted Innovation's claim constructions. *See Motion Games, LLC v. Nintendo Co., Ltd.*, 6:12-cv-878-RWS-JDL, 2016 WL 9136171, at *3 (E.D. Tex. Oct. 24, 2016), report and recommendation adopted, 6:12-CV-878-RWS-JDL, 2017 WL 2615436 (E.D. Tex. Jan. 4, 2017) (awarding costs even where court adopted losing party's construction). This is not enough to rebut the "strong presumption" of an award of costs. *See id.*

Third, Innovation argues costs should be denied because Amazon engaged in misconduct during discovery. The Court considered these arguments in an earlier motion for discovery

sanctions (*See* Dkt. #335). Innovation cites no new evidence. The Court denied that motion and for the same reasons is unpersuaded now (*See* Dkt. #790).

The Court finds that Amazon is entitled to costs and turns to Innovation's specific objections.

## II. Amazon's Entitlement to Exemplification Costs

Amazon seeks reimbursement for costs printing trial exhibits, graphics, and *Markman* presentation materials. Under 28 U.S.C. § 1920(4), a prevailing party may recover "[f]ees for exemplification and copies of paper necessarily obtained for use in the case." Innovation disputes these costs were necessary. Upon review, the Court finds that Amazon is entitled to partial reimbursement for its trial exhibits and full reimbursement for its graphics and *Markman* materials.

### a. Trial Exhibits

The parties dispute whether Amazon is entitled to $29,710.62 in costs for trial exhibits. The Court finds that Amazon is entitled to all but $4,011.77 worth of costs.

The Fifth Circuit has held that a party must obtain pretrial authorization for trial exhibits to recover those costs. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995). Many trial courts in the Fifth Circuit have continued requiring a party to obtain pretrial approval to later recover costs for producing trial exhibits and demonstratives. *See, e.g.*, *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3:10-cv-0481-M-BD, 2010 WL 5093945, at *6 (N.D. Tex. Nov. 10, 2010) ("In the Fifth Circuit, expenses for the production of various types of non-testimonial evidence—such as photographs, maps, charts, graphs, and other demonstrative aids—are taxable as costs provided the prevailing party obtained court approval before incurring the expense."); *Taylor v. Seton Healthcare*, No. A-10-cv-650 AWA, 2012 WL 2396876, at *4 (W.D. Tex. June 22, 2012) ("[Defendant] did not seek pretrial approval of these exhibits. Accordingly, the Court

finds these costs should not be taxed."); *but see SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497-TJW-CE, 2011 WL 4591893, at *3 (E.D. Tex. Sept. 30, 2011) (awarding the prevailing party 75% of the trial audio and visual professional services fees, without explicit pretrial approval from the court, where the court found that use of technology during trial "is an anticipated, useful, and necessary tool to assist in the efficient presentation of cases").

Innovation argues the Court did not provide pretrial authorization for trial exhibits and so costs should be denied. But the Court directed the parties to print at least two sets of exhibits for the trial in its scheduling orders (*See* Dkt. #717 at p. 6 ("Copies of exhibits which will be handed to witnesses should be placed in a three-ring binder, with an additional copy for the Court.")). Still, Amazon requests reimbursement for three sets of exhibits—one for the witness, one for the Court, and a third set of Innovation's exhibits to be used at counsel's table.

This third set of exhibits was not authorized, nor does Amazon sufficiently justify it as necessary. The prevailing party must show that the cost was necessary to litigate the case. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). While the prevailing party need not "identify every xerox copy made for use in the course of the legal proceedings" when seeking costs, the Court does "require some demonstration that the reproduction costs necessarily result from the litigation." *Fogelman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). Here, Amazon printed a copy of Innovation's exhibits for use at counsel's table at trial. Amazon does not explain why these exhibits were necessary for trial, "rather than obtained simply for the convenience of counsel." *See id.* The Court therefore excludes $4,011.77 to account for this third set (*See* Dkt. #924).

### b. Graphics

The parties dispute whether Amazon is entitled to $76,137.08 in costs for trial graphics. This Court has held that Section 1920(4) "includes graphics support and demonstratives and exhibits for trial." *Morales v. Safeway Inc*., 4:17-CV-825, 2020 WL 1190126, at *2 (E.D. Tex. Mar. 12, 2020) (citing 28 U.S.C. § 1920; *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 808 (E.D. Tex. 2012)). These costs must have been "necessarily obtained for use in the case." *Id.* (citing 28 U.S.C. § 1920(4)).

The Court is persuaded that Amazon's graphics costs were necessary and reasonable. Many courts have taxed trial technology in similarly complicated cases. *See, e.g.*, *id.* (awarding costs for editing video to be "slightly easier" to view at trial); *Versata Software, Inc. v. SAP am., Inc*., No. 2:07–CV–153 CE, 2011 WL 4436283, at *2 (E.D. Tex. Sept. 23, 2011) (noting that when court required parties to present evidence at trial in a streamlined, orderly and efficient manner, the use of technology at trial may be taxed as a cost as long as it is anticipated, useful, and a necessary tool to assist in the efficient presentation of cases); *Finisar Corp. v. DIRECTV Group, Inc*., No. 1:05–cv–264, 2006 WL 2699732, at *2 (E.D. Tex. Aug. 4, 2006) ("From the beginning the court stressed to all parties that they needed to agree upon an efficient method to present the case. Both sides used professional trial technicians to present nearly every aspect of the case. The court deems the technology used at this trial necessary and reasonable.").

Here, too, Amazon's graphics costs are reasonable "in light of the complex issues presented in this case that concerned multiple patents." *Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, 2:14-cv-912-JRG, 2020 WL 1557492, at *4 (E.D. Tex. Apr. 1, 2020). The fact that Amazon "prepared more slides than it used . . . in no way affects whether those costs are taxable. No party

is required to be clairvoyant for its costs to be necessary and reasonable." *Id.* Amazon is therefore entitled to its trial graphics costs.

### c. *Markman* Presentation Materials

The parties dispute whether Amazon is entitled to $50,262.11 in costs for *Markman* graphics and exhibits. Like the trial exhibits, the Court authorized *Markman* graphics and exhibits when it ordered the parties to "[s]ubmit technology synopsis (both hard copy and disk)" for the *Markman* hearing (Dkt. #100 at p. 2). This is "tantamount to pretrial approval." *Two–Way Media, LLC v. AT&T Services, Inc.*, SA-09-CA-00476-OLG, 2013 WL 12090356, at *6 (W.D. Tex. Nov. 22, 2013) (where district court "invited the submission of tutorials in connection with the *Markman* hearing in this case through an order"). As such, the Court finds that Amazon's *Markman* costs are taxable.

### III. Amazon's Entitlement to Transcription Costs

Amazon seeks reimbursement of its transcription costs. A prevailing party may recover the costs of "printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Innovation disputes these costs are necessary. Upon review, the Court finds that Amazon is entitled to full reimbursement of its transcription costs.

### a. Deposition Transcripts

Amazon seeks $63,345.51 in deposition transcripts and videos. "In a large patent case such as this, it is common for parties to capture depositions electronically so that they may be used as part of the trial presentation. These cases involve complex technical issues and the needs at trial are often not fully known until the eve of trial." *Eolas*, 891 F. Supp. 2d at 805–06 (awarding video deposition costs). Like *Eolas*, here both parties videotaped depositions, designated multiple depositions for potential use at trial, and used some transcriptions during trial. *See id.* Like *Eolas*,

these "printed and electronically recorded transcripts were necessarily obtained for use in this case" because some were actually used at trial. *See id.*

Innovation argues that Amazon only used a small portion of its deposition transcripts at trial. But this Court has held that "it makes little sense to disallow costs when, at trial, a party finds that a video no longer appears necessary. To rule so would incentivize parties to waste the jury's and the Court's time by trying to present some small portion of each video in order not to forfeit the opportunity for costs." *Motio, Inc. v. BSP Software LLC*, 4:12-CV-647, 2016 WL 4430452, at *11 (E.D. Tex. Aug. 22, 2016). Amazon's deposition costs were necessary for Amazon's experts to prepare for trial and for pretrial briefing on *Daubert* and summary judgment issues (*See* Dkt. #901 at p. 6). Amazon is therefore entitled to its deposition costs.

### b. Daily Trial Transcripts

Amazon seeks $20,772 for daily court reporter transcription services during trial. During the eight-day trial, the parties disagreed about the admissibility of witness testimony, exhibits, and demonstratives *(See, e.g.*, Dkt. #876 at 3:4–18:22; Dkt. #867 at 81:23–120:11; Dkt. #868 at 3:3–23:16; Dkt. #869 at 143:21–149:5). The Court's orders were often recorded only in the transcript (*See, e.g.*, Dkt. #868 at 104:12–17; Dkt. #871 at 126:19–127:12). These rulings undoubtedly influenced the parties' trial strategies and required reviewing the record. The daily trial transcripts were therefore "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Amazon is entitled to its trial transcription costs.

### c. Claim Construction Hearing Transcript

Amazon seeks $245 for its share of the *Markman* hearing transcript. This was a complex patent infringement case, with heavy motion practice, involving almost two weeks of jury trial and numerous witnesses. *See Two-Way Media*, SA-09-CA-00476-OLG, 2013 WL 12090356, at *2

(awarding such costs). The transcript was "clearly necessary for counsel to determine whether to seek review of any adverse rulings." *Harris Corp. v. Sanyo N. Am. Corp.*, 3-98-CV-2712-M, 2002 WL 356755, at *3 (N.D. Tex. Mar. 4, 2002) (awarding such costs). Amazon is entitled to recover its claim construction hearing transcript costs.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Tax Costs (Dkt. #901) is **GRANTED in part**.

Amazon is entitled to all requested costs, except $4,011.77 for a set of Innovation's trial exhibits. As Amazon requested $220,860.22 in costs, $4,011.77 less is $216,848.45 in taxable costs.

It is therefore **ORDERED** that Amazon is awarded $216,848.45 in taxable costs.

 SIGNED this 24th day of May, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE