# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| INNOVATION SCIENCES, LLC, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-474 |
| | § | Judge Mazzant |
| AMAZON.COM, INC., et al | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Amazon's Motion for Reasonable Attorney Fees and Costs Under 35 U.S.C. § 285 (Dkt. #910). Having considered the motion, the Court finds it should be **DENIED**.

### BACKGROUND

Innovation Sciences, LLC ("Innovation") sued Amazon.com, Inc., Amazon Digital Services, Inc., Amazon Digital Services, LLC, Amazon Web Services, LLC, Amazon Web Services, Inc., and Amazon Fulfillment Services, Inc. (collectively, "Amazon") for patent infringement (Dkt. #79 at p. 1). The suit involves the '798 Patent Family, including U.S. Patent Nos. 9,942,798 ("the '798 Patent"), 9,912,983 ("the '983 Patent"), and U.S. Patent No. 9,729,918 ("the '918 Patent") (Dkt. #79). Along the way to trial, some Amazon entities merged with other Amazon entities (*See* Dkt. #896).

On September 2, 2020, the jury returned a defense verdict after an eight-day trial (Dkt. #853). The jury found no patent infringement; that the asserted claims are invalid; and that the asserted claims involved only technology which a person of ordinary skill in the art would have considered to be well-understood, routine, and conventional as of August 10, 2006 (Dkt. #853).

After this verdict, the Court asked the parties to submit a joint final judgment. After several months, the parties continued to disagree about how, if at all, the Court should enter judgment on

patent eligibility, which defendants should be named, and court costs. After receiving full briefing, on February 26, 2021, the Court entered final judgment for Amazon.com, Inc. and Amazon Web Services, Inc. on all claims (Dkt. #897).

On March 30, 2021, Amazon moved for attorney's fees and costs under 35 U.S.C. § 285 (Dkt. #910). On April 21, 2021, Innovation responded (Dkt. #930). On April 30, 2021, Amazon replied (Dkt. #937). On May 10, 2021, Innovation filed its Sur-Reply (Dkt. #946).

## LEGAL STANDARD

A district court "may award reasonable attorney fees to the prevailing party" if the case is "exceptional." 35 U.S.C. § 285. An "exceptional" case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *see also Whirlpool Corp. v. TST Water, LLC*, No. 2:15-cv-01528, 2018 WL 1536874, at *11 (E.D. Tex. Mar. 29, 2018) ("Accordingly, the proper scope of the exceptionality inquiry is the whole of patent litigation—the actions of the defendant are to be compared relative to the ordinary patent litigation defendant.").

The district court has broad discretion to determine exceptionality "because it lives with the case over a prolonged period of time." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014). Factors that may support a finding of exceptionality include "bad faith litigation, objectively unreasonable positions, inequitable conduct before the [Patent and Trademark Office], litigation misconduct, and (in the case of an accused infringer) willful infringement." *Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421, 2014 WL 6756304, at *3 (E.D. Tex. Aug. 6, 2014) (Dyk, J., sitting by designation). But "the mere fact that the losing party made a

losing argument is not a relevant consideration." *Id.* at *4. The Supreme Court did not intend for the "totality of the circumstances standard" to be "an invitation to a 'kitchen sink' approach where the prevailing party questions each argument and action of the losing party in an effort to secure attorney's fees." *Id.* at *3. "[R]ather, the focus must be on arguments that were frivolous or made in bad faith." *Id.* at *4. The court "may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* For example, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.*

If the Court determines the case is exceptional, it then determines whether an award of attorney's fees is justified. *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915-16 (Fed. Cir. 2012). Litigants must establish their entitlement to attorney fees by a preponderance of the evidence. *Octane*, 572 U.S. at 557.

## ANALYSIS

Amazon moves for attorney's fees because (1) Innovation knew or should have known its case was fatally flawed and (2) Innovation litigated the case unreasonably. Upon close review, the Court finds that Amazon has not sufficiently demonstrated that Innovation's conduct stands out.

First, Amazon argues attorney's fees are warranted because Innovation's claims should never have gone to trial (*See* Dkt. #910 at pp. 9-10). Amazon argues that Innovation relied on legally insufficient theories and merely rehashed arguments rejected in a similar suit ("*VIS I*").[1] But the Court already considered these arguments at various stages of the litigation and found them unpersuasive. For example, the Court denied Amazon's motions for summary judgment, even

---

[1] The Asserted Patents belong to the same family as the patents found ineligible in *Virginia Innovation Sciences, Inc. v. Amazon.com, Inc.*, 227 F. Supp. 3d 582 (E.D. Va. 2017) ("*VIS I*"), *aff'd*, 718 Fed. Appx. 988 (Fed. Cir. 2018).

though Amazon made the same argument about Innovation's direct infringement case (Dkt. #727). And the Court denied Amazon's motion to transfer venue, even though Amazon argued Innovation was parroting arguments rejected by the *VIS I* court (Dkt. #161). Nor did the Court grant a directed verdict for Amazon at the close of evidence (Dkt. #857). Instead, the jury "weighed the competing evidence and evaluated the credibility" of witnesses because both sides presented legally sufficient cases (Dkt. #954 at p. 18 (Order denying Innovation's 50(b) motion)). While Amazon argues that Innovation changed its priority date mid-trial, the Court previously determined that Innovation disclosed the February 2, 2007 priority date in its pretrial disclosures (*See* Dkt. #834). And although Innovation's case fell short, "the mere fact that the losing party made a losing argument is not a relevant consideration." *Stragent*, No. 6:11-cv-421, 2014 WL 6756304, at *3. This is not exceptional.

Second, Amazon argues attorney's fees are warranted because Innovation litigated unreasonably. For example, Innovation originally asserted over 200 patent claims against sixteen products before winnowing them down. (Dkt. #821, Exhibit 1 (2/7/2019 Local P.R. 3-1 and 3-2 Disclosures)). This is not exceptional because the Court "encourages and requires the parties to narrow their case for trial. Accordingly, the Court will not penalize such attempts to narrow issues[.]" *VirnetX Inc. v. Apple Inc.*, 925 F. Supp. 2d 816, 849 (E.D. Tex. 2013), *aff'd in part, vacated in part, rev'd in part sub nom. Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014).

Amazon's motion resembles Judge Timothy Dyk's so-called "kitchen sink" approach. *See Stragent*, No. 6:11-cv-421, 2014 WL 6756304, at *3 (Dyk, J., sitting by designation). This approach largely faults Innovation for making losing arguments. But every case will have a loser; whether a case is exceptional depends on if it "stands out from the others." *See id.* (summarizing

caselaw post-*Octane*). If losing "served as a basis for exceptional case status, then most cases would be exceptional. This is clearly not what Congress intended." *Packet Intelligence LLC v. NetScout Sys., Inc.*, 2:16-CV-00230-JRG, 2019 WL 1642714, at *3 (E.D. Tex. Apr. 15, 2019).

Ultimately, this was a case where "[t]he parties went head-to-head and the determination ultimately turned on the jury's assessment of the evidence and the credibility of witnesses." *Barry v. Medtronic, Inc.*, 250 F. Supp. 3d 107, 122 (E.D. Tex. 2017). "Attorneys' fees in patent cases are reserved for rare and unusual circumstances." *Stragent*, No. 6:11-cv-421, 2014 WL 6756304, at *3. The key question is whether Innovation's positions and conduct stood out from the norm. They did not.

Accordingly, taking all factors into account and in light of the Court's extensive experience with both parties, the Court does not find that this is an exceptional case under § 285. Because this is not an exceptional case, Amazon is not entitled to attorney's fees.

## CONCLUSION

It is therefore **ORDERED** that Amazon's Motion for Reasonable Attorney Fees and Costs Under 35 U.S.C. § 285 (Dkt. #910) is hereby **DENIED**.

**SIGNED this 27th day of May, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE